IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | JURY TRIAL DEMAND |
| Defendant | : | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, Southeastern Pennsylvania Transportation Authority (Hereinafter "SEPTA") by its attorneys, hereby denies every allegation of the First Amended Complaint that in any way alleges that it acted in an unlawful manner toward plaintiff or any other person, and avers:

**I. INTRODUCTION**

1. Denied. Plaintiff is a convicted murderer and he is not representative of any group of people that were unlawfully denied employment, by any company that provided paratransit services for SEPTA, as the result of a past felony or misdemeanor conviction.

2. Denied. The allegations of this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, SEPTA provides paratransit services in Philadelphia and the four surrounding counties by contracting with outside providers. Each of the providers contracted with is

1

bound by a contract. The specific terms of the applicable contracts speak for themselves. SEPTA specifically denies that it imposes illegal employment policies on its paratransit service providers that "prohibits the hiring or employment of any person with a felony or misdemeanor conviction without allowing any inquiry into when the conviction occurred, the circumstances surrounding the conviction or whether the conviction has any relationship to the responsibilities of the position sought." To the contrary, the contracts for paratransit services contain certain specific job related qualifications regarding paratransit driver and attendant hiring. As those qualifications relate to plaintiff and the class that plaintiff purports to represent, they are narrowly drawn to meet SEPTA's job related safety concerns, including the business necessity of providing safe paratransit services to members of the disabled public who use paratransportation. SEPTA's paratransit driver job related qualifications require that two specific kinds of past criminal *convictions* related to job performance disqualify an employee or applicant from working as a paratransit driver. As the job related qualifications pertain to the plaintiff, they require that an employee or applicant to a subcontractor, for the position of paratransit driver, have:

> No record of driving under the influence (DUI) of alcohol or drugs, and no record of any felony or misdemeanor conviction for any crime of moral turpitude or of violence against any person(s);

3. Denied. The allegations of this paragraph are conclusions of law to which no responsive pleading is required. The factual allegations of this paragraph are denied.

## II. JURISDICTION AND VENUE

4. Denied in part and admitted in part. The allegations of this paragraph that pertain to jurisdiction are conclusions of law to which no responsive pleading is required. It is admitted that SEPTA's principal place of business is located in the Eastern District of Pennsylvania and that SEPTA conducts significant business in the Eastern District of Pennsylvania.

5. Denied. The allegations of this paragraph are conclusions of law to which no responsive pleading is required.

6. Denied. The allegations of this paragraph are conclusions of law to which no responsive pleading is required. The factual allegations of this paragraph are denied.

7. Denied in part and admitted in part. The allegations of this paragraph that pertain to jurisdiction are conclusions of law to which no responsive pleading is required. It is denied that the action underlying plaintiff's claim took place in Philadelphia County. It is admitted that SEPTA has offices and conducts business in Philadelphia County. After reasonable investigation, defendant is unable to determine whether the plaintiff resides in Philadelphia County.

## III. PARTIES

8. Denied. SEPTA is without sufficient knowledge to verify whether the plaintiff is a resident of Pennsylvania residing in Philadelphia County, as alleged in Paragraph 8 of his Complaint, and therefore, denies the allegations of this paragraph.

9. Denied as stated. SEPTA is a body corporate and politic that exercises the public powers of the Commonwealth of Pennsylvania as an agency and instrumentality

3

thereof.

10. Denied in part and admitted in part. The allegations of this paragraph relating to the application of Title VII are denied as conclusions of law to which no response is required. The other allegations of this paragraph are admitted.

### IV. PROCEDURAL AND ADMINSITRATIVE REQUIREMENTS

11. Denied. The allegations of this paragraph are conclusions of law to which no responsive pleading is required. The factual allegations of this paragraph, if any, are denied.

### V. FACTUAL BACKGROUND

12. Admitted.

13. Denied as stated. Customized Community Transportation is a department of SEPTA charged with, among other things, arranging for paratransit services to be provided by independent contractors such as King Paratransit Service, Inc., Edens Corporation, and Triage, Inc.

14. Admitted in part and denied in part. It is admitted that SEPTA entered contracts for the provision of paratransit services with, <u>inter alia</u>, King Paratransit Service, Inc., Edens Corporation, and Triage, Inc. The other allegations of this paragraph are denied.

