## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS EL** | : | **CIVIL ACTION** |
| | : | |
| VS. | : | |
| | : | **NO. 02CV3591** |
| **SOUTHEASTERN PENNSYLVANIA** | : | |
| **TRANSPORTATION AUTHORITY** | : | |
| | : | |
| VS. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **KING PARATRANSIT SERVICE, INC.** | : | |
| AND | : | |
| **ELDENS, CORPORATION** | : | |
| AND | : | |
| **TRIAGE, INC.** | : | |
| AND | : | |
| **ATLANTIC PARATRANS, INC.** | : | |
| AND | : | |
| **COMMUNITY TRANSIT, INC.** | : | |
| AND | : | |
| **J&D JAGICLA ENTERPRISES, INC.** | : | |
| **t/a LIBERTY VANS** | : | |
| AND | : | |
| **KRAPFS CPS, INC.** | : | |
| AND | : | |
| **ANDERSON TRAVEL** | : | |
| AND | : | |
| **KING LIMOUSINE SERVICE, INC.** | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF THIRD PARTY DEFENDANTS, TRIAGE, INC. AND ANDERSON TRAVEL, TO SEPTA'S THIRD PARTY COMPLAINT

**AND NOW**, comes Third Party Defendants, Triage, Inc. And Anderson Travel, (hereinafter "Defendants"), by and through the undersigned counsel, and answers the Third Party Complaint of Third Party Plaintiff, Septa, (hereinafter "Plaintiff"), as follows:

1. Upon reasonable investigation, Answering Defendants do not have knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 are the same and are deemed denied and strict proof is demanded at time of trial.

2. Upon reasonable investigation, Answering Defendants do not have knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 2 are the same and are deemed denied and strict proof is demanded at time of trial.

3. Upon reasonable investigation, Answering Defendants do not have knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 3 are the same and are deemed denied and strict proof is demanded at time of trial.

4. Upon reasonable investigation, Answering Defendants do not have knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 4 are the same and are deemed denied and strict proof is demanded at time of trial.

5. Upon reasonable investigation, Answering Defendants do not have knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 5 are the same and are deemed denied and strict proof is demanded at time of trial.

6. Upon reasonable investigation, Answering Defendants do not have knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 6 are the same and are deemed denied and strict proof is demanded at time of trial.

7. Upon reasonable investigation, Answering Defendants do not have knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 7 are the same and are deemed denied and strict proof is demanded at time of trial.

WHEREFORE, Third Party Defendants, Triage, Inc. and Anderson Travel, respectfully request this Honorable Court to dismiss the Third Party Complaint against Triage, Inc. and Anderson Travel, and enter judgment in their favor and against Third Party Plaintiff, Septa, together with an award of costs, attorney's fees, interest and such other and further relief that this Honorable Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

8. Third Party Defendants hereby incorporate Paragraphs 1 through 7 as though fully set forth herein.

9. The claims of the Plaintiff are barred and/or limited by reason of the Statute of Limitations, inasmuch as suit was not instituted and service of process was not made within the applicable limitation period.

10. The Complaint fails to state a claim upon which relief may be granted as against the Answering Defendants.

11. Plaintiff's Complaint is barred in that it is insufficiently specific.

12. Plaintiff's action is barred by duress.

13. Plaintiff's action is barred by the Doctrine of Unclean Hands and otherwise by legal and equitable principals all of which are applicable to the action herein.

14. Plaintiff's action is barred by reasons of estoppel.

15. Plaintiff's action is barred by release.

16. Plaintiff's action is barred by fraud.

17. Plaintiff's action is barred by waiver.

18. Plaintiff's action is barred by latches.

19. Plaintiff's action is barred by payment.

20. Plaintiff's action is barred by consent.

21. Plaintiff's action is barred by illegality.

22. Plaintiff's action is barred by immunity from suit.

23. Plaintiff's action is barred by justification.

24. Plaintiff's action is barred by res judicata.

25. Plaintiff's action is barred by its own failure to mitigate damages.

26. Defendants hereby assert all defenses available under Pennsylvania law or the Federal Rules of Civil Procedure.

27. Plaintiff's action is barred in accordance with the provisions of Pennsylvania's statute of limitation.

28. This action is barred for failing to provide a proper verification of the Complaint.

29. If Plaintiff suffered any damages or loss, such damages or loss was caused in whole or in part by its own acts, omissions and/or conduct of parties other than Third Party Defendants, Triage, Inc. and Anderson Travel, for which Third Party Defendants, Triage, Inc. and Anderson Travel, are not legally responsible.

