IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL, | : | CIVIL ACTION |
|     Plaintiff | : | |
|   v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | NO. 02-CV-3591 |
|     Defendant/Third Party Plaintiff | : | |
|   v. | : | |
| | : | |
| KING PARATRANSIT SERVICE, INC., et al., | : | |
|     Third Party Defendants | : | JURY TRIAL DEMANDED |

**ANSWER AND AFFIRMATIVE DEFENSES OF THIRD PARTY
DEFENDANTS, KING PARATRANSIT SERVICE, INC. AND KING LIMOUSINE
SERVICE, INC., TO THIRD PARTY COMPLAINT OF DEFENDANT/THIRD PARTY
PLAINTIFF, SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY**

      Third Party Defendants King Paratransit Service, Inc. (hereinafter "King Paratransit") and King Limousine Service, Inc. (hereinafter "King Limousine"), by and through their undersigned counsel, hereby answer the Third Party Complaint of Defendant/Third Party Plaintiff, Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), and assert the within affirmative defenses thereto as follows:

      1.      The allegations in Paragraph 1 of SEPTA's Third Party Complaint are admitted upon information and belief.  By way of further answer, Plaintiff's First Amended Class Action Complaint and SEPTA's Answer and Affirmative Defenses, being written documents, speak for themselves.  Any allegations concerning Plaintiff's First Amended Class Action Complaint and SEPTA's Answer and Affirmative Defenses which are inconsistent with the said written documents are denied.

    **2.** Plaintiff's First Amended Class Action Complaint, referred to in Paragraph 2 of SEPTA's Third Party Complaint, is a written document which speaks for itself. Any allegations concerning Plaintiff's First Amended Class Action Complaint which are inconsistent with the said written document are denied.

    **3.** King Paratransit and King Limousine are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of SEPTA's Third Party Complaint insofar as such allegations pertain to Third Party Defendants other than King Paratransit and King Limousine, and all such allegations therefore are denied. The allegations in Paragraph 3 of SEPTA's Third Party Complaint, insofar as they pertain to King Paratransit and King Limousine, are denied as stated. It is denied that King Paratransit and/or King Limousine "provided paratransit services to SEPTA" on the dates alleged pursuant to a written contract. To the contrary, King Paratransit provided paratransit services to patrons on behalf of SEPTA, but not to SEPTA. Further, King Paratransit ceased providing paratransit services to patrons on behalf of SEPTA in or about August 2001. Further, at no time did King Limousine ever provide any paratransit services to patrons on behalf of SEPTA, or to SEPTA. To the contrary, with the knowledge and consent of SEPTA, and at the outset of the contractual relationship between King Limousine and SEPTA regarding paratransit services, King Limousine immediately assigned any rights and delegated any duties to King Paratransit, which provided all services and performed all work under the written contract dated July 1, 1998 between King Limousine and SEPTA.

4. Plaintiff's First Amended Class Action Complaint, referred to in Paragraph 4 of SEPTA's Third Party Complaint, is a written document which speaks for itself. Any allegations concerning Plaintiff's First Amended Class Action Complaint which are inconsistent with the said written document are denied.

5. Plaintiff's First Amended Class Action Complaint, referred to in Paragraph 5 of SEPTA's Third Party Complaint, is a written document which speaks for itself. Any allegations concerning Plaintiff's First Amended Class Action Complaint which are inconsistent with the said written document are denied.

6. King Paratransit and King Limousine are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of SEPTA's Third Party Complaint insofar as such allegations pertain to Third Party Defendants other than King Paratransit and King Limousine, and all such allegations therefore are denied. The allegations contained in Paragraph 6 of SEPTA's Third Party Complaint, insofar as they pertain to King Paratransit, are admitted. The allegations contained in Paragraph 6 of SEPTA's Third Party Complaint, insofar as they pertain to King Limousine, are admitted in part and denied in part. Specifically, it is denied that King Limousine ever provided any such alleged paratransit services to patrons on behalf of SEPTA.

7. King Paratransit and King Limousine are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of SEPTA's Third Party Complaint insofar as such allegations pertain to Third Party Defendants other than King Paratransit and King Limousine, and all such allegations therefore are denied.

Any alleged contracts between SEPTA and King Paratransit, and SEPTA and King Limousine, referred to in Paragraph 7 of SEPTA's Third Party Complaint, being written documents, speak for themselves. Any allegations concerning any such alleged contracts, as they pertain to King Paratransit and King Limousine, which are inconsistent with the said written documents are denied.

**WHEREFORE,** Third Party Defendants King Paratransit Service, Inc. and King Limousine Service, Inc. respectfully request that this Honorable Court dismiss SEPTA's Third Party Complaint with prejudice, with SEPTA to pay the costs of this action, and grant Third Party Defendants King Paratransit Service, Inc. and King Limousine Service, Inc. such other and further relief as this Honorable Court deems proper and just.

### FIRST AFFIRMATIVE DEFENSE

SEPTA's Third Party Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

SEPTA'S Third Party Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

SEPTA's Third Party Complaint is barred by the doctrine of laches.

**WHEREFORE,** Third Party Defendants King Paratransit Service, Inc. and King Limousine Service, Inc. respectfully request that this Honorable Court dismiss SEPTA's Third Party Complaint with prejudice, with SEPTA to pay the costs of this action, and grant Third

Party Defendants King Paratransit Service, Inc. and King Limousine Service, Inc. such other and further relief as this Honorable Court deems proper and just.

                  Respectfully submitted,

Date: August 6, 2003

                 REGINALD A. KRASNEY, ESQUIRE
                 Identification No.:  25743
                 Attorney for Third Party Defendants King
                 Paratransit Service, Inc. and King
                 Limousine Service, Inc.

                 565 East Swedesford Road
                 Suite 206

                  Wayne, Pennsylvania  19087

                        Phone:  (610) 687-3700

                 Fax: (610) 293-9725