IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | NO. 02-CV-3591 |
|     Defendant/Third Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| EDENS CORPORATION, INC., et al., | : | |
|     Third Party Defendants | : | JURY TRIAL DEMANDED |

**ANSWER AND AFFIRMATIVE DEFENSES OF THIRD PARTY
DEFENDANT, EDENS CORPORATION, INC., TO THIRD PARTY COMPLAINT OF
DEFENDANT/THIRD PARTY PLAINTIFF, SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY**

Third Party Defendant, Edens Corporation, Inc. (hereinafter "Edens") by and through its undersigned counsel, hereby answers the Third Party Complaint of Defendant/Third Party Plaintiff, Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), and assert the within affirmative defenses thereto as follows:

**1.** The allegations in Paragraph 1 of SEPTA's Third Party Complaint are admitted upon information and belief. By way of further answer, Plaintiff's First Amended Class Action Complaint and SEPTA's Answer and Affirmative Defenses, being written documents, speak for themselves. Any allegations concerning Plaintiff's First Amended Class Action Complaint and SEPTA's Answer and Affirmative Defenses which are inconsistent with the said written documents are denied.

2. Plaintiff's First Amended Class Action Complaint, referred to in Paragraph 2 of SEPTA's Third Party Complaint, is a written document which speaks for itself. Any allegations concerning Plaintiff's First Amended Class Action Complaint which are inconsistent with the said written document are denied.

3. Edens Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of SEPTA's Third Party Complaint insofar as such allegations pertain to Third Party Defendants other than Edens, and all such allegations are denied. The allegations in Paragraph 3 of SEPTA's Third Party Complaint, insofar as they pertain to Edens, are denied as stated. It is denied that Edens "provided Para transit services to SEPTA" on the dates alleged pursuant to a written contract. To the contrary, Edens Corporation provided Para transit services to patrons on behalf of SEPTA, but not to SEPTA.

4. Plaintiff's First Amended Class Action Complaint, referred to in Paragraph 4 of SEPTA's Third Party Complaint, is a written document which speaks for itself. Any allegations concerning Plaintiff's First Amended Class Action Complaint which are inconsistent with the said written document are denied.

5. Plaintiff's First Amended Class Action Complaint, referred to in Paragraph 5 of SEPTA's Third Party Complaint, is a written document which speaks for itself. Any allegations concerning Plaintiff's First Amended Class Action Complaint which are inconsistent with the said written document are denied.

6. Edens Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of SEPTA's Third Party Complaint insofar as such allegations pertain to Third Party Defendants other than Edens Corporation, and

all such allegations therefore are denied.  The allegations contained in Paragraph 6 of SEPTA's Third Party Complaint, insofar as they pertain to Edens Corporation, are admitted.  The allegations contained in Paragraph 6 of SEPTA's Third Party Complaint, insofar as they pertain to Edens Corporation, are admitted in part and denied in part.

7. Edens Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of SEPTA's Third Party Complaint insofar as such allegations pertain to Third Party Defendants other than Edens Corporation, and all such allegations therefore are denied.  Any alleged contracts between SEPTA and Edens, referred to in Paragraph 7 of SEPTA's Third Party Complaint, being written documents, speak for themselves.  Any allegations concerning any such alleged contracts, as they pertain to Edens, which are inconsistent with the said written documents are denied.

**WHEREFORE,** Third Party Defendant Edens Corporation, Inc., respectfully requests that this Honorable Court dismiss SEPTA's Third Party Complaint with prejudice, with SEPTA to pay the costs of this action, and grant Third Party Defendants Edens Corporation, Inc. such other and further relief as this Honorable Court deems appropriate.

### FIRST AFFIRMATIVE DEFENSE

SEPTA's Third Party Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

SEPTA's Third Party Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

SEPTA's Third Party Complaint is barred by the doctrine of laches.

3

## FOURTH AFFIRMATIVE DEFENSE

SEPTA'S Third Party Complaint is without merit factually or legally in that Edens has at all times hereto, followed SEPTA policies and procedures. SEPTA has essentially filed suit against Third Party Defendant, Edens, for following SEPTA policy rendering the within action by SEPTA in bad faith and frivolous.

WHEREFORE, Third Party Defendants, Edens Corporation, Inc., respectfully Request that this Honorable Court dismiss SEPTA's Third Party Complaint with prejudice, with SEPTA to pay the costs of this action, and grant Third Party Defendants, Edens Corporation, Inc., such other and further relief as this Honorable Court deems proper and just.

Dated: August  , 2003                                  Respectfully submitted,

_____

FRANCISCO T. RIVAS, ESQUIRE
Identification No.: 37023
Attorney for Third Party Defendant,
Edens Corporation, Inc.
39 West Lancaster Avenue
Downingtown, PA 19335
Phone: (610) 873-5991
Fax:    (720) 834-6985
Email: ftr@RivasLaw.com