IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL, : | CIVIL ACTION |
|     Plaintiff : | |
|   v. : | |
| : | |
| SOUTHEASTERN PENNSYLVANIA : | |
| TRANSPORTATION AUTHORITY, : | No. 02-CV-3591 |
|     Defendant/Third Party Plaintiff : | |
|   v. : | |
| : | |
| KING PARATRANSIT SERVICE, INC., *et al.*, : | |
|     Third Party Defendants : | JURY TRIAL DEMANDED |

**MOTION FOR SUMMARY JUDGMENT OF THIRD PARTY DEFENDANTS,
KING PARATRANSIT SERVICE, INC. AND KING LIMOUSINE SERVICE, INC.**

Third Party Defendants, King Paratransit Service, Inc. ("King Paratransit") and King Limousine Service, Inc. ("King Limousine"), hereby move for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, and in support thereof aver as follows:

**1.** Plaintiff's First Amended Class Action Complaint alleges claims against Defendant, Southeastern Pennsylvania Transportation Authority ("SEPTA"), for violations of Title VII; the Equal Protection Clause of United States Constitution; the Pennsylvania Constitution, Article I, Section I; and the Pennsylvania Criminal History Record Information Act, 18 Pa.C.S.A. §9125. Specifically, Plaintiff alleges that SEPTA imposed an illegal employment policy on all of its paratransit providers that prohibited the hiring or employment of any person with a felony or misdemeanor conviction without allowing any inquiry into when the conviction occurred, the circumstances surrounding the conviction or whether the conviction has any relationship to the responsibilities of the position sought. Plaintiff alleges that he was hired by King Paratransit in January 2000 as a paratransit driver, but that he subsequently was

terminated in February 2000 because of this mandatory SEPTA policy because of his homicide conviction more than 41 years earlier. (Plaintiff's First Amended Class Action Complaint, ¶¶ 2-3, 17-25, attached hereto as Exhibit "A").

      2.    SEPTA filed an Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint, averring (i) that it provides paratransit services, as required by the Americans with Disabilities Act, (ii) that it provides such services by contracting (sub-contracting) with outside providers and (iii) that each such provider (sub-contractor) was "bound" by its contract with SEPTA. All such sub-contracts contain certain job related qualifications for various positions, including the requirement that an employee or applicant to a sub-contractor, for the position of a paratransit driver, have:

> No record of driving under the influence (DUI) of alcohol or drugs, and no record of any felony or misdemeanor conviction of any crime of moral turpitude or of violence against any person(s).

(SEPTA's Answer and Affirmative Defenses, ¶¶2, 17-20, attached hereto as Exhibit "B")

      3.    Thereafter, SEPTA filed a Third Party Complaint against various sub-contractor paratransit service providers, including King Paratransit and King Limousine, averring that each contract between SEPTA and the Third Party Defendants contained an indemnification clause which held SEPTA harmless "from and against any and all loss, cost, damage, liability claims, suits and expense arising out of any claim of any kind or nature whatsoever." (SEPTA's Third Party Complaint, ¶7, attached hereto as Exhibit "C").

      4.    King Paratransit and King Limousine filed an Answer and Affirmative Defenses to SEPTA's Third Party Complaint, denying SEPTA's allegations (Answer and Affirmative Defenses, attached hereto as Exhibit "D").

5. Attached hereto as Exhibit "E" is a copy of the indemnification clause set forth in Paragraph 20 of the contracts (sub-contracts) between SEPTA and King Paratransit (dated July 1, 1999) and between SEPTA and King Limousine (dated July 1, 1998).

6. Attached hereto as Exhibit "F" is a copy of the SEPTA Paratransit Regulations pertaining to drivers and attendants, pp. 21-26, which were part of the sub-contracts between SEPTA and King Paratransit and between SEPTA and King Limousine, and which provide as follows:

> Contractor shall not employ in any SEPTA-related work under this contract any person who . . . indicates that he or she has a current record for any conviction at any time . . . for any felony or misdemeanor conviction for any crime of moral turpitude or of violence against any person(s). Such crimes include, without limitation, any grade of homicide . . . .

(Exhibit "F", p. 23)

7. King Paratransit and King Limousine are entitled to Summary Judgment, as the indemnification clause at issue is unenforceable as contrary to public policy, as well as lacking the required specificity for indemnification of SEPTA's intentional acts.

8. Further, King Limousine is also entitled to Summary Judgment because at no time did it ever provide any paratransit services under any contract (sub-contract) with SEPTA.

9. Rather, with the knowledge and consent of SEPTA, at the outset of the contractual relationship between King Limousine and SEPTA, King Limousine immediately assigned any and all of its contractual rights and delegated any and all of its contractual duties to King Paratransit, which then provided all services and performed all work under the contract

between King Limousine and SEPTA (dated July 1, 1998).

**10.** King Limousine therefore is entitled to Summary Judgment on the additional basis that it never provided paratransit services under any contract to SEPTA, contrary to SEPTA's allegations in its Third party Complaint that King Limousine provided such services.

WHEREFORE, Third Party Defendants, King Paratransit Service, Inc. and King Limousine Service, Inc., respectfully request that this Honorable Court enter the attached Order granting Summary Judgment in their favor and dismissing SEPTA's Third Party Complaint, with prejudice.

Respectfully submitted,

Date:   October 8, 2003

REGINALD A. KRASNEY, ESQUIRE
Pennsylvania Supreme Court ID No.:  25743
*Attorney for Third Party Defendants,*
*King Paratransit Service, Inc. and*
*King Limousine Service, Inc.*

717 Constitution Drive
Suite 100

Exton, Pennsylvania  19341

Phone:  (610) 458-3220

Fax:    (610) 458-3225