**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS EL, | : | CIVIL ACTION |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | NO. 02-CV-3591 |
|     Defendant/Third Party Plaintiff | : | |
| v. | : | |
| | : | |
| KING PARATRANSIT SERVICE, INC., *et al.*, | : | |
|     Third Party Defendants | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW OF THIRD PARTY DEFENDANTS,**
**KING PARATRANSIT SERVICE, INC. AND KING LIMOUSINE**
**SERVICE, INC., IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**I.    SUMMARY OF ARGUMENT**

The SEPTA indemnification clause is unenforceable as contrary to public policy. SEPTA in essence is asking that it be indemnified for actions that SEPTA itself required of its sub-contractor paratransit providers pursuant to provisions of SEPTA's own contract, actions which are alleged to violate Title VII, the Pennsylvania Criminal History Record Information Act, and the United States and Pennsylvania Constitutions. SEPTA cannot have itself indemnified against actions that violate the legally mandated duties and requirements, as well as public policy, created by these statutory and constitutional standards.

Further, the indemnification clause is general in nature, failing to specify that SEPTA is to be indemnified for its own intentional acts.

Finally, contrary to SEPTA's assertion, King Limousine at no time provided paratransit services under any sub-contract with SEPTA. King Limousine had assigned any and all contractual rights and delegated any and all of its contractual duties to King Paratransit more than

three and a half (3½) years before the incidents alleged by Plaintiff. It was King Paratransit that provided all services and performed all work under the contract between SEPTA and King Limousine.

## II.	STATEMENT OF THE FACTS

Plaintiff's First Amended Class Action Complaint alleges claims against Defendant, Southeastern Pennsylvania Transportation Authority ("SEPTA"), for violations of Title VII; the Equal Protection Clause of the United States Constitution; the Pennsylvania Constitution, Article I, Section I; and the Pennsylvania Criminal History Record Information Act, 18 Pa.C.S.A. §9125. Specifically, Plaintiff alleges that SEPTA imposed an illegal employment policy on all of its paratransit providers that prohibited the hiring or employment of any person with a felony or misdemeanor conviction without allowing any inquiry into when the conviction occurred, the circumstances surrounding the conviction or whether the conviction has any relationship to the responsibilities of the position sought. Plaintiff alleges that he was hired by King Paratransit in January 2000 as a paratransit driver, but that, because of his homicide conviction more than 41 years earlier, he subsequently was terminated in February 2000 because of the noted mandatory SEPTA employment policy.

SEPTA filed an Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint, averring (i) that it provides paratransit services, as required by the Americans with Disabilities Act, (ii) that it provides such services by contracting (sub-contracting) with outside providers and (iii) that each such provider (sub-contractor) was "bound" by its contract with SEPTA. All such sub-contracts contain certain job related qualifications for various positions, including the requirement that an employee or applicant to a sub-contractor for the position of a paratransit driver have:

>       No record of driving under the influence (DUI) of alcohol or drugs, and no record of any felony or misdemeanor conviction of any crime of moral turpitude or of violence against any person(s).

Thereafter, SEPTA filed a Third Party Complaint against various sub-contractor paratransit service providers, including King Paratransit and King Limousine, averring that each contract between SEPTA and the Third Party Defendants contained an indemnification clause which held SEPTA harmless "from and against any and all loss, cost, damage, liability claims, suits and expense arising out of any claim of any kind or nature whatsoever."

The SEPTA Paratransit Regulations pertaining to drivers and attendants, which were part of the sub-contracts between SEPTA and King Paratransit and between SEPTA and King Limousine, provided as follows:

>       Contractor shall not employ in any SEPTA-related work under this contract any person who . . . indicates that he or she has a current record for any conviction at any time . . . for any felony or misdemeanor conviction for any crime of moral turpitude or of violence against any person(s). Such crimes include, without limitation, any grade of homicide . . . .

Further, at no time did King Limousine ever provide any paratransit services under any contract (sub-contract) with SEPTA. Rather, with the knowledge and consent of SEPTA, at the outset of the contractual relationship between King Limousine and SEPTA, King Limousine immediately assigned any and all of its contractual rights and delegated any and all of its contractual duties to King Paratransit, which then provided all services and performed all work under the contract between King Limousine and SEPTA (dated July 1, 1998).

