**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS EL, | : | CIVIL ACTION |
|      Plaintiff | : | |
|   v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | No. 02-CV-3591 |
|      Defendant/Third Party Plaintiff | : | |
|   v. | : | |
| | : | |
| EDENS CORPORATION., *et al.*,   : | | |
|      Third Party Defendants | : | JURY TRIAL DEMANDED |

**MOTION FOR SUMMARY JUDGMENT OF THIRD PARTY DEFENDANT,
<u>EDENS CORPORATION</u>**

Third Party Defendant, Edens Corporation ("Edens") hereby moves for Summary

Judgment pursuant to Federal Rule of Civil Procedure 56, and in support thereof avers as

follows:

**1.** Plaintiff's First Amended Class Action Complaint alleges claims against

Defendant, Southeastern Pennsylvania Transportation Authority ("SEPTA"), for

violations of Title VII; the Equal Protection Clause of United States Constitution;

the Pennsylvania Constitution, Article I, Section I; and the Pennsylvania Criminal

History Record Information Act, 18 Pa.C.S.A. §9125. Specifically, Plaintiff

alleges that SEPTA imposed an illegal employment policy on all of its paratransit

providers that prohibited the hiring or employment of any person with a felony or

misdemeanor conviction without allowing any inquiry into when the conviction

occurred, the circumstances surrounding the conviction or whether the conviction

has any relationship to the responsibilities of the position sought. Plaintiff has

made no allegations of employment or seeking employment with Edens.

(Plaintiff's First Amended Class Action Complaint, ¶¶ 2-3, 17-25).

2.      SEPTA filed an Answer and Affirmative Defenses to Plaintiff's First

Amended Class Action Complaint, averring (i) that it provides paratransit

services, as required by the Americans with Disabilities Act, (ii) that it provides

such services by contracting (sub-contracting) with outside providers and (iii) that

each such provider (sub-contractor) was "bound" by its contract with SEPTA.

All such sub-contracts contain certain job related qualifications for various

positions, including the requirement that an employee or applicant to a sub-

contractor, for the position of a paratransit driver, have:

> No record of driving under the influence (DUI) of alcohol
> or drugs, and no record of any felony or misdemeanor
> conviction of any crime of moral turpitude or of violence
> against any person(s).

(SEPTA's Answer and Affirmative Defenses, ¶¶2, 17-20)

3.      Thereafter, SEPTA filed a Third Party Complaint against various sub-

contractor paratransit service providers, including Edens, averring that each

contract between SEPTA and the Third Party Defendants contained an

indemnification clause which held SEPTA harmless "from and against any and all

loss, cost, damage, liability claims, suits and expense arising out of any claim of

any kind or nature whatsoever."  (SEPTA's Third Party Complaint, ¶7).

4.      Edens filed an Answer and Affirmative Defenses to SEPTA's Third Party

        Complaint, denying SEPTA's allegations.

5.      A copy of the indemnification clause set forth in Paragraph 20 of the

        contracts (sub-contracts) between SEPTA and Edens has been provided to

this court by other Third-Party Defendants.  Edens incorporates by

reference those clauses as if set forth herein.

6.    SEPTA's Paratransit Regulations pertaining to drivers and attendants, pp.

21-26, which were part of the sub-contracts between SEPTA and Edens,

provide as follows:

> Contractor shall not employ in any SEPTA-related work
> under this contract any person who . . . indicates that he or
> she has a current record for any conviction at any time . . . for
> any felony or misdemeanor conviction for any crime of moral
> turpitude or of violence against any person(s).  Such crimes
> include, without limitation, any grade of homicide . . . .

7.    Edens is entitled to Summary Judgment, as the indemnification clause at

issue is unenforceable as contrary to public policy, as well as lacking the

required specificity for indemnification of SEPTA's own intentional acts.

8.    Further, Edens is also entitled to Summary Judgment because at

no time did it employ or deny employment with Plaintiff herein.


WHEREFORE, Third Party Defendant, Edens Corporation, respectfully requests

that this Honorable Court enter the attached Order granting Summary Judgment in their favor

and dismissing SEPTA's Third Party Complaint, with prejudice.

Respectfully submitted,


Francisco T. Rivas
PA ID 37023
Attorney for Third Party Defendant
Edens Corporation

39 West Lancaster Ave.
Downingtown, PA 19335

610-873-5991
Facsimile 720-834-6985