IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL, | : | CIVIL ACTION |
|     Plaintiff | : | |
|     v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | NO. 02-CV-3591 |
|     Defendant/Third Party Plaintiff | : | |
|     v. | : | |
| | : | |
| EDENS CORPORATION, *et al.*, | : | |
|     Third Party Defendants | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW OF THIRD PARTY DEFENDANTS, EDENS CORPORATION,
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.    SUMMARY OF ARGUMENT**

The SEPTA indemnification clause is unenforceable as contrary to public policy. SEPTA in essence is asking that it be indemnified for actions that SEPTA itself required of its sub-contractor paratransit providers pursuant to provisions of SEPTA's own contract, actions which are alleged to violate Title VII, the Pennsylvania Criminal History Record Information Act, and the United States and Pennsylvania Constitutions. SEPTA cannot have itself indemnified against actions that violate the legally mandated duties and requirements, as well as public policy, created by these statutory and constitutional standards.

Further, the indemnification clause is general in nature, failing to specify that SEPTA is to be indemnified for its own intentional acts.

**II.    STATEMENT OF THE FACTS**

Plaintiff's First Amended Class Action Complaint alleges claims against Defendant, Southeastern Pennsylvania Transportation Authority ("SEPTA"), for violations of Title VII; the Equal Protection Clause of the United States Constitution; the Pennsylvania Constitution, Article I,

Section I; and the Pennsylvania Criminal History Record Information Act, 18 Pa.C.S.A. §9125. Specifically, Plaintiff alleges that SEPTA imposed an illegal employment policy on all of its paratransit providers that prohibited the hiring or employment of any person with a felony or misdemeanor conviction without allowing any inquiry into when the conviction occurred, the circumstances surrounding the conviction or whether the conviction has any relationship to the responsibilities of the position sought.  Plaintiff alleges that he was hired by a paratransit provider that has absolutely no relationship to Edens Corporation, in January 2000, and terminated in February 2000 because of the noted mandatory SEPTA employment policy.

SEPTA filed an Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint, averring (i) that it provides paratransit services, as required by the Americans with Disabilities Act, (ii) that it provides such services by contracting (sub-contracting) with outside providers and (iii) that each such provider (sub-contractor) was "bound" by its contract with SEPTA.  All such sub-contracts contain certain job related qualifications for various positions, including the requirement that an employee or applicant to a sub-contractor for the position of a paratransit driver have:

> No record of driving under the influence (DUI) of alcohol or drugs, and no record of any felony or misdemeanor conviction of any crime of moral turpitude or of violence against any person(s).

Thereafter, SEPTA filed a Third Party Complaint against various sub-contractor paratransit service providers, including Edens Corporation, averring that each contract between SEPTA and the Third Party Defendants contained an indemnification clause which held SEPTA harmless "from and against any and all loss, cost, damage, liability claims, suits and expense arising out of any claim of any kind or nature whatsoever."

The SEPTA Paratransit Regulations pertaining to drivers and attendants, which were part of the sub-contracts between SEPTA and Edens, provided as follows:

> Contractor shall not employ in any SEPTA-related work under this contract any person who . . . indicates that he or she has a current record for any conviction at any time . . . for any felony or misdemeanor conviction for any crime of moral turpitude or of violence against any person(s). Such crimes include, without limitation, any grade of homicide . . . .

At no time did Edens ever employ Plaintiff herein, or deny employment to plaintiff herein.

### III. STANDARD FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), a Motion for Summary Judgment should be granted where there are no material facts in dispute and where the moving party is entitled to judgment as a matter of law. The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When ruling on a summary judgment motion, the court must accept as true the allegations of the non-moving party and construe the evidence and any reasonable inferences drawn therefrom in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, Rule 56 mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. at 323, 106 S.Ct. At 2548; *Williams v. Hartford Casualty Insurance Company,* 83 F.Supp.2d 567 (E.D.Pa. 2000); *Kosierowski v. Allstate Insurance Company,* 51 F.Supp.2d 583 (E.D.Pa. 1999).

IV.     **LEGAL ARGUMENT**

Absent contractual provisions to the contrary, Pennsylvania law is controlling for the standards and rules of construction on enforceability of the indemnification clause. *Mahon v. City of Bethlehem,* 902 F.Supp. 76 (E.D.Pa. 1995).

