**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DOUGLAS EL, Individually and on behalf of all others similarly situated, Plaintiff,** <br> **v.** <br> **SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Defendant.** | **CIVIL ACTION NO. 02-CV-3591** |

**PROPOSED ORDER**

THIS MATTER having come before the Court on Plaintiffs' Motion for an Extension of Time, the Court having reviewed the submissions and considered the positions of all parties, and having found that cause exists for an extension of time;

IT IS, on this ______ day of ____________, 2003,

ORDERED THAT Plaintiff's Motion for an Extension of Time is GRANTED, and that the Court's August 4, 2003 Scheduling Order is hereby superceded as follows:

1. Class fact discovery closes on February 3, 2004;
2. Plaintiffs' papers in support of class certification (including any expert report) shall be filed and delivered to all counsel no later than March 11, 2004;
3. Defendant's papers in opposition to class certification (including any expert report) shall be filed and delivered to all counsel no later than April 10, 2004;
4. Plaintiff's reply brief shall be filed and delivered to all counsel no later than April 24, 2004; and
5. Plaintiff's motion for class certification shall be heard on ______________, 2004.

______________________________
HON. J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL,<br>Individually and on behalf of<br>all others similarly situated,<br>Plaintiff,<br>v.<br><br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>NO. 02-CV-3591 |

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**

Plaintiff Douglas El ("Plaintiff"), pursuant to Local Rule 7.1, hereby moves this Court for an order granting an extension of time within which to complete class fact discovery and complete briefing on his motion for class certification. In support of this request, Plaintiff avers as follows:

1. On November 13, 2002, Plaintiff filed a four-count Amended Complaint against Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"). Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required the rejection of all job applicants with a past criminal conviction and the termination of any employee with a past criminal conviction without any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

2. On December 9, 2002, SEPTA answered the Amended Complaint. On December 23, 2002, SEPTA filed a Third-Party Complaint against nine of its paratransit providers.

3. On August 4, 2003, this Court entered a scheduling order setting a discovery deadline of October 14, 2003.

4. On September 17, 2003 this Court held a Rule 16 conference that was attended by attorneys for Plaintiff, SEPTA and all but one of the nine Third-Party Defendants. During this conference, the Court set a six-week briefing schedule for the Third-Party Defendants' summary judgment motions and SEPTA's summary judgment opposition. The Court denied a request to stay discovery during the period set for briefing on summary judgment issues, and asked the parties to work together toward the completion of discovery. The Court specifically asked Plaintiff to accommodate any reasonable requests for additional time from the Third-Party Defendants.

5. Since well before the Rule 16 conference, Plaintiff has worked diligently to secure discovery responses, both from SEPTA and from the Third-Party Defendants. Unfortunately, as set out in detail below, a fair amount of work remains to be done on this front, necessitating Plaintiff's request for an extension of time.

6. Plaintiff served Third-Party Edens Corp. ("Edens") with a subpoena seeking discovery in June 2003. The attorney for Edens has not produced any discovery and has refused to return numerous calls from Plaintiff's counsel. Plaintiff filed a motion to compel discovery from Edens on October 23, 2003.

7. Plaintiff served Third-Parties Anderson Travel ("Anderson") and Triage, Inc. ("Triage") with discovery requests in June 2003. Thereafter, Anderson and Triage changed attorneys and their new counsel was not told about the pending discovery requests. Plaintiff re-served discovery requests on Anderson and Triage in September 2003. When Anderson and Triage

failed to produce the requested discovery by the due date, Plaintiff sent a letter inquiring into the status of their responses. When that letter went unanswered, Plaintiff's counsel tried to reach counsel for Anderson and Triage by phone. In a conference on October 21, 2003, counsel for Anderson and Triage said that Plaintiff's discovery requests were too broad, and that he would only respond if Plaintiff submitted more tailored requests. In the interest of securing discovery from Anderson and Triage without the need for a formal motion, Plaintiff sent out a set of revised discovery requests that same day. To date, Anderson and Triage have not answered Plaintiff's revised discovery requests. Counsel for Anderson and Triage does not oppose Plaintiff's motion for an extension of time.

8. Plaintiff served Third-Party Krapfs CPS, Inc. ("Krapfs") with discovery requests in June 2003. Thereafter, Krapfs changed attorneys, and their new counsel was not told about the pending discovery requests. Plaintiff re-served discovery requests on Krapfs in September 2003. When Krapfs failed to produce the requested discovery by the due date, Plaintiff sent a letter inquiring into the status of their responses. Since then, counsel for Plaintiff and Krapfs have spoken several times about Plaintiff's requests and the scope and status of Krapfs' production. Krapfs has asked for more time to respond to Plaintiff's discovery requests and expects to provide a firm deadline for its production by October 31, 2003. Counsel for Krapfs has joined in Plaintiff's motion for an extension of time.

