**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS EL, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | NO. 02-CV-3591 |
| Defendant/Third Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| EDENS CORPORATION, INC., et al., | : | |
| Third Party Defendants | : | |

THIRD PARTY DEFENDANT, EDENS CORPORATION'S
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
**AND EDENS' MOTION FOR PROTECTIVE ORDER**

1.      Denied as stated. Plaintiff has filed the within action and has sought class

action status. It is denied that the case is appropriate for class action status.

2.      Admitted that Plaintiff served Defendant the subpoena, and has provided

Edens extensions of time to search for the records.

3.      Admitted. Edens was not aware that it was a party to this litigation when it

was served with the subpoena.

4.      Denied as stated.  Edens had been provided with an extension of time to

provide the responses to the subpoena by Plaintiff.

5.      Denied. It is specifically denied that counsel for Plaintiff has made good faith

efforts to gain compliance or that the undersigned has failed to return phone

calls to plaintiff's counsel.  To the contrary, the undersigned has called

Plaintiff's counsel on several occasions to advise that the documents are

available for inspection and copying at Edens office in Philadelphia, and to ascertain whether they would be willing to pay for the cost of copying the records gathered in response to the document requests. Plaintiff's counsel has failed to return the calls.

6.    Denied. Plaintiff's counsel has granted extensions of time to respond to the subpoena. The extensions were necessary in order that Edens could search for the documents with the limited staff that it has available to it. At no time did Plaintiff's counsel ask for expedited production, until counsel for SEPTA objected to Plaintiff's request for an extension of the discovery deadline.

7.    Denied. Edens has called Plaintiff's counsel advising that the documents are available for inspection and copying. Edens has requested plaintiff's counsel to pay for the copying expenses, as Edens does not have the personnel or other resources available to provide the copies for all parties to this case.

8.    Edens has insufficient information to respond to the averments of this paragraph.

9.    Neither admitted or denied as the subpoena speaks for itself.

10.    Denied.

11.    Denied as stated. Plaintiff has paraphrased Federal Rules of Civil Procedure, Rule 45 to misstate the rule applicable to the facts of this case. Furthermore, Edens was under the assumption that it was operating under an extension of time to respond to the subpoena until receipt of the within Motion to Compel.

12.    It is admitted that Plaintiff is entitled to the documents which have been made

available to Plaintiff.  The facts of this case do not warrant an award of

sanctions nor an order of contempt as requested.

13.    Plaintiffs' proposed order should respectfully be denied.


## EDENS' MOTION FOR PROTECTIVE ORDER

Edens Corporation requests that this Court enter a Protective Order shifting the cost

of copying the documents responsive to Plaintiff's subpoena to the parties who desire the

documents, and in support thereof, asserts the following:

14.    Edens Corporation ("Edens") does not have insurance coverage for this

matter.

15.    Edens personnel including the President, Janet Edens, has spent over 40 hours

searching for and assembling the documents responsive to the subpoena by

plaintiff.

16.    There are apparently approximately 10 law firms involved in this matter.

17.    Edens does not have the time or the economic resources to provide documents

responsive to this subpoena to the parties to this action, and requests that

Plaintiffs' counsel pay for the cost of copying.

18.    Plaintiff's counsel has not returned phone calls or responded to written

requests for payment of the cost of copying thereby requiring that this Court

rule on this Motion for a Protective Order in accordance with F.R.Civ.Pro.,

26(b)(2).

Wherefore, Edens Corporation requests that this Court enter and Order denying

Plaintiff's Motion to Compel and grant Edens' Motion for Protective Order in the form

attached hereto.

Respectfully submitted,


Francisco T. Rivas
PA ID 37023

39 West Lancaster Ave
Downingtown, PA 19335
601-873-5991
Fax 720-834-6985

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS EL, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
|   vi. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | NO. 02-CV-3591 |
|     Defendant/Third Party Plaintiff | : | |
| | : | |
|   vi. | : | |
| | : | |
| EDENS CORPORATION, INC., et al., | : | |
|     Third Party Defendants | : | |

EDENS CORPORATION'S MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL
AND
<u>EDENS'S MOTION FOR PROTECTIVE ORDER</u>

FACTS:

This Response to Plaintiff's Motion does not dispute that plaintiff is entitled to

documents sought.  Third party defendant simply requests that this court shift the cost of

copying to Plaintiff and any other party that seeks copies.  Edens does not have insurance

coverage for this matter, and has already incurred considerable expense in defending this

spurious third-party complaint brought by SEPTA.


Edens Corporation ("Edens") is a privately owned company owned by Janet Edens since

the early 1960s.  Edens has been involved in paratransit operations for SEPTA since May

1999, during which time it has strictly adhered to SEPTA's hiring requirements.

