IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,                             :
Individually and on behalf of          :
all others similarly situated,         :
      Plaintiff,                       :
   v.                                 :     **CIVIL ACTION**
                                :     **NO. 02-CV-3591**
SOUTHEASTERN PENNSYLVANIA             :
TRANSPORTATION AUTHORITY,             :
      Defendant.                        :

---

## ORDER

THIS MATTER having come before the Court on Plaintiffs' Motion to Compel the

Production of Documents from Anderson Travel and Triage, Inc.,

IT IS, on this _____ day of _____, 2003,

ORDERED THAT Plaintiff's Motion to Compel is GRANTED, and that:

1.    Anderson Travel and Triage, Inc. shall both provide full and complete responses

     to Plaintiff's First Set of Interrogatories within five days;

2.    Anderson Travel and Triage, Inc. shall both provide full and complete responses

     to Plaintiff's First Set of Document Requests within five days; and

3.    Anderson Travel and Triage, Inc. shall each pay $_____ to Plaintiff's

     counsel as sanctions under Fed. R. Civ. P. 37(a)(4)(A), representing the

     reasonable expenses incurred in pursuing this discovery and making this Motion.

 

                                              _____
                                            THE HONORABLE J. CURTIS JOYNER
                                            United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,                         :
Individually and on behalf of       :
all others similarly situated,      :
      Plaintiff,   :
    v.                         :
                               **CIVIL ACTION**
                               **NO. 02-CV-3591**
SOUTHEASTERN PENNSYLVANIA        :
TRANSPORTATION AUTHORITY,         :
      Defendant.           :

---

FILED    NOV 2 5 2003

## PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND INTERROGATORY ANSWERS FROM ANDERSON TRAVEL AND TRIAGE, INC.

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37, hereby

moves this Court to compel Defendants Anderson Travel ("Anderson") and Triage, Inc.

("Triage") to respond to Plaintiff's First Set of Interrogatories and First Set of Document

Requests and for sanctions. In support of this Motion, Plaintiff avers as follows:

1.    On November 13, 2002, Plaintiff filed a four-count Amended Complaint against

Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"). Plaintiff's claims

are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers

(including Anderson and Triage) that required them to reject all job applicants with a past

criminal conviction and terminate all employees with a past criminal conviction without

conducting any inquiry into when their conviction occurred, the circumstances surrounding their

conviction, or whether their conviction had any relationship to their job responsibilities.

2.    On December 23, 2002, SEPTA filed a Third-Party Complaint against nine of its

paratransit providers, including Anderson and Triage.

3.    On June 11, 2003, Plaintiff sent his First Set of Interrogatories and First Set of Document Requests to David Woloshin, an attorney who had entered his appearance as counsel for Anderson and Triage in March 2003.[1]  Plaintiff's discovery requests sought various categories of information directly related to Plaintiff's discrimination claims against SEPTA.

4.    On July 22, 2003, Jeffrey Killino entered his appearance in this case by filing an Answer to SEPTA's Third-Party Complaint on behalf of Anderson and Triage.

5.    On September 5, 2003, Plaintiff's counsel called Mr. Killino to find out why he had not responded to Plaintiff's discovery requests. Mr. Killino said that he did not know his clients had been served with any discovery, and asked to be re-served so that he could respond. Plaintiff re-served Mr. Killino with his First Set of Interrogatories and First Set of Document Requests that day.[2]

6.    On October 8, 2003, Anderson and Triage had not produced the requested discovery and Plaintiff sent a letter to Mr. Killino inquiring into the status of his responses.[3]

7.    Mr. Killino did not answer Plaintiff's letter, and Plaintiff's counsel began trying to reach him by phone. On October 21, 2003, Plaintiff's counsel spoke to Mr. Killino about the status of his clients' discovery responses. Mr. Killino initially said that he was not planning to respond to Plaintiff's discovery requests. Instead, he was waiting for this Court's decision on his summary judgment motion to see if Anderson and Triage would be released from the case and, he suggested, from their discovery obligations. After some further discussion, Mr. Killino agreed

---

[1] See Plaintiff's June 11, 2003 discovery requests to Anderson and Triage attached as Exhibit A.

[2] See Plaintiff's September 5, 2003 correspondence attached as Exhibit B.

[3] See Plaintiff's October 8, 2003 correspondence attached as Exhibit C.

to respond to a smaller set of focused document requests and interrogatories on an expedited basis. In the interest of securing discovery from Anderson and Triage without the need for a motion to compel, Plaintiff prepared and sent out a set of focused discovery requests that same day with Mr. Killino's responses to be due by November 11, 2003.[4]

8.     Mr. Killino did not respond to Plaintiff's focused discovery requests by November 11, 2003. Plaintiff's counsel left a series of voice-mail messages for Mr. Killino, inquiring into the status of his discovery responses. To date, these calls have not been returned.

