```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DOUGLAS EL                        :  CIVIL ACTION
                                  :
     vs.                          :
                                  :  NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA         :
TRANSPORTATION AUTHORITY          :
                                  :
     vs.                          :
                                  :
KING LIMOUSINE SERVICE, INC.,     :
KING PARATRANSIT SERVICE, INC.    :
TRIAGE, INC., ANDERSON TRAVEL,    :
KRAPFS CPS, INC., J & D           :
JAGICLA ENTERPRISES, INC.,        :
t/a LIBERTY VANS, ATLANTIC        :
PARATRANS, INC., EDENS CORP.,     :
and COMMUNITY TRANSIT OF          :
DELAWARE COUNTY, INC.             :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                        **December   , 2003**

This case has been brought before the Court for disposition of the motions of Third Party Defendants King Paratransit Service, Inc., Edens Corporation, Triage, Inc., Community Transit, Inc., Krapfs CPS, Inc., Anderson Travel and King Limousine Service, Inc. for summary judgment. For the reasons set forth below, all of the motions shall be granted.

**Factual Background**

By his amended complaint, the plaintiff, Douglas El, brought suit against SEPTA alleging that his rights under Title VII, 42 U.S.C. §2000e-2, the equal protection clause of the U.S.

Constitution, Article I, Section 1 of the Pennsylvania Constitution and the Pennsylvania Criminal History Record Information Act, 18 Pa.C.S. §9101, *et. seq.* were violated when he was terminated because of a past homicide conviction from the driver position for which he was in training with King Paratransit Service. According to the plaintiff, SEPTA had contracted with King Paratransit Services, among others, to provide ADA-mandated paratransit services to suburban residents and his employment with King Paratransit was terminated because SEPTA had a uniform employment policy which "required the removal from service of all active employees with any felony or misdemeanor conviction without allowing any inquiry into when the conviction occurred, the circumstances surrounding the conviction or whether the conviction had any relationship to the responsibilities of the position sought." (Plaintiff's Complaint, at ¶s 12, 14, 17, 18).

As plaintiff's complaint contains class action allegations, SEPTA filed third party complaints against all of the paratransit companies with whom it had private contracts because those contracts contained clauses by which the third party defendants agreed "to be liable for and to defend, indemnify and save harmless SEPTA from and against any and all loss, cost, damage, liability, claims, suits, and expense arising out of any claim of any kind or nature whatsoever." (Third Party Complaint, at ¶7).

It is on the basis of this same clause that the third party defendants now move for the entry of summary judgment in their favor.

## **Summary Judgment Standards**

Summary judgment is appropriate where, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Michaels v. New Jersey, 222 F.3d 118, 121 (3d Cir. 2000); Jones v. School District of Philadelphia, 198 F.3d 403, 409 (3d Cir. 1999). Indeed, the standards to be applied by district courts in ruling on motions for summary judgment are clearly set forth in Fed.R.Civ.P. 56(c), which states, in pertinent part:

> "....The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Under this rule, a court is compelled to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. Liberty Lobby, Inc. v. Dow Jones & Co., 838 F.2d 1287 (D.C.Cir. 1988), cert. denied, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988); Aries Realty, Inc. v. AGS Columbia Associates,

751 F.Supp. 444 (S.D.N.Y. 1990).  In considering a summary judgment motion, the court must view the facts in the light most favorable to the non-moving party and all reasonable inferences from the facts must be drawn in favor of that party as well. Troy Chemical Corp. v. Teamsters Union Local No. 408, 37 F.3d 123, 126 (3rd Cir. 1994); Williams v. Borough of West Chester, 891 F.2d 458, 460 (3rd Cir. 1989); U.S. v. Kensington Hospital, 760 F.Supp. 1120 (E.D.Pa. 1991).

"Material" facts are those facts that might affect the outcome of the suit under the substantive law governing the claims made.  An issue of fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" in light of the burdens of proof required by substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252, 106 S.Ct. 2505, 2510, 2512, 91 L.Ed.2d 202 (1986); The Philadelphia Musical Society, Local 77 v. American Federation of Musicians of the United States and Canada, 812 F.Supp. 509, 514 (E.D.Pa. 1992).  Thus, a non-moving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial.  Gleason v. Norwest Mortgage, Inc., 243 F.3d 130, 138 (3d Cir. 2001).

### Discussion

In their motions for summary judgment, the moving third party defendants assert that the indemnification clause upon which

4

SEPTA relies is void as against public policy, is insufficiently specific to be enforceable and does not comport with the intention of the parties.

