IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS EL | : |
| | : CIVIL ACTION |
| | : |
| Plaintiff, | : |
| v. | : NO.    02-CV-3591 |
| | : |
| SOUTHEASTERN PENNSYLVANIA | : |
| TRANSPORTATION AUTHORITY | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**PLAINTIFF'S MOTION FOR PERMISSION
TO PROPOUND MORE THAN 25 INTERROGATORIES UPON DEFENDANT SEPTA**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

1. The instant case is a class action matter.

2. On November 25, 2003, after a telephone conference with counsel for Plaintiff and SEPTA, the Court entered an Order allowing Plaintiff to take merits discovery and requiring that such discovery be completed by March 15, 2004.

3. Following the aforesaid telephone conference, Plaintiff propounded a set of merits interrogatories, attached hereto as Exhibit "A" upon Defendant SEPTA.

4. At the initial scheduling conference in this matter, the Court had previously bifurcated discovery and permitted Plaintiff to take class certification discovery.

5. Plaintiff previously served and received answers to sixteen (16) interrogatories submitted during certification discovery. Those interrogatories are attached hereto as Exhibit "B".

6. Defendant SEPTA has objected to the merits interrogatories attached as Exhibit "A" to the extent they and the prior interrogatories served upon it exceed 25 in

number, and has refused to answer more than 9 of the merits interrogatories (in order to limit the total answered to 25) without a court order granting Plaintiff permission to propound more than that number. *See* November 25, 2003 letter of Robert Harun, Esquire, attached hereto as Exhibit "C".

7. Given the complex issues in the instant case, involving SEPTA's promulgation of a discriminatory employment policy and its claim the policy was required by business necessity, Plaintiff must explore numerous sources of information to determine and prepare to prosecute the issues related to SEPTA's liability, as well as to answer SEPTA's currently-outstanding motion for summary judgment.

8. The certification interrogatories previously propounded by Plaintiff were intended to determine the number of potential class members in the instant case, and therefore sought information related to the person(s) most knowledgeable about SEPTA's use of paratransit providers; the dates on which the providers rendered services for SEPTA; the contracts under which the providers rendered such services; any policies related to the application, hiring or termination of employees with past criminal convictions; the number of people refused employment or terminated by each provider; and any employment advertisements issued by SEPTA or the providers that may have advised applicants they would not be hired if they had a criminal record. *See* attached Exhibit "B".

9. Conversely, the merits interrogatories recently issued by Plaintiff seek information related to the merits of the instant action and the contentions made in SEPTA's summary judgment motion.

10. For example, the merits interrogatories seek information related to all persons

      with knowledge or information relating to Plaintiff Douglas El and the claims raised in this action; SEPTA Policy/Instruction 6.29.2 ("Conviction Records and Falsification of Employment Application"); the promulgation and revision of SEPTA's general minimums for paratransit providers (including section F2.10.7, requiring that providers permanently remove from SEPTA-related service any employees convicted of any offense, and section F2.10.3.c, requiring that contractors reject or bar any applicant or current employee from SEPTA-related work whose record includes any felony and/or misdemeanor conviction); SEPTA's purpose or intent in barring paratransit providers from hiring applicants with criminal records; and any meetings attended by any SEPTA employees at which SEPTA's general minimums for paratransit providers or SEPTA Policy/Instruction 6.29.2 were discussed.  *See* attached Exhibit "A".

11. Further, the merits interrogatories seek information related to the defenses SEPTA sets forth in its summary judgment motion, including the identities of all persons with knowledge of SEPTA's alleged decision that "more expansive background checks of paratransit drivers were needed" to "ensure the safety of disabled individuals who use paratransit services" (found in SEPTA's summary judgment memorandum at pp. 2, 8, 10, 19); SEPTA's revision of its paratransit contracts "to make clear that individuals who had prior convictions for certain crimes . . . could not work as a paratransit driver . . ." (found at pp. 2 and 8 of the summary judgment memorandum); SEPTA's claim that it "narrowly tailored the criminal conviction provision in the paratransit contracts so that it would provide additional safeguards and not unlawfully discriminate against individuals because

