**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOUGLAS EL : <br> : CIVIL ACTION <br> : <br> Plaintiff, : <br> v. : NO.  02-CV-3591 <br> : <br> SOUTHEASTERN PENNSYLVANIA : <br> TRANSPORTATION AUTHORITY : <br> : <br> : <br> Defendant. : <br> : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR PERMISSION TO PROPOUND MORE THAN 25 INTERROGATORIES**
**UPON DEFENDANT SEPTA**

Plaintiff, by and through his undersigned counsel, hereby avers as follows in support of the attached motion:

**I.     Statement of Pertinent Facts**

The instant case is a class action matter.  On November 25, 2003, after a telephone conference with counsel for Plaintiff and SEPTA, the Court entered an Order allowing Plaintiff to take merits discovery and requiring that such discovery be completed by March 15, 2004.  Following this conference, Plaintiff propounded a set of merits interrogatories, attached hereto as Exhibit "A" upon Defendant SEPTA.  The Court had previously bifurcated discovery and permitted Plaintiff to take class certification discovery.

Plaintiff has also previously served and received answers to sixteen (16) interrogatories submitted during certification discovery.  Those interrogatories are attached hereto as Exhibit "B".

Defendant SEPTA has now objected to the merits interrogatories attached as Exhibit "A"

to the extent they and the prior interrogatories served upon it exceed 25 in number, and has refused to answer more than 9 of the merits interrogatories (in order to limit the total answered to 25) without a court order granting Plaintiff permission to propound more than that number. *See* November 25, 2003 letter of Robert Harun, Esquire, attached hereto as Exhibit "C".

Given the complex issues in the instant case, involving SEPTA's promulgation of a discriminatory employment policy and its claim the policy was required by business necessity, Plaintiff must explore numerous sources of information to determine and prepare to prosecute the issues related to SEPTA's liability, as well well as to answer SEPTA's currently-outstanding motion for summary judgment.

  a. <u>The Certification Interrogatories</u>

The certification interrogatories previously propounded by Plaintiff were intended to determine the number of potential class members in the instant case, and therefore sought information related to the person(s) most knowledgeable about SEPTA's use of paratransit providers; the dates on which the providers rendered services for SEPTA; the contracts under which the providers rendered such services; any policies related to the application, hiring or termination of employees with past criminal convictions; the number of people refused employment or terminated by each provider; and any employment advertisements issued by SEPTA or the providers that may have advised applicants they would not be hired if they had a criminal record. *See* attached Exhibit "B".

  b. <u>The Merits Interrogatories</u>

Conversely, the merits interrogatories recently issued by Plaintiff seek information related to the merits of the instant action and the contentions made in SEPTA's summary judgment motion.

2

For example, the merits interrogatories see information related to all persons with knowledge or information relating to Plaintiff Douglas El and the claims raised in this action; SEPTA Policy/Instruction 6.29.2 ("Conviction Records and Falsification of Employment Application"); the promulgation and revision of SEPTA's general minimums for paratransit providers (including section F2.10.7, requiring that providers permanently remove from SEPTA-related service any employees convicted of any offense, and section F2.10.3.c, requiring that contractors reject or bar any applicant or current employee from SEPTA-related work whose record includes any felony and/or misdemeanor conviction); SEPTA's purpose or intent in barring paratransit providers from hiring applicants with criminal records; and any meetings attended by any SEPTA employees at which SEPTA's general minimums for paratransit providers or SEPTA Policy/Instruction 6.29.2 were discussed. *See* attached Exhibit "A".

Further, the merits interrogatories seek information related to several defenses SEPTA attempts to set forth in its summary judgment motion, including the identities of all persons with knowledge of SEPTA's alleged decision that "more expansive background checks of paratransit drivers were needed" to "ensure the safety of disabled individuals who use paratransit services" (found in SEPTA's summary judgment memorandum at pp. 2, 8, 10, 19); SEPTA's revision of its paratransit contracts "to make clear that individuals who had prior convictions for certain crimes . . . could not work as a paratransit driver . . ." (found at pp. 2 and 8 of the summary judgment memorandum); SEPTA's claim that it "narrowly tailored the criminal conviction provision in the paratransit contracts so that it would provide additional safeguards and not unlawfully discriminate against individuals because of race or any other reason" and would "serve an important public interest" (found at pp. 8, 21 of the summary judgment memorandum); its claim that "the provision in the Agreement involving criminal convictions is

