IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,
Individually and on behalf of
all others similarly situated,
    Plaintiff,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
    Defendant.

CIVIL ACTION
NO. 02-CV-3591

---

## ORDER

THIS MATTER having come before the Court on Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition Testimony from SEPTA,

IT IS, on this _____ day of _____, 2003,

ORDERED THAT Plaintiff's Motion to Compel is GRANTED, and that:

1.   SEPTA shall produce a witness or witnesses designated under Rule 30(b)(6) to give binding testimony on topics (iv) through (vii) identified in Plaintiff's proposed Notice of Deposition on a date selected by Plaintiff with 7 days notice to SEPTA.

THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS EL,
Individually and on behalf of
all others similarly situated,
    Plaintiff,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
    Defendant.

CIVIL ACTION
NO. 02-CV-3591

## PLAINTIFF'S MOTION TO COMPEL
## RULE 30(b)(6) DEPOSITION TESTIMONY FROM SEPTA

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court to compel SEPTA to designate a witness or witnesses to give binding testimony on topics (iv) through (vii) in Plaintiff's Notice of Deposition (Exhibit A). In support of this Motion, Plaintiff avers as follows:

1.     On December 5, 2003, Plaintiff faxed SEPTA's counsel a letter identifying the following seven subjects for Rule 30(b)(6) depositions to be taken in January 2004:

> (i) SEPTA's records, either paper or electronic, concerning people who applied to work for or were employed by, its paratransit providers;
> (ii) SEPTA's records, either paper or electronic, concerning people who were terminated by its paratransit providers;
> (iii) the creation, revision, application, enforcement and purpose of SEPTA's "general minimums" for paratransit providers;
> (iv) the creation, revision, application, enforcement and purpose of SEPTA's Policy/Instruction 6.29;
> (v) SEPTA's efforts to search for, identify and produce documents in response to Plaintiff's document requests;
> (vi) SEPTA's efforts to search for, identify and produce information in response to Plaintiff's interrogatories; and
> (vii) SEPTA's document retention or document destruction policy, and whether this policy has been followed with respect to the documents requested in this case.

See Plaintiff's December 5, 2003 letter (Exhibit B).

2.      On December 5, 2003, counsel for SEPTA responded by fax that he would provide witnesses on topics (i) through (iii), but had "no intention of producing any witnesses who will testify regarding matters set forth in categories (iv) - (vii)." See <u>SEPTA's December 5, 2003 letter</u> (Exhibit C).

3.      Topics (iv) through (vii) are relevant to Plaintiff's claims and SEPTA's defenses and, therefore, are properly discoverable. Further, through the actions discussed below, SEPTA has put the information sought by topics (iv) through (vii) directly at issue in this case. If Plaintiff is prevented from questioning SEPTA's designee(s) on topics (iv) through (vii), he will be unfairly prejudiced in responding to SEPTA's summary judgment motion and prosecuting his case-in-chief.

**Topic (iv) - Relevance of Testimony About SEPTA Policy/Instruction 6.29**

4.      Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction *without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.*

5.      On November 12, 2003, SEPTA filed a Motion for Summary Judgment Against Plaintiff. In its Motion, SEPTA argues that its paratransit employment policy is not discriminatory because it is "narrowly drawn," <u>Summary Judgment Motion</u>, p. 18, and "supported by business necessity," <u>id.</u>, at pp. 21, 28.

