IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | JURY TRIAL DEMAND |
| Defendant | : | |

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION

### TO PLAINTIFF's MOTION

### TO PROPOUND MORE THAN 25 INTERROGATORIES

Defendant, Southeastern Pennsylvania Transportation Authority (hereafter "SEPTA") submits the within Memorandum of Law in Opposition to Plaintiff's Motion to Propound More than 25 Interrogatories. For the following reasons, Plaintiff's motion should be denied and SEPTA should be awarded its costs and attorneys' fees incurred for having to respond to Plaintiff's motion.

I.   **INTRODUCTION**

By his latest motion, Plaintiff seeks to have SEPTA identify every person who has any knowledge of any aspect of SEPTA's motion for summary judgment. Plaintiff never satisfactorily explains why this information is needed, but claims that this is a complex matter with complex issues as a basis for requesting leave to serve 75 interrogatories. See e.g., Plaintiff's Motion at ¶¶

3 and 14.

In reality, this is not a complicated case. This is a straightforward discrimination case that can be decided on the record already before this Court. Indeed, the gravaman of Plaintiff's Complaint is that he was denied employment with King Paratransit Services, Inc. ("King") because of a provision in a contract between SEPTA and King that Plaintiff claims has a disparate impact on Hispanics and African Americans. That provision prohibited King from hiring Plaintiff as a driver. The reason for the application of provision in the contract to Plaintiff is that he is a convicted murderer.

Each of Plaintiff's 4 claims in the Amended Complaint turn on whether the policy is unlawfully discriminatory. Plaintiff's claims, however, fail as a matter of law if SEPTA can show that it had a legitimate reason for inclusion of the provision in the contract with King.

It is SEPTA's position that even if the policy has a disparate impact on the hiring of African Americans and Hispanics, which it does not as evidenced by the testimony of Plaintiff himself, the policy is justified by business necessity defeating any claim made by Plaintiff or the class that they were discriminated against on the basis of their race when they were denied employment as paratransit providers.

Thus, the very uncomplicated issue which arises in this case is whether SEPTA's concern for the safety and welfare of the disabled public who use paratransit services justifies the exclusion of individuals like Plaintiff from employment as a paratransit driver because of a substandard criminal history. Common sense alone shows that SEPTA had a very good reason for doing what it did.

Undeterred, Plaintiff argues that additional interrogatories should be allowed because this

Court "bifurcated discovery and permitted Plaintiff to take class certification discovery." Plaintiff's Motion at ¶ 5. Plaintiff then argues, that based on this bifurcation, its First Set of Interrogatories were limited to class issues. SEPTA is unaware of any bifurcation Order entered by the Court, much less an Order directing Plaintiff to take discovery on class issues only. Moreover, SEPTA is unaware of any Order entered by the Court that allowed Plaintiff the right to take 25 interrogatories on class issues and an additional 40 interrogatories on what he labels "merits discovery."

In his moving papers, Plaintiff also suggests that he was precluded in some way from taking so-called "merits discovery" until the Court extended the discovery deadline a second time to March 15, 2004. But this is not the case. Plaintiff simply let this matter languish until SEPTA filed its Motion for Summary Judgment in accordance with this Court's second Scheduling Order.

Plaintiff also claims that 75 interrogatories are needed because "SEPTA is the only party in control of the information sought relating to the promulgation of its own employment policies and enforcement of those policies . . . " This is absurd. First, the only "policy" that is applicable to this proceeding is a clause in a contract that bars the hiring of certain individuals with criminal convictions. Second, the individual decisions regarding applicants are made by the contractors, not SEPTA. Indeed, SEPTA had no documentation regarding Plaintiff's application at King and subsequent termination from employment. Ms. Fiorillo, King's Human Resource Manager, even testified that, in her view, she had no obligation to contact SEPTA regarding Plaintiff and she did not do so. Fiorillo Dep. at 25, 37-38, a copy of which is attached hereto as Exhibit 1.

3

For the reasons that follow, Plaintiff's request to propound 75 interrogatories on SEPTA should be denied.

