# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | JURY TRIAL DEMAND |
| Defendant | : | |

## SEPTA'S MOTION TO DIRECT PLAINTIFF

## COMPLY WITH SERVICE RULES

Defendant, Southeastern Pennsylvania Transportation Authority (hereafter "SEPTA") moves this Court for an Order directing Plaintiff to comply with Rule 5(a) of the Federal Rules of Civil Procedure and awarding it its costs and attorneys' fees in the amount of $1,000.00 for having to file this motion. In support thereof, SEPTA states as follows:

1. On or about June 11, 2003, Plaintiff propounded on each of the Third Party Defendants a set of interrogatories and document requests. Plaintiff did not serve the discovery requests on SEPTA.

4. Counsel for Plaintiff assured SEPTA that this was merely an oversight and that he would "do his best to copy [SEPTA] on future mailings." Thus, by letter dated July 1, 2003,

SEPTA received a copy of the written discovery requests. A copy of that letter is attached to the Haurin Affidavit as Exhibit 1.

5. By letter dated December 11, 2003, SEPTA received from Kevin Quinn, Esquire the answers and objections of Third Party Defendant J & D Jagiela Enterprises, Inc. ("J&D") to Plaintiff's First Set of Requests for Admission. A copy of that letter is attached to the Haurin Affidavit as Exhibit 2. A copy of Plaintiff's requests for admission to J&D were never served on SEPTA.

6. On December 16, 2003, SEPTA wrote to Mr. Cohen and Mr. Ely, counsel to Plaintiff, and requested that Plaintiff serve on SEPTA all discovery that was served on any third party. A copy of that letter is attached to the Haurin Affidavit as Exhibit 3.

7. On December 19, 2003, SEPTA learned from Philip Voluck, Esquire, attorney for Krapfs CPS, Inc., and Reginald Krasney, Esquire, counsel for King Paratransit Services and King Limousine that several weeks earlier their clients had received from Plaintiff over 100 requests for admission. Plaintiff did not serve a copy of these requests on SEPTA either.

8. On December 19, 2003, SEPTA again advised Plaintiff that it was not being copied on discovery requests and requested that that Plaintiff comply with the rules and serve all discovery requests on SEPTA by the close of business on December 22, 2003. A true and correct copy of that letter is attached to the Haurin Affidavit as Exhibit 4.

9.      On December 22, 2003, SEPTA received a copy of a letter from Joseph Labuda, Esquire, counsel for Atlantic Paratrans, Inc. to Eugene Spector in which he states that his client will not be responding to Plaintiff's "Request for Admissions." A copy of that letter is attached to the Haurin Affidavit as Exhibit 5. SEPTA was never served by Plaintiff with a copy of these discovery requests either.

10.     On December 22, 2003, SEPTA received a copy of a letter from Thomas Moshang, III, Esquire, Counsel for Community Transit, to Timothy Kolman, Esquire, indicating that his client would not be responding to Plaintiff's Request for Admissions. A copy of that letter is attached hereto as Exhibit 6. SEPTA was never served by Plaintiff with a copy of these discovery requests.

11.     On December 29, 2003, SEPTA received copies of two letters from counsel for Plaintiff. The first was directed to Philip Voluck, Esquire in which it is noted therein that Plaintiff sent to Mr. Voluck a "series of Supplemental Discovery Requests on December 4, 2003. SEPTA never received a copy of these document requests. The second letter was addressed to Reginald Krasney, Esquire from counsel for Plaintiff in which Plaintiff refers again to supplemental discovery requests that were served on Mr. Krasney on December 4, 2003. SEPTA never received a copy of these discovery requests. Copies of the letters are attached to the Haurin Affidavit as Exhibits 7 and 8, respectively.

12.     Rule 5(a) of the Federal Rules of Civil Procedure specifies that "every paper

relating to discovery [is] required to be served on a party unless the court otherwise orders . . . ." Thus, this rule makes clear and the Advisory Committee notes to Rule 5(a) confirm that all discovery demands must be served on all parties to the litigation.

13. To date, Plaintiff has not served SEPTA with the aforementioned discovery requests as it is required to do under the Federal Rules of Civil Procedure despite SEPTA's repeated requests that he do so.

WHEREFORE, SEPTA requests that the Court enter an Order directing Plaintiff to comply with Rule 5(a) of the Federal Rules of Civil Procedure and to pay SEPTA's costs in having to bring this motion.

Respectfully submitted,

_____

Robert J. Haurin

SAUL H. KRENZEL & ASSOCIATES

Attorneys for SEPTA

The Robinson Building

42 South 15th Street, Suite 800

Philadelphia, PA 19102

(215) 977-7230

Dated:  December 29, 2003