IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS EL,<br>Individually and on behalf of<br>all others similarly situated,<br>      Plaintiff,<br>v.<br><br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY,<br>      Defendant. | CIVIL ACTION<br>NO. 02-CV-3591 |

**ORDER**

AND NOW, this _____ day of January 2004, upon consideration of SEPTA's Motion to Direct Plaintiff to Comply with Rule 5(a) and Plaintiff's Opposition thereto, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

_____
J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS EL,
Individually and on behalf of
all others similarly situated,
      Plaintiff,
v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
      Defendant.

CIVIL ACTION
NO. 02-CV-3591

**PLAINTIFF'S OPPOSITION TO SEPTA'S MOTION
TO DIRECT PLAINTIFF TO COMPLY WITH RULE 5(a)**

Plaintiff Douglas El ("Plaintiff"), pursuant to Local Rule of Civil Procedure 7.1, responds as follows to SEPTA's Motion to Direct Plaintiff to Comply with Rule 5(a):

1. Admitted.

2. Missing.

3. Missing.

4. Admitted.

5. Admitted that Plaintiff served Requests for Admissions on J&D Jagiela Enterprises, Inc. Denied that these Requests for Admissions were never served on SEPTA. Plaintiff served SEPTA with these Requests for Admissions on December 30, 2003.

6. Admitted.

7. SEPTA has not provided sufficient information for Plaintiff to confirm or deny facts related to its discussions with Mr. Voluck or Mr. Krasney, and therefore denies these allegations. Admitted that Plaintiff served Requests for Admissions on Krapfs CPS, Inc. and the King entities.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied. Plaintiff served SEPTA with copies of his Requests for Admissions to all Third-Parties on December 30, 2003.

14. Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, Plaintiff respectfully requests that the Court deny SEPTA's Motion.

Dated: January 6, 2004

Respectfully submitted,

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,
Individually and on behalf of
all others similarly situated,
    Plaintiff,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
    Defendant.

CIVIL ACTION
NO. 02-CV-3591

---

**BRIEF IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO SEPTA'S MOTION
TO DIRECT PLAINTIFF TO COMPLY WITH RULE 5(a)**

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: January 6, 2004

I.  **BACKGROUND INFORMATION**

   A.  **Summary Of Plaintiffs' Allegations.**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required the rejection of all job applicants with a past criminal conviction and the termination of any employee with a past criminal conviction without any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

   B.  **Procedural Posture Of The Litigation.**

On November 12, 2003, SEPTA filed a summary judgment motion against Plaintiff. On November 25, 2003, this Court entered an order permitting Plaintiff to pursue merits discovery and setting March 15, 2004 as the due date for Plaintiff's summary judgment opposition.

II.  **ARGUMENT**

   A.  **Relevant Facts.**

On November 21, 2003, Wayne Ely, counsel for Plaintiff, served Requests for Admissions on the Third-Party Defendants. Declaration of David J. Cohen (Exhibit A). Due to the inadvertent oversight of Plaintiff's counsel, these requests were not immediately served on SEPTA. Id.

SEPTA brought this oversight to the attention of Plaintiff's counsel by faxes sent to Plaintiff's counsel in mid-December 2003. Id. One of Plaintiff's attorneys left a voice-mail message for SEPTA's counsel within minutes of receiving SEPTA's fax, apologizing for the oversight and promising prompt production of the Requests for Admission. Id. Instead of

returning this call or making a good faith effort to resolve this situation, SEPTA's counsel filed the instant Motion. Id. Plaintiff's counsel sent the Requests for Admissions to SEPTA on December 30, 2003, before they learned this Motion had been filed. Id. See December 30, 2003 Letter from K. Nobel (Exhibit B).

**B.    SEPTA's Motion Should Be Denied Under Local Rule 7.1(c).**

Local Rule 7.1(c) requires all motions not certified as uncontested to be accompanied by a brief citing the legal authorities cited in support of the motion. E.D. Pa. Local Rule 7.1(c). See Newton v. Dana Corp., 1995 WL 678180, *1 (E.D. Pa. Nov 14, 1995). SEPTA's Motion is contested, but is not accompanied by a supporting brief or any reference to controlling authority. As a result, its Motion must thus be denied as "procedurally defaulted." Newton, 1995 WL 678180 at *1.

**C.    SEPTA's Motion Should Be Denied Under Local Rule 7.1(d).**

Local Rule 7.1(d) requires all motions not certified as uncontested to be accompanied by a certificate of service. E.D. Pa. Local Rule 7.1(d). See Dr. B.H. Ginsberg Associates Profit Sharing Plan v. Cohen, 1996 WL 290034, *1 (E.D. Pa. May 30, 1996). SEPTA's Motion is contested, but is not accompanied by a certificate of service, requiring this Court to deny the instant Motion. Dr. B.H. Ginsberg Associates, 1996 WL 290034 at *1.

**D.    SEPTA's Motion Should Be Denied Under Local Rule 26.1(f).**

Local Rule 26.1(f) provides that no discovery motions may be filed without a certification by filing counsel that he or she has made a good faith attempt at resolving the dispute. E.D. Pa. Local Rule 26.1(f). See Evans v. American Honda Motors Co., Inc., 2003 WL 22844186, *1 (E.D. Pa. Nov 26, 2003) ("Local Rule 26.1(f) imposes a substantial obligation on counsel to

resolve discovery problems before bringing them to the attention of the court").

Mr. Haurin made no effort to discuss or resolve this problem with either of Plaintiff's attorneys before filing this Motion, and did not attach a certificate of good faith to this Motion.[1] Mr. Haurin did not return a call from Plaintiff's counsel to address production of the Requests for Admission or try to speak with Plaintiff's attorneys to discuss these materials. Plaintiff's counsel sent copies of the Requests for Admission to SEPTA on December 30, 2003, before they had even learned of this filing. As a result, SEPTA's Motion should be denied for failure to comply with Local Rule 26.1(f). See Evans v. American Honda Motors Co., Inc., 2003 WL 22844186, *1-2 (E.D. Pa. Nov 26, 2003) (citing cases).

E.    **Septa's Motion Should Be Denied As Moot.**

The relief sought in the Order accompanying SEPTA's Motion is Plaintiff's compliance with the requirements of Fed. R. Civ. P. 5(a). As set out above, Plaintiff has already complied with this Rule by sending SEPTA's counsel copies of the requested Requests for Admission on December 30, 2003. Since Plaintiff has already provided the relief SEPTA seeks, its Motion should be denied as moot. See Krenzel v. Southeastern Pa. Transp. Authority, 2001 WL 33626, *4 (E.D. Pa. Jan 12, 2001); Moscony v. U.S. Bureau of Prisons, 1997 WL 698187, *4 (E.D. Pa. Nov 07, 1997).

---

[1] Mr. Haurin has clearly expressed a desire not to participate in good faith negotiations concerning discovery issues with Plaintiff's counsel in this case: "I am not going to... respond to any further letters regarding discovery. You are wasting my time and my client's money. If you have any problems, take it up with the Court. See November 25, 2003 letter from R. Haurin (Exhibit C).

III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that this Court should deny SEPTA's Motion to Direct Plaintiff to Comply with Rule 5(a) and the related request for sanctions.

Dated: January 6, 2004

*[signature]*

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 6th day of January, 2004, a true and correct copy of Plaintiff's Response to Septa's Motion to Direct Plaintiff to Comply with Rule 5(a) was served upon the following counsel by First Class U.S. mail:

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
225 Flowers Mill Road
Langhorne, PA 19047

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Jeffrey Brian Killino, Esquire
42 S. 15th Street, Suite. 810
Philadelphia, PA 19102

Joseph M. Labuda, Esquire
Millman & Heidecker
3000 Marcus Avenue, Suite 3w3
Lake Success, N.Y. 11042

Thomas Moshang, III, Esquire
Hamburg & Golden PC
1601 Market Street, Suite 3310
Philadelphia, PA 19103

Kevin B. Quinn, Esquire
Schubert Bellwoar Cahill & Quinn
Two Penn Ctr, Suite 1400
1500 J.F.K. Boulevard
Philadelphia, PA 19102

Francisco T. Rivas, Esquire
39 W. Lancaster Avenue
Downingtown, PA 19335

Reginald A. Krasney, Esquire
717 Constitution Drive, Suite 100
Exton, PA 19341

Philip R. Voluck, Esquire
Kaufman, Schneider & Bianco, LLP
600 W. Germantown Pike, Suite. 400
Plymouth Mtg, PA 19462

_____
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class

# EXHIBIT A

Case 2:02-cv-03591-JCJ   Document 73   Filed 01/07/2004   Page 10 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,
Individually and on behalf of
all others similarly situated,
    Plaintiff,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
    Defendant.

CIVIL ACTION
NO. 02-CV-3591

---

### DECLARATION OF DAVID J. COHEN

1. I have personal knowledge of the facts described in this Declaration.

2. The statements made in this Declaration are true and correct to the best of my knowledge, information and belief.

3. I understand that the statements made in this Declaration are subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.

4. On November 21, 2003, Wayne Ely, counsel for Plaintiff, served Requests for Admissions on the Third-Party Defendants. Due to the inadvertent oversight of Plaintiff's counsel, these requests were not immediately served on SEPTA.

5. SEPTA brought this oversight to the attention of Plaintiff's counsel in mid-December 2003 by faxing letters, both to me and to Mr. Ely.

6. I called Mr. Haurin on the phone within minutes of receiving his fax. I was told that Mr. Haurin was unavailable and asked to be transferred into his voice-mail. I left a message for Mr. Haurin apologizing for the oversight in service and promising to resolve the problem quickly. Mr. Haurin never returned my call or made any good faith effort to resolve this

situation with me. Indeed, I did not know anything about the instant Motion until after the Requests for Admission had already been sent to SEPTA.

7. On December 22, 2003, In response to Mr. Haurin's letters, Mr. Ely asked his paralegals to send copies of Plaintiff's Requests for Admission to SEPTA. Due to the intervening holidays and the subsequent illness of one of Mr. Ely's paralegals, the Requests for Admission did not go out in the mail until December 30, 2003.

8. Although the discovery process in this case has been difficult, Mr. Ely and I intend to continue working toward the fair and amicable resolution of discovery issues with Mr. Haurin, as shown by our production of the Requests for Admission sought by this Motion.

Date: January 6, 2004

_____
David J. Cohen

# EXHIBIT B

**TIMOTHY M. KOLMAN ESQ.**
**AND ASSOCIATES**
LAW OFFICES

225 N. FLOWERS MILL ROAD
THE SHOPPES AT FLOWERS MILL
LANGHORNE, PA 19047

(215) 750-3134
FACSIMILE (215) 750-3138

December 30, 2003

<u>Via First Class U.S. Mail</u>

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
The Robinson Building
42 South 15th Street
Suite 800
Philadelphia, PA 19102

Re:   <u>Douglas El v. Southeastern Pennsylvania Transportation Authority</u>

Dear Mr. Haurin:

Please find attached First Set of Requests for Admission to additional defendants Edens Corporation, Atlantic Paratrans, Inc., J&D Jagiela Enterprises, Inc t/a Liberty Vans, Community Transit, Inc., Krapfs CPS, Inc., Anderson Travel, Triage, Inc., King Paratransit Service, Inc., and King Limousine Service, Inc. regarding the above-captioned matter.

Very truly yours,

TIMOTHY M. KOLMAN & ASSOCIATES

*Kristin Nobel*
Kristin Nobel, Paralegal

/sf
attachments

# EXHIBIT C

# Saul H. Krenzel & Associates

THE ROBINSON BUILDING
42 S. 15TH STREET, SUITE 800
PHILADELPHIA, PA 19102

TELEPHONE (215) 977-7230
FACSIMILE (215) 977-7240

November 25, 2003

**VIA FACSIMILE ONLY**

David J. Cohen, Esquire
Spector, Rosman & Kodruff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

RE: <u>El v. SEPTA</u>

Dear David:

The purpose of this letter is to respond to your fax to me dated November 25, 2003. Let me address first your concern about the way that I do my job. You have completely misrepresented what I told you concerning document production. I am going to tell you this for the last time. When I receive the documents that deal with individuals who have been denied employment because of their criminal history from SEPTA, our production is complete. I am not going to discuss this issue with you again or respond to any further letters regarding discovery. You are wasting my time and my client's money. If you have any problems, take it up with the Court. I will be happy to advise Judge Joyner that we have made a diligent search for documents and have produced all relevant records.

Second, we have produced over 9,000 pages of documents in this case and have billed you for roughly half of that production. You told me to copy the documents and that you would pay for the copies. I did just that. I expect you to keep your word and pay the bill that has been sent to you. As for the scanning cost, this is a charge for bates labeling the records in this case and should be reimbursed by your client. If you refuse to pay the bill, I will take the matter up with the Court and seek reimbursement for every single page that SEPTA has produced in this case.

Finally, the list that was produced is a condensed version of another list which I referred to that includes drivers that have been disqualified from employment with Paratransit providers for any reason including substance abuse and other disciplinary matters. The list that you have identifies all those that were denied employment for substandard criminal histories in response to a document request.

Very truly yours,

ROBERT J. HAURIN

RJH/bl