IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | JURY TRIAL DEMAND |
| Defendant | : | |

**SEPTA'S MEMORANDUM OF LAW**

**IN SUPPORT OF ITS MOTION TO DIRECT PLAINTIFF**

**TO COMPLY WITH RULE 5(A)**

Defendant, Southeastern Pennsylvania Transportation Authority (hereafter "SEPTA") submits the within Memorandum of Law in support of its Motion to Direct Plaintiff to Comply with Rule 5(a). [1]

**I.   ARGUMENT**

Rule 5(a) of the Federal Rules of Civil Procedure specifies that "every paper relating to discovery [is] required to be served on a party unless the court otherwise orders . . . ." Thus, this rule makes clear and the Advisory Committee notes to Rule 5(a) confirm that all discovery demands must be served on all parties to the litigation. As set forth in SEPTA's Motion, Plaintiff

---

[1] SEPTA did not previously file a memo of law in support of its now pending motion because the basis for its motion was set forth clearly therein.

has repeatedly failed to comply with this rule. And, by his own admission, Plaintiff has continued his dilatory conduct to this very day.  Thus, in his response to SEPTA's motion, Plaintiff admits that document requests were served on certain third parties on December 4, 2003 and SEPTA was again left off the service list.  See Plaintiff's Reply at ¶ 11.  Thus, contrary to Plaintiff's assertion, this matter is far from moot, and an Order should be entered directing Plaintiff to do what he is required to do under Rule 5(a).

It should also be noted that SEPTA waited until December 29, 2003 to file its motion and did so only after learning that Plaintiff continued to ignore his service obligations.  Thus, on December 29, 2003, SEPTA learned that Plaintiff served additional discovery on certain third parties and failed to copy SEPTA. See Motion at ¶ 11.  Stated simply, this is a pattern and not merely an oversight.

Finally, SEPTA's motion is not a motion to compel discovery and therefore no certification of a good faith attempt to resolve the dispute is required.  See Local Rule 26.1(f).  Moreover, it is clear from Plaintiff's conduct that no resolution was possible.

**II.     CONCLUSION**

For all of the foregoing reasons, SEPTA's motion should be granted.

Respectfully submitted,

2

                                                    _____
                                                     ROBERT J. HAURIN
                                                     SAUL H. KRENZEL & ASSOCIATES
                                                      Attorneys for SEPTA
                                                      The Robinson Building
                                                      42 South 15th Street, Suite 800
                                                      Philadelphia, PA 19102

                                                      (215) 977-7230

Dated:  January 7, 2004