LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

EUGENE A. SPECTOR
ROBERT M. ROSEMAN··
JEFFREY L. KODROFF
JAMES A. CAPUTO˙
JEFFREY J. CORRIGAN⁻˙
THEODORE M. LIEVERMAN·
JOHN A. MACORETTA·
WILLIAM G. CALDES·
DAVID J. COHEN·
MICHAEL R. VACHON˙
ANDREW D. ABRAMOWITZ···
DAVID FELDERMAN·
SIMON BAHNE PARIS··⁻
JENNIFER DANIEL-DUCKERING˙
MELISSA H. HOLZMAN·

˙    MEMBER OF PA & NJ BAR
··   MEMBER OF PA & NY BAR
···  MEMBER OF MD BAR
˙    MEMBER OF CA BAR
··   MEMBER OF NY & NJ BAR
···⁻ MEMBER OF NJ & FL BAR

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

401 B STREET
SUITE 1600
SAN DIEGO, CALIFORNIA 92101-4297
(619) 338-4514
FAX (619) 239-0547

JAY S. COHEN
OF COUNSEL

January 8, 2004

Mr. Michael E. Kunz
Clerk of Court
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

> Re:    *El v. SEPTA*, Civil Action No. 02-CV- 3591
>        Plaintiff's Second Motion to Compel Discovery from Edens Corp.

Dear Mr. Kunz:

Enclosed please find: (1) the original and one copy of Plaintiff's Second Motion to Compel Discovery from Edens Corp. with certificate of service; and (2) a 3.5" floppy disk with a PDF version of this filing and the attached exhibits (less than 50 pages). Please file the original Motion, time-stamp the copy and return it to me in the enclosed, post-paid envelope.

If you have any questions about this filing, please contact me at the phone number listed above. Thank you for your assistance.

Very truly yours,

David J. Cohen

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,             :
Individually and on behalf of  :
all others similarly situated,  :
      Plaintiff,       :
   v.              :      CIVIL ACTION
                 :      NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA  :
TRANSPORTATION AUTHORITY,  :
      Defendant.     :

---

## PLAINTIFF'S SECOND MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM EDENS CORPORATION

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court to compel Edens Corporation ("Edens") to produce documents sought by Plaintiff's Supplemental Document Requests and for sanctions. In support of this Motion, Plaintiff avers as follows:

1.     On November 13, 2002, Plaintiff filed a four-count Amended Complaint against Defendant SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers (including Edens) that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

2.     On December 23, 2002, SEPTA filed a Third-Party Complaint against nine of its paratransit providers, including Edens.

3.      On June 12, 2003, Plaintiff served a Subpoena on Edens.[1]  Plaintiff's Subpoena
contained 16 Document Requests relevant to Plaintiff's discrimination claims against SEPTA.

4.      On August 27, 2003, Francisco Rivas entered his appearance in this case on behalf
of Edens. After several months had passed, and Plaintiff's repeated attempts to contact Mr.
Rivas about Edens' missing discovery had gone unanswered, Plaintiff filed a Motion to Compel
documents from Edens on October 23, 2003.[2]

5.      On November 5, 2003, Mr. Rivas wrote to Plaintiff's counsel offering to produce
1½ file boxes of documents responsive to Plaintiff's subpoena.[3]  Mr. Rivas unquestionably
implied that Edens' document production would address all of Plaintiff's Document Requests.
See Edens' November 5, 2003 letter, p.1 ("there are about a box and a half of documents
responsive to your subpoena").

6.      On November 10, 2003, Edens filed a Response to Plaintiff's Motion to Compel
in which it offered to produce the requested discovery.[4]  In this filing, Edens implied that its
production would address all of Plaintiff's Document Requests. For example, it said that "Edens
personnel including the President, Janet Edens, *has spent over 40 hours searching for and
assembling the documents responsive to the subpoena by plaintiff*." Edens' November 10, 2003
Motion, ¶15 (emphasis added); Edens' November 10, 2003 Affidavit, ¶4. See Edens' November
10, 2003 Memorandum, p.2 ("Edens has been searching for the records responsive to the
subpoena" and promises to produce "documents that are responsive to Plaintiff's subpoena").

_____

    [1] See Plaintiff's Subpoena attached as Exhibit A.

    [2] See Plaintiff's October 23, 2003 Motion attached as Exhibit B.

    [3] See Edens' November 5, 2003 letter attached as Exhibit C.

    [4] See Edens' November 10, 2003 Response attached as Exhibit D.

7. On November 17, 2003, having reviewed Mr. Rivas' Response, this Court entered an Order denying Plaintiff's Motion to Compel as moot.[5] The Court's Order was premised on Edens' promise "to provide the subpoenaed documents." See November 17, 2003 Order.

8. Plaintiff received Edens' documents in late November 2003, and reviewed them immediately. Upon inspection, it was obvious that Edens had produced only one thing – its files of applicant information – and had failed to produce documents responsive to the vast majority of Plaintiff's Subpoena Document Requests (e.g., paratransit contracts, employment/hiring policies, memoranda or correspondence with SEPTA concerning such contracts or policies, EEO-1 Forms, etc...).

9. On December 4, 2003, Plaintiff sent Edens a set of seven Supplemental Document Requests to remedy this problem.[6] These Supplemental Requests, taken directly from Plaintiff's Subpoena, sought only those documents that appeared most relevant to Plaintiff's claims. Plaintiff asked Edens to search for these documents and produce them by December 22, 2003. The supplemental discovery Plaintiff requested from Edens, as this Court has already concluded, is relevant to his summary judgment opposition. See December 18, 2003 Order ("Plaintiff's discovery requests appear reasonably calculated to lead to the discovery of admissible evidence in this matter...").

10. Edens did not answer Plaintiff's Supplemental Document Requests or try to contact Plaintiff's counsel during the three weeks these Requests were pending. After Plaintiff's counsel had left four messages about the status of Edens' outstanding discovery on December 22,

---

[5] See this Court's November 17, 2003 Order attached as Exhibit E.

[6] See Plaintiff's December 4, 2003 letter attached as Exhibit F.

-3-

2003 and December 23, 2003, Mr. Rivas finally called Plaintiff's counsel on December 23, 2003. During this conversation, Mr. Rivas agreed to produce Edens' interrogatory answers by December 29, 2003 and Edens' supplemental documents by January 6, 2003. Plaintiff's counsel confirmed these agreements by e-mail.[7]

11.     Plaintiff's counsel returned from vacation on January 3, 2003, to find that Edens had not answered Plaintiff's Interrogatories. As it happened, Mr. Rivas also failed to produce Edens' supplemental documents by January 6, 2004. On January 6, 2004, Plaintiff's counsel left two messages for Mr. Rivas, one on his voice-mail and one with his secretary, concerning the status of Edens' production. Plaintiff specifically said that, if Mr. Rivas did not return these calls to discuss the status of Edens' discovery, Plaintiff would file another Motion to Compel. On January 7, 2003, Plaintiff's counsel left another message on Mr. Rivas' voice-mail inquiring into the status of Edens' production and saying again that, if Mr. Rivas did not return Plaintiff's call to discuss the status of Edens' discovery, Plaintiff would file another Motion to Compel. Mr. Rivas did not return any of these calls as of the afternoon of January 8, 2003.

12.     As is obvious from the facts set out above, Edens has not been forthcoming with discovery in this case. This conduct is particularly reprehensible where the Court has already denied one Motion to Compel on the ground that Edens had promised to make a thorough document production.

13.     Edens has also unnecessarily delayed the discovery process and caused Plaintiff's counsel to expend significant additional efforts in seeking discovery. As a result, Plaintiff seeks an order both compelling the production of discovery responses from Edens and granting an

---

[7] See Plaintiff's December 23, 2003 confirmatory e-mails attached as Exhibit G.

award of sanctions as permitted by Fed. R. Civ. P. 37(a)(4)(A).[8]

14.    Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, plaintiff respectfully requests that the Court grant this Motion and order

Edens Corporation to provide full and complete responses to Plaintiff's Supplemental Document

Requests within ten days and order Edens to pay sanctions in an amount to be determined after

Plaintiff's submission of a supplemental Affidavit.

Respectfully submitted,

Dated: January 8, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

---

[8] Specifically, Plaintiff seeks to recover payment for the time spent by his attorneys from October 23, 2003 to the present that is directly attributable to Edens, including the preparation of Plaintiff's supplemental document requests and the preparation and resolution of this Motion. If sanctions are allowed, Plaintiff's counsel will submit an Affidavit within five days that specifically identifies the sum requested.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

DOUGLAS EL,                                    :
Individually and on behalf of                  :
all others similarly situated,                 :
        Plaintiff,            :
    v.                                       :        **CIVIL ACTION**
                                  :        **NO. 02-CV-3591**
SOUTHEASTERN PENNSYLVANIA          :
TRANSPORTATION AUTHORITY,          :
        Defendant.            :

------------------------------------------------------------

### BRIEF IN SUPPORT OF
### PLAINTIFF'S SECOND MOTION TO COMPEL THE PRODUCTION OF
### DOCUMENTS FROM EDENS CORPORATION

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: January 8, 2004

## I.   BACKGROUND INFORMATION

### A.   Summary Of Plaintiffs' Allegations

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against Defendant SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers (including Edens) that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

### B.   Procedural Posture Of The Litigation

On November 12, 2003, SEPTA filed a summary judgment motion against Plaintiff. On November 25, 2003, this Court entered an order permitting Plaintiff to pursue merits discovery and setting March 15, 2004 as the due date for Plaintiff's summary judgment opposition.

On December 10, 2003, this Court granted the Summary Judgment Motions filed by seven of nine Third-Party Defendants, including Edens Corporation ("Edens").

## II.   ARGUMENT

### A.   Relevant Facts

On June 12, 2003, Plaintiff served a Subpoena on Edens.[9] Plaintiff's Subpoena contained 16 Document Requests relevant to Plaintiff's discrimination claims against SEPTA.

On August 27, 2003, Francisco Rivas entered his appearance in this case on behalf of Edens. After several months had passed and Plaintiff's repeated attempts to contact Mr.

---

[9]   See Plaintiff's Subpoena attached as Exhibit A.

-1-

Rivas about Edens' missing discovery had gone unanswered, Plaintiff filed a Motion to Compel documents from Edens on October 23, 2003.[10]

On November 5, 2003, Mr. Rivas wrote to Plaintiff's counsel offering to produce 1½ file boxes of documents responsive to Plaintiff's subpoena.[11]  Mr. Rivas unquestionably implied that Edens' document production would address all of Plaintiff's Document Requests.  See Edens' November 5, 2003 letter, p.1 ("there are about a box and a half of documents responsive to your subpoena.").

On November 10, 2003, Edens filed a Response to Plaintiff's Motion to Compel, offering to produce the requested documents.[12]  In this filing, Edens implied that its production would address all of Plaintiff's Document Requests.  For example, it said that "Edens personnel including the President, Janet Edens, *has spent over 40 hours searching for and assembling the documents responsive to the subpoena by plaintiff.*"  Edens' November 10, 2003 Motion, ¶15 (emphasis added); Edens' November 10, 2003 Affidavit, ¶4.  See Edens' November 10, 2003 Memorandum, p.2 ("Edens has been searching for the records responsive to the subpoena" and promises to produce "documents that are responsive to Plaintiff's subpoena").

On November 17, 2003, having reviewed Mr. Rivas' Response, this Court entered an Order denying Plaintiff's Motion to Compel as moot.[13]  This Court's Order was premised on Edens' promise "to provide the subpoenaed documents."  See November 17, 2003 Order.

---

[10]  See Plaintiff's October 23, 2003 Motion attached as Exhibit B.

[11]  See Edens' November 5, 2003 letter attached as Exhibit C.

[12]  See Edens' November 10, 2003 Response attached as Exhibit D.

[13]  See this Court's November 17, 2003 Order attached as Exhibit E.

Plaintiff received Edens' documents in late November 2003, and reviewed them immediately. Upon inspection, it was obvious that Edens had produced only one thing – its files of applicant information – and had failed to produce any documents in response to the vast majority of Plaintiff's Subpoena requests (e.g., paratransit contracts, employment/hiring policies, memoranda or correspondence with SEPTA concerning such contracts or policies, EEO-1 forms, etc...).

On December 4, 2003, Plaintiff sent Edens a set of seven Supplemental Document Requests to remedy this problem.[14] These Supplemental Requests, taken directly from Plaintiff's Subpoena, sought only those documents that appeared most relevant to Plaintiff's claims. Plaintiff asked Edens to search for these documents and produce them by December 22, 2003. The supplemental discovery Plaintiff requested from Edens, as this Court has already concluded, is relevant to his summary judgment opposition. See December 18, 2003 Order ("Plaintiff's discovery requests appear reasonably calculated to lead to the discovery of admissible evidence in this matter...").

Edens did not answer Plaintiff's Supplemental Document Requests or try to contact Plaintiff's counsel during the three weeks these Requests were pending. After Plaintiff's counsel had left four messages about the status of Edens' outstanding discovery on December 22, 2003 and December 23, 2003, Mr. Rivas finally called Plaintiff's counsel on December 23, 2003. During this conversation, Mr. Rivas agreed to produce Edens' interrogatory answers by December 29, 2003 and Edens' supplemental documents by January 6, 2003. Plaintiff's counsel

---

[14] See Plaintiff's December 4, 2003 letter attached as Exhibit F.

confirmed these agreements by e-mail.[15]

Plaintiff's counsel returned from vacation on January 3, 2003, to find that Edens had not answered Plaintiff's Interrogatories. As it happened, Mr. Rivas also failed to produce Edens' supplemental documents by January 6, 2004. On January 6, 2004, Plaintiff's counsel left two messages for Mr. Rivas, one on voice-mail and one with his secretary, to discuss the status of Edens' production. Plaintiff specifically said that, if Edens was not going to produce the requested discovery, Plaintiff would have no choice but to file another Motion to Compel. On January 7, 2003, Plaintiff's counsel left another message on Mr. Rivas' voice-mail inquiring into the status of Edens' production and saying again that, if Mr. Rivas did not return Plaintiff's call to discuss the status of Edens' discovery, Plaintiff would file another Motion to Compel.

As of the morning of January 8, 2004, Mr. Rivas had not returned any of these calls.

## B.    The Federal Rules Of Civil Procedure And Federal Case-Law Liberally Allow Discovery Of Relevant Documents And Testimony.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Redland Soccer Club, Inc. v. Department of Army of U.S., 55 F.3d 827(3rd Cir.), *cert. den.* 516 U.S. 1071 (1996); Reyes v. Meadowlands Hosp. Medical Center, 809 A.2d 875, 878 (N.J. Super. 2001).

In practice, courts construe Rule 26(b)(1) liberally, to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350 (1978); Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

---

[15] See Plaintiff's December 23, 2003 confirmatory e-mails attached as Exhibit G.

-4-

C.    **There Is No Basis For Edens' Failure To Produce The Requested Documents**

Plaintiff sought discovery from Edens by means of Subpoena as permitted by Rule 45. See Fed. R. Civ. P. 45.

After more than four months, Edens finally agreed to produce responsive documents. Mr. Rivas told Plaintiff's counsel that "there are about a box and a half of documents responsive to your subpoena." See Edens' November 5, 2003 letter, p.1; Edens' November 10, 2003 Memorandum, p.2. Edens represented to the Court that "Edens personnel including the President, Janet Edens, has spent over 40 hours searching for and assembling the documents responsive to the subpoena by plaintiff." See Edens' November 10, 2003 Motion, ¶15; Edens' November 10, 2003 Affidavit, ¶4.

Nevertheless, when this production arrived, it contained only employee files (job applications, criminal and motor vehicle record checks and related correspondence) and was not responsive to the vast majority of Plaintiff's Subpoena Document Requests. Plaintiff promptly sent Mr. Rivas a letter identifying seven key Subpoena Document Requests and seeking a supplemental document production for those Requests. Mr. Rivas has not called Plaintiff's counsel to discuss these Requests, Mr. Rivas did not respond to messages left by Plaintiff's counsel, and Edens has not made any supplemental document production.

As this Court has specifically acknowledged, the documents sought by Plaintiff's Supplemental Requests are relevant to Plaintiff's claims, discoverable under Rule 26(b), and should be produced. See December 18, 2003 Order ("Given that Plaintiff's discovery requests appear reasonably calculated to lead to the discovery of admissible evidence in this matter, it is irrelevant that [the party was] dismissed as [a third party defendant] from this case on December 10, 2003"). See also Fed. R. Civ. P. 26(B).

-5-

Plaintiff has given Edens several opportunities to produce discovery in this case. Mr.
Rivas has, on at least two occasions, acknowledged the need for Edens to produce the discovery
sought by this Motion. Nevertheless, Edens has neither made a full production nor provided any
reason for its failure to produce the requested discovery. Under these circumstances, the Court
should enter an order requiring Edens to produce all documents responsive to Plaintiff's
supplemental document requests.

D.     **The Federal Rules of Civil Procedure Provide For Sanctions When A Party Fails To Cooperate In Discovery.**

Where a party fails to respond to document requests or interrogatories, Rule 37 permits
the serving party to file a motion to compel the production of the discovery at issue and for
sanctions. Fed. R. Civ. P. 37(a)(4)(A). See Stein v. Foamex Intern., Inc., 204 F.R.D. 270 (E.D.
Pa. 2001); Wright v. Montgomery County, 1999 WL 80275 (E.D. Pa. 1999); Prousi v. Cruisers
Division of KCS Intern., Inc., 1997 WL 135692 (E.D. Pa. 1997). The instant Motion is proper
because Edens Corporation ("Edens") has not produced documents in response to most of
Plaintiff's initial document requests, refused to answer Plaintiff's Supplemental Document
Requests and caused Plaintiff to expend unnecessary efforts.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that this Court should grant Plaintiff's Second Motion to Compel, order Edens to provide full and complete responses to Plaintiff's Supplemental Document Requests within ten days and order Edens to pay sanctions in an amount to be determined after Plaintiff's submission of a Supplemental Affidavit.

Dated: January 8, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

-7-

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 8th day of January, 2004, a true and correct copy of Plaintiffs' Second Motion to Compel the Production of Documents from Edens Corporation was served upon the following counsel by First Class U.S. mail:

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
225 Flowers Mill Road
Langhorne, PA 19047

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Francisco T. Rivas, Esquire
39 W. Lancaster Avenue
Downingtown, PA 19335

Joseph M. Labuda, Esquire
Millman & Heidecker
3000 Marcus Avenue, Suite 3w3
Lake Success, N.Y. 11042

Kevin B. Quinn, Esquire
Schubert Bellwoar Cahill & Quinn
Two Penn Ctr, Suite 1400
1500 J.F.K. Boulevard
Philadelphia, PA 19102

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class