IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
----------------------------------------------
DOUGLAS EL,                          :
Individually and on behalf of        :
all others similarly situated,       :
            Plaintiff,               :
      v.                             :          CIVIL ACTION
                                     :          NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA            :
TRANSPORTATION AUTHORITY,            :
            Defendant.               :
----------------------------------------------
```

## ORDER

THIS MATTER having come before the Court on Plaintiffs' Second Motion to Compel the Production of Documents from Anderson Travel and Triage, Inc.,

IT IS, on this _____ day of _____, 2004,

ORDERED THAT Plaintiff's Second Motion to Compel is GRANTED, and that:

1. Anderson Travel and Triage, Inc. shall both provide full and complete responses to Plaintiff's unanswered Interrogatories within seven days;

2. Anderson Travel and Triage, Inc. shall both provide full and complete responses to Plaintiff's unanswered Document Requests within seven days; and

3. Plaintiff's request for sanctions against Anderson Travel and Triage, Inc. is hereby approved. Plaintiff shall submit an Affidavit describing the expenses incurred in pursuing this discovery by _____, 2004 to assist the Court in determining the proper amount of sanctions.

_____
THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| **DOUGLAS EL,**<br>**Individually and on behalf of**<br>**all others similarly situated,**<br>            **Plaintiff,**<br>    v.<br><br>**SOUTHEASTERN PENNSYLVANIA**<br>**TRANSPORTATION AUTHORITY,**<br>            **Defendant.** | :<br>:<br>:<br>:<br>:    CIVIL ACTION<br>:    NO. 02-CV-3591<br>:<br>:<br>: |

---

### PLAINTIFF'S SECOND MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND INTERROGATORY ANSWERS FROM ANDERSON TRAVEL AND TRIAGE, INC.

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court for the second time to compel Defendants Anderson Travel ("Anderson") and Triage, Inc. ("Triage") to fully respond to Plaintiff's First Set of Interrogatories and First Set of Document Requests, and for sanctions. In support of this Motion, Plaintiff avers as follows:

1. On November 13, 2002, Plaintiff filed a four-count Amended Complaint against Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"). Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers (including Anderson and Triage) that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

2. On December 23, 2002, SEPTA filed a Third-Party Complaint against nine of its paratransit providers, including Anderson and Triage.

3. On June 11, 2003, Plaintiff sent his First Set of Interrogatories and First Set of Document Requests to David Woloshin, an attorney who had entered his appearance on behalf of Anderson and Triage.[1] Plaintiff's discovery requests sought various categories of information directly related to Plaintiff's discrimination claims against SEPTA.

4. On July 22, 2003, Jeffrey Killino (an attorney in the Law Offices of David Woloshin) Answered SEPTA's Third-Party Complaint on behalf of Anderson and Triage.

5. On September 5, 2003, Plaintiff's counsel called Mr. Killino to find out why Anderson and Triage had not responded to Plaintiff's discovery requests. Mr. Killino said that he did not know his clients had been served with any discovery, and asked to be re-served so that he could respond. Even though Plaintiff had already sent his Interrogatories and Document Requests to Mr. Woloshin's offices, Plaintiff re-served those requests on Mr. Killino that day.[2]

6. When Anderson and Triage did not produce any documents or Interrogatory answers after 30 days, Plaintiff again wrote Mr. Killino to inquire about the status of his responses.[3]

7. When Mr. Killino did not answer this letter, Plaintiff's counsel began trying to reach him by phone. After repeated calls, Plaintiff's counsel finally spoke to Mr. Killino about the status of his clients' discovery responses on October 21, 2003. In this discussion, Mr. Killino said that Anderson and Triage had hundreds of files that would have to be reviewed in order to make a complete production, and that he wanted to avoid doing that work. Instead, he was

---

[1] See Plaintiff's June 11, 2003 discovery requests to Anderson and Triage attached as Exhibit A.

[2] See Plaintiff's September 5, 2003 correspondence attached as Exhibit B.

[3] See Plaintiff's October 8, 2003 correspondence attached as Exhibit C.

hoping the Court would grant his clients' Summary Judgment Motions and release them from having to produce any discovery. In the interest of securing discovery from Anderson and Triage without having to litigate a motion to compel, Plaintiff offered to serve Mr. Killino with a set of focused Document Requests and Interrogatories to be answered on an expedited basis. Mr. Killino said that, if Plaintiff sent him a set of focused discovery requests, he would answer them. Plaintiff sent Mr. Killino a set of focused discovery requests that day to be answered by November 11, 2003.[4]

8.  Anderson and Triage did not respond to Plaintiff's focused discovery requests by November 11, 2003. Plaintiff's counsel left a series of voice-mail messages for Mr. Killino in mid-November 2003 inquiring into the status of his discovery responses. These calls were not returned.

9.  On November 25, 2003, Plaintiff filed a Motion to Compel the Production of Documents and Interrogatory Answers from Anderson and Triage.[5] In this Motion, Plaintiff expressly revoked his offer to accept answers to his focused discovery requests.[6]

10. Anderson and Triage did not oppose Plaintiff's Motion to Compel. On December 18, 2003, this Court granted Plaintiff's Motion to Compel and ordered Anderson and Triage "to file full and complete responses to Plaintiffs' Interrogatories and Requests for

---

[4] See Plaintiff's October 21, 2003 correspondence attached as Exhibit D.

[5] See Plaintiff's November 25, 2003 Motion to Compel attached as Exhibit E.

[6] See Motion to Compel at ¶12 ("Given that Anderson and Triage did not timely answer Plaintiff's focused discovery requests, Plaintiff hereby withdraws his offer to limit the scope of discovery served on Anderson and Triage.")

Production of Documents within twenty days" (by January 7, 2004).[7] The Court expressly noted that Anderson and Triage would have to comply with this Order regardless of whether they were parties in the case: "Given that Plaintiff's discover requests appear reasonably calculated to lead to the discovery of admissible evidence in this matter, it is irrelevant that Anderson Travel and Triage, Inc. were dismissed as third party defendants from this case on December 10, 2003."

11.    In direct contravention of this Court's Order, Anderson and Triage did not respond to Plaintiff's discovery by January 7, 2004. When no discovery arrived in that day's mail, Plaintiff's counsel called Mr. Killino for an update. Mr. Killino said that, because his clients' Summary Judgment Motions had been granted, he had closed his litigation file and was not intending to produce any discovery. Plaintiff's counsel reminded Mr. Killino of the wording of this Court's Order and suggested that he begin the process of making a full production. Plaintiff sent Mr. Killino a letter confirming this discussion.[8]

12.    On January 16, 2004, Plaintiff received partial responses to the discovery requests served on Anderson and Triage.[9] Specifically, Mr. Killino answered only six of Plaintiff's 12 Interrogatories and seven of Plaintiff's 17 Document Requests, corresponding exactly to the focused discovery requests Plaintiff had expressly retracted almost two months earlier. Defendants' responses were also a blatant violation of this Court's Order requiring "full and complete responses to Plaintiffs' Interrogatories and Requests for Production of Documents."

---

[7] See December 18, 2003 Order attached as Exhibit F.

[8] See Plaintiff's January 7, 2004 correspondence attached as Exhibit G.

[9] See Anderson and Triage Discovery Responses attached as Exhibit H.

13.     On January 26, 2004, Plaintiff wrote to remind Mr. Killino about this Court's Order and ask for a supplemental production.[10] Plaintiff explained that, if additional discovery was not forthcoming, Plaintiff would have no alternative but to file another Motion to Compel.

14.     Plaintiff's counsel called Mr. Killino on January 28th, 29th and 30th, 2004 for a "meet and confer" about his clients' failure to produce complete discovery responses. On each of these days, Plaintiff's counsel gave his name and asked to be connected with Mr. Killino, was told that Mr. Killino was unavailable and left a message on Mr. Killino's voice-mail inviting a discussion about these open discovery issues. Mr. Killino did not return any of these calls.

15.     On February 2, 2004, as this Motion was being prepared, Plaintiff's counsel received a letter from Mr. Killino claiming that Anderson and Triage had provided "full and complete responses" to Plaintiff's discovery requests.[11] Mr. Killino based his conclusion on a letter from Triage that says: (1) Triage maintains records for "former employees and applicants that were not accepted for employment;" (2) these records are not organized according to "reason of termination or reason of non acceptance;" (3) these records are kept in "eight file cabinets along with numerous boxes;" and (4) reviewing these files for production would "create a burden" for Triage. See February 2, 2004 Triage letter (attached to Exhibit J). Mr. Killino did not support his claim that Anderson has provided complete discovery responses with any supporting information.

16.     Although Mr. Killino obviously intended this letter as proof of his clients' compliance with this Court's Order, Plaintiff submits that it stands as proof of exactly the

---

[10] See Plaintiff's January 26, 2004 correspondence attached as Exhibit I.

[11] See Killino February 2, 2004 correspondence attached as Exhibit J.

opposite. Plaintiff is currently aware of at least 57 ex-offenders who applied to work for Triage and were either refused employment or hired and later terminated because of their criminal record.[12] The letter explains that Triage has employee files, presumably for these and other employees, but that it *has not reviewed or produced these documents* because of the amount of work involved. Of course, this is an objection that Triage should have raised within a reasonable time of receiving Plaintiff's discovery requests (or at least in response to Plaintiff's initial Motion to Compel) and, having failed to do so, has now waived.

17.     Plaintiff will be unfairly prejudiced in defending SEPTA's Summary Judgment Motion and seeking class certification if he is denied access to the discovery sought from Anderson and Triage.

18.     Plaintiff's attorneys have gone to great lengths and expended considerable effort to resolve the matters presented in this Motion. Anderson and Triage have blatantly and repeatedly ignored requirements imposed by the Federal Rules of Civil Procedure concerning the production of discovery in this case. Anderson and Triage have intentionally refused to produce full and complete discovery in direct violation of this Court's December 18, 2004 Order. Anderson and Triage, without any valid justification, have caused Plaintiff's counsel to expend significant efforts in the discovery process and have unnecessarily delayed the litigation of this matter. As a result, Plaintiff seeks the entry of an Order compelling Anderson and Triage to produce full and complete responses to all of Plaintiff's discovery requests and to pay sanctions

---

[12] See Report Of All Drivers Removed From Service attached as Exhibit K (naming 75 Triage drivers and 10 Anderson drivers as having been removed from service as a result of their criminal records).

as permitted by Fed. R. Civ. P. 37(a)(4)(A).[13]

19. Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) grant this Motion; (2) order Anderson and Triage to provide full and complete responses to Plaintiff's unanswered Interrogatories within seven days; (3) order Anderson and Triage to provide full and complete responses to Plaintiff's unanswered Document Requests within seven days; and (4) approve Plaintiff's request for sanctions and set a date by which Plaintiff shall submit an Affidavit describing the expenses incurred in pursuing this discovery to assist the Court in determining the proper amount of sanctions.

Respectfully submitted,

Dated: February 4, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

---

[13] Specifically, Plaintiff's attorneys seek reimbursement for the time they have spent seeking discovery from Anderson and Triage from October 8, 2003 to the present, including the preparation of Plaintiff's focused discovery requests as well as the preparation of two Motions to Compel. If the Court is inclined to award sanctions, Plaintiff's counsel will submit an Affidavit within three days that describes the specific amount requested.

-7-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,  :
Individually and on behalf of  :
all others similarly situated,  :
    Plaintiff,  :
  v.  :      CIVIL ACTION
     :      NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA  :
TRANSPORTATION AUTHORITY,  :
    Defendant.  :

---

BRIEF IN SUPPORT OF PLAINTIFF'S
SECOND MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS AND INTERROGATORY ANSWERS
FROM ANDERSON TRAVEL AND TRIAGE, INC.

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: February 4, 2004

## BACKGROUND INFORMATION

### Summary Of Plaintiffs' Allegations

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against Defendant SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers, including Anderson Travel ("Anderson") and Triage, Inc. ("Triage"), that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

### Procedural Posture Of The Litigation

On November 12, 2003, SEPTA filed a summary judgment motion against Plaintiff. On November 25, 2003, this Court entered an order permitting Plaintiff to pursue merits discovery and setting March 15, 2004 as the due date for Plaintiff's summary judgment opposition.

On December 10, 2003, this Court granted the Summary Judgment Motions filed by seven of nine Third-Party Defendants, including Anderson and Triage.

## ARGUMENT

### A.   Relevant Facts.

On June 11, 2003, Plaintiff sent his First Set of Interrogatories and First Set of Document Requests to David Woloshin, an attorney who had entered his appearance on behalf of Anderson and Triage.[14] Plaintiff's discovery requests sought various categories of information directly related to Plaintiff's discrimination claims against SEPTA.

---

[14] See Plaintiff's June 11, 2003 discovery requests to Anderson and Triage attached as Exhibit A.

-1-

On July 22, 2003, Jeffrey Killino (an attorney in the Law Offices of David Woloshin) Answered SEPTA's Third-Party Complaint on behalf of Anderson and Triage.

On September 5, 2003, Plaintiff's counsel called Mr. Killino to find out why Anderson and Triage had not responded to Plaintiff's discovery requests. Mr. Killino said that he did not know his clients had been served with any discovery, and asked to be re-served so that he could respond. Even though Plaintiff had already sent his Interrogatories and Document Requests to Mr. Woloshin's offices, Plaintiff re-served those requests on Mr. Killino that day.[15]

When Anderson and Triage did not produce any documents or Interrogatory answers after 30 days, Plaintiff again wrote Mr. Killino to inquire about the status of his responses.[16]

When Mr. Killino did not answer this letter, Plaintiff's counsel began trying to reach him by phone. After repeated calls, Plaintiff's counsel finally spoke to Mr. Killino about the status of his clients' discovery responses on October 21, 2003. In this discussion, Mr. Killino said that Anderson and Triage had hundreds of files that would have to be reviewed in order to make a complete production, and that he wanted to avoid doing that work. Instead, he was hoping the Court would grant his clients' Summary Judgment Motions and release them from having to produce any discovery. In the interest of securing discovery from Anderson and Triage without having to litigate a motion to compel, Plaintiff offered to serve Mr. Killino with a set of focused Document Requests and Interrogatories to be answered on an expedited basis. Mr. Killino said that, if Plaintiff sent him a set of focused discovery requests, he would answer them. Plaintiff sent Mr. Killino a set of focused discovery requests that day to be answered by November 11,

---

[15] See Plaintiff's September 5, 2003 correspondence attached as Exhibit B.

[16] See Plaintiff's October 8, 2003 correspondence attached as Exhibit C.

2003.[17]

Anderson and Triage did not respond to Plaintiff's focused discovery requests by November 11, 2003. Plaintiff's counsel left a series of voice-mail messages for Mr. Killino in mid-November 2003 inquiring into the status of his discovery responses. These calls were not returned.

On November 25, 2003, Plaintiff filed a Motion to Compel the Production of Documents and Interrogatory Answers from Anderson and Triage.[18] In this Motion, Plaintiff expressly revoked his offer to accept answers to his focused discovery requests.[19]

Anderson and Triage did not oppose Plaintiff's Motion to Compel. On December 18, 2003, this Court granted Plaintiff's Motion to Compel and ordered Anderson and Triage "to file full and complete responses to Plaintiffs' Interrogatories and Requests for Production of Documents within twenty days" (by January 7, 2004).[20] The Court expressly noted that Anderson and Triage would have to comply with this Order regardless of whether they were parties in the case: "Given that Plaintiff's discover requests appear reasonably calculated to lead to the discovery of admissible evidence in this matter, it is irrelevant that Anderson Travel and Triage, Inc. were dismissed as third party defendants from this case on December 10, 2003."

---

[17] See Plaintiff's October 21, 2003 correspondence attached as Exhibit D.

[18] See Plaintiff's November 25, 2003 Motion to Compel attached as Exhibit E.

[19] See Motion to Compel at ¶12 ("Given that Anderson and Triage did not timely answer Plaintiff's focused discovery requests, Plaintiff hereby withdraws his offer to limit the scope of discovery served on Anderson and Triage.")

[20] See December 18, 2003 Order attached as Exhibit F.

-3-

In direct contravention of this Court's Order, Anderson and Triage did not respond to Plaintiff's discovery by January 7, 2004. When no discovery arrived in that day's mail, Plaintiff's counsel called Mr. Killino for an update. Mr. Killino said that, because his clients' Summary Judgment Motions had been granted, he had closed his litigation file and was not intending to produce any discovery. Plaintiff's counsel reminded Mr. Killino of the wording of this Court's Order and suggested that he begin the process of making a full production. Plaintiff sent Mr. Killino a letter confirming this discussion.[21]

On January 16, 2004, Plaintiff received partial responses to the discovery requests served on Anderson and Triage.[22] Specifically, Mr. Killino answered only six of Plaintiff's 12 Interrogatories and seven of Plaintiff's 17 Document Requests, corresponding exactly to the focused discovery requests Plaintiff had expressly retracted almost two months earlier. Defendants' responses were also a blatant violation of this Court's Order requiring "full and complete responses to Plaintiffs' Interrogatories and Requests for Production of Documents."

On January 26, 2004, Plaintiff wrote to remind Mr. Killino about this Court's Order and ask for a supplemental production.[23] Plaintiff explained that, if additional discovery was not forthcoming, Plaintiff would have no alternative but to file another Motion to Compel.

Plaintiff's counsel called Mr. Killino on January 28th, 29th and 30th, 2004 for a "meet and confer" about his clients' failure to produce complete discovery responses. On each of these days, Plaintiff's counsel gave his name and asked to be connected with Mr. Killino, was told that

---

[21] See Plaintiff's January 7, 2004 correspondence attached as Exhibit G.

[22] See Anderson and Triage Discovery Responses attached as Exhibit H.

[23] See Plaintiff's January 26, 2004 correspondence attached as Exhibit I.

Mr. Killino was unavailable and left a message on Mr. Killino's voice-mail inviting a discussion about these open discovery issues. Mr. Killino did not return any of these calls.

On February 2, 2004, as this Motion was being prepared, Plaintiff's counsel received a letter from Mr. Killino claiming that Anderson and Triage had provided "full and complete responses" to Plaintiff's discovery requests.[24] Mr. Killino based his conclusion on a letter from Triage that says: (1) Triage maintains records for "former employees and applicants that were not accepted for employment;" (2) these records are not organized according to "reason of termination or reason of non acceptance;" (3) these records are kept in "eight file cabinets along with numerous boxes;" and (4) reviewing these files for production would "create a burden" for Triage. See February 2, 2004 Triage letter (attached to Exhibit J). Mr. Killino did not support his claim that Anderson has provided complete discovery responses with any supporting information.

Although Mr. Killino obviously intended this letter as proof of his clients' compliance with this Court's Order, Plaintiff submits that it stands as proof of exactly the opposite. Plaintiff is currently aware of at least 57 ex-offenders who applied to work for Triage and were either refused employment or hired and later terminated because of their criminal record.[25] The letter explains that Triage has employee files for its paratransit drivers, but *has not reviewed or produced these documents* because of the burden involved. Of course, this is an objection that Triage should have raised within a reasonable time of receiving Plaintiff's discovery requests (or at least in response to Plaintiff's initial Motion to Compel) and, having

---

[24] See Killino February 2, 2004 correspondence attached as Exhibit J.

[25] See Report Of All Drivers Removed From Service attached as Exhibit K.

failed to do so, has now waived. See <u>Barnes Foundation v. Township of Lower Merion</u>, 1997 WL 169442, *2 (E.D. Pa. Apr. 7, 1997) (objections not made until almost three months after subpoena was served are waived under Fed. R. Civ. P. 45(c)(2)(B)); <u>Michael Carbone, Inc. v. General Acc. Ins. Co.</u>, 1996 WL 420427, *2 (E.D. Pa. July 25, 1996) ("Any objection that might have been raised if done so in a timely manner is waived. Additionally, general objections of overbreadth, undue burden, unreasonable annoyance, oppression, expense and like objections, without specification or elaboration as to such claims, are invalid."); <u>General Acc. Ins. Co. of America v. Fidelity & Deposit Co. of Maryland</u>, 1984 WL 2736, *3 (E.D. Pa. Mar 19, 1984) ("objections which are entirely based upon unfairness, ambiguity, relevance, or the undue burden imposed by a particular discovery request are deemed waived.").

Plaintiff will be unfairly prejudiced in defending SEPTA's Summary Judgment Motion and seeking class certification if he is denied access to the discovery sought from Anderson and Triage. This is particularly true given that at least 67 of the known ex-offenders who were refused employment or terminated from the paratransit driver position worked for either Anderson or Triage, and information about the events surrounding their application to and/or separation from employment will certainly bear on the resolution of Plaintiff's claims.

    **B.**    **The Federal Rules Of Civil Procedure And Federal Case-Law Liberally Allow Discovery Of Relevant Documents And Testimony.**

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." <u>Redland Soccer Club, Inc. v. Department of Army of U.S.</u>, 55 F.3d 827(3rd Cir.), *cert. den.* 516 U.S. 1071 (1996); <u>Reyes v. Meadowlands Hosp. Medical Center</u>, 809 A.2d 875, 878 (N.J. Super. 2001).

In practice, courts construe Rule 26(b)(1) liberally, to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350 (1978); Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

### C. The Federal Rules of Civil Procedure Provide For Sanctions When A Party Fails To Cooperate In Discovery.

Where a party fails to respond to document requests or interrogatories, Rule 37 permits the serving party to file a motion to compel the production of the discovery at issue and for sanctions. Fed. R. Civ. P. 37(a)(4)(A). See Stein v. Foamex Intern., Inc., 204 F.R.D. 270 (E.D. Pa. 2001); Wright v. Montgomery County, 1999 WL 80275 (E.D. Pa. 1999); Prousi v. Cruisers Division of KCS Intern., Inc., 1997 WL 135692 (E.D. Pa. 1997).

Sanctions are justified in this instance for a number of reasons. First, Anderson and Triage have blatantly and repeatedly ignored requirements imposed by the Federal Rules of Civil Procedure concerning the production of discovery in this case. See Dougherty v. State Farm Mut. Auto. Ins. Co., 2002 WL 32345742, *2 (E.D. Pa. Apr 16, 2002) (awarding sanctions for failure to comply with discovery rules). Second, Anderson and Triage have intentionally refused to produce full and complete discovery in direct violation of this Court's December 18, 2004 Order. See Gordon v. Campbell, 1998 WL 195900, *1 (E.D. Pa. Apr 16, 1998) (awarding sanctions for violation of court's order compelling discovery). Third, Anderson and Triage, in bad faith and without any valid justification, have unnecessarily and extensively delayed the litigation of this matter, causing Plaintiff's counsel to expend significant efforts in the discovery process. See Broomes v. Schmidt, 1996 WL 724034, *1 (E.D. Pa. Dec 13, 1996).

As set out here, any one of these violations would plainly justify this Court's imposition of sanctions against Anderson and Triage. Where Anderson and Triage have engaged in each of these, and show no indication whatsoever that their conduct will improve, sanctions should be required.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) grant this Motion; (2) order Anderson and Triage to provide full and complete responses to Plaintiff's unanswered Interrogatories within seven days; (3) order Anderson and Triage to provide full and complete responses to Plaintiff's unanswered Document Requests within seven days; and (4) approve Plaintiff's request for sanctions and set a date by which Plaintiff shall submit an Affidavit describing the expenses incurred in pursuing this discovery to assist the Court in determining the proper amount of sanctions

Dated: February 4, 2004

/s/ Eugene A. Spector
Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

-8-

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 4th day of February, 2004, a true and correct copy of Plaintiffs' Second Motion to Compel the Production of Documents from Anderson Travel and Triage, Inc. was served upon the following counsel by First Class U.S. mail:

Jeffrey Brian Killino, Esquire
42 S. 15th Street, Suite. 810
Philadelphia, PA 19102

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
The Shoppes at Flowers Mill
225 Flowers Mill Road
Langhorne, PA 19047

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class