## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------

DOUGLAS EL,                                     :
Individually and on behalf of                   :
all others similarly situated,                  :
      Plaintiff,            :
    v.                              :      **CIVIL ACTION**
                     :      **NO. 02-CV-3591**
SOUTHEASTERN PENNSYLVANIA                        :
TRANSPORTATION AUTHORITY,                        :
      Defendant.            :

------------------------------------------------------

### ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Compel Merits

Document Request Responses from SEPTA,

IT IS, on this _____ day of _____, 2003,

ORDERED THAT Plaintiff's Motion is GRANTED, and that:

1.     SEPTA shall produce documents in response to Plaintiff's Merits Document

       Request No. 4 within seven days;

2.     SEPTA shall produce documents in response to Plaintiff's Merits Document

       Request No. 19 within seven days;

3.     SEPTA shall produce documents in response to Plaintiff's Merits Document

       Request No. 20 within seven days;

 

_____

THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| DOUGLAS EL,<br>Individually and on behalf of<br>all others similarly situated,<br>　　　Plaintiff,<br>　v.<br><br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY,<br>　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

CIVIL ACTION
NO. 02-CV-3591

---

## PLAINTIFF'S MOTION TO COMPEL
## MERITS DOCUMENT REQUEST RESPONSES FROM SEPTA

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court to compel SEPTA to produce documents in response to Plaintiff's Merits Document Requests 4, 19 and 20. In support of this Motion, Plaintiff avers as follows:

1.　On November 20, 2003, Plaintiff hand-delivered his First Merits Document Requests to SEPTA.[1]

2.　On December 22, 2003, SEPTA mailed its responses to Plaintiff's First Merits Document Requests.[2]

3.　On January 6, 2004 and January 14, 2004, Plaintiff wrote SEPTA to ask, among other things, for a "meet and confer" to discuss SEPTA's objections to Merits Document Requests 4, 19 and 20.[3]

---

[1]　See Plaintiff's First Merits Document Requests (Exhibit A).

[2]　See SEPTA's Response to Plaintiff's First Merits Document Requests (Exhibit B).

[3]　See Plaintiff's January 6, 2004 and January 14, 2004 correspondence (Exhibit C).

4.     Attorneys for Plaintiff and SEPTA participated in phone conferences on January 15, 2003 and February 2, 2003 to discuss these Merits Document Requests, their relevance to Plaintiff's claims and SEPTA's Summary Judgment Motion, and whether SEPTA would consent to a supplemental production. Despite a good faith effort on both sides, the parties were unable to reach an agreement as to whether the requested documents should be produced.

## Merits Document Request 4

5.     Plaintiff's Merits Document Request 4 seeks: "All documents relating to SEPTA Policy/Instruction 6.29.2 ('Conviction Records and Falsification of Employment Application') and SEPTA's general minimums for paratransit providers." Plaintiff's First Merits Document Requests, p.7.

6.     SEPTA produced documents relating to SEPTA's general minimums for paratransit providers, but has refused to produce documents relating to Policy/Instruction 6.29.2. SEPTA claims that such documents have "no bearing on any issue related to the pleadings in this case". SEPTA's Response to Plaintiff's First Merits Document Requests, p. 3.

7.     Documents relating to SEPTA Policy/Instruction 6.29.2 are relevant to Plaintiff's claims and SEPTA's defenses such that permitting SEPTA to withhold the requested documents will prejudice Plaintiff's ability to proceed with this litigation.

8.     Plaintiff's claims are based on an allegedly illegal employment policy that SEPTA imposed on its paratransit providers. This policy required SEPTA's paratransit providers to reject all ex-offender applicants and terminate all ex-offender employees *without inquiring into the nature of their conviction, when their conviction occurred, or whether their conviction has any relationship to their job responsibilities*. See First Amended Class Action Complaint ¶¶ 2, 18-20, 25.

9.    On June 2, 2003, SEPTA produced a Bates-stamped copy of Policy/Instruction 6.29.2 in discovery.[4] This Policy/Instruction embodies SEPTA's *own* ex-offender employment policy. Policy/Instruction 6.29.2 is materially different from the employment policy SEPTA imposed on the paratransit providers, because it *specifically requires consideration into the nature of an applicant's conviction and evaluate, under the circumstances, whether he or she is suited to perform the position sought.*

10.    By producing Policy/Instruction 6.29.2 in discovery and failing, for more than eight months, to claim accidental production or seek its return, SEPTA acknowledged that this Policy/ Instruction is relevant to these proceedings and waived any objection concerning its relevance.

11.    On November 12, 2003, SEPTA filed a Motion for Summary Judgment in this case. In this Motion, SEPTA argues that its ex-offender employment policy for paratransit providers cannot be considered discriminatory because it is "supported by business necessity." Summary Judgment Motion, pp. 21, 28.

12.    By arguing that its ex-offender employment policy for paratransit providers is supported by business necessity, SEPTA placed the truth of this fact at issue in this case and opened the door for Plaintiff to inquire further into business necessity issues. More specifically, where SEPTA's *own* ex-offender employment policy imposes significantly less restrictive prohibitions than the ex-offender employment policy imposed on paratransit providers, Plaintiff should be permitted to inquire into the differences between the two policies and examine the truth of SEPTA's business necessity claim.

_____

[4] See SEPTA Policy/Instruction 6.29.2 (Exhibit D).

**Merits Document Request 19**

13.    Plaintiff's Merits Document Request 19 seeks: "All documents relating to David DeSouza." Plaintiff's First Merits Document Requests, p. 9.

14.    SEPTA refused to produce documents in response to Merits Document Request 19, objecting that this Request is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and violative of the attorney-client and work product privileges. SEPTA's Response to Plaintiff's First Merits Document Requests, p. 8.

15.    Documents sought by Merits Document Request 19 are relevant to Plaintiff's claims and SEPTA's defenses such that permitting SEPTA to withhold the requested documents will prejudice Plaintiff's ability to proceed with this litigation.

16.    SEPTA's Summary Judgment Motion contains multiple specific references to Mr. DeSouza, his criminal record, and actions he performed during the time he worked as a paratransit driver as justification for the dismissal of Plaintiff's claims. See Summary Judgment Motion, pp. 3, 10-11 ("This Court need only consider the [DeSouza incident] to dismiss this action").

17.    Where SEPTA has based its request for summary judgment, in part, on facts relating to Mr. DeSouza, those facts are, by definition, relevant to these proceedings and Plaintiff is entitled discovery on those facts.

**Merits Document Request 20**

18.    Plaintiff's Merits Document Request 20 seeks: "All documents relating to SEPTA's policies for the retention or destruction of paper and electronic documents, and whether those policies have been followed for the documents Plaintiff has requested in this case." Plaintiff's First Merits Document Requests, p.9.

-4-

19. SEPTA refused to produce documents in response to Merits Document Request 20, objecting that this Request is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. SEPTA's Response to Plaintiff's First Merits Document Requests, p. 9.

20. Documents sought by Merits Document Request 20 are relevant to Plaintiff's claims and SEPTA's defenses such that permitting SEPTA to withhold the requested documents will prejudice Plaintiff's ability to proceed with this litigation.

21. Whether a party has a document destruction policy or has abided by that policy, is generally considered to be a proper subject of discovery.

22. Following this principle, the discovery of document destruction policies has repeatedly been allowed.

23. The specific circumstances of this case place added relevance on SEPTA's document destruction policy. SEPTA has answered in response to no less than 15 of Plaintiff's document requests that it "does not have" responsive documents "in its custody or control," or that Plaintiff's Requests are "better directed to" another party. See SEPTA's Response to Plaintiff's Merits Document Request 1; SEPTA's Responses to Plaintiff's Class Document Requests 5-18.[5] Thus, there is an open question as to whether SEPTA once possessed (and has since destroyed) documents responsive to these Requests, and Plaintiff should be allowed to further explore SEPTA's assertions.

24. Plaintiff incorporates by reference his attached Memorandum of Law.

_____

[5] See SEPTA's Responses to Plaintiff's First Set of Document Requests (Exhibit E).

-5-

WHEREFORE, plaintiff respectfully requests that the Court grant this Motion and order SEPTA to produce documents in response to Plaintiff's Merits Document Requests 4, 19 and 20 within seven days.

Respectfully submitted,

Dated: February 6, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

-6-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------
DOUGLAS EL,                              :
Individually and on behalf of            :
all others similarly situated,           :
            Plaintiff,                   :
        v.                               :
                                         :
SOUTHEASTERN PENNSYLVANIA                :
TRANSPORTATION AUTHORITY,                :
            Defendant.                   :
-------------------------------------------------------
```

CIVIL ACTION
NO.  02-CV-3591

### BRIEF IN SUPPORT OF
### PLAINTIFF'S MOTION TO COMPEL
### MERITS DOCUMENT REQUEST RESPONSES FROM SEPTA

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: February 6, 2004

I.     **BACKGROUND INFORMATION**

     A.     **Summary Of Plaintiff's Allegations**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

     B.     **Procedural Posture Of The Litigation**

On November 12, 2003, SEPTA filed a Motion for Summary Judgment Against Plaintiff. In a phone conference on November 14, 2003, this Court permitted Plaintiff to pursue merits discovery from all Defendants and set March 15, 2004 as the due date for Plaintiff's summary judgment opposition.

     C.     **Relevant Facts**

On November 20, 2003, Plaintiff hand-delivered his First Merits Document Requests to SEPTA.[1]

On December 22, 2003, SEPTA mailed its responses to Plaintiff's First Merits Document Requests.[2]

---

[1]  See Plaintiff's First Merits Document Requests (Exhibit A).

[2]  See SEPTA's Response to Plaintiff's First Merits Document Requests (Exhibit B).

-1-

On January 6, 2004 and January 14, 2004, Plaintiff wrote SEPTA to ask, among other things, for a "meet and confer" to discuss SEPTA's objections to Merits Document Requests 4, 19 and 20.[3]

Attorneys for Plaintiff and SEPTA participated in phone conferences on January 15, 2003 and February 2, 2003 to discuss these Merits Document Requests, their relevance to Plaintiff's claims and SEPTA's Summary Judgment Motion, and whether SEPTA would consent to a supplemental production. Despite a good faith effort on both sides, the parties were unable to reach an agreement as to whether the requested documents should be produced.

## II. ARGUMENT

### A. The Federal Rules Of Civil Procedure And Federal Case-Law Liberally Allow Discovery Of Relevant Documents And Testimony.

"The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, so long as it is relevant to the claim or defense of any party, unprivileged, and 'appears reasonably calculated to lead to the discovery of admissible evidence.'" Nike, Inc. v. Brandmania.com, Inc., 2002 WL 32348549, *12 (E.D. Pa. Oct 07, 2002), citing Fed. R. Civ. P. 26(b)(1); Hickman v. Taylor, 329 U.S. 495 (1947). See Redland Soccer Club, Inc. v. Department of Army of U.S., 55 F.3d 827(3rd Cir.), cert. den. 516 U.S. 1071 (1996); Reyes v. Meadowlands Hosp. Medical Center, 809 A.2d 875, 878 (N.J. Super. 2001).

Courts intentionally construe Rule 26(b)(1) liberally, to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be

---

[3] See Plaintiff's January 6, 2004 and January 14, 2004 correspondence (Exhibit C).

-2-

in the case." See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350 (1978); Nestle

Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

**B.     SEPTA should have to produce documents responsive to Merits Document Request 4.**

Plaintiff's Merits Document Request 4 seeks: "All documents relating to SEPTA Policy/

Instruction 6.29.2 ('Conviction Records and Falsification of Employment Application') and

SEPTA's general minimums for paratransit providers." Plaintiff's First Merits Document

Requests, p.7.

SEPTA produced documents relating to SEPTA's general minimums for paratransit

providers, but has refused to produce documents relating to Policy/Instruction 6.29.2. SEPTA

claims that such documents have "no bearing on any issue related to the pleadings in this case".

SEPTA's Response to Plaintiff's First Merits Document Requests, p. 3.

Documents relating to SEPTA Policy/Instruction 6.29.2 are relevant to Plaintiff's claims

and SEPTA's defenses such that permitting SEPTA to withhold the requested documents will

prejudice Plaintiff's ability to proceed with this litigation.

Plaintiff's claims are based on an allegedly illegal employment policy that SEPTA

imposed on its paratransit providers. This policy required SEPTA's paratransit providers to

reject all ex-offender applicants and terminate all ex-offender employees *without inquiring into*

*the nature of their conviction, when their conviction occurred, or whether their conviction has*

*any relationship to their job responsibilities*. See First Amended Class Action Complaint ¶¶ 2,

18-20, 25.

On June 2, 2003, SEPTA produced a Bates-stamped copy of Policy/Instruction 6.29.2 in discovery.[4] This Policy/Instruction embodies SEPTA's *own* ex-offender employment policy. Policy/Instruction 6.29.2 is materially different from the employment policy SEPTA imposed on the paratransit providers, because it *specifically requires consideration into the nature of an applicant's conviction and evaluate, under the circumstances, whether he or she is suited to perform the position sought*.

By producing Policy/Instruction 6.29.2 in discovery and failing, for more than eight months, to claim accidental production, seek its return or object to its use, SEPTA implicitly acknowledged that this Policy/ Instruction is relevant to these proceedings and waived any objection concerning its relevance. Dunn v. Lehigh Valley Center For Sight, P.C., 2003 WL 22299275, *1 (E.D. Pa. Sep 30, 2003) ("Because no party objected to the use of document exhibits or affidavits, all objections are waived").

On November 12, 2003, SEPTA filed a Motion for Summary Judgment in this case. In this Motion, SEPTA argues that its ex-offender employment policy for paratransit providers cannot be considered discriminatory because it is "supported by business necessity." Summary Judgment Motion, pp. 21, 28.

By arguing that its ex-offender employment policy for paratransit providers is supported by business necessity, SEPTA placed the truth of this fact at issue in this case and opened the door for Plaintiff to inquire further into business necessity issues. See Fed. R. Civ. P. 26(b)(1) (permitting discovery of any matter relevant to the claim or defense of any party).

---

[4] See SEPTA Policy/Instruction 6.29.2 (Exhibit D).

Where SEPTA's *own* ex-offender employment policy imposes significantly less restrictive prohibitions than the ex-offender employment policy imposed on paratransit providers, Plaintiff should be permitted to inquire into the differences between the two policies and examine the truth of SEPTA's business necessity claim.

## C.    SEPTA should have to produce documents responsive to Merits Document Request 19.

Plaintiff's Merits Document Request 19 seeks: "All documents relating to David DeSouza." Plaintiff's First Merits Document Requests, p. 9.

SEPTA refused to produce documents in response to Merits Document Request 19, objecting that this Request is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and violative of the attorney-client and work product privileges. SEPTA's Response to Plaintiff's First Merits Document Requests, p. 8.

Documents sought by Merits Document Request 19 are relevant to Plaintiff's claims and SEPTA's defenses such that permitting SEPTA to withhold the requested documents will prejudice Plaintiff's ability to proceed with this litigation.

SEPTA's Summary Judgment Motion contains multiple specific references to Mr. DeSouza, his criminal record, and actions he performed during the time he worked as a paratransit driver as justification for the dismissal of Plaintiff's claims. See Summary Judgment Motion, pp. 3, 10-11 ("This Court need only consider the [DeSouza incident] to dismiss this action").

Where SEPTA has based its request for summary judgment, in part, on facts relating to Mr. DeSouza, those facts are, by definition, relevant to these proceedings and Plaintiff is entitled

discovery on those facts. See Fed. R. Civ. P. 26(b)(1) (permitting discovery of any matter relevant to the claim or defense of any party).

**D.    SEPTA should have to produce documents responsive to Merits Document Request 20.**

Plaintiff's Merits Document Request 20 seeks: "All documents relating to SEPTA's policies for the retention or destruction of paper and electronic documents, and whether those policies have been followed for the documents Plaintiff has requested in this case." Plaintiff's First Merits Document Requests, p.9.

SEPTA refused to produce documents in response to Merits Document Request 20, objecting that this Request is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. SEPTA's Response to Plaintiff's First Merits Document Requests, p. 9.

Documents sought by Merits Document Request 20 are relevant to Plaintiff's claims and SEPTA's defenses such that permitting SEPTA to withhold the requested documents will prejudice Plaintiff's ability to proceed with this litigation.

Whether a party has a document destruction policy or has abided by that policy, is generally considered to be a proper subject of discovery. See Muhl v. Tiber Holding Corp., 1997 WL 13680, *2 (E.D. Pa. Jan. 9, 1997); Amsler v. Teledyne Continental Motors Aircraft Products, 1991 WL 224576, *2 (E.D. Pa. Oct. 22, 1991); Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 1991 WL 211223, *5 (E.D. Pa. Oct. 9, 1991). See also Stevenson v. Union Pacific R. Co., 354 F.3d 739, 749-50 (8th Cir. 2004); In re Prudential Ins. Co. of America Sales Practices Litigation, 169 F.R.D. 598, 601-02 (D. N.J. 1997).

Following this principle, the discovery of document destruction policies has repeatedly been allowed. See Nike, Inc., 2002 WL 32348549 at *12; Muhl, 1997 WL 13680 at *2; Rhone-Poulenc Rorer, Inc., 1991 WL 211223 at *5. See also In re "Agent Orange" Prod. Liab. Litig., 98 F.R.D. 558 (S.D.N.Y. 1983).

The specific circumstances of this case place added relevance on SEPTA's document destruction policy. SEPTA has answered in response to no less than 15 of Plaintiff's document requests that it "does not have" responsive documents "in its custody or control," or that Plaintiff's Requests are "better directed to" another party. See SEPTA's Response to Plaintiff's Merits Document Request 1; SEPTA's Responses to Plaintiff's Class Document Requests 5-18.[5] Thus, there is an open question as to whether SEPTA once possessed (and has since destroyed) documents responsive to these Requests, and Plaintiff should be allowed to further explore SEPTA's assertions. See Nike, Inc., 2002 WL 32348549 at *12.

_____

[5] See SEPTA's Responses to Plaintiff's First Set of Document Requests (Exhibit E).

-7-

## III.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court: grant this Motion and order SEPTA to produce documents in response to Plaintiff's Merits Document Requests 4, 19 and 20 within seven days.

Dated: February 6, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 6th day of February, 2004, a true and correct copy of Plaintiffs' Motion to Compel Merits Document Request Responses from SEPTA was served upon the following counsel by First Class U.S. mail:

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
The Shoppes at Flowers Mill
225 Flowers Mill Road
Langhorne, PA 19047

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class