## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------
DOUGLAS EL,                              :
Individually and on behalf of            :
all others similarly situated,           :
            Plaintiff,                    :
    v.                                    :          CIVIL ACTION
                                          :          NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA                 :
TRANSPORTATION AUTHORITY,                 :
            Defendant.                    :
-------------------------------------------------------
```

## ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Compel Allstate

Paratransit, Inc. to Comply With Plaintiff's Subpoena Requiring the Production of Documents,

IT IS, on this _____ day of _____, 2004,

ORDERED THAT Plaintiff's Motion is GRANTED, and that:

1.    Allstate Paratransit, Inc. is found to be in contempt of court for failing to comply

      with Plaintiff's Subpoena without objection or excuse;

2.    Allstate Paratransit, Inc. shall produce documents in response to Plaintiff's

      Subpoena within seven days;

3.    Allstate Paratransit, Inc. shall pay sanctions to Plaintiff's counsel in the amount

      of $500.00 to reimburse them for the time spent preparing, filing and litigating

      this Motion;

_____
THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

DOUGLAS EL,                              :
Individually and on behalf of           :
all others similarly situated,           :
      Plaintiff,              :
    v.                                :          CIVIL ACTION
                                         :          NO.  02-CV-3591
SOUTHEASTERN PENNSYLVANIA                :
TRANSPORTATION AUTHORITY,                :
      Defendant.              :

---------------------------------------------------------

## PLAINTIFF'S MOTION TO COMPEL
## ALLSTATE PARATRANSIT, INC.
## TO COMPLY WITH PLAINTIFF'S SUBPOENA
## REQUIRING THE PRODUCTION OF DOCUMENTS

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 45, hereby

moves this Court to compel Allstate Paratransit, Inc. ("Allstate") to comply with Plaintiff's

January 12, 2004 Subpoena and produce the documents requested therein.  In support of this

Motion, Plaintiff avers as follows:

    1.    On April 28, 1993, Allstate entered into a contract with SEPTA for the provision

of paratransit services.[1]

    2.    On November 13, 2002, Plaintiff filed a four-count Amended Complaint against

SEPTA.  Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed

on its paratransit providers (including Allstate) that required them to reject all job applicants with

a past criminal conviction and terminate all employees with a past criminal conviction without

conducting any inquiry into when their conviction occurred, the circumstances surrounding their

conviction, or whether their conviction had any relationship to their job responsibilities.

---

[1]  See Allstate paratransit services contract (Exhibit A).

3.      Plaintiff's claims are brought as a class action on behalf of "all people who have been denied employment, between January 1, 1991 and the present, by any company that has provided paratransit services for SEPTA as a result of a past felony or misdemeanor conviction." See Complaint, ¶28.

4.      On December 23, 2002, SEPTA filed a Third-Party Complaint against nine companies with which it had contracted for paratransit services during the Class Period but, for reasons unclear to Plaintiff, did not join Allstate in the case.

5.      On January 12, 2004, Plaintiff prepared a Subpoena for service on Allstate that compelled the production of documents relevant to Plaintiff's claims by February 2, 2004 and delivered the Subpoena to a process server.[2]  Plaintiff's Subpoena was served on January 14, 2004.

6.      Allstate did not serve any objections on Plaintiff within 14 days of receipt as required by Fed. R. Civ. P. 45(c)(2)(B).  Indeed, 30 days after service, Allstate still has not served any objections on Plaintiff.

7.      Allstate did not produce any documents in response to Plaintiff's Subpoena by the date set for compliance as required by Fed. R. Civ. P. 45.  Indeed, more than more than 30 days after service, Allstate still has not produced any documents to Plaintiff.

8.      On February 11, 2004, Plaintiff's counsel spoke to Joseph Creighton, the person who accepted service of the Subpoena on January 14, 2004, about whether Allstate intended to comply with Plaintiff's subpoena.  Mr. Creighton referred Plaintiff's counsel to Allstate's Claims Department. On February 11, 2004, Plaintiff's counsel spoke to  Roseanne in Allstate's Claims

_____

[2]  See Plaintiff's January 12, 2004 Subpoena (Exhibit B).

-2-

Department. Roseanne said that she received Plaintiff's Subpoena around January 20, 2004 and sent it to Allstate's counsel, David Woloshin, on January 23, 2004 with instructions to "handle it" for Allstate.

9.    Mr. Woloshin entered his appearance in this case in March 2003 as counsel for Anderson and Triage. Since that date, Plaintiff's counsel have had numerous discussions with Jeffrey Killino, an attorney in Mr. Woloshin's office. At no time has Mr. Killino so much as mentioned Allstate or Plaintiff's outstanding Subpoena, much less discussed his plans to produce the documents it seeks. Mr. Killino's long-standing failure to comply with discovery obligations imposed by the Federal Rules or with this Court's direct order to produce discovery on behalf of his other paratransit clients are detailed more fully in Plaintiff's Second Motion to Compel the Production of Documents from Anderson Travel and Triage, Inc. (filed February 4, 2004).

10.    Plaintiff's counsel left a message on Mr. Woloshin's voice-mail on February 12, 2004 to determine whether he had any plans to comply with the Subpoena served on Allstate. As of the date of this filing, this message had not been returned.

11.    Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, plaintiff respectfully requests that the Court: (1) grant this Motion; (2) order Allstate to Comply With Plaintiff's Subpoena Requiring the Production of Documents within seven days; (3) hold Allstate in contempt of court for failing to voluntarily comply with Plaintiff's Subpoena without objection or excuse; and (4) order Allstate to pay Plaintiff's counsel sanctions in the amount of $500.00 as compensation for the time spent preparing, filing and litigating this Motion.

Respectfully submitted,

Dated: February 13, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------
DOUGLAS EL,                                 :
Individually and on behalf of              :
all others similarly situated,             :
       Plaintiff,                         :
     v.                                   :      **CIVIL ACTION**
                          :      **NO.  02-CV-3591**
SOUTHEASTERN PENNSYLVANIA          :
TRANSPORTATION AUTHORITY,          :
       Defendant.                         :
-------------------------------------------------------

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL
## ALLSTATE PARATRANSIT, INC.
## TO COMPLY WITH PLAINTIFF'S SUBPOENA
## <u>REQUIRING THE PRODUCTION OF DOCUMENTS</u>

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: February 13, 2004

## I.    BACKGROUND INFORMATION

### A.    Summary Of Plaintiff's Allegations

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

### B.    Procedural Posture Of The Litigation

On November 12, 2003, SEPTA filed a Motion for Summary Judgment Against Plaintiff. In a phone conference on November 14, 2003, this Court permitted Plaintiff to pursue merits discovery from all Defendants and set March 15, 2004 as the due date for Plaintiff's summary judgment opposition.

### C.    Relevant Facts

On April 28, 1993, Allstate entered into a contract with SEPTA for the provision of paratransit services.[1]

On December 23, 2002, SEPTA filed a Third-Party Complaint against nine companies with which it had contracted for paratransit services during the Class Period but, for reasons unclear to Plaintiff, did not join Allstate in the case.

On January 12, 2004, Plaintiff prepared a Subpoena for service on Allstate that compelled the production of documents relevant to Plaintiff's claims by February 2, 2004 and delivered the

---

[1] See Allstate paratransit services contract (Exhibit A).

Subpoena to a process server.[2]  Plaintiff's Subpoena was served on January 14, 2004.

Allstate did not serve any objections on Plaintiff within 14 days of receipt as required by Fed. R. Civ. P. 45(c)(2)(B).  Indeed, 30 days after service, Allstate still has not served any objections on Plaintiff.

Allstate did not produce any documents in response to Plaintiff's Subpoena by the date set for compliance as required by Fed. R. Civ. P. 45.  Indeed, more than more than 30 days after service, Allstate still has not produced any documents to Plaintiff.

On February 11, 2004, Plaintiff's counsel spoke to Joseph Creighton, the person who accepted service of the Subpoena on January 14, 2004, about whether Allstate intended to comply with Plaintiff's subpoena.  Mr. Creighton referred Plaintiff's counsel to Allstate's Claims Department.  On February 11, 2004, Plaintiff's counsel spoke to  Roseanne in Allstate's Claims Department.  Roseanne said that she received Plaintiff's Subpoena around January 20, 2004 and sent it to Allstate's counsel, David Woloshin, on January 23, 2004 with instructions to "handle it" for Allstate.

Mr. Woloshin entered his appearance in this case in March 2003 as counsel for Anderson and Triage.  Since that date, Plaintiff's counsel have had numerous discussions with Jeffrey Killino, an attorney in Mr. Woloshin's office.  At no time has Mr. Killino so much as mentioned Allstate or Plaintiff's outstanding Subpoena, much less discussed his plans to produce the documents it seeks.  Mr. Killino's long-standing failure to comply with discovery obligations imposed by the Federal Rules or with this Court's direct order to produce discovery on behalf of his other paratransit clients are detailed more fully in Plaintiff's Second Motion to Compel the Production of Documents from Anderson Travel and Triage, Inc. (filed February 4, 2004).

_____

[2]  See Plaintiff's January 12, 2004 Subpoena (Exhibit B).

Plaintiff's counsel left a message on Mr. Woloshin's voice-mail on February 12, 2004 to determine whether he had any plans to comply with the Subpoena served on Allstate. As of the date of this filing, this message had not been returned.

## II.   ARGUMENT

### A.   Rule 45 Permits the Issuance of Document Subpoenas on Non-Parties.

Federal Rule of Civil Procedure 45 expressly permits the issuance of a subpoena compelling the production of documents from a non-party. Fed. R. Civ. P. 45. See Badman v. Stark, 139 F.R.D. 601, 603 (M.D. Pa. Aug. 2, 1991) (Rule 45 subpoena is correct mechanism for compelling the production of documents from non-parties); Macario v. Pratt & Whitney Canada, Inc., 1991 WL 1004, *1-2 (E.D. Pa. Jan 2, 1991).

### B   Under Rule 45, Objections to a Subpoena must Be Raised Within 14 Days Or Are Considered Waived.

Where, as here, a subpoena has been properly issued and served, the party from whom production is sought has 14 days to serve written objections concerning the requested production or is understood to waive any such objections. Fed. R. Civ. P. 45(c). See Wright v. Montgomery County, 1999 WL 80275, *3-4 (E.D. Pa. Feb. 3, 1999); Barnes Foundation v. Township of Lower Merion, 1997 WL 169442, *2 (E.D. Pa. Apr. 7, 1997).

Allstate was personally served with Plaintiff's Subpoena by an authorized process-server on January 14, 2003. See Plaintiff's January 12, 2004 Subpoena. Allstate did not serve any objections on Plaintiff within 14 days of receipt as required by Rule 45(c). Indeed, more than 30 days after receiving service, Allstate still has not served any objections on Plaintiff. As a result, Allstate has waived its right to object to Plaintiff's Subpoena. See Packer, 1999 WL 1038343 at * 1-2.

**C.    Compliance with a Subpoena is Required Where a Reasonable Time has been Provided for Compliance.**

A subpoena must permit the receiving party reasonable time for compliance. Fed. R. Civ. P. 45(c). See Packer v. Hansen, 1999 WL 1038343, *1 (E.D. Pa. Nov. 12, 1999); Donahoo v. Ohio Dept. of Youth Services, 211 F.R.D. 303, 305 (N.D. Ohio 2002).  Courts generally apply the 14-day window relating to the time for objections under Rule 45(c)(2)(A) as a guideline for determining whether a reasonable time was provided for compliance. See Packer, 1999 WL 1038343 at *1 (18 days is reasonable time for compliance); Donahoo, 211 F.R.D. 303 at 305 (14 days is reasonable time for compliance).

Allstate received Plaintiff's Subpoena on January 14, 2004. See Plaintiff's January 12, 2004 Subpoena.  Plaintiff's Subpoena directed Allstate to produce documents in response to nine limited areas relevant to his claims against SEPTA.  Id.  Plaintiff's Subpoena allowed Allstate 19 days for compliance.  Id.  Allstate not only failed to produce any documents within that time, but it still has not produced a single document more than 30 days after service.  Allstate, without providing any justification or excuse, has failed to comply with Plaintiff's Subpoena.

**D.    Allstate Has Failed to Comply with Plaintiff's Subpoena Without Excuse or Justification and Should Be Sanctioned.**

Where any person fails to comply with a properly-issued subpoena without providing an adequate excuse, they may be deemed in contempt of court. Fed. R. Civ. P. 45(e). See Ingersoll-Rand Co. v. Donovan, 540 F. Supp. 222, 226 (M.D. Pa. 1982).  Plaintiff's Subpoena was properly drafted and served; it was limited in scope and provided a reasonable time for compliance.  Allstate did not raise any timely objections to the Subpoena, and has not raised any objections in the weeks since the time for compliance passed.  Allstate did not timely produce

-4-

any of the documents sought by the Subpoena, and has not produced any documents in the weeks since the time for compliance passed. Allstate's counsel has repeatedly failed to comply with the discovery obligations imposed by the Federal Rules of Civil Procedure in this case and are presently in direct violation of this Court's order with respect to discovery sought from Anderson and Triage. Under these circumstances, an award of sanctions would be appropriate.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) grant this Motion; (2) order Allstate to Comply With Plaintiff's Subpoena Requiring the Production of Documents within seven days; (3) hold Allstate in contempt of court for failing to voluntarily comply with Plaintiff's Subpoena without objection or excuse; and (4) order Allstate to pay Plaintiff's counsel sanctions in the amount of $500.00 as compensation for the time spent preparing, filing and litigating this Motion.

Dated: February 13, 2004

_____
Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

-5-

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 13th day of February, 2004, a true and

correct copy of Plaintiffs' Motion to Compel Allstate Paratransit, Inc. to Comply With Plaintiff's

Subpoena Requiring the Production of Documents was served upon the following counsel by

First Class U.S. mail:

David Woloshin, Esquire
42 S. 15th Street, Suite. 810
Philadelphia, PA 19102

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
The Shoppes at Flowers Mill
225 Flowers Mill Road
Langhorne, PA 19047

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 496-0300

Attorney for Plaintiff and the Class

# EXHIBIT A

**CONTRACT**
**FOR TECHNICAL SERVICES**

THIS AGREEMENT, entered into this _28th_ day of _April_ , 19_93_, by and
between the Southeastern Pennsylvania Transportation Authority (hereinafter
called "SEPTA"), an agency and instrumentality of the Commonwealth of
Pennsylvania, and _Allstate Transportation Company, Inc._
(hereinafter called "CONTRACTOR"), a _Corporation_ organized under
the laws of _Pennsylvania_ , with principal offices located at
_5070 Parkside Avenue, Suite 1300, Philadelphia, PA 19131_ .

WITNESSETH:

WHEREAS, SEPTA needs to acquire certain technical services hereinafter more
fully described and set forth in the SPECIFICATIONS, attached hereto and
incorporated herein, in connection with an undertaking known as Paratransit
Services as set forth in the Exhibit A (hereinafter called the "PROJECT");

WHEREAS, Contractor, pursuant to SEPTA's INVITATION TO BID, has submitted a
Proposal to perform those services described in the SPECIFICATIONS.

NOW, THEREFORE, in consideration of the mutual covenants herein contained,
the parties hereto, intending to be legally bound hereby, agree as follows:

I.  Contractor shall perform those services and supply those products
described in the SPECIFICATIONS which are attached hereto and made a part of this
Contract and hereinafter called the "Work". – EXHIBIT V

II.  SEPTA shall pay to the Contractor, in consideration for performing the
Work in conformity with the SPECIFICATIONS, the Firm Fixed Price(s) set forth in
Exhibit A, attached hereto and made a part hereof.

III. THE CONTRACT

    A.  The Contract Documents form the Contract and represent the entire
        and integrated agreement between the parties and, except for
        substantial representations made by the Contractor upon which SEPTA
        was entitled to rely in making the decision to award this Contract
        to the Contractor, supersede all prior negotiations,
        representations, or Agreements, either written or oral.  The
        Contract Documents which form this Contract consist of the
        following:

    1)  Agreement, including any amendment, modification or change order to
        this Contract mutually agreed to in writing and signed by proper
        officials of both parties
    2)  Performance Bond
    3)  Specifications, including any drawings (collectively referred to as
        the "SPECIFICATIONS")
    4)  Any other attachment or exhibit attached hereto
    5)  Insurance Requirements

6) Bidding Documents as follows:

a) Invitation to Bid
b) Instructions to Bidders
c) Proposal Form
d) Bid Specifications and Drawings
e) Bid Security
f) Addenda or Bulletins issued prior to bid opening

B. Order Of Precedence.  In the event of any conflicts among the Contract Documents listed in IIIA above, the terms and requirements of the document which appears earliest in the listing shall govern.

C. No change, modification, or amendment to the Contract shall be binding upon either party unless set forth in writing and signed by the proper officials of both parties and, where applicable, concurred in or approved by any government of agency or instrumentality thereof which provided financial assistance for the Project.  Variations, additions, or exceptions to the terms and conditions set forth in the Contract Documents shall not be considered part of this Contract unless expressly agreed to in a writing signed by SEPTA and by a proper official of Contractor, if necessary, and incorporated herein.

## IV.  CONTRACT STANDARD

The SPECIFICATIONS, including any addenda and modifications issued thereto, shall provide the standard for determining whether the Work meets Contract requirements.

## V.  CONTRACTOR TO COOPERATE WITH SEPTA's DESIGNATED PROJECT REPRESENTATIVES

Contractor shall cooperate with SEPTA's Project Representatives, namely SEPTA's Project Manager, who shall be responsible for technical direction provided by SEPTA, and SEPTA's Contract Administrator, who shall be responsible for the administration of this contract on SEPTA's behalf.

## VI.  TIME OF PERFORMANCE

Contractor shall commence performance under this Contract within five (5) days of receipt of SEPTA's Notice to Proceed and shall fully complete performance, including submission of all required reports, of this Contract within the time specified in Exhibit A.  All time limits contained in the Contract Documents are of the essence.

## VII.  LIQUIDATED DAMAGES - (*Not Applicable*)

If the Work is not performed in accordance with the SPECIFICATIONS, on the day herein fixed as the completion date,  N/A  Dollars per day shall be paid to SEPTA by Contractor, or shall be deducted from any amount due to the Contractor by SEPTA, as Liquidated Damages for every day or part thereof that the performance of this Contract shall remain incomplete after the completion date set forth in Exhibit A.  All Liquidated Damages shall remain the property of SEPTA.

TS-A-2 - 3/91

VIII.  DELAY IN COMPLETION BEYOND CONTRACTOR's CONTROL

If Contractor shall be delayed in the completion and performance under this Contractor by reason of unforeseeable causes beyond his control and without his contribution, neglect, fault, or negligence, including but not restricted to acts of God, acts of neglect of SEPTA, acts of neglect of any other contractor, fires, floods, epidemics, quarantines, strikes, or freight embargoes, the time herein specified for completion of Contract Performance may be extended at the reasonable discretion of SEPTA, by such time as shall be fixed by SEPTA in writing.  The Contractor shall not be entitled to any damages, compensation, or adjustment from SEPTA on account of any delay or delays, including delays in payment to Contractor, resulting from any of the aforesaid causes.

IX.  EXTENSION OF TIME, NOT WAIVER OF TIMELY PERFORMANCE

A.  Any extension of time granted by SEPTA pursuant to Section VII above shall operate only to mitigate Liquidated Damages; no such extension of time shall be deemed a waiver by SEPTA of its right to terminate this Contract for delay by the Contractor, nor shall such extension relieve Contractor from full responsibility for performance of his obligations hereunder.

B.  All requests for extensions of time for the performance of the contract pursuant Section VIII above, shall be made to SEPTA in writing within 48 hours after the occurrence of any delay or the Contractor's knowledge of the possibility of any such delay.  The request for an extension of time shall state in detail the reason for the delay, the duration or estimated duration of such delay, steps planned or taken to mitigate or cure the delay and the time within which performance of the Contract can be completed.  The failure to advise SEPTA of any such delay in accordance with this to advise SEPTA of any such delay in accordance with this paragraph will preclude the grant of any extension of time of performance and subject the Contractor to the immediate assessment of liquidated damages.

X.  INSPECTION

If SEPTA so elects, SEPTA or its representatives may inspect the Work.

XI.  MONTHLY REPORTS

Contractor shall render monthly progress reports in such form and detail as SEPTA may require.

XII.  LOCATION OF WORK AND DELIVERY OF DOCUMENTS

A.  The location of the Work shall be as required in the SPECIFICATIONS and/or as set forth in Exhibit A.

B.  Unless specified elsewhere in the Contract Documents, any reports, records or other documents shall be delivered to SEPTA's General Offices, 200 W. Wyoming Avenue, Philadelphia, PA 19140.

TS-A-3 - 3/91

XIII.  INDEMNIFICATION

Contractor agrees to be liable for and to defend, indemnify and save harmless the Southeastern Pennsylvania Transportation Authority (SEPTA), its Board members, agents, indemnities, servants and/or employees, the Pennsylvania Department of Transportation, the City of Philadelphia, and/or any government funding agency providing funds or services in connection with this Project from and against any and all liability cost and expense, including consequential damages, counsel fees, whether or not arising out of any claim, suit or action at law, in equity, or otherwise, of any kind or nature whatsoever, including negligence, which may be brought against the Southeastern Pennsylvania Transportation Authority and/or any or all of the aforementioned on account of any loss to property or injury to person or persons (including death) which may be sustained either during the term of this Contract, or upon or after completion of the Project, as a result, direct or indirect, of the performance of this Contract.

The Contractor shall be expressly liable for any and all injuries to persons (including death) or damage to property of whatever kind or nature, resulting directly or indirectly, by reason of any act or omission on the part of the Contractor or any of its Subcontractors at any tier in connection with the performance of this Contract.

The Contractor shall be expressly liable for any and all damages to property (including the work site) or injury to person or person(s) (including death) arising out of the inherent nature of work performed by Contractor in this Project.

Contractor agrees for himself and on behalf of his agents, servants, subcontractors, materialmen and employees to defend, indemnify or hold harmless SEPTA from and against any and all claims of any kind or nature whatsoever including but not limited to any action, claim, suit, lien or judgement arising directly or indirectly from any aspect of the Contract and including but not limited to disputes of any kind or nature whatsoever arising out of any claims regarding subcontractors and materialmen at any time and agrees to assume the defense of SEPTA to any such suit at his sole cost and expense.

In claims against SEPTA by an employee of Contractor, its subcontractors at any tier, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, the indemnification obligation of Contractor shall not be limited by a limitation on amount or type of damages, compensation or benefits payable by or for Contractor or its subcontractors at any tier, under workers' or workmens' compensation acts, disability benefit acts or other employee benefit acts.

XIV.  INSURANCE

Contractor shall comply with the Insurance Requirements set forth in Exhibit III attached hereto and incorporated herein, and shall furnish satisfactory evidence of such insurance simultaneously with the execution and delivery of this Contract.  Such insurance shall be maintained by Contractor in full force and effect until the Work has been completed and accepted by SEPTA.

TS-A-4 - 3/91

XV.  METHOD OF PAYMENT

    A.  To obtain payment of a portion of the Contract Sum, Contractor once service is initiated may submit to SEPTA, not more than once each calendar month, a requisition for payment for services rendered in the preceding month, in such form and reasonable detail as SEPTA may require.  In such requisition Contractor shall:

        1.  Certify that the services described were performed in conformity with the terms of the Contract and that it is entitled to receive the amount specified under the terms of the Contract in accordance with that description.

        2.  Itemize all costs incurred for the requisition period in accordance with the unit price breakdown stated in Exhibit A.

    B.  SEPTA shall have the right to take advantage of any discounts offered by Contractor for prompt payment of full invoiced amount.

XVI.  ASSIGNMENT OF RIGHTS:  DELEGATION OF DUTIES

    A.  Contractor shall not sell, assign, transfer, or dispose of any interest in this Contract without the prior written consent of SEPTA thereto.  SEPTA shall not be obligated to give such consent.

    B.  Contractor shall not delegate any duty to be performed under this Contract without prior written consent of SEPTA thereto.

    C.  Any attempt by Contractor to make such assignment or delegation shall give SEPTA the right to terminate this Contract with no further obligation to Contractor or anyone to whom the Contractor has attempted to assign, transfer, or delegate rights or obligations under this Contract.

XVII.  TERMINATION FOR CAUSE

    A.  If Contractor fails to remedy to SEPTA's satisfaction the breach or default of any of the terms, covenants, or conditions of this contract within ten (10) days after receipt by Contractor of written notice from SEPTA setting forth the nature of said breach or default, SEPTA shall have the right to terminate the contract without any further obligation to Contractor.  Any such termination for cause shall not in any way operate to preclude SEPTA from also pursuing all available remedies against Contractor and its sureties for said breach or default.

    B.  In the event that SEPTA elects to waive its remedies for any breach by Contractor of any covenant, term or condition of this Contract, such waiver by SEPTA shall not limit SEPTA's remedies for any succeeding breach of that or of any other term, covenant, or condition of this Contract.

TS-A-5 - 3/91

XVIII. <u>TERMINATION FOR CONVENIENCE</u>

In addition to any other rights of termination which may exist, SEPTA shall have the right to terminate this Contract for SEPTA's convenience. Termination notice shall specify the effective date of termination. Termination for convenience shall create no obligations on the part of SEPTA other than the following:

    A. Payment to Contractor for any Work performed by Contractor in conformity with the SPECIFICATIONS, prior to the effective date of termination.

    B. Payment to Contractor for engineering costs identified solely to this contract and incurred by Contractor prior to the receipt of SEPTA's notice of termination, subject to audit by SEPTA or its representatives.

XIX.  <u>CHANGES</u>

    A. A Change Order is a written order to the Contractor, signed by SEPTA's Contract Administrator, issued in accordance with SEPTA's standard procedures and, authorized either by its Chief Operations Officer/General Manager or by its Board, as appropriate, after the execution of the Contract, which makes a Change in the Work or an adjustment in the Contract Sum or the Contract Time. A Change Order shall also be signed by the Contractor if he agrees to the adjustment in the Contract Sum or the Contract Time. The Contract Sum and the Contract Time may be changed only by Change Order.

    B. SEPTA hereby reserves the right, at any time, to make additions, deletions or revisions to the Work. Any such changes will be authorized in writing by Change Order issued by SEPTA and sent to the Contractor who shall proceed to execute the necessary changes. Increases or decreases in contract process that will result in any change order shall be determined by SEPTA in accordance with the Federal Acquisition Regulation, Part 31.2. Extensions of time or acceleration of performance by the Contractor as a result of the issuance of the Change Order shall be determined in accordance with Section IX.

  XX. <u>AUDIT AND INSPECTION OF BOOKS AND RECORDS</u>

Contractor shall keep written records in reasonable detail of all the Work performed by it under this Contract. All written records, reports, work sheets, data and information prepared, generated, or obtained in connection with Contractor's performance of the Work shall be made available during the term of this Contract and for a period of five years thereafter, together with all books and other data or information, in whatever form contained, relating to Contractor's performance under this Contract. Contractor shall permit the audit and inspection of the aforementioned material by appropriate officers or representatives of SEPTA and any governmental funding agency providing assistance for this Project, including the United States Department of Transportation, the Office of the Comptroller General of the United States, and the Pennsylvania Department of Transportation.

TS-A-6 - 3/91

XXI. <u>PERFORMANCE DURING DISPUTES</u>

Unless other wise directed by SEPTA, Contractor will continue performance under this Contract while matters in dispute are being resolved.

XXII. <u>CONTRACT SECURITY</u>

The Contractor shall furnish and maintain properly executed Performance Bonds written by a good and sufficient surety and in a form acceptable to SEPTA, in the amount of <u>ten percent (10%) of the contract amount or $100,000, whichever is less</u>. If any surety shall become insolvent or bankrupt in a technical or equitable sense, or otherwise become unqualified to underwrite these bonds, SEPTA may require, on ten (10) days written notice, the Contractor to furnish new or additional bonds from the same or different sureties so as to be fully secured at all times for the amount of the initial bond(s).

XXIII. <u>FEDERAL, STATE AND LOCAL CONTRACT REQUIREMENTS</u>

Contractor shall abide by all requirements attached hereto and made a part hereof in Exhibits I and II for all the work performed in connection with the Project.

XXIV. <u>COMPLIANCE WITH FEDERAL, STATE AND LOCAL LAWS</u>

Contractor shall comply with all applicable laws, ordinances, and regulations of Federal, State and Local governments in effect during the term of this Contract. All material furnished hereunder shall comply with said provisions.

XXV. <u>NOTICES</u>

All notices given by either party to the other shall be effective only if given in writing and sent to the following addresses of the parties, or to such other addresses as may be designated by the parties in writing. Notice shall be effective upon receipt.

<u>TO SEPTA:</u>    J. Philip Johnson, Director of Procurement
Southeastern Pennsylvania Transportation Authority
200 West Wyoming Avenue
Philadelphia, Pennsylvania 19140

<u>TO CONTRACTOR:</u>

Jerome Henderson, President
Allstate Transportation Company, Inc.
5070 Parkside Avenue, Suite 1300
Philadelphia, PA  19131

TS-A-7 - 3/91

XXVI. CLAIM AGAINST SEPTA BOARD OR SEPTA EMPLOYEE

    A.  Contractor shall make no claim against any of the members of the SEPTA Board or its officers, servants, agents, or employees.

    B.  Third Party Contract Rights

    It is agreed that SEPTA, neither by this clause nor by any other provisions in this contract or other statements prior to or contemporaneous with this Contract creates any right or expectation in any third party or third parties (including, without limitation, subcontractors and SEPTA DBE subcontractors) enforceable at law or in equity or any other proceeding against SEPTA, its officers, board, subsidizers, employees, agents or assigns.

XXVII. GOVERNING LAW

    This Contract shall be governed by the laws of the Commonwealth of Pennsylvania.

XXVIII. SEPTA EQUAL EMPLOYMENT OPPORTUNITY/AFFIRMATIVE ACTION CONTRACTUAL REQUIREMENT

    Contractor shall abide by all requirements attached hereto and made a part hereof in Exhibit IV for all work performed in connection with this Contract.

XXIX. PROJECT FINDINGS

    SEPTA shall have the right to use, for any purpose and in any manner it deems appropriate, all reports, project findings, and information prepared or obtained by Contractor in connection with the Project.

XXX. DISPUTES

    Disputes arising in the performance of this contract which are not resolved by agreement of the parties shall be decided in writing by the authorized representative of SEPTA's Assistant General Manager - Materiel & Contracts. This decision shall be final and conclusive unless within ten (10) days from the date of receipt of its copy, the Contractor mails or otherwise furnishes a written appeal to the Assistant General Manager - Materiel & Contracts. In connection with any such appeal, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its position. The decision of the Assistant General Manager - Materiel & Contracts shall be binding upon the Contractor and the Contractor shall abide by the decision.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by the undersigned duly authorized officers, under seal, as of the day and the year first above written.

ATTEST:                                    SOUTHEASTERN PENNSYLVANIA
                                           TRANSPORTATION AUTHORITY


_Mary C. Donahue_
(SECRETARY)
                                           LOUIS J GAMBACCINI
                                           CHIEF OPERATIONS OFFICER/
                                           GENRAL MANAGER


ATTEST:                                    CONTRACTOR  ALLSTATE TRANSPORTATION
                                                                    CO., INC.

_Mary A. _____
(SECRETARY OR TREASURER)                   BY: _Jerome M. Henderson_
                                           PRESIDENT OR VICE PRESIDENT



                                           _Jerome M. Henderson_
                                               (please type name)




                                                   (SEAL)




                                           APPROVED AS TO FORM:

                                           BY: _N. Roger Bowers_, Esq.
                                               General Counsel's Office




TS-A-9 - 3/91

# EXHIBIT B

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN                    DISTRICT OF        PENNSYLVANIA

DOUGLAS EL

## SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER: [1]    02-cv-3591

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY

TO:   Allstate Paratransit Inc.
      Allstate Transportation Company, Inc.
      3111 Grays Ferry Ave.
      Philadelphia, PA 19146

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Non-Party Subpoena Document Requests.

| PLACE  Spector Roseman & Kodroff, P.C.<br>1818 Market Street, Suite 2500, Philadelphia, PA 19103 | DATE AND TIME<br>February 2, 2004   10AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]        Attorney for Plantiff | January 12, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(215) 496- 0300     David J. Cohen, Spector Roseman & Kodroff, P.C.
                    1818 Market Street, Suite 2500, Philadelphia, PA 19103

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## NON-PARTY SUBPOENA DOCUMENT REQUESTS [1]

**Subpoena Request 1.**
All documents[2] related to any SEPTA policy concerning the application, hiring or termination of employees with past criminal convictions.

**Subpoena Request 2.**
All contracts for the provision of paratransit services between you[3] and SEPTA.

**Subpoena Request 3.**
All documents related to the number and identity of people with past criminal convictions you refused employment as a paratransit driver.

**Subpoena Request 4.**
All documents related to the number and identity of people with past criminal convictions you hired for the position of paratransit driver.

**Subpoena Request 5.**
All documents related to the number and identity of people with past criminal convictions you terminated from the paratransit driver position.

**Subpoena Request 6.**
All documents related to the racial composition of people who applied to work for you as a paratransit driver.

**Subpoena Request 7.**
All documents related to the racial composition of people you hired to work as a paratransit driver.

**Subpoena Request 8.**
All documents related to the racial composition of people you terminated from the paratransit driver position.

**Subpoena Request 9.**
All EEO-1 forms you filed from January 1, 1993 to the present.

---

[1]  Each of these Requests seeks documents from the time period January 1, 1993 to the present.

[2]  For purposes of this Subpoena, the term "document" includes, but is not limited to: all inter- and intra- office communications, correspondence, memoranda, notes, reports, summaries, messages, records, minutes, studies, contracts, agreements, press releases, brochures, pamphlets, circulars, bulletins, notices, charts, e-mail, computer disks, and print-outs of information stored or maintained by electronic data processing or word processing equipment. This definition also includes all preliminary versions, drafts, revised versions, duplicates and copies of any of the foregoing documents that have any non-conforming notes, changes or other markings.

[3]  For purposes of this Subpoena, the term "you" is used in the broadest possible sense and includes, without limitation, the non-party on whom this Subpoena has been served, all of its divisions, subsidiaries, affiliates, officers, employees, representatives, and all other persons or entities acting on its behalf.