IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| DOUGLAS EL,<br>Individually and on behalf of<br>all others similarly situated,<br>Plaintiff,<br>v.<br><br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br><br>CIVIL ACTION<br>NO. 02-CV-3591 |

---

## ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Compel Service Plus Delivery Systems, Inc. to Comply With Plaintiff's Subpoena Requiring the Production of Documents,

IT IS, on this _____ day of _____, 2004,

ORDERED THAT Plaintiff's Motion is GRANTED, and that:

1. Service Plus Delivery Systems, Inc. is found to be in contempt of court for failing to comply with Plaintiff's Subpoena without objection or excuse;

2. Service Plus Delivery Systems, Inc. shall produce documents in response to Plaintiff's Subpoena within seven days;

3. Service Plus Delivery Systems, Inc. shall pay sanctions to Plaintiff's counsel in the amount of $500.00 to reimburse them for the time spent preparing, filing and litigating this Motion;

_____
THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| DOUGLAS EL,<br>Individually and on behalf of<br>all others similarly situated,<br>　　　　Plaintiff,<br>v.<br><br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY,<br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:　CIVIL ACTION<br>:　NO. 02-CV-3591<br>:<br>:<br>:<br>: |

---

**PLAINTIFF'S MOTION TO COMPEL
SERVICE PLUS DELIVERY SYSTEMS, INC.
TO COMPLY WITH PLAINTIFF'S SUBPOENA
<u>REQUIRING THE PRODUCTION OF DOCUMENTS</u>**

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 45, hereby moves this Court to compel Service Plus Delivery Systems, Inc. ("Service Plus") to comply with Plaintiff's January 12, 2004 Subpoena and produce the documents requested therein. In support of this Motion, Plaintiff avers as follows:

1.　On July 10, 2003, Service Plus entered into a contract with SEPTA for the provision of paratransit services.[1]

2.　On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers (including Service Plus) that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

---

[1]　<u>See</u> Service Plus paratransit services contract (Exhibit A).

3.  Plaintiff's claims are brought as a class action on behalf of "all people who have been denied employment, between January 1, 1991 and the present, by any company that has provided paratransit services for SEPTA as a result of a past felony or misdemeanor conviction." See Complaint, ¶28.

4.  On December 23, 2002, SEPTA filed a Third-Party Complaint against nine companies with which it had contracted for paratransit services during the Class Period but, for reasons unclear to Plaintiff, did not join Service Plus in the case.

5.  On January 12, 2004, Plaintiff prepared a Subpoena for service on Service Plus that compelled the production of documents relevant to Plaintiff's claims by February 2, 2004 and delivered the Subpoena to a process server.[2] Plaintiff's Subpoena was served on January 14, 2004.

6.  Service Plus did not serve any objections on Plaintiff within 14 days of receipt as required by Fed. R. Civ. P. 45(c)(2)(B). Indeed, more than 30 days after service, Service Plus still has not served any objections on Plaintiff.

7.  Service Plus did not produce any documents in response to Plaintiff's Subpoena by the date set for compliance as required by Fed. R. Civ. P. 45. Indeed, more than more than 30 days after service, Service Plus still has not produced any documents to Plaintiff.

8.  Between February 11, 2004 and February 18, 2004, Plaintiff's counsel spoke to several employees at Service Plus, including Ed Carey, the person who accepted service of the Subpoena on January 14, 2004. Mr. Carey ultimately referred Plaintiff's counsel to Service Plus' Adjuster, Roseanne. On February 18, 2004, Roseanne told Plaintiff's counsel that she had

---

[2] See Plaintiff's January 12, 2004 Subpoena (Exhibit B).

received Plaintiff's Subpoena around January 20, 2004 and sent it to Service Plus's counsel, David Woloshin, on January 23, 2004 with instructions to handle the matter for Service Plus.

9. Mr. Woloshin entered his appearance in this case in March 2003 as counsel for Anderson and Triage. Since that date, Plaintiff's counsel have had numerous discussions with Jeffrey Killino, an attorney in Mr. Woloshin's office. At no time has Mr. Killino so much as mentioned Service Plus or Plaintiff's outstanding Subpoena, much less discussed his plans to produce the documents it seeks. Mr. Killino's long-standing failure to comply with discovery obligations imposed by the Federal Rules or with this Court's direct order to produce discovery on behalf of his other paratransit clients are detailed more fully in Plaintiff's Second Motion to Compel the Production of Documents from Anderson Travel and Triage, Inc. (filed February 4, 2004).

10. Plaintiff's counsel left a voice-mail message for Mr. Woloshin during the week of February 9, 2004 to invite discussions about Subpoenas Plaintiff served on Allstate and Metro Care, also Mr. Woloshin's clients. That message has not been returned. Plaintiff's counsel left another message on Mr. Woloshin's voice-mail on February 19, 2004 asking for a meet and confer specifically relating to his failure to produce Service Plus documents. This message has not been returned.

11. Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, plaintiff respectfully requests that the Court: (1) grant this Motion; (2) order Service Plus to Comply With Plaintiff's Subpoena Requiring the Production of Documents within seven days; (3) hold Service Plus in contempt of court for failing to voluntarily comply with Plaintiff's Subpoena without objection or excuse; and (4) order Service Plus to pay Plaintiff's counsel sanctions in the amount of $500.00 as compensation for the time spent preparing, filing and litigating this Motion.

Dated: February 20, 2004

Respectfully submitted,

_____
Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| DOUGLAS EL,<br>Individually and on behalf of<br>all others similarly situated,<br>    Plaintiff,<br>v.<br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     CIVIL ACTION<br>NO. 02-CV-3591 |

---

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL
SERVICE PLUS DELIVERY SYSTEMS, INC.
TO COMPLY WITH PLAINTIFF'S SUBPOENA
<u>REQUIRING THE PRODUCTION OF DOCUMENTS</u>**


Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class


Dated: February 20, 2004

I.     **BACKGROUND INFORMATION**

   A.     **Summary Of Plaintiff's Allegations**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

   B.     **Procedural Posture Of The Litigation**

On November 12, 2003, SEPTA filed a Motion for Summary Judgment Against Plaintiff. In a phone conference on November 14, 2003, this Court permitted Plaintiff to pursue merits discovery from all Defendants and set March 15, 2004 as the due date for Plaintiff's summary judgment opposition.

   C.     **Relevant Facts**

On July 10, 2003, Service Plus entered into a contract with SEPTA for the provision of paratransit services.[1]

On December 23, 2002, SEPTA filed a Third-Party Complaint against nine companies with which it had contracted for paratransit services during the Class Period but, for reasons unclear to Plaintiff, did not join Service Plus in the case.

On January 12, 2004, Plaintiff prepared a Subpoena for service on Service Plus that compelled the production of documents relevant to Plaintiff's claims by February 2, 2004 and

---

[1] See Service Plus paratransit services contract (Exhibit A).

delivered the Subpoena to a process server.[2]  Plaintiff's Subpoena was served on January 14, 2004.

Service Plus did not serve any objections on Plaintiff within 14 days of receipt as required by Fed. R. Civ. P. 45(c)(2)(B).  Indeed, more than 30 days after service, Service Plus still has not served any objections on Plaintiff.

Service Plus did not produce any documents in response to Plaintiff's Subpoena by the date set for compliance as required by Fed. R. Civ. P. 45.  Indeed, more than more than 30 days after service, Service Plus still has not produced any documents to Plaintiff.

Between February 11, 2004 and February 18, 2004, Plaintiff's counsel spoke to several employees at Service Plus, including Ed Carey, the person who accepted service of the Subpoena on January 14, 2004.  Mr. Carey ultimately referred Plaintiff's counsel to Service Plus' Adjuster, Roseanne.  On February 18, 2004, Roseanne told Plaintiff's counsel that she had received Plaintiff's Subpoena around January 20, 2004 and sent it to Service Plus's counsel, David Woloshin, on January 23, 2004 with instructions to handle the matter for Service Plus.

Mr. Woloshin entered his appearance in this case in March 2003 as counsel for Anderson and Triage.  Since that date, Plaintiff's counsel have had numerous discussions with Jeffrey Killino, an attorney in Mr. Woloshin's office.  At no time has Mr. Killino so much as mentioned Service Plus or Plaintiff's outstanding Subpoena, much less discussed his plans to produce the documents it seeks.  Mr. Killino's long-standing failure to comply with discovery obligations imposed by the Federal Rules or with this Court's direct order to produce discovery on behalf of his other paratransit clients are detailed more fully in Plaintiff's Second Motion to Compel the Production of Documents from Anderson Travel and Triage, Inc. (filed February 4, 2004).

---

[2] See Plaintiff's January 12, 2004 Subpoena (Exhibit B).

Plaintiff's counsel left a voice-mail message for Mr. Woloshin during the week of February 9, 2004 to invite discussions about Subpoenas Plaintiff served on Allstate and Metro Care, also Mr. Woloshin's clients. That message has not been returned. Plaintiff's counsel left another message on Mr. Woloshin's voice-mail on February 19, 2004 asking for a meet and confer specifically relating to his failure to produce Service Plus documents. This message has not been returned.

## II.   ARGUMENT

### A.   Rule 45 Permits the Issuance of Document Subpoenas on Non-Parties.

Federal Rule of Civil Procedure 45 expressly permits the issuance of a subpoena compelling the production of documents from a non-party. Fed. R. Civ. P. 45. See Badman v. Stark, 139 F.R.D. 601, 603 (M.D. Pa. Aug. 2, 1991) (Rule 45 subpoena is correct mechanism for compelling the production of documents from non-parties); Macario v. Pratt & Whitney Canada, Inc., 1991 WL 1004, *1-2 (E.D. Pa. Jan 2, 1991).

### B   Under Rule 45, Objections to a Subpoena must Be Raised Within 14 Days Or Are Considered Waived.

Where, as here, a subpoena has been properly issued and served, the party from whom production is sought has 14 days to serve written objections concerning the requested production or is understood to waive any such objections. Fed. R. Civ. P. 45(c). See Wright v. Montgomery County, 1999 WL 80275, *3-4 (E.D. Pa. Feb. 3, 1999); Barnes Foundation v. Township of Lower Merion, 1997 WL 169442, *2 (E.D. Pa. Apr. 7, 1997).

Service Plus was personally served with Plaintiff's Subpoena by an authorized process-server on January 14, 2003. See Plaintiff's January 12, 2004 Subpoena. Service Plus did not serve any objections on Plaintiff within 14 days of receipt as required by Rule 45(c). Indeed,

more than 30 days after receiving service, Service Plus still has not served any objections on Plaintiff. As a result, Service Plus has waived its right to object to Plaintiff's Subpoena. See Packer, 1999 WL 1038343 at * 1-2.

### C. Compliance with a Subpoena is Required Where a Reasonable Time has been Provided for Compliance.

A subpoena must permit the receiving party reasonable time for compliance. Fed. R. Civ. P. 45(c). See Packer v. Hansen, 1999 WL 1038343, *1 (E.D. Pa. Nov. 12, 1999); Donahoo v. Ohio Dept. of Youth Services, 211 F.R.D. 303, 305 (N.D. Ohio 2002). Courts generally apply the 14-day window relating to the time for objections under Rule 45(c)(2)(A) as a guideline for determining whether a reasonable time was provided for compliance. See Packer, 1999 WL 1038343 at *1 (18 days is reasonable time for compliance); Donahoo, 211 F.R.D. 303 at 305 (14 days is reasonable time for compliance).

Service Plus received Plaintiff's Subpoena on January 14, 2004. See Plaintiff's January 12, 2004 Subpoena. Plaintiff's Subpoena directed Service Plus to produce documents in response to nine limited areas relevant to his claims against SEPTA. Id. Plaintiff's Subpoena allowed Service Plus 19 days for compliance. Id. Service Plus not only failed to produce any documents within that time, but it still has not produced a single document more than 30 days after service. Service Plus, without providing any justification or excuse, has failed to comply with Plaintiff's Subpoena.

### D. Service Plus Has Failed to Comply with Plaintiff's Subpoena Without Excuse or Justification and Should Be Sanctioned.

Where any person fails to comply with a properly-issued subpoena without providing an adequate excuse, they may be deemed in contempt of court. Fed. R. Civ. P. 45(e). See

-4-

Ingersoll-Rand Co. v. Donovan, 540 F. Supp. 222, 226 (M.D. Pa. 1982). Plaintiff's Subpoena was properly drafted and served; it was limited in scope and provided a reasonable time for compliance. Service Plus did not raise any timely objections to the Subpoena, and has not raised any objections in the weeks since the time for compliance passed. Service Plus did not timely produce any of the documents sought by the Subpoena, and has not produced any documents in the weeks since the time for compliance passed. Service Plus's counsel has repeatedly failed to comply with the discovery obligations imposed by the Federal Rules of Civil Procedure in this case and are presently in direct violation of this Court's order with respect to discovery sought from Anderson and Triage. Under these circumstances, an award of sanctions would be appropriate.

## III. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) grant this Motion; (2) order Service Plus to Comply With Plaintiff's Subpoena Requiring the Production of Documents within seven days; (3) hold Service Plus in contempt of court for failing to voluntarily comply with Plaintiff's Subpoena without objection or excuse; and (4) order Service Plus to pay Plaintiff's counsel sanctions in the amount of $500.00 as compensation for the time spent preparing, filing and litigating this Motion.

Dated: February 20, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 20th day of February, 2004, a true and correct copy of Plaintiffs' Motion to Compel Service Plus Delivery Systems, Inc. to Comply With Plaintiff's Subpoena Requiring the Production of Documents was served upon the following counsel by First Class U.S. mail:

David Woloshin, Esquire
42 S. 15th Street, Suite. 810
Philadelphia, PA 19102

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
The Shoppes at Flowers Mill
225 Flowers Mill Road
Langhorne, PA 19047

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class