15. Denied. Without conceding any "period at issue", from 1991 to 1998, all paratransit subcontractors performed their own training, reservations, scheduling, and service monitoring. Since, approximately the end of 1998, SEPTA has assumed training responsibility for paratransit services provided within the City of Philadelphia only.

16. Denied. Without conceding any "period at issue", all paratransit subcontractors

took their own reservations for rides until 1999. SEPTA began taking reservations in some instances as follows: Approximately: (1) January 1999, in the City of Philadelphia, (2) August 2001, in Montgomery County, and (3) September 2002, in Bucks County. SEPTA does not take reservations in Chester or Delaware Counties.

17. Denied. As set forth in paragraph two, hereinabove, SEPTA's job related qualifications, as they relate to the plaintiff, were narrowly drafted to protect disabled members of the public who use paratransportation by precluding employment only when the employee or applicant has been convicted of a violent felony or felony involving moral turpitude.

18. Denied. As set forth in paragraph two, hereinabove, SEPTA's job related qualifications, as they relate to the plaintiff, were narrowly drafted to protect disabled members of the public who use paratransportation by precluding employment only when the employee or applicant has been convicted of a violent felony or felony involving moral turpitude.

19. Denied. As set forth in paragraph two, hereinabove, SEPTA's job related qualifications, as they relate to the plaintiff, were narrowly drafted to protect disabled members of the public who use paratransportation by precluding employment only when the employee or applicant has been convicted of a violent felony or felony involving moral turpitude.

20. Denied. As set forth in paragraph two, hereinabove, SEPTA's job related qualifications, as they relate to the plaintiff, were narrowly drafted to protect disabled members of the public who use paratransportation by precluding

employment only when the employee or applicant has been convicted of a violent felony or felony involving moral turpitude.

21. Denied. After reasonable investigation, defendant is unable to determine the truth or falsity of the allegations of this paragraph and thus it is denied.

22. Denied. After reasonable investigation, defendant is unable to determine the truth or falsity of the allegations of this paragraph and thus it is denied.

23. Denied. After reasonable investigation, defendant is unable to determine the truth or falsity of the allegations of this paragraph and thus it is denied.

24. Denied. After reasonable investigation, defendant is unable to determine the truth or falsity of the allegations of this paragraph and thus it is denied.

25. Denied. After reasonable investigation, defendant is unable to determine the truth or falsity of the allegations of this paragraph and thus it is denied.

26. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

27. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

### VI. CLASS ACTION ALLEGATIONS

28. Denied. The allegations of this paragraph are conclusions of law to which no response is required.

29. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied. By way of further response, plaintiff, a convicted murderer, is not typical of the class of persons, if any, who were denied employment under the class for which certification is sought.

30. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

31. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

32. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

33. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

34. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

## COUNT I
## VIOLATION OF TITLE VII

35. Defendant incorporates paragraphs one to thirty-four as though set forth in full.

36. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

37. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

38. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

39. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

40. Denied as stated. To the extent that the plaintiff seeks to characterize SEPTA's job related paratransit driver qualifications as a violation of the law, denied. SEPTA promulgates job related paratransit driver qualifications our of business

necessity to protect the safety of the disabled public who use paratransportation.

41. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

42. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

43. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

## COUNT II
## VIOLATIONS OF THE UNITED STATES EQUAL PROTECTION CLAUSE

44. Defendant incorporates paragraphs one to forty-three as though set forth in full.

45. Admitted.

46. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

47. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA CONSTITUION
## ARTICLE I, SECTION 1

48. Defendant incorporates paragraphs one to forty-seven as though set forth in full.

49. Admitted.

50. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

## COUNT IV
## VIOLATIONS OF THE PENNSYLVANIA CRIMINAL HISTORY RECORD
## INFORMATION ACT

51. Defendant incorporates paragraphs one to fifty as though set forth in full.

52. Admitted.

53. Admitted. By way of further response, SEPTA never employed plaintiff.

54. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

55. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

56. Denied. The allegations of this paragraph are conclusions of law to which no response is required. The factual allegations of this paragraph, if any, are denied.

WHEREFORE, defendant requests that this Honorable Court enter judgment in its favor against plaintiff plus costs and attorney's fees.

## AFFIRMATIVE DEFENSES

57. Defendant incorporates paragraphs one to fifty-six as though set forth in full.

58. The plaintiff has failed to state a cause of action upon which relief can be granted.

59. The plaintiff has failed to join a party needed for a fair adjudication, pursuant to Rule 19.

60. The plaintiff is not typical of the class for which he is seeking certification because he is, at most, the member of a limited class of persons denied employment as a SEPTA paratransit driver because he was convicted of a violent felony against a person (murder); thus, he is not typical of the class seeking certification.

61. The class plaintiff is seeking to certify does not have sufficient numbers.

62. There is no common question of law or fact applicable to the members of the potential class.

63. The representation of the class is inadequate.

64. SEPTA promulgated job related qualifications as a matter of business necessity to ensure the safety of the disabled public who use paratransportation.

65. SEPTA's job related qualifications do not in fact have a disparate impact upon members of the African-American or Hispanic races.

66. Plaintiff's class description under Rule 23(b)(1), (2) and (3), is invalid as a matter of law because no class of persons exists who were unlawfully "denied employment, between January 1, 1991 and the present, by any company that has provided paratransit services for SEPTA as a result of a past felony or misdemeanor conviction."

67. Even if such a class did exist, plaintiff is not a member of the class of persons "denied employment . . . as a result of a past felony or misdemeanor conviction."

68. SEPTA's job related qualifications for the position of paratransit driver are consistent with and permissible business necessity under Title VII of the Civil Rights Act of 1964, as amended, and at law.

69. Plaintiff's Complaint fails to state a claim under Title VII of the Civil Rights Act of 1964, as amended.

70. Plaintiff's Complaint fails to state a claim under the United States Constitution.

71. Plaintiff's Complaint fails to state a claim under the Constitution of the Commonwealth of Pennsylvania.

72. Plaintiff's Complaint fails to state a claim under the Pennsylvania Criminal

History Record Information Act.

73. Plaintiff's Complaint fails to state a claim under any federal discrimination or civil rights statute, either of these or of both.

74. Plaintiff's Complaint fails to state a claim under any state discrimination or civil rights statute, either of these or of both.

75. Plaintiff's Complaint fails to state a claim for race discrimination.

76. Plaintiff's Complaint fails to state a claim for disparate impact.

77. Any actions taken by SEPTA that affected plaintiff or the class of persons that plaintiff purports to represent were based upon the good faith exercise of the responsibility imposed upon SEPTA and its representatives, agents and employees, to make professional judgments regarding the plaintiff's qualifications for work, and have been made without any regard for plaintiff's race.

78. SEPTA did not violate Title VII of the Civil Rights Act of 1964, as amended.

79. SEPTA did not violate any federal discrimination or civil rights statute or both.

80. SEPTA did not violate any state discrimination or civil rights statute, or either or both of these.

81. SEPTA did not violate the United States Constitution

82. SEPTA did not violate the Constitution of the Commonwealth of Pennsylvania

83. SEPTA did not violate the Pennsylvania Criminal History Record Information Act.

84. SEPTA did not engage in unlawful discrimination towards Plaintiff.

85. Plaintiff is not entitled to reinstatement.

86. Plaintiff is not entitled to an award of lost back pay, lost back pay differential or

any other benefits or increments or any combination of these.

87. Plaintiff is not entitled to an award of front pay differential or front employment benefits or both, or any other benefits or increments or both.

88. Plaintiff is not entitled to compensatory damages.

89. Plaintiff is not entitled to punitive damages.

90. Plaintiff is not entitled to reasonable attorney's fees or costs.

91. Plaintiff is not entitled to any other type of damages or relief from SEPTA.

92. Plaintiff's claims are barred in whole or in part by the doctrines of waiver or estoppel, or both.

93. Plaintiff's claims are barred by the applicable statutes of limitations.

94. Plaintiff failed to exhaust his administrative remedies.

95. Plaintiff failed to mitigate any claimed or alleged damages.

WHEREFORE, Defendant SEPTA requests that this Court dismiss Plaintiff's Complaint with prejudice, and requests that the Court to enter judgment in SEPTA's favor and against Plaintiff, with an award of reasonable attorneys' fees and costs to SEPTA.

## JURY TRIAL DEMANDED

Defendant SEPTA requests a jury trial on all Counts of Plaintiff's Complaint.

    Respectfully submitted,

_____
Saul H. Krenzel, Esquire
Dennis L. Scanlon, Esquire
SAUL H. KRENZEL & ASSOCIATES
42 S. 15th Street, Suite 800
Philadelphia, PA  19103
215-977-7230
Attorneys for defendant