30. If Plaintiff, suffered any damages or loss, such damages or loss were not caused by any wrongful or intentional conduct of Third Party Defendants, Triage, Inc. and Anderson Travel.

31. At all material times, Third Party Defendants, Triage, Inc. and Anderson Travel, acted in good faith.

32. Plaintiff is not entitled to some or all of the relief sought.

33. Plaintiffs claims are without any factual or legal basis and violate Rule 11 of the Federal Rules of Civil Procedure.

34. Third Party Defendants, Triage, Inc. and Anderson Travel, deny all averments in the Third Party Plaintiff's Third Party Complaint not previously admitted or denied herein.

35. The Plaintiff has failed to join a party needed for fair adjudication, pursuant to Rule 19.

36. The Plaintiff is not typical of the class for which he is seeking certification because he is, at most, the member of a limited class of persons denied employment as a Septa paratransit driver because he was convicted of a violent felony against a person (murder); thus, he is not typical of the class seeking certification.

37. The class Plaintiff is seeking to certify does not have sufficient numbers.

38. There is no common question of law or fact applicable to the members of the potential class.

39. The representation of the class is inadequate.

40. Defendants promulgated job related qualifications as a matter of business necessity to ensure the safety of the disabled public who use paratransportation.

41. Defendants' job related qualifications do not in fact have a disparate impact upon members of the African-American or Hispanic races.

42. Plaintiff's claim description under Rule 23(b)(1),(2) and (3), is invalid as a matter of law because no class of persons exists who were unlawfully "denied employment, between January 1, 1991 and the present, by any company that has provided paratransit services for Defendant as a result of a past felony or misdemeanor conviction."

43. Even if such a class did exist, Plaintiff is not a member of the class of persons "denied employment...as a result of a past felony or misdemeanor conviction."

44. Defendant's job related qualifications for the position of paratransit driver are consistent with and permissible business necessity under Title VII of the Civil Rights Act of 19644, as amended, and at law.

45. Plaintiff's Complaint fails to state a claim under Title VII of the Civil Rights Act of 1964, as amended.

46. Plaintiff's Complaint fails to state a claim under the United States Constitution.

47. Plaintiff's Complaint fails to state a claim under the Constitution of the Commonwealth of Pennsylvania.

48. Plaintiff's Complaint fails to state a claim under the Pennsylvania Criminal History Record Information Act.

49. Plaintiff's Complaint fails to state a claim under any federal discrimination or civil rights statute, either of these or of both.

50. Plaintiff's Complaint fails to state a claim under any state discrimination or civil rights statute, either of these or of both.

51. Plaintiff's Complaint fails to state a claim for race discrimination.

52. Plaintiff's Complaint fails to state a claim for disparate impact.

53. Any actions taken by Defendant that affected Plaintiff or the class of persons that Plaintiff purports to represent were based upon the good faith exercise of the responsibility imposed upon Defendant and its representatives, agents, and employees, to make professional judgments

regarding the Plaintiff's qualifications for work, and have b3en made without any regard for Plaintiff's race.

54. Defendant did not violate Title VII of the Civil Rights Act of 1964, as amended.

55. Defendant did not violate any federal discrimination or civil rights statute or both.

56. Defendant did not violate any state discrimination or civil rights statute, or either or both of these.

57. Defendant did not violate the United States Constitution.

58. Defendant did not violate the Constitution of the Commonwealth of Pennsylvania.

59. Defendant did not violate the Pennsylvania Criminal History Record Information Act.

60. Defendant did not engage in unlawful discrimination towards Plaintiff.

61. Plaintiff is not entitled to reinstatement.

62. Plaintiff is not entitled to an award of lost back pay, lost back pay differential or any other benefits or increments or any combination of these.

63. Plaintiff is not entitled to an award of front pay differential or front employment benefits or both, or any other benefits or increments or both.

64. Plaintiff is not entitled to compensatory damages.

65. Plaintiff is not entitled to punitive damages.

66. Plaintiff is not entitled to reasonable attorney's fees or costs.

67. Plaintiff is not entitled to any type of damages or relief.

68. Plaintiff failed to exhaust his administrative remedies.

69. Plaintiff failed to mitigate any claimed or alleged damages.

                                      **DAVID L. WOLOSHIN, P.C.**

                              **BY:**_____
                                  **JEFFREY B. KILLINO, ESQUIRE**
                                  **Suite 810, Robinson Building**
                                  **42 South 15th Street**
                                  **Philadelphia, PA   19102**
                                  **(215) 569-2711**
                                  **Attorney for Third Party Defendants,**
                                  **Triage, Inc. and Anderson Travel.**

## **CERTIFICATION OF SERVICE**

I hereby certify that service of a true and correct copy of the enclosed Answer and Affirmative Defenses of Third Party Defendants, Triage, Inc. and Anderson Travel, was made on July 18, 2003 to counsel below named by United States Mail, Postage Pre-paid:

Frank Rivas, Esquire
Rivas Law Office
257 W. Uwchlan Avenue
Suite A
Downingtown, PA   19335

Thomas Moshang, III, Esquire
Hamburg & Golden, P.C.
1601 Market Street
Suite 565
Philadelphia, PA   19103

David J. Cohen, Esquire
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Trevose, PA   19053

Joseph M. Labuda, Esquire
Milman and Heidecker
3000 Marcus Avenue
Suite 3W3
Lake Success, N.Y.   11042

Robert Haurin, Esquire
Saul H. Krenzel & Associates
42 South 15th Street
Suite 800
Philadelphia, PA   19102

Wayne Ely, Esquire
Timothy M. Kolman & Associates
225 N. Flowers Mill Road
Langhorne, PA   19047

Robyn Rachelle Ray, Esquire
Law Offices of Schubert Bellwoar
Suite 1400, Two Penn Center
1500 John F. Kennedy Boulevard
Philadelphia, PA   19102-1890

Philip R. Voluck, Esquire
Kaufman, Schneider & Bianco, LLP
600 West Germantown Pike
Suite 400
Plymouth Meeting, PA   19462

King Limousine Service, Inc.
370 Crooked Lane
King of Prussia, PA   19046

 

BY:_____
    **JEFFREY B. KILLINO, ESQUIRE**
    **Attorney for Third Party Defendants,**
    **Triage, Inc. and Anderson Travel**

July 18, 2003

United States District Court
for the Eastern District of Pennsylvania
Room 2609, U.S. Courthouse
601 Market Street
Philadelphia, PA   19106

Attention: Michael E. Kunz,
           Clerk of the Courts

>   **RE:   Douglas El vs. Septa vs. King Paratransit Service, Inc., et al.
>          United States District Court for Eastern District of Pennsylvania
>          Civil Action No.    :    02CV3591**

Dear Mr. Kunz:

   Enclosed herewith please find the original and two (2) copies of the Answer and Affirmative Defenses of Third Party Defendants, Triage, Inc. and Anderson Travel, to Septa's Third Party Complaint in connection with the above-captioned matter.  Please file the original of record and return the two (2) time-stamped copies to me in the enclosed, self-addressed envelope..

                                Very truly yours,



                                **JEFFREY B. KILLINO, ESQUIRE**

JBK/bs
Enclosure

cc:    Frank Rivas, Esquire
       David J. Cohen, Esquire
       Robert Haurin, Esquire
       Wayne Ely, Esquire
       Philip R. Voluck, Esquire
       Robyn Rachelle Ray, Esquire
       Thomas Moshang, III, Esquire
       Joseph M. Labuda, Esquire
       King Limousine Service, Inc.

Frank Rivas, Esquire
Rivas Law Office
257 W. Uwchlan Avenue
Suite A
Downingtown, PA   19335

David J. Cohen, Esquire
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA   19103

Robert Haurin, Esquire
Saul H. Krenzel & Associates
42 South 15th Street
Suite 800
Philadelphia, PA   19102

Robyn Rachelle Ray, Esquire
Law Offices of Schubert Bellwoar
Suite 1400, Two Penn Center
1500 John F. Kennedy Boulevard
Philadelphia, PA   19102-1890

Thomas Moshang, III, Esquire
Hamburg & Golden, P.C.
1601 Market Street
Suite 565
Philadelphia, PA   19103

Joseph M. Labuda, Esquire
Milman and Heidecker
3000 Marcus Avenue
Suite 3W3
Lake Success, N.Y   11042

Wayne Ely, Esquire
Timothy M. Kolman & Associates
225 N. Flowers Mill Road
Langhorne, PA   19047


Philip R. Voluck, Esquire

Kaufman, Schneider & Bianco, LLP
600 West Germantown Pike
Suite 400
Plymouth Meeting, PA   19462

King Limousine Service, Inc.
370 Crooked Lane
King of Prussia, PA   19046

Timothy M. Kolman, Esquire
Timothy M. Kolman & Associates
225 N. Floweres Mill Road
Langhorne, PA   19047