### III.    STANDARD FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), a Motion for Summary Judgment should be granted where there are no material facts in dispute and where the moving party is

entitled to judgment as a matter of law. The moving party has the burden of demonstrating the absence of

any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When ruling on a summary judgment motion, the court must accept as true the allegations of the non-moving party and construe the evidence and any reasonable inferences drawn therefrom in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, Rule 56 mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. at 323, 106 S.Ct. At 2548; *Williams v. Hartford Casualty Insurance Company,* 83 F.Supp.2d 567 (E.D.Pa. 2000); *Kosierowski v. Allstate Insurance Company,* 51 F.Supp.2d 583 (E.D.Pa. 1999).

IV.    **LEGAL ARGUMENT**

Preliminarily, there can be no question that Pennsylvania law is controlling under these circumstances as to the standards and rules of construction insofar as determining whether of the indemnification clause is enforceable. *Mahon v. City of Bethlehem,* 902 F.Supp. 76 (E.D.Pa. 1995).

A.    **Public Policy Prohibits Enforcement of the SEPTA Indemnification Clause**

Plaintiff alleges that SEPTA's illegal employment policy violated Title VII, the Pennsylvania Criminal History Record Information Act, and both the Pennsylvania and United States Constitutions. Clearly, these statutory and constitutional provisions each create a strong and well defined public policy against discrimination in employment, unwarranted stigmatization of

former criminal offenders, etc. *See, e.g., Griggs v. Duke Power Company,* 401 U.S. 424 (1971); *Adams v. EEOC,* 932 F.Supp. 660 (E.D.Pa. 1996); *Stamford Board of Education v. Stamford Education Assocaition,* 697 F.2d 70 (2$^{nd}$Cir. 1982); *Hunter v. Port Authority of Allegheny,* 277 Pa.Super. 4, 402 A.2d 311 (1980).

Accordingly, the indemnification clause here at issue is invalid and unenforceable, in violation of public policy. *Warren City Lines, Inc. v. United Refining Company,* 220 Pa.Super. 308, 287 A.2d 149 (1971).

### B.  The SEPTA Indemnification Clause is Unenforceable for the Intentional Acts of SEPTA Alleged by Plaintiff

Plaintiff's allegations as to SEPTA's illegal employment practices clearly demonstrate intentional acts on the part of SEPTA. For instance, SEPTA mandated by its own contract that its paratransit providers implement and enforce the allegedly illegal employment practice in order to achieve SEPTA's job related safety concerns.

Where, as here, the alleged conduct is intentional as opposed to negligent, the law requires that the indemnification clause be even more clear, precise and unequivocal to include such conduct within the clause. The language must be specific; words of general import are not enough. Further, it must be remembered that the indemnification clause at issue was SEPTA-created as part of the SEPTA sub-contracts with the paratransit providers, and therefore is to be construed against SEPTA. *Mahon v. City of Bethlehem,* 902 F.Supp. 76 (E.D.Pa. 1995); *Warren City Lines v. United Refining Company,* 220 Pa.Super. 308, 287 A.2d 149 (1971).

The SEPTA indemnification clause makes no reference at all to intentional conduct, and is thus insufficient. Had SEPTA so desired, it could have included terms relating to its

intentional conduct, just as it did as to its negligent conduct. However, SEPTA did not do so, and its indemnification clause therefore is inapplicable to SEPTA's intentional actions.

### C. King Limousine at No Time Provided Paratransit Services Under any Sub-Contract with SEPTA

King Limousine never provided any paratransit services under its July 1, 1998 sub-contract with SEPTA. Rather, with SEPTA's knowledge and consent, King Limousine immediately assigned any and all of its contractual rights and delegated any and all of its contractual duties to King Paratransit, which then provided all services and performed all work under that contract. King Limousine's obligations under its contract with SEPTA (including any possible indemnification requirement) ended more than three and a half (3½) years before the incidents alleged by Plaintiff.

### V. CONCLUSION

Third Party Defendants, King Paratransit Service, Inc. and King Limousine Service, Inc., respectfully submit that the are entitled to Summary Judgment in this case and therefore respectfully request that this Honorable Court enter the attached Order, granting Summary Judgment in their favor and dismissing SEPTA's Third Party Complaint, with prejudice.

Respectfully submitted,

Date:   October 8, 2003

REGINALD A. KRASNEY, ESQUIRE
Pennsylvania Supreme Court ID No.: 25743
*Attorney for Third Party Defendants,*
*King Paratransit Service, Inc. and*
*King Limousine Service, Inc.*

717 Constitution Drive

Suite 100

Exton, Pennsylvania  19341

Phone:  (610) 458-3220
Fax:     (610) 458-3225