A.     **Public Policy Prohibits Enforcement of the SEPTA Indemnification Clause**

Plaintiff alleges that some of SEPTA's employment policy violated Title VII, the Pennsylvania Criminal History Record Information Act, and both the Pennsylvania and United States Constitutions. The statutory and constitutional provisions create a public policy against discrimination in employment, and unwarranted stigmatization of former criminal offenders. *See, e.g., Griggs v. Duke Power Company,* 401 U.S. 424 (1971); *Adams v. EEOC,* 932 F.Supp. 660 (E.D.Pa. 1996); *Stamford Board of Education v. Stamford Education Assocaition,* 697 F.2d 70 ($2^{nd}$Cir. 1982); *Hunter v. Port Authority of Allegheny,* 277 Pa.Super. 4, 402 A.2d 311 (1980).

Accordingly, the indemnification clause here at issue is invalid and unenforceable, in violation of public policy. *Warren City Lines, Inc. v. United Refining Company,* 220 Pa.Super. 308, 287 A.2d 149 (1971).

B.     **The SEPTA Indemnification Clause is Unenforceable for the Intentional Acts of SEPTA Alleged by Plaintiff**

Pennsylvania courts have disfavored contractual claims of indemnification by parties who have created or caused the potential cause of action. The basis for this principal is that a party ought not to be protected from the consequences of its own actions. *Mace v Atlantic Refining & Marketing Group*, 717 A.2d 1050 (Pa. Super 1998) (citing *Perry v Payne*, 217 Pa. 252, 66 A. 553 (1907)). In 1991, the Pennsylvania Supreme Court revisited the law of *Perry in Ruzzi v Butler Petroleum Co.*, 527 Pa. 1, 588 A.2d 1 (1991), and held that a claim for contractual indemnification

for the indemnitee's own negligence must be stated in clear and unequivocal language; and no inferences from general language can establish such indemnification. *Id.*

The basis for requiring specific language of an indemnitor assuming liability of the indemnitee is grounded upon general principals of contract law that the parties must be able to include the broader scope of indemnity provisions into the price and other terms of its negotiations, including the ability to obtain insurance for the negligent or intentional acts of third parties. The contract specifications and Request for Proposal published by SEPTA for paratransit services consists of over three inches of paper. In spite of the detail of the specifications on almost every point, SEPTA failed to state that the contract required Edens to indemnify SEPTA for SEPTA's intentional acts or SEPTA's violations of federal or state laws. As stated in *Mace v Atlantic Refining & Marketing Corp*:

> "the liability on such indemnity is so hazardous, and the character of the indemnity so unusual and extraordinary, that there can be no presumption that the indemnitor intended to assume the responsibility unless the contract puts it beyond doubt by express stipulation. [Previous Supreme Court cases] *Perry-Ruzzi* demands precision and parties who rely on ambiguity cannot thereby claim the benefit of indemnity." *Id*.

Plaintiff's allegations as to SEPTA's illegal employment practices are for intentional acts of SEPTA. Among the actions are SEPTA mandate that paratransit providers implement and enforce the allegedly illegal employment practice in order to achieve SEPTA's job related safety concerns.

Where, as here, the alleged conduct is intentional as opposed to negligent, the law

requires that the indemnification clause be even more clear, precise and unequivocal to include such conduct within the clause. The language must be specific; words of general import are not enough. Further, it must be remembered that the indemnification clause at issue was SEPTA-created as part of the SEPTA sub-contracts with the paratransit providers, and therefore is to be construed against SEPTA. *Mahon v. City of Bethlehem,* 902 F.Supp. 76 (E.D.Pa. 1995); *Warren City Lines v. United Refining Company,* 220 Pa.Super. 308, 287 A.2d 149 (1971).

The SEPTA indemnification clause makes no reference at all to intentional conduct, and is thus insufficient. Had SEPTA so desired, it could have included terms relating to its intentional conduct, just as it did as to its negligent conduct. However, SEPTA did not do so, and its indemnification clause therefore is inapplicable to SEPTA's intentional actions.

V.   **CONCLUSION**

Third Party Defendants, Edens Corporation, respectfully submit that it is entitled to Summary Judgment in this case and therefore respectfully request that this Honorable Court enter the attached Order, granting Summary Judgment in their favor and dismissing SEPTA's Third Party Complaint, with prejudice.

Respectfully submitted,

Date:   October 16, 2003

Francisco T. Rivas
Attorney for Edens Corporation
39 West Lancaster Avenue
Downingtown, PA 19335
610-873-5991
Facsimile 720-834-6985