9. Plaintiff served Third-Parties King Limousine Service, Inc. and King Paratransit Service, Inc. ("King") with discovery requests in June 2003. Counsel for King entered his appearance in the case in August 2003, and was never told about the pending discovery requests. Plaintiff re-served his discovery requests on King in September 2003. King arranged for SEPTA to send

Plaintiff copies of certain documents in September 2003. Since then, counsel for Plaintiff and King have spoken several times about Plaintiff's requests and the scope and status of King's production. King has agreed to fully respond to Plaintiff's discovery requests by November 7, 2003. Counsel for King has joined in Plaintiff's motion for an extension of time.

10. Plaintiff served Third-Party Community Transit, Inc. ("Community") with discovery requests in June 2003. Counsel for Community timely responded to these requests. Plaintiff served Community with supplemental document requests in August 2003. Counsel for Community responded to some of these requests in September 2003. Since then, counsel for Plaintiff and Community have spoken several times about Plaintiff's requests and the scope and status of Community's production. Community has agreed to complete its document production by November 7, 2003. Counsel for Community does not oppose Plaintiff's motion for an extension of time.

11. Plaintiff served Third-Party J & D Jagiela Enterprises, Inc. ("Jagiela") with discovery requests in June 2003. Counsel for Community timely responded to these requests. Plaintiff served Jagiela with supplemental document requests in August 2003. Counsel for Community responded to these requests in September 2003. Plaintiff is not presently seeking further discovery from Jagiela. Counsel for Jagiela does not oppose Plaintiff's motion for an extension of time.

12. In May 2003, Third-Party Atlantic Paratrans, Inc. ("Atlantic") notified Plaintiff's counsel by letter that Atlantic's parent company filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York in July 2002. Because of the pendency of these proceedings, Plaintiff is not presently seeking further discovery from Atlantic.

Counsel for Atlantic does not oppose Plaintiff's motion for an extension of time.

13. Plaintiff served SEPTA with discovery requests in February 2003. Counsel for SEPTA did not respond to these requests until June 2003. Plaintiff served SEPTA with supplemental document requests in July 2003. Counsel for SEPTA did not respond to these requests until September 2003. Plaintiff served SEPTA with a second set of supplemental document requests (related to the deposition of Frank Brandis) in August 2003. Counsel for SEPTA did not respond to these requests until October 2003. In October 2003, Plaintiff's counsel reviewed SEPTA's document production (some 4,200 pages) and identified 14 document requests that SEPTA either failed to answer or answered incompletely. On October 27, 2003, Plaintiff described these deficiencies in a conference with SEPTA's lawyer and asked for a further production to address these deficiencies. On October 28, 2003, Plaintiff memorialized these requests in a letter. See October 28, 2003 Letter (attached as Exhibit A). Counsel for SEPTA agreed to search for the additional documents described in Plaintiff's letter and produce any documents found. Counsel for SEPTA has been unable to contact his client to determine whether it opposes Plaintiff's motion for an extension of time.

14. After SEPTA and the Third-Party Defendants have completed their document productions, Plaintiff's counsel intends to review these productions and identify the employees they intend to depose. Plaintiff intends to use the documents and testimony obtained during this process in support of his motion for class certification.

15. Fed. R. Civ. P. 16(b) gives this Court discretion to revise its scheduling order upon "a showing of good cause." The Advisory Committee Notes to Rule 16 provide that "the court may modify the schedule on a showing of good cause if [the schedule] cannot reasonably be met

despite the diligence of the party seeking the extension." See Wright v. Montgomery County, 1998 WL 848107, *6 (E.D. Pa. 1998); McElyea v. Navistar Int'l Trans. Corp., 788 F. Supp. 1366, 1371 (E.D. Pa.), aff'd. without opinion, 950 F.2d 723 (3d Cir.1991).

16. As set out above, Plaintiff's counsel have expended significant efforts to obtain the requested discovery. The discovery Plaintiff seeks is both relevant to his claims and directed to the propriety of class certification, including the requirements of numerosity, commonality and typicality. If Plaintiff is denied additional time to complete the requested discovery and depose persons with knowledge of facts relevant to his claims, his ability to brief and argue class certification issues will be significantly prejudiced.

17. Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, plaintiff respectfully requests that the Court grant the instant Motion for an Extension of Time and enter the attached Order extending the deadline for class discovery and setting dates for the class certification briefing schedule.

Respectfully submitted,

Dated: October 30, 2003

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOUGLAS EL,** | : | |
| **Individually and on behalf of** | : | |
| **all others similarly situated,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO. 02-CV-3591** |
| **SOUTHEASTERN PENNSYLVANIA** | : | |
| **TRANSPORTATION AUTHORITY,** | : | |
| **Defendant.** | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR AN EXTENSION OF TIME**

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: October 30, 2003

**Summary Of Plaintiffs' Allegations**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"). Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required the rejection of all job applicants with a past criminal conviction and the termination of any employee with a past criminal conviction without any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

**Procedural Posture Of The Litigation**

On August 4, 2003, this Court entered a scheduling order setting a discovery deadline of October 14, 2003.

On September 17, 2003 this Court held a Rule 16 conference that was attended by attorneys for Plaintiff, SEPTA and all but one of the nine Third-Party Defendants. During this conference, the Court set a six-week briefing schedule for the Third-Party Defendants' summary judgment motions and SEPTA's summary judgment opposition. The Court denied a request to stay discovery during the period set for briefing on summary judgment issues, and asked the parties to work together toward the completion of discovery. The Court specifically asked Plaintiff to accommodate any reasonable requests for additional time from the Third-Party Defendants.

**Positions Of The Other Parties Concerning This Motion**

Within the past week, counsel for Plaintiff has spoken with attorneys for each of the parties involved in the case to determine their position with respect to the relief sought by this

Motion. Counsel for Krapfs CPS, Inc. ("Krapfs"), King Limousine Service, Inc. and King Paratransit Service, Inc. ("King") have joined in Plaintiff's request for an extension of time by letters to this Court. Counsel for Anderson Travel ("Anderson"), Atlantic Paratrans, Inc. ("Atlantic"), Community Transit, Inc. ("Community"), J & D Jagiela Enterprises, Inc. ("Jagiela") and Triage, Inc. ("Triage") do not oppose Plaintiff's motion for an extension of time and have given Plaintiff express authorization to make this representation to the Court. Counsel for SEPTA has been unable to contact his client to determine whether it opposes Plaintiff's Motion. Counsel for Edens Corp. ("Edens") has not responded to repeated calls from Plaintiff's counsel.

## ARGUMENT

**Plaintiff Has Diligently Sought The Discovery At Issue, Justifying His Motion For An Extension Of Time.**

Fed. R. Civ. P. 16(b) gives this Court discretion to revise its scheduling order upon "a showing of good cause." The Advisory Committee Notes to Rule 16 provide that "the court may modify the schedule on a showing of good cause if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension." See Wright v. Montgomery County, 1998 WL 848107, *6 (E.D. Pa. 1998); McElyea v. Navistar Int'l Trans. Corp., 788 F. Supp. 1366, 1371 (E.D. Pa.), aff'd. without opinion, 950 F.2d 723 (3d Cir.1991).

Plaintiff's counsel have expended significant efforts to obtain the requested discovery. The discovery Plaintiff seeks is both relevant to his claims and directed to the propriety of class certification, including the requirements of numerosity, commonality and typicality. If Plaintiff is denied additional time to complete the requested discovery and depose persons with knowledge of facts relevant to his claims, his ability to brief and argue class certification issues will be significantly prejudiced. As a result, there is "good cause" for the relief sought by the instant Motion.

Plaintiff served Edens with a subpoena seeking discovery in June 2003. Edens' attorney has not produced any discovery and has refused to return numerous calls from Plaintiff's counsel. Plaintiff filed a motion to compel discovery from Edens on October 23, 2003.

Plaintiff served Anderson and Triage with discovery requests in June 2003. Thereafter, Anderson and Triage changed attorneys without telling their new counsel about the pending discovery requests. Plaintiff re-served discovery requests on Anderson and Triage in September 2003. When Anderson and Triage failed to produce the requested discovery by the due date, Plaintiff sent a letter inquiring into the status of their responses. When that letter went unanswered, Plaintiff's counsel tried to reach counsel for Anderson and Triage by phone. In a conference on October 21, 2003, counsel for Anderson and Triage said that Plaintiff's discovery requests were too broad, and that he would only respond if Plaintiff submitted more tailored requests. In the interest of securing discovery from Anderson and Triage without the need for a formal motion, Plaintiff sent out a set of revised discovery requests that same day. To date, Anderson and Triage have not answered Plaintiff's revised discovery requests.

Plaintiff served Krapfs with discovery requests in June 2003. Thereafter, Krapfs changed attorneys without telling its new counsel about the pending discovery requests. Plaintiff re-served discovery requests on Krapfs in September 2003. When Krapfs failed to produce the requested discovery by the due date, Plaintiff sent a letter inquiring into the status of their responses. Since then, counsel for Plaintiff and Krapfs have spoken several times about Plaintiff's requests and the scope and status of Krapfs' production. Krapfs has asked for more time to respond to Plaintiff's discovery requests and expects to provide a firm deadline for its production by October 31, 2003.

Plaintiff served King with discovery requests in June 2003. Counsel for King entered his appearance in the case in August 2003, and was not told about the pending discovery requests. Plaintiff re-served his discovery requests on King in September 2003. King arranged for SEPTA to send Plaintiff copies of certain documents in September 2003. Since then, counsel for Plaintiff and King have spoken several times about Plaintiff's requests and the scope and status of King's production. King has agreed to fully respond to Plaintiff's discovery requests by November 7, 2003.

Plaintiff served Community with discovery requests in June 2003. Counsel for Community timely responded to these requests. Plaintiff served Community with supplemental document requests in August 2003. Counsel for Community responded to some of these requests in September 2003. Since then, counsel for Plaintiff and Community have spoken several times about Plaintiff's requests and the scope and status of Community's production. Community has agreed to complete its document production by November 7, 2003.

Plaintiff served Jagiela with discovery requests in June 2003. Counsel for Jagiela timely responded to these requests. Plaintiff served Jagiela with supplemental document requests in August 2003. Counsel for Jagiela responded to these requests in September 2003. Plaintiff is not presently seeking further discovery from Jagiela.

In May 2003, Atlantic notified Plaintiff's counsel by letter that Atlantic's parent company filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York in July 2002. Because of the pendency of these proceedings, Plaintiff is not presently seeking further discovery from Atlantic.

Plaintiff served SEPTA with discovery requests in February 2003. Counsel for SEPTA did not respond to these requests until June 2003. Plaintiff served SEPTA with supplemental document requests in July 2003. Counsel for SEPTA did not respond to these requests until September 2003. Plaintiff served SEPTA with a second set of supplemental document requests (related to the deposition of Frank Brandis) in August 2003. Counsel for SEPTA did not respond to these requests until October 2003. In October 2003, Plaintiff's counsel reviewed SEPTA's document production and identified 14 document requests that SEPTA either failed to answer or answered incompletely. On October 27, 2003, Plaintiff described these deficiencies in a conference with SEPTA's lawyer and asked for a further production to address these deficiencies. On October 28, 2003, Plaintiff memorialized these requests in a letter. See October 28, 2003 Letter (attached as Exhibit A). Counsel for SEPTA agreed to search for the additional documents described in Plaintiff's letter and produce any documents found.

As these narratives establish, Plaintiff's counsel have followed the Court's directive to work with the Third-Party Defendants to resolve discovery disputes without court intervention, and have agreed to all reasonable requests from SEPTA and the Third-Party Defendants for extensions of time. Despite the efforts of Plaintiff's counsel, there remain material gaps in the discovery produced that need to be filled before Plaintiff can proceed with the prosecution of his claims.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that their Motion for an Extension of Time should be granted.

Dated: October 30, 2003

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 30th day of October, 2003, a true and correct copy of Plaintiff's Motion for Extension of Time was served upon the following counsel by First Class U.S. mail:

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
225 Flowers Mill Road
Langhorne, PA 19047

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Jeffrey Brian Killino, Esquire
42 S. 15th Street, Suite. 810
Philadelphia, PA 19102

Joseph M. Labuda, Esquire
Millman & Heidecker
3000 Marcus Avenue, Suite 3w3
Lake Success, N.Y. 11042

Thomas Moshang, III, Esquire
Hamburg & Golden PC
1601 Market Street, Suite 3310
Philadelphia, PA 19103

Kevin B. Quinn, Esquire
Schubert Bellwoar Cahill & Quinn
Two Penn Ctr, Suite 1400
1500 J.F.K. Boulevard
Philadelphia, PA 19102

Francisco T. Rivas, Esquire
39 W. Lancaster Avenue
Downingtown, PA 19335

Reginald A. Krasney, Esquire
565 East Swedesford Rd., Suite 206
Wayne, PA 19087

Philip R. Voluck, Esquire
Kaufman, Schneider & Bianco, Llp
600 W. Germantown Pike, Suite. 400
Plymouth Mtg, PA 19462

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class