Edens has been searching for the records responsive to the subpoena while conducting other operational matters.  Due to the limited resources available, the president of Edens Corporation, Mrs. Janet Edens has been collecting the records requested and has been reviewing all applications in order that Edens does not inadvertently send Plaintiff applications from personnel who do not fit within the categories of documents in the subpoena. This individual search is necessary to protect personal information of applicants who do not fit within the categories requested.

Edens has collected approximately a box and half of documents that are responsive to Plaintiffs' subpoena, and has requested that the cost of production be shifted to Plaintiff. Edens will make the documents available at a copy service of Plainfiff's choice.  It is respectfully requested that this Court enter an order shifting the expense of the copying to the party requesting this discovery as appropriate under the circumstances where Edens has already spent approximately forty man-hours gathering the records and individually reviewing them.

STATEMENT OF LAW:

Rule 26(b)(2) of the Federal Rules of Civil Procedure, provide courts with wide latitude in discovery disputes.  This includes, upon application of a party, for the court to shift the cost of the discovery to the party seeking it, stated as follows:

> By order, the court may alter the limits in these rules….
> the frequency or extent of use of the discovery methods
> otherwise permitted under these rules and by any local
> rule shall be limited by the court if it determines that:
> … (iii) the burden or expense of the proposed discovery
> outweighs its likely benefit, taking into account the needs
> of the case, the amount in controversy, the parties resources,
> the importance of the issues at stake in the litigation, and
> the importance of the proposed discovery in resolving the
> issues.  The court may act upon its own initiative after
> reasonable notice or pursuant to a motion under Rule 26(c).

The notes to the 1983 amendments to Rule 26(b)(2) state that the courts "must apply the standards in an even handed manner that will prevent the use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent."  The 1993 amendments to Rule 26(c) added that the parties must confer – either in person – or by telephone – with the other affected parties in a good faith effort to resolve the discovery dispute.  Accusations of contemptuous conduct by Edens' counsel in not returning "recent telephone calls" are not only disputed, but belied by a continued course of conduct of plaintiffs' counsel failing to advance their case.  In that regard, the attached correspondence (Exhibit "A") wherein Edens has offered the documents for inspection – and a contemporaneous telephone call has gone unanswered.

In evaluating whether the cost of production should be shifted, this court may wonder whether a dispute over the cost of a box and half of documents is worth its time. It is respectfully suggested that when the cost is multiplied by the ten law firms on the service list, the cost will become prohibitive to a party defending this purported class action lawsuit without insurance coverage.

For the foregoing reasons, it is respectfully requested that plaintiffs' motion to compel be denied, and that plaintiffs pay for the cost of copying the documents collected in response to the subpoena.

Respectfully submitted,

_____
Francisco T. Rivas
PA ID 37023
Attorney for Third Party Defendant,
Edens Corporation

39 West Lancaster Ave.
Downingtown, PA 19335
610-873-5991
Fax: 720-834-6985

Dated:  November 10, 2003

CERTIFICATE OF SERVICE

I, Emily Lannigan, administrative assistant to Attorney Francisco T. Rivas, certify that the enclosed Response to Plaintiffs' Motion to Compel and Motion for Protective Order has been served on counsel in the attached service list by first class mail, postage prepaid on this 10th day of November 2003.

_____

Emily Lannigan

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS EL, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vii. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | NO. 02-CV-3591 |
| Defendant/Third Party Plaintiff | : | |
| | : | |
| vii. | : | |
| | : | |
| EDENS CORPORATION, INC., et al., | : | |
| Third Party Defendants | : | |

ORDER

AND NOW, THIS _____ DAY OF _____, 2003, It is hereby Ordered as follows:

A.  Plaintiff's Motion to Compel is Denied as Moot;

B.  Edens Corporation will provide documents requested pursuant to subpoena to

a copy center designated in writing by Plaintiff's counsel;

C.   Plaintiffs' counsel shall pay for the cost of copying and distribution of said

documents.

_____
J. Curtis Joyner

## AFFIDAVIT OF JANET EDENS

I Janet Edens, being over the age of 21 hereby depose and state the following:

1. I am President of Edens Corporation.
2. Edens Corporation has been involved in providing paratransit services to SEPTA since approximately May 1999.
3. Edens Corporation has placed several insurance companies on notice of the within lawsuit; however, none have accepted coverage.
4. My staff and I have spent approximately forty hours searching for and collating the documents responsive to the subpoena in this case.
5. In order to respond to the subpoena, it was necessary to review several boxes of job applications, in order to ensure that applications that were not responsive to the subpoena were not inadvertently provided as the job applications may contain private information therein.
6. After a review of the job applications, it was then necessary to review a separate file in order to crosscheck for criminal background checks of applicants. These documents were stored in a separate location from the job applications. The criminal background check documents were then collated to the job applications.
7. I respectfully request that the parties to this lawsuit who have requested the documents pay for copying costs.
8. I would be more comfortable providing the documents to someone not involved in the litigation for copying such as a commercial copy center.

Further affiant sayeth not

_____
Janet Edens