9.     Despite their obligation to do so under the Federal Rules of Civil Procedure, Anderson and Triage have not answered Plaintiff's First Set of Interrogatories or First Set of Document Requests. Moreover, despite his express verbal agreement to do so, Mr. Killino has not answered Plaintiff's set of focused discovery requests which were prepared at the direct request of their counsel.

10.     Plaintiff will be unfairly prejudiced in seeking class certification and defending SEPTA's motion for summary judgment if he is denied access to the discovery sought from Atlantic and Triage.

11.     Plaintiff has conferred with counsel for Anderson and Triage in an effort to secure the discovery requested here without court action, and has made good faith efforts to resolve the matters presented in this Motion.

12.     Given that Anderson and Triage did not timely answer Plaintiff's focused discovery requests, Plaintiff hereby withdraws his offer to limit the scope of discovery served on Anderson and Triage.

--------

[4] See Plaintiff's October 21, 2003 correspondence attached as Exhibit D.

-3-

13.    Given that Anderson and Triage have ignored the requirements imposed by the Federal Rules of Civil Procedure and the direction of this Court to produce discovery in this case, unnecessarily delayed the discovery process and caused Plaintiff's counsel to expend significant additional efforts in seeking discovery, Plaintiff seeks an order compelling the production of discovery responses from both Anderson and Triage and an award of sanctions as permitted by Fed. R. Civ. P. 37(a)(4)(A).[5]

14.    Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, plaintiff respectfully requests that the Court grant this Motion and order Anderson Travel and Triage, Inc. both to provide full and complete responses to Plaintiff's First Set of Interrogatories and Document Requests within five days and to pay sanctions in an amount to be determined after Plaintiff's submission of a supplemental Affidavit.

Respectfully submitted,

Dated: November 25, 2003

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

---

[5] Specifically, Plaintiff seeks to recover payment for the time spent by his attorneys from October 8, 2003 to the present that is directly attributable to Anderson and Triage, including the preparation of Plaintiff's focused discovery requests and the preparation and resolution of this Motion. If sanctions are allowed, Plaintiff's counsel will submit an Affidavit within three days that specifically identifies the sum requested.

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

DOUGLAS EL,                                      :
Individually and on behalf of                    :
all others similarly situated,                   :
      Plaintiff,                                :
        v.                                         :         CIVIL ACTION
                                :         NO.  02-CV-3591
SOUTHEASTERN PENNSYLVANIA          :
TRANSPORTATION AUTHORITY,          :
      Defendant.                               :

---------------------------------------------------------

### BRIEF IN SUPPORT OF
### PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND INTERROGATORY ANSWERS FROM ANDERSON TRAVEL AND TRIAGE, INC.

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: November 25, 2003

## BACKGROUND INFORMATION

### Summary Of Plaintiffs' Allegations

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against

Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"). Plaintiff's claims

are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers

that required the rejection of all job applicants with a past criminal conviction and the

termination of any employee with a past criminal conviction without any inquiry into when their

conviction occurred, the circumstances surrounding their conviction, or whether their conviction

had any relationship to their job responsibilities.

### Procedural Posture Of The Litigation

By October 17, 2003, several Third-Party Defendants (including Anderson and Triage)

filed summary judgment motions against SEPTA.  SEPTA filed its response to these motions on

October 29, 2003.

On November 12, 2003, SEPTA filed a summary judgment motion against Plaintiff.  In a

phone conference on November 14, 2003, this Court permitted Plaintiff to pursue merits

discovery from all Defendants and set March 15, 2004 as the due date for Plaintiff's summary

judgment opposition.

## ARGUMENT

### The Federal Rules Of Civil Procedure And Federal Case-Law Liberally Allow Discovery Of Relevant Documents And Testimony.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any matter, not

privileged, which is relevant to the subject matter involved in the pending action." Redland

Soccer Club, Inc. v. Department of Army of U.S., 55 F.3d 827(3rd Cir.), *cert. den.* 516 U.S. 1071

(1996); Reyes v. Meadowlands Hosp. Medical Center, 809 A.2d 875, 878 (N.J. Super. 2001).

In practice, courts construe Rule 26(b)(1) liberally, to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350 (1978); Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

## The Federal Rules of Civil Procedure Provide For Sanctions When A Party Fails To Cooperate In Discovery.

Where a party fails to respond to document requests or interrogatories, Rule 37 permits the serving party to file a motion to compel the production of the discovery at issue and for sanctions. Fed. R. Civ. P. 37(a)(4)(A). See Stein v. Foamex Intern., Inc., 204 F.R.D. 270 (E.D. Pa. 2001); Wright v. Montgomery County, 1999 WL 80275 (E.D. Pa. 1999); Prousi v. Cruisers Division of KCS Intern., Inc., 1997 WL 135692 (E.D. Pa. 1997). The instant Motion is proper because Anderson and Triage, despite numerous opportunities to do so, have failed to respond to Plaintiff's discovery requests and caused Plaintiff to expend unnecessary efforts.

On June 11, 2003, Plaintiff sent his First Set of Interrogatories and First Set of Document Requests to David Woloshin, an attorney who had entered his appearance as counsel for Anderson and Triage in March 2003. See Exhibit A. Anderson and Triage did not respond to these discovery requests.

On September 5, 2003, Plaintiff's counsel called Jeffrey Killino, Anderson and Triage's new attorney, to find out why he had not responded to Plaintiff's discovery requests. Mr. Killino said that he did not know his clients had been served with any discovery, and asked to be re-served so that he could respond. Plaintiff re-served Mr. Killino with his First Set of

-2-

Interrogatories and First Set of Document Requests that day. See Exhibit B. Anderson and Triage did not respond to these discovery requests.

By October 8, 2003, Anderson and Triage had not produced the requested discovery, and Plaintiff sent Mr. Killino a letter inquiring into the status of his responses. On October 21, 2003, Plaintiff's counsel spoke to Mr. Killino about the status of his clients' discovery responses. Mr. Killino initially said that he was not planning to respond to Plaintiff's discovery requests. Instead, he was waiting for this Court's decision on his summary judgment motion to see if Anderson and Triage would be released from the case and, he suggested, from their discovery obligations.[6] After some further discussion, Mr. Killino agreed to respond to a smaller set of focused document requests and interrogatories on an expedited basis. In the interest of securing discovery from Anderson and Triage without the need for a motion to compel, Plaintiff prepared and sent out a set of focused discovery requests that same day, with Mr. Killino's responses to be due by November 11, 2003. See Exhibit D. Despite their attorney's representations, Anderson and Triage did not respond to these discovery requests, and have now stopped returning calls from Plaintiff's attorneys.

### Anderson and Triage Have Not Provided Any Reasonable Basis For Their Ongoing, Intentional Discovery Lapses.

Plaintiffs have given Anderson and Triage at least three opportunities to produce the requested discovery. See Exhibits A, B and D. At no time have Anderson and Triage offered any valid justification for their failure to respond to Plaintiff's discovery requests. Indeed the only basis even suggested – that Anderson and Triage will no longer have to produce the

---

[6] Counsel for Anderson and Triage filed a motion for summary judgment against SEPTA on October 13, 2003.

discovery if SEPTA's claim against them is dismissed – is fundamentally flawed. Contrary to defense counsel's belief, the discovery obligations imposed by Rules 33 and 34 have already been imposed, have not been extinguished and require the production of the materials Plaintiff has requested.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that this Court should grant Plaintiff's Motion to Compel and issue economic sanctions against Anderson and Triage as determined from a supplemental Affidavit to be submitted by Plaintiff's counsel.

Dated: November 25, 2003

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

-4-

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 25th day of November, 2003, a true and correct copy of Plaintiffs' Motion to Compel the Production of Documents from Anderson Travel and Triage, Inc. was served upon the following counsel by First Class U.S. mail:

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
225 Flowers Mill Road
Langhorne, PA 19047

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Jeffrey Brian Killino, Esquire
42 S. 15th Street, Suite. 810
Philadelphia, PA 19102

Joseph M. Labuda, Esquire
Millman & Heidecker
3000 Marcus Avenue, Suite 3w3
Lake Success, N.Y. 11042

Thomas Moshang, III, Esquire
Hamburg & Golden PC
1601 Market Street, Suite 3310
Philadelphia, PA 19103

Kevin B. Quinn, Esquire
Schubert Bellwoar Cahill & Quinn
Two Penn Ctr, Suite 1400
1500 J.F.K. Boulevard
Philadelphia, PA 19102

Francisco T. Rivas, Esquire
39 W. Lancaster Avenue
Downingtown, PA 19335

Reginald A. Krasney, Esquire
565 East Swedesford Rd., Suite 206
Wayne, PA 19087

Philip R. Voluck, Esquire
Kaufman, Schneider & Bianco, Llp
600 W. Germantown Pike, Suite. 400
Plymouth Mtg, PA 19462

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class