Generally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy. <u>Burstein v. Prudential Property & Casualty Insurance Co.</u>, 570 Pa. 177, 182, 809 A.2d 204, 206 (2002), citing <u>Eichelman v. Nationwide Insurance Co.</u>, 551 Pa. 558, 711 A.2d 1006, 1008 (1998) and <u>Antanovich v. Allstate Insurance Co.</u>, 507 Pa. 68, 488 A.2d 571, 575 (1985). Title VII, of course, was designed to eradicate unlawful discrimination and the private right of action against an employer was intended to provide a remedy for such discrimination. <u>Adams v. EEOC</u>, 932 F.Supp. 660, 664 (E.D.Pa. 1996). In addition, as Article I Section I of the Pennsylvania Constitution and the Pennsylvania Criminal History Record Information Act, 18 Pa.C.S. §9125(b) both reflect, it is against the public policy of the Commonwealth to summarily reject an individual for employment on the ground that the individual has a prior criminal record unless in doing so the employer is furthering a legitimate public objective. <u>See</u>, <u>Cisco v. United Parcel Service</u>, 328 Pa. Super. 300, 476 A.2d 1340 (1984); <u>Hunter v. Port Authority of Allegheny County</u>, 277 Pa. Super. 4, 12, 409 A.2d 631, 635 (1980).

In this case, the plaintiff was in training for a position as a driver of a paratransit vehicle providing public transportation services to disabled residents in the suburban communities of southeastern Pennsylvania.  Inasmuch as disabled residents are clearly more vulnerable than non-handicapped persons and driving members of the public around can be a stressful job, it is certainly possible that SEPTA's policy of forbidding the employment of "any person who...indicates that he or she has a current record of any conviction at any time for driving under the influence (DUI) of alcohol or other substance, or for any felony or misdemeanor conviction for any crime of moral turpitude or of violence against any other person(s)," may well serve a legitimate public objective.  However, there is insufficient evidence on the record of this case at the present time for this Court to make a definitive pronouncement that the employment requirement at issue does or does not violate public policy.  We therefore must deny the third party defendants' motion on this ground.

Pennsylvania law is equally well-settled that if parties intend to include within the scope of their indemnity agreement a provision that covers losses due to the indemnitee's own negligence, they must do so in clear and unequivocal language. <u>Mace v. Atlantic Refining & Marketing Corp.</u>, 567 Pa. 71, 76-78, 785 A.2d 491, 494-495 (2001); <u>Ruzzi v. Butler Petroleum Company</u>,

527 Pa. 1, 6, 588 A.2d 1, 4 (1991); Perry v. Payne, 217 Pa. 252, 262, 66 A. 553 (1907). Pennsylvania law has long acknowledged that indemnity clauses are construed most strictly against the party who drafts them especially when that party is the indemnitee. Ratti v. Wheeling Pittsburgh Steel Corp., 758 A.2d 695, 702 (Pa. Super. 2000), citing Brotherton Construction Co. v. Patterson- Emerson-Constock, Inc., 406 Pa. 400, 178 A.2d 696 (1962) (holding that since indemnity language did not express a clear, unequivocal, or definite intent to include coverage for damages occasioned by indemnitee's gross negligence, no liability therefor would attach to indemnitor). Given that the assumption of liability for the negligence of an indemnified party "is so hazardous, and the character of the indemnity so unusual and extraordinary," that "it would be contrary to experience and against reason for a contractor to agree to indemnify another for the other's negligence when such indemnification would subject it to uncertain and indefinite liability," there is even more reason to demand specificity when the indemnitee seeks to be indemnified for his or her own intentional conduct. Greer v. City of Philadelphia, 568 Pa. 244, 248, 795 A.2d 376, 378-379 (2002), quoting Ruzzi, 588 A.2d at 4 and Perry, 66 A. at 555; Mahon v. City of Bethlehem, 902 F.Supp. 76, 79 (E.D.Pa. 1995).

    The indemnification clause upon which SEPTA relies provides as follows:

Indemnification.  In addition to all other obligations of Indemnification specified herein, Contractor agrees to be liable for and to defend, indemnify and save harmless SEPTA, its Board Members, officers, agents, servants, workmen, employees, subsidizers and indemnities, the Pennsylvania Department of Transportation, the City of Philadelphia and any and all government funding agencies providing funds and services in connection with this Project (hereinafter collectively referred to as SEPTA), even if SEPTA is negligent in whole or in part, from and against any and all loss, cost, damage, liability, claims, suits and expense, including consequential damages, counsel fees, whether or not arising out of any claim, suit or action at law, in equity, or otherwise, of any kind or nature whatsoever, including but not limited to negligence, which may be committed by or asserted against SEPTA and/or any or all of the aforementioned by reason of any accident, loss or damage to property or injury, including but not limited to death, to any person or persons, including but not limited to employees of SEPTA, which may be sustained either before or during the term of the Agreement, or upon or after completion of the Project, as a result, direct or indirect, of the performance of the Agreement by Contractor, its officers, subcontractors of any tier and/or their agents, servants, workmen or employees or any other persons working on their behalf.

Contractor assumes all risk of loss, injury or damage to its property and all risk of loss, injury or death to its officers, agents, servants, workmen or employees or any other persons working on their behalf, and the officers, agents, servants, workmen or employees of its subcontractors of any tier or any other persons working on their behalf, and Contractor expressly agrees at all times hereafter to indemnify, protect and save SEPTA harmless, its Board Members, officers, agents, servants, workmen, employees, subsidizers and indemnities, from and against any and all loss, damage, cost and expenses for claims, demands and actions therefore based on injury or damage to the person (including but not limited to death) or property of any of the aforesaid persons whether brought directly by these persons or by anyone claiming under or through them including but not limited to heirs, dependents and estates, and whether caused in whole or in part by the negligence of SEPTA, or its Board Members, officers, agents, servants, workmen, employees, subsidizers or indemnities.

Contractor, for itself and its employees, Board members,

> officers, agents, contractors, licensees and invitees hereby releases and agrees to be liable for and to defend, indemnify and save harmless SEPTA, even if SEPTA is negligent in whole or in part, for any claims made by an employee, Board member, officer, agent, workman or servant of Contractor, including claims for compensation or benefits payable to any extent by or for Contractor under any workers' or similar compensation acts or other employee benefit acts, and Contractor expressly waives its statutory protection under §303, as amended, of the Pennsylvania Workers' Compensation Act, 77 P.S. §481(b).
>
> Contractor shall be expressly liable for any and all injuries (including death) to persons, including but not limited to, SEPTA's employees, Contractor's employees, or damage to property of whatever kind or nature, resulting directly or indirectly, by reason of any act or omission on the part of SEPTA, its Board members, officers, agents, indemnities, servants and/or employees, the Contractor, including its employees, agents, contractors, licensees and invitees in connection with the performance of this Project. Contractor and/or its insurer shall be solely responsible for selection of counsel and control of litigation, including any settlement of a claim.

While this clause is certainly broad, it is silent as to the duty of the contractor to indemnify SEPTA for discrimination claims or claims arising out of allegedly intentional and unlawful conduct. SEPTA, as drafter of the contracts and the indemnification clause, could well have included language covering employment discrimination claims such as that asserted by the plaintiff here had it so desired and as it did for negligence, employee benefits and worker's compensation actions.  As it failed to do so, we conclude that as a matter of law, the indemnification clause is insufficient to impose a duty of indemnification upon the moving third party defendants and we shall grant summary judgment in their favor by way of the attached order.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
DOUGLAS EL                           : CIVIL ACTION
                                     :
     vs.                             :
                                     : NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA            :
TRANSPORTATION AUTHORITY             :
                                     :
     vs.                             :
                                     :
KING LIMOUSINE SERVICE, INC.,        :
KING PARATRANSIT SERVICE, INC.       :
TRIAGE, INC., ANDERSON TRAVEL,       :
KRAPFS CPS, INC., J & D              :
JAGICLA ENTERPRISES, INC.,           :
t/a LIBERTY VANS, ATLANTIC           :
PARATRANS, INC., EDENS CORP.,        :
and COMMUNITY TRANSIT OF             :
DELAWARE COUNTY, INC.                :
```

**ORDER**

AND NOW, this          day of December, 2003, upon consideration of the Motions of Third Party Defendants King Paratransit Service, Inc., Edens Corporation, Triage, Inc., Community Transit, Inc., Krapfs CPS, Inc., Anderson Travel and King Limousine Service, Inc. for Summary Judgment and Defendant's response thereto, it is hereby ORDERED that the Motions are GRANTED and judgment as a matter of law is entered in favor of the moving third party defendants and against SEPTA on SEPTA's Third Party Complaint.

                                        BY THE COURT:

                                                _____
                                                J. CURTIS JOYNER,       J.