of race or any other reason" and would "serve an important public interest" (found at pp. 8, 21 of the summary judgment memorandum);  its claim that "the provision in the Agreement involving criminal convictions is supported by business necessity"  (found at pp. 18, 28 of the summary judgment memorandum); its claim that "the only possible way to [protect the disabled public] is to ensure that [violent offenders] are not employed in positions that have constant contact with disabled and handicapped customers" (found at p. 19 of the summary judgment memorandum); the alleged "public outcry regarding the safety of paratransit customers" in 1994 (also found at p. 19 of the memorandum); the difficulty of conducting a "fact specific investigation of every convicted violent offender who seeks employment as a paratransit driver"  (found at p. 22 of the summary judgment memorandum); the assertion that "a conviction for a violent crime like murder, regardless of the date of the conviction, is job related in this case"  (found at pp. 23 and 28 of the summary judgment memorandum); the provision of written notice to paratransit drivers terminated as a result of the "criminal conviction provision" in SEPTA's paratransit services agreement (also found at p. 28 of the memorandum); and information related to Michael Graham, Michael Donaldson, and David DeSouza  (three individuals SEPTA discusses at length at pp. 2, 3, 7, 10, 11, and 19 of the memorandum). *See* attached Exhibit "A".

12. Additionally, the merits interrogatories seek the identities of all persons who have provided a statement relating to this lawsuit or to SEPTA's general minimums for paratransit providers; SEPTA's policies for the retention or destruction of paper

and electronic documents and whether those policies have been followed with respect to the documents Plaintiff has requested in this case; all persons with knowledge or information relating to SEPTA's policies for the retention of paper and electronic documents; and each expert witness SEPTA intends to call concerning the merits of this action, including all information discoverable under Fed. R. Civ. P. 26 as to such experts. *See* attached Exhibit "A".

13. A comparison of the interrogatories attached hereto as Exhibits "A" and "B" and summarized in paragraph 8 and paragraphs 10 and 11, *supra* demonstrates that they seek entirely different information and that the interrogatories recently issued relate directly to SEPTA's defenses in this matter.

14. Given the complexity of the instant case, Plaintiff requires more than 25 interrogatories to obtain complete information related to SEPTA's liability in this matter and properly respond to SEPTA's motion for summary judgment.

15. Plaintiff has submitted the instant motion to secure responses to all of the 25 merits interrogatories recently served on SEPTA. However, Plaintiff believes there may be a need to serve additional interrogatories on SEPTA as discovery progresses. For this reason, Plaintiff respectfully requests leave of court to serve a total of 75 interrogatories upon SEPTA.

16. Plaintiffs' counsel have made a good faith attempts to resolve the issues addressed in this motion by discussing them with counsel for Defendant SEPTA. However, as evidenced by the letter attached as Exhibit "C", SEPTA's counsel has refused to change his position on the issue. Plaintiff's counsel spoke with SEPTA's counsel by telephone on November 26, 2003, at which time it was reiterated that

       SEPTA would not agree to answer more than 25 interrogatories without a court order.

17. Federal Rule of Civil Procedure 33 allows the Court to permit more than 25 interrogatories.

18. For the reasons set forth herein and in the attached memorandum of law, Plaintiff respectfully requests that the Court permit him to propound a total of 75 interrogatories upon Defendant SEPTA.

19. A proposed Order is attached.

                                                                         Respectfully submitted,

_____  
Date  

                                               _____  
                                             Wayne A. Ely  
                                             Timothy M. Kolman  
                                             TIMOTHY M. KOLMAN AND ASSOCIATES  
                                             225 N. Flowers Mill Road  
                                             Langhorne, PA 19047  
                                             (215) 750-3134

                                             Eugene A. Spector  
                                             David J. Cohen  
                                             SPECTOR, ROSEMAN & KODROFF, P.C.  
                                             1818 Market Street, Suite 2500  
                                             Philadelphia, PA 19103  
                                             (215) 496-0300

                                             Attorneys for Plaintiff and the Class