3

supported by business necessity" (found at pp. 18, 28 of the summary judgment memorandum); its claim that "the only possible way to [protect the disabled public] is to ensure that [violent offenders] are not employed in positions that have constant contact with disabled and handicapped customers" (found at p. 19 of the summary judgment memorandum); the alleged "public outcry regarding the safety of paratransit customers" in 1994 (also found at p. 19 of the memorandum); the difficulty of conducting a "fact specific investigation of every convicted violent offender who seeks employment as a paratransit driver" (found at p. 22 of the summary judgment memorandum); the assertion that "a conviction for a violent crime like murder, regardless of the date of the conviction, is job related in this case" (found at pp. 23 and 28 of the summary judgment memorandum); the provision of written notice to paratransit drivers terminated as a result of the "criminal conviction provision" in SEPTA's paratransit services agreement (also found at p. 28 of the memorandum); and information related to Michael Graham, Michael Donaldson, and David DeSouza (three individuals SEPTA discusses at length at pp. 2, 3, 7, 10, 11, and 19 of its memorandum, ostensibly because in SEPTA's view their cases somehow justify the discriminatory policy at issue). *See* attached Exhibit "A".

Additionally, the merits interrogatories seek the identities of all persons who have provided statements relating to this lawsuit or to SEPTA's general minimums for paratransit providers; SEPTA's policies for the retention or destruction of paper and electronic documents, and whether those policies have been followed with respect to the documents Plaintiff has requested in this case; all persons with knowledge or information relating to SEPTA's policies for the retention of paper and electronic documents; and each expert witness SEPTA intends to call concerning the merits of this action, including all information discoverable under Fed. R. Civ. P. 26 as to such experts. *See* attached Exhibit "A".

A comparison of the interrogatories attached hereto as Exhibits "A" and "B" and summarized *supra* in sections a. and b. demonstrates that they seek entirely different information and that the interrogatories recently issued relate directly to SEPTA's liability, as well as the defenses it has asserted in this matter.

Given the complexity of the instant case, Plaintiff requires more than 25 interrogatories to obtain complete information related to SEPTA's liability in this matter and properly respond to SEPTA's motion for summary judgment.

Although the current set of outstanding interrogatories and the previously-answered set number approximately 50, Plaintiff also moves for court permission to propound another 25 interrogatories upon SEPTA in the event follow-up interrogatories are needed after SEPTA answers the currently-outstanding set.

**II.     Argument**

Fed.R.Civ.P. 33 states, in pertinent part, that:

> [w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of [Fed.R.Civ.P. ] 26(b)(2).

Fed.R.Civ.P. 33(a).

Fed.R.Civ.P. 26(b)(2) states that:

> [b]y order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less

5

> burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Fed.R.Civ.P. 26(b).

A review of the significant differences between the merits interrogatories attached as Exhibit "A" and the previously-issued certification interrogatories attached as Exhibit "B" plainly demonstrates that the discovery sought by Plaintiffs in their second set of interrogatories is not " . . . unreasonably cumulative or duplicative . . .". Fed.R.Civ.P. 26(b)(2)(i), *supra*.

As Defendant SEPTA is the only party in control of the information sought relating to the promulgation of its own employment policies and the enforcement of those policies, the discovery sought is not obtainable from a more convenient or less burdensome source. *Id.* Further, as merits discovery has only recently commenced, Plaintiff has had no reasonable opportunity to obtain the information sought in the interrogatories currently at issue. Fed.R.Civ.P. 26(b)(ii), *supra*. Finally, the burden or expense of the proposed discovery does not outweigh its likely benefit when the needs of the instant case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues are taken into account. Fed.R.Civ.P. 26(b)(2)(iii), *supra*.

The claims of Plaintiff and the members of the subject class (currently numbering in the hundreds) depend on the discovery at issue. The interrogatories at issue are far from burdensome. Indeed, they have been narrowly tailored to address the specific defenses asserted

6

by SEPTA in the instant matter. Plaintiff is entitled to discover the facts behind those defenses. Only SEPTA is in possession of those facts, to the extent they may exist.

### III.  Conclusion

For the reasons set forth herein and in the attached motion, Plaintiff respectfully requests that the Court permit him to propound a total of 75 interrogatories upon Defendant SEPTA.

Respectfully submitted,

_____  
Date

_____  
Wayne A. Ely  
Timothy M. Kolman  
TIMOTHY M. KOLMAN AND ASSOCIATES  
225 N. Flowers Mill Road  
Langhorne, PA 19047  
(215) 750-3134

Eugene A. Spector  
David J. Cohen  
SPECTOR, ROSEMAN & KODROFF, P.C.  
1818 Market Street, Suite 2500  
Philadelphia, PA 19103  
(215) 496-0300

Attorneys for Plaintiff and the Class