6.      SEPTA Policy/Instruction 6.29.2, produced by SEPTA's counsel in discovery, describes SEPTA's *own* policy concerning the employment of ex-offenders. See <u>SEPTA</u>

Policy/Instruction 6.29.2 (Exhibit D). Policy/Instruction 6.29.2 is materially different from the discriminatory employment policy SEPTA imposed on its paratransit providers. The most obvious difference goes to the heart of this case: SEPTA's own policy *specifically requires it to consider the nature of an applicant's conviction and evaluate, under the circumstances, whether he/she is suited to perform the position sought.*

7.  By producing Policy/Instruction 6.29.2 in discovery, SEPTA acknowledged its relevance to these proceedings. By arguing that its paratransit employment policy is narrowly drawn and supported by business necessity, SEPTA opened the door for a comparison to its own policy. SEPTA is seeking summary judgment on the ground that it could not have served its business purposes by applying an ex-offender employment policy that considered the relevance of a conviction to the position being sought. The fact that SEPTA's own employment policy actually *requires* this very thing seriously undermines its position. SEPTA should have to produce a witness to answer questions about Policy/Instruction 6.29.2 so that Plaintiff can inquire into the merit of SEPTA's defenses and the validity of its summary judgment argument.

**Topics (v) and (vi) - Relevance of Testimony About SEPTA's Discovery Efforts**

8.  SEPTA's counsel has taken a hands off approach with discovery in this case. Plaintiff served class certification document requests in February 2002, and SEPTA did not respond at all until June 2002. Even then, the majority of SEPTA's responses were that documents "may be available" from another source, or that requests were "better directed" to other parties. See SEPTA's Responses to Plaintiff's First Set of Document Requests (Exhibit E). Plaintiff has written to SEPTA three times (on July 3, 2003, October 28, 2003 and November 25, 2003) identifying specific deficiencies in SEPTA's document production and asking SEPTA's

counsel to conduct further investigations and produce missing documents. See Plaintiff's July 3, 2003, October 28, 2003 and November 25, 2003 letters (Exhibits F and H).

9. On November 20, 2003, Plaintiff's counsel spoke with Mr. Haurin, SEPTA's attorney, to ask when Mr. Haurin intended to produce certain specific documents that had been promised on November 13, 2003. See SEPTA's November 13, 2003 letter (Exhibit G). Plaintiff's counsel asked Mr. Haurin about the promised production, but he was unable to answer any questions about the number of documents to be produced or their contents. Because of his lack of familiarity with SEPTA's production, Plaintiff's counsel went on to ask Mr. Haurin about his involvement in SEPTA's production. Mr. Haurin said that his involvement was limited to discussing Plaintiff's claims with someone at SEPTA (a non-lawyer) and asking that person to send him "everything relevant to the case." Mr. Haurin also admitted that he had not conducted any independent search for materials responsive to Plaintiff's Document Requests.

10. On November 25, 2003, Plaintiff's counsel sent a fax to Mr. Haurin that expressed concern about the sufficiency of his role in the discovery process and asked Mr. Haurin to consider taking a more active role to minimize the chance that SEPTA would fail to produce relevant documents. See Plaintiff's November 25, 2003 letter (Exhibit H).

11. Mr. Haurin responded by fax that same day to say that he would no longer engage in discussions with Plaintiff's counsel about discovery, and that Plaintiff should take this matter up with the Court:

> I am not going to discuss this issue with you again or respond to any further letters regarding discovery. You are wasting my time and my client's money. If you have any problems, take it [sic] up with the Court. I will be happy to advise Judge Joyner that we have made a diligent search for documents and produced all relevant records.

See SEPTA's first November 25, 2003 letter (Exhibit I).

-4-

12.   On November 25, 2003, independent of the letter described above, Mr. Haurin also sent Plaintiff's counsel 300 pages of documents that he had never before mentioned. Mr. Haurin explained that these documents were responsive to the document requests Plaintiff served in February 2003, that he had discovered them in his office and that they had been "misfiled." See SEPTA's second November 25, 2003 letter (Exhibit I). Interestingly, Mr. Haurin did not say how long ago SEPTA had sent him these documents.

13.   As of the date of this filing, SEPTA still has not produced the documents Mr. Haurin promised to produce on November 13, 2003.

14.   Mr. Haurin's lack of involvement in the discovery process and SEPTA's repeated failure to make a thorough document production unavoidably raise questions about the sufficiency of their discovery efforts. Under these circumstances, Plaintiff should be permitted to take confirmatory discovery to test the sufficiency of SEPTA's discovery responses and inquire into the existence of other relevant discovery.

**Topics (vii) - Relevance of Testimony About SEPTA's Document Retention Policy**

15.   Whether any party has a document retention policy, or has abided by that policy in a given instance, is generally understood to be relevant in civil litigation.

16.   In another class action Plaintiff's counsel prosecuted against SEPTA in Pennsylvania state court, SEPTA admitted that it has no formal document retention policy.

17.   The absence of a formal document retention policy or a letter from defense counsel ordering SEPTA to avoid the destruction of documents relevant to this litigation could explain some of SEPTA's discovery lapses in this case. See Plaintiff's July 3, 2003, October 28, 2003 and November 25, 2003 letters (Exhibits F and H).

18. Under the circumstances presented here, Plaintiff should be permitted to inquire into whether SEPTA has a document retention policy and, if so, whether it has been followed with respect to the documents Plaintiff has sought in discovery. Plaintiff should also be permitted to inquire into whether SEPTA's counsel has specifically instructed its employees to maintain documents relevant to this litigation. If SEPTA has committed evidentiary spoliation, it could bar SEPTA from introducing evidence at trial, support Plaintiff's entitlement to factual inferences at trial and justify sanctions against SEPTA and/or its counsel.

19. SEPTA has not provided, nor will it be able to provide, any reasoned basis for avoiding deposition testimony on these topics.

20. Plaintiff has made good faith efforts to resolve the matters presented in this Motion without court action.

21. Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, plaintiff respectfully requests that the Court grant this Motion and order SEPTA to produce a witness or witnesses designated under Rule 30(b)(6) to give binding testimony on topics (iv) through (vii) in Plaintiff's proposed Notice of Deposition on a date selected by Plaintiff with 7 days notice to SEPTA.

Respectfully submitted,

Dated: December 12, 2003

_____
Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,
Individually and on behalf of
all others similarly situated,
    Plaintiff,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
    Defendant.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION
NO. 02-CV-3591

---

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL
## RULE 30(b)(6) DEPOSITION TESTIMONY FROM SEPTA

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: December 12, 2003

I. **BACKGROUND INFORMATION**

A. **Summary Of Plaintiffs' Allegations**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

B. **Procedural Posture Of The Litigation**

On November 12, 2003, SEPTA filed a Motion for Summary Judgment Against Plaintiff. In a phone conference on November 14, 2003, this Court permitted Plaintiff to pursue merits discovery from all Defendants and set March 15, 2004 as the due date for Plaintiff's summary judgment opposition.

C. **Relevant Facts**

On November 25, 2003, SEPTA's attorney Robert Haurin wrote Plaintiff's counsel to say that he would no longer engage in discussions with Plaintiff's counsel about discovery, and that Plaintiff should take such matters up with the Court:

> I am not going to discuss this issue with you again or respond to any further letters regarding discovery. You are wasting my time and my client's money. If you have any problems, take it [sic] up with the Court. I will be happy to advise Judge Joyner that we have made a diligent search for documents and produced all relevant records.

See SEPTA's first November 25, 2003 letter (Exhibit I).

On December 5, 2003, Plaintiff faxed counsel for SEPTA a letter identifying the following seven subjects for Rule 30(b)(6) depositions to be taken in January 2004:

> (i) SEPTA's records, either paper or electronic, concerning people who applied to work for or were employed by, its paratransit providers;
> (ii) SEPTA's records, either paper or electronic, concerning people who were terminated by its paratransit providers;
> (iii) the creation, revision, application, enforcement and purpose of SEPTA's "general minimums" for paratransit providers;
> (iv) the creation, revision, application, enforcement and purpose of SEPTA's Policy/Instruction 6.29;
> (v) SEPTA's efforts to search for, identify and produce documents in response to Plaintiff's document requests;
> (vi) SEPTA's efforts to search for, identify and produce information in response to Plaintiff's interrogatories; and
> (vii) SEPTA's document retention or document destruction policy, and whether this policy has been followed with respect to the documents requested in this case.

See Plaintiff's December 5, 2003 letter (Exhibit B).

On December 5, 2003, counsel for SEPTA responded by fax that he would provide witnesses on topics (i) through (iii), but had "no intention of producing any witnesses who will testify regarding matters set forth in categories (iv) - (vii)." See SEPTA's December 5, 2003 letter (Exhibit C).

II.  **ARGUMENT**

   A.  **The Federal Rules Of Civil Procedure And Federal Case-Law Liberally Allow Discovery Of Relevant Documents And Testimony.**

Rule 26(b)(1) permits discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. Pro. 26(b)(1). See Redland Soccer Club, Inc. v. Department of Army of U.S., 55 F.3d 827(3rd Cir.), cert. den. 516 U.S. 1071 (1996); Reyes v. Meadowlands Hosp. Medical Center, 809 A.2d 875, 878 (N.J. Super. 2001).

In practice, courts construe Rule 26(b)(1) liberally, to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350 (1978); Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

### B. Plaintiff Is Entitled To Depose Septa's Designee On Topic (iv) Concerning SEPTA's Policy/Instruction 6.29.2

Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction *without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.*

On November 12, 2003, SEPTA filed a Motion for Summary Judgment Against Plaintiff. In its Motion, SEPTA argues that its paratransit employment policy is not discriminatory because it is "narrowly drawn," Summary Judgment Motion, p. 18, and "supported by business necessity," id., at pp. 21, 28.

SEPTA Policy/Instruction 6.29.2, produced by SEPTA's counsel in discovery, sets out SEPTA's *own* policy concerning the employment of ex-offenders. See SEPTA Policy/ Instruction 6.29.2 (Exhibit D). Policy/Instruction 6.29.2 is materially different from the employment policy SEPTA imposed on its paratransit providers. The most obvious difference goes to the heart of Plaintiff's case: SEPTA's policy *specifically requires it to consider the nature of an applicant's conviction and evaluate, under the circumstances, whether he/she is suited to perform the position sought.*

By producing Policy/Instruction 6.29.2 in discovery, SEPTA acknowledged its relevance to these proceedings. By arguing that its paratransit employment policy is narrowly drawn and supported by business necessity, SEPTA opened the door for a comparison to its own policy. SEPTA is seeking summary judgment on the ground that it could not have served its business purposes by applying an ex-offender employment policy that considered the relevance of a conviction to the position being sought. The fact that SEPTA's own employment policy actually *requires* this very thing seriously undermines its position. SEPTA should have to produce a witness to answer questions about Policy/Instruction 6.29.2 so that Plaintiff can inquire into the merit of SEPTA's defenses and the validity of its summary judgment argument.

### C. Plaintiff Is Entitled To Depose Septa's Designee On Topics (v) And (vi) Concerning SEPTA's Discovery Efforts

Rule 26(g) places an affirmative duty on all counsel to engage in pretrial discovery responsibly. Fed. R. Civ. P. 26(g) Advisory Committee Notes to 1983 Amendment. See Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel, 212 F.R.D. 178, 218-19 (S.D.N.Y. 2003); Schaab v. Owens Corning Fiberglas Corp., 1990 WL 96382, *2 (E.D. Pa. July 6, 1990) ("Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37."); Smith v. Bic Corp., 1988 WL 71362, *2 (E.D. Pa. July 1, 1988).

Rule 26(g) also imposes a certification requirement that requires all counsel to have an active role in the discovery process:

> [E]very discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, ... [which] constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response,

> or objection is: (A) consistent with [the Federal Rules] and warranted by existing law or a good faith argument...; (B) not interposed for any improper purpose ...; and
> (C) not unreasonable or unduly burdensome.

Fed. R. Civ. P. 26(g)(2)(A)-(C) (emphasis added); Fed. R. Civ. P. 26(g) Advisory Committee Notes to 1983 Amendment. See Metropolitan Opera, 212 F.R.D. at 219; Schaab, 1990 WL 96382 at *2.[1]

Rule 37 is similarly intended to discourage a variety of harmful discovery practices. See Fed. R. Civ. P. 37(a)(3) (permitting sanctions for "evasive" discovery); Fed. R. Civ. P. 37(c)(1)-(2) (permitting sanctions for failing to disclose information). Like Rule 26, Rule 37 is intended to encourage and enforce strict adherence to the "responsibilities counsel owe to the Court and to their opponents." National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976); Metropolitan Opera Ass'n, 212 F.R.D. at 219.

In this case – by his own admission – SEPTA's counsel has not satisfied the requirements of the Federal Rules. Mr. Haurin has neither taken an active role in the discovery process nor

---

[1] "The rule simply requires that the attorney make a reasonable inquiry into the factual basis of his request. The duty to make a reasonable inquiry is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances. It is an objective standard similar to the one imposed by Rule 11. In making the inquiry, the attorney may rely on assertions by the client and on communications with other counsel in the case as long as that reliance is appropriate under the circumstances. Ultimately what is reasonable is a matter for the court to decide on the totality of the circumstances." Schaab, 1990 WL 96382 at *2, citing Advisory Committee Notes to Subdivision (g). Thus, in addition to the facts presented here, the Court is also entitled to consider SEPTA's history of evidentiary spoliation. See Hall v. SEPTA, Phila. C.C.P. Case No. 9709-3513, Dec. 21, 1999 and January 13, 2000 Orders (J. Massiah-Jackson) (holding SEPTA in contempt of court and imposing $1 million fine for intentional spoliation of documents related to Plaintiff's claims which was ultimately reduced to $100,000 on SEPTA's promise to take "significant steps to demonstrate... its commitment to establish a policy of accountability" and improve its "procedures for investigating, evaluating and litigating claims" against it) (Exhibit J).

conducted a reasonable inquiry into the scope of discovery in SEPTA's possession. In a phone call on November 20, 2003, Mr. Haurin was unable to answer even the simplest questions about documents he was about to produce on SEPTA's behalf. When asked about his involvement in SEPTA's document production, Mr. Haurin said that he had discussed Plaintiff's claims with someone at SEPTA (a non-lawyer) and asked that person to send him "everything relevant to the case." Mr. Haurin has openly acknowledged that he has not conducted any independent search for materials responsive to Plaintiff's Document Requests.[2]

Plaintiff's counsel have written to SEPTA three times (on July 3, 2003, October 28, 2003 and November 25, 2003) identifying specific deficiencies in SEPTA's document production and asking SEPTA's counsel to conduct further investigations and produce missing documents. See Plaintiff's July 3, 2003, October 28, 2003 and November 25, 2003 letters (Exhibits F and H). Plaintiff's counsel have also specifically urged Mr. Haurin to take a more active role in the discovery process to minimize the chance that relevant documents would be left out of SEPTA's production. See Plaintiff's November 25, 2003 letter (Exhibit H). Despite these efforts,

---

[2] Mr. Haurin's "hands-off" discovery strategy has also unnecessarily complicated this case. For example, on August 18, 2003, Plaintiff sent Mr. Haurin a request for "all documents relating to criminal record checks performed by any paratransit provider for any applicant or employee." See Plaintiff's August 18, 2003 letter (Exhibit K). On October 6, 2003, although it had not produced any responsive documents, SEPTA objected to this request because it sought information "compiled and produced to Plaintiff on or about June 2, 2003." SEPTA's Discovery Responses (Exhibit K). On October 28, 2003, Plaintiff requested these same documents again. See Plaintiff's October 28, 2003 letter (Exhibit F). On November 13, 2003, Mr. Haurin wrote that SEPTA had "conducted a further search of records" and that "all letters, criminal history reports and the like are being copied and will be produced shortly." SEPTA's November 13, 2003 letter (Exhibit G). As part of its summary judgment motion, however, SEPTA submitted the Affidavit of Frank Brandis who swore that "SEPTA does not obtain criminal background checks for applicants who seek employment with paratransit providers." SEPTA Summary Judgment Memo, p.13, citing Brandis Aff., ¶16. Whether SEPTA has any responsive documents remains to be seen because, as of the date of this filing, they have not been produced.

SEPTA's document production is still not complete and Mr. Haurin has made clear that he no longer intends to engage in discussions with Plaintiff's counsel about discovery:

> I am not going to discuss this issue with you again or respond to any further letters regarding discovery. You are wasting my time and my client's money. If you have any problems, take it [sic] up with the Court. I will be happy to advise Judge Joyner that we have made a diligent search for documents and produced all relevant records.

See SEPTA's first November 25, 2003 letter (Exhibit I).

Under these circumstances, Plaintiff should be permitted to take confirmatory discovery to test the sufficiency of SEPTA's discovery efforts and determine the availability of relevant documents and information not yet produced.

### D. Plaintiff Is Entitled To Depose Septa's Designee On Topic (vii) Concerning SEPTA's Document Retention Policy

SEPTA's document retention policy is relevant to this litigation and, as a result, is a proper subject of discovery. See Muhl v. Tiber Holding Corp., 1997 WL 13680, *2 (E.D. Pa. Jan 09, 1997); Amsler v. Teledyne Continental Motors Aircraft Products, 1991 WL 224576, *2 (E.D. Pa. Oct 22, 1991); Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 1991 WL 211223, *5 (E.D. Pa. Oct 09, 1991).

SEPTA has not provided, nor will it be able to provide, any reasoned basis for avoiding deposition testimony on this topic.

III. **CONCLUSION**

Through the actions discussed above, SEPTA has put the information sought by topics (iv) through (vii) at issue in this case. These topics are relevant both to Plaintiff's claims and to SEPTA's defenses and, therefore, are properly discoverable. If Plaintiff is prevented from questioning SEPTA's designee(s) on topics(iv) through (vii), he will be unfairly prejudiced in responding to SEPTA's motion for summary judgment and prosecuting his case-in-chief.

For the foregoing reasons, Plaintiffs respectfully submit that this Court should grant Plaintiff's Motion to Compel and require SEPTA to produce a witness or witnesses designated under Rule 30(b)(6) to give binding testimony on topics (iv) through (vii) identified in Plaintiff's proposed Notice of Deposition.

Dated: December 12, 2003

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 12th day of December, 2003, a true and correct copy of Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition Testimony from SEPTA was served upon the following counsel by hand delivery:

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

and upon the following counsel by first class mail:

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
225 Flowers Mill Road
Langhorne, PA 19047

Kevin B. Quinn, Esquire
Schubert Bellwoar Cahill & Quinn
Two Penn Ctr, Suite 1400
1500 J.F.K. Boulevard
Philadelphia, PA 19102

Jeffrey Brian Killino, Esquire
42 S. 15th Street, Suite. 810
Philadelphia, PA 19102

Joseph M. Labuda, Esquire
Millman & Heidecker
3000 Marcus Avenue, Suite 3w3
Lake Success, N.Y. 11042

Thomas Moshang, III, Esquire
Hamburg & Golden PC
1601 Market Street, Suite 3310
Philadelphia, PA 19103

Philip R. Voluck, Esquire
Kaufman, Schneider & Bianco, LLP
600 W. Germantown Pike, Suite. 400
Plymouth Mtg, PA 19462

Francisco T. Rivas, Esquire
39 W. Lancaster Avenue
Downingtown, PA 19335

Reginald A. Krasney, Esquire
717 Constitution Drive, Suite 100
Exton, PA 19341

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class