## II. ARGUMENT

Stated simply, Plaintiff has utterly failed to demonstrate any legitimate reason to support his pending motion to serve 75 interrogatories on SEPTA. To be sure, Plaintiff cannot explain the need to exceed the number of interrogatories within the limits prescribed by the rules of procedure. Thus, a cursory review of Plaintiff's proposed merits interrogatories (which total over 40 in number) shows that such interrogatories are redundant of each other, overly broad and unduly burdensome in that they consist of requesting the identification of <u>all people</u> who have knowledge of certain discrete issues whether they are relevant or not.[1]

Interrogatory Nos. 2, 8 and 9 are good examples of the redundancy of Plaintiff's Merits Interrogatories. There, Plaintiff seeks the identification of all people with knowledge of the criminal conviction policy or "general minimums." This could have been accomplished with one interrogatory. Yet, for some inexplicable reason, Plaintiff requests the same information 3 times.

Other interrogatories are inartfully drawn and would require an investigation beyond that contemplated by Rule 26 to properly answer. For example, Interrogatories Nos. 19-21 seek the identification of all people <u>with any knowledge whatsoever</u> of Michael Graham, Michael Donaldson and David DeSouza. These interrogatories are obviously overly broad, unduly burdensome and irrelevant to the extent that they seek information beyond the criminal backgrounds of these individuals. With respect to information regarding Graham and Donaldson that is related to these proceedings, the population of people with knowledge could literally

---

[1] As set forth in the Merits Interrogatories, people as used therein is defined "in the broadest possible sense, and mean natural persons, governmental entities or units, corporations, partnerships, joint ventures, associations or other entities, however denominated.

include every individual who worked at SEPTA and/or read the daily newspaper in August 1994.[2] The same applies to Interrogatory No. 15 which seeks information related to the public outcry over the hiring of convicted criminals like Graham and Donaldson. More important, SEPTA has already identified a witness who can testify to these matters so that the information sought here can be accomplished through a deposition of that individual or another 30(b)(6) designee. In short, Plaintiff cannot seriously expect SEPTA to undertake the kind of investigation that would be necessary to respond to these kinds of interrogatories.

Other proposed interrogatories are simply irrelevant. For example, Interrogatory Nos. 23 and 24 seek the disclosure of information related to a record retention policy. How or in what matter that information pertains to this case is characteristically never explained by Plaintiff. This is not surprising since SEPTA's internal policies have nothing to do with this case which also makes Interrogatory No. 5 irrelevant and not reasonably calculated to lead to the discovery of inadmissible evidence.

Interrogatory No. 25 seeks the identification of an expert witness. There is an Order in place that provides for disclosure of this information so that the interrogatory is unnecessary too.

Interrogatory Nos. 10-14 and 16-17 refer to arguments made by counsel in support of SEPTA's motion for summary judgment which are largely based on common sense. It seems that Plaintiff is seeking the identification of individuals who have knowledge of the paratransit contracts and the specific reasons why SEPTA requires compliance with the contract. This could

---

[2] It should be noted that SEPTA produced the newspaper clippings that it had in its files regarding these individuals and the circumstances surrounding these individuals is a matter of public record.

have been accomplished by two interrogatories or a deposition. No showing has been made by Plaintiff to support the notion that multiple interrogatories are needed for this information which obviously were interposed by Plaintiff for reasons other than those contemplated by Rule 26.

Finally, Interrogatory No. 18 seeks the identification of all people with knowledge of the provision in the Criminal History Record Information Act that requires written notice from an employer to an applicant when the reason that the applicant was denied employment was for a criminal conviction. As stated clearly in the summary judgment motion, the contracts provide that the contractor is the employer, not SEPTA. Thus, this interrogatory is merely redundant of other interrogatories which request the identification of individuals with knowledge of the contracts.

### III.  CONCLUSION

For all of the foregoing reasons, Plaintiff's motion should be denied.

_____
**ROBERT J. HAURIN, ESQUIRE**
SAUL H. KRENZEL & ASSOCIATES
Attorney for Defendant, SEPTA

DATE:  December 29, 2003

### CERTIFICATE OF SERVICE

I, Robert J. Haurin, hereby certify that on December 29, 2003, a true and correct copy of Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Propound More Than 25 Interrogatories, was served via first class mail, on the following:

Wayne Ely, Esquire  
Timothy M. Kolman & Associates  
225 N. Flowers Mill Road  
Langhorne, PA 19047  

David J. Cohen, Esquire  
Spector, Rosman & Kodruff, P.C.  
1818 Market Street, Suite 2500  
Philadelphia, PA 19103  

_____  
**ROBERT J. HAURIN, ESQUIRE**  
**SAUL H. KRENZEL, ESQUIRE**  
The Robinson Building, Suite 800  
42 South 15th Street  
Philadelphia, PA 19102  
(215) 977-7230  
Attorneys for Defendant, SEPTA  

DATE:          December 29, 2003