IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL, :
Individually and on behalf of :
all others similarly situated, :
    Plaintiff, :
v. :     CIVIL ACTION
  :     NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA :
TRANSPORTATION AUTHORITY, :
    Defendant. :

---

## ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Compel Anderson Travel, Inc. and Triage, Inc. to Comply with Plaintiff's Subpoenas,

IT IS, on this _____ day of _____, 2004,

ORDERED THAT Plaintiff's Motion is GRANTED, and that:

1. Anderson Travel, Inc. shall produce Vince Pisaturo for deposition on March 2, 2004 at 10:00 A.M.;

2. Triage, Inc. shall produce Lou Garofano for deposition on March 11, 2004 at 10:00 A.M.;

3. Anderson Travel, Inc. and Triage, Inc., are found to be in contempt of court; and

4. Anderson Travel, Inc. and Triage, Inc., shall each pay sanctions of $1,500.00 to Plaintiff's counsel;

THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| DOUGLAS EL, : <br> Individually and on behalf of : <br> all others similarly situated, : <br> Plaintiff, : <br> v. : <br> : <br> SOUTHEASTERN PENNSYLVANIA : <br> TRANSPORTATION AUTHORITY, : <br> Defendant. : | CIVIL ACTION <br> NO. 02-CV-3591 |

---

## PLAINTIFF'S MOTION TO COMPEL
## ANDERSON TRAVEL, INC. AND TRIAGE, INC.
## TO COMPLY WITH SUBPOENAS FOR DEPOSITIONS

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 45, hereby moves this Court to compel Anderson Travel, Inc. ("Anderson") and Triage, Inc. ("Triage") to comply with Plaintiff's January 29, 2004 Subpoenas and produce the witnesses identified therein for deposition. In support of this Motion, Plaintiff avers as follows:

1. On June 11, 2003, Plaintiff sent his First Set of Interrogatories to Anderson and Triage seeking various categories of information related to his discrimination claims against SEPTA.[1]

2. On January 16, 2004, Anderson and Triage provided partial Responses to these Interrogatories essentially identifying one employee from each company (Vince Pisaturo for Anderson and Lou Garofano for Triage) with knowledge of the relevant issues.[2]

---

[1] See Plaintiff's Interrogatories to Anderson and Triage (Exhibit A).

[2] See Anderson and Triage Discovery Responses (Exhibit B). See also Plaintiff's Second Motion to Compel the Production of Documents from Anderson Travel and Triage, Inc. (filed February 4, 2004)

3. On January 21, 2004, Plaintiff prepared Subpoenas compelling the depositions of Messrs. Pisaturo and Garofano and sent them, along with two witness fee checks, to Mr. Jeffrey Killino, counsel for Anderson and Triage.[3]

4. On January 22, 2004, Mr. Killino wrote to say that he would not accept service of these Subpoenas.[4] Although Mr. Killino refused to accept service on behalf of his clients, as of the date of this filing, he has refused to return Plaintiff's witness fee checks or account for the whereabouts of these checks.

5. On January 29, 2004, after repeated attempts to contact Mr. Killino by phone and mail to resolve this matter had proven unsuccessful, Plaintiff prepared new Subpoenas that compelled the deposition of Mr. Garofano on February 27, 2004 and the deposition of Mr. Pisaturo on February 29, 2004.[5] These Subpoenas were successfully served on January 31, 2004.

6. On February 11, 2004, Plaintiff's counsel agreed to change the dates set for the Anderson and Triage depositions. Mr. Killino advised counsel that he was available on March 2, 2004 and March 11, 2004.

7. On February 11, 2004, Plaintiff's counsel sent Mr. Killino a letter to confirm that Mr. Pisaturo's deposition would be moved to March 2, 2004 and that Mr. Garofano's deposition would be moved to March 11, 2004.[6]

---

[3] See Plaintiff's January 21, 2004 correspondence (Exhibit C).

[4] See Killino January 22, 2004 correspondence (Exhibit D).

[5] See Plaintiff's January 29, 2004 Subpoenas (Exhibit E).

[6] See Plaintiff's February 11, 2004 correspondence (Exhibit F).

8.   On February 12, 2004, Mr. Killino left a voice-mail for Plaintiff's counsel to say that he would not produce Messrs. Pisaturo and Garofano for separate depositions on March 2, 2004 and March 11, 2004. Instead, Mr. Killino insisted that both depositions had to take place on a single day.

9.   At no point did Plaintiff agree to depose Messrs. Pisaturo and Garofano on the same day. Indeed, Plaintiff's Subpoenas set a separate date for each deposition and Plaintiff's correspondence has consistently stated his attorneys' intention to take the Anderson and Triage depositions on two different days.

10.   On February 12, 2004, Plaintiff's counsel responded to Mr. Killino's voice-mail to say that, where Plaintiff had subpoenaed the Anderson and Triage witnesses for depositions on separate dates and had already rescheduled these depositions for dates Mr. Killino provided just a day earlier, Plaintiff would not agree to conduct both depositions on a single day.[7]

11.   On February 12, 2004, Mr. Killino responded to this letter and confirmed that he would not produce Messrs. Pisaturo and Garofano for separate depositions on the days he had provided. In fact, Mr. Killino said that, unless Plaintiff's counsel gave in to his demand, he would schedule "other matters" on March 2, 2004 and March 11, 2004, further delaying the discovery process in this case.[8]

12.   Anderson and Triage have not filed a timely motion for protection from Plaintiff's Subpoenas, served Plaintiff with written objections to his Subpoenas, or offered any legal justification for their refusal to present Messrs. Pisaturo and Garofano for deposition. Rather,

---

[7] See Plaintiff's February 12, 2004 correspondence (Exhibit G).

[8] See Killino February 12, 2004 correspondence (Exhibit H).

Mr. Killino has simply announced that he will not produce his witnesses, either on the dates set in Plaintiffs' Subpoenas or on the rescheduled dates he had provided. Mr. Killino has also stated his intention not to produce Messrs. Pisaturo and Garofano on separate days as required by Plaintiffs' subpoenas, but that the depositions will go forward on one day or not at all. Consistent with his handling of other discovery matters in this case, Mr. Killino has not identified any factual basis or legal authority in support of this position.

13. This is the fifth discovery motion Plaintiff has filed to address Mr. Killino's improper conduct in this case. Mr. Killino's utter disregard for the Federal Rules of Civil Procedure have wasted the time and efforts of this Court and Plaintiff's counsel, and are threatening to unnecessarily delay the instant litigation. Plaintiff respectfully suggests that sanctions are necessary to teach Mr. Killino the lesson that Plaintiff's discovery motions and this Court's prior order to compel have not.

14. Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) grant this Motion; (2) order Anderson to produce Vince Pisaturo for deposition on March 2, 2004 at 10:00 A.M.; (3) order Triage to produce Lou Garofano for deposition on March 11, 2004 at 10:00 A.M.; (4) hold Anderson and Triage in contempt of court; and (5) order Anderson and Triage both to pay sanctions of $1,500.00 to Plaintiff's counsel.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 20, 2004 | _____ |
|  | Eugene A. Spector |
|  | David J. Cohen |
|  | SPECTOR, ROSEMAN & KODROFF, P.C. |
|  | 1818 Market Street, Suite 2500 |
|  | Philadelphia, PA 19103 |
|  | (215) 496-0300 |
|  |  |
|  | Timothy M. Kolman |
|  | Wayne A. Ely |
|  | TIMOTHY M. KOLMAN AND ASSOCIATES |
|  | 225 N. Flowers Mill Road |
|  | Langhorne, PA 19047 |
|  | (215) 750-3134 |
|  |  |
|  | Attorneys for Plaintiff and the Class |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,                                  :
Individually and on behalf of                :
all others similarly situated,               :
        Plaintiff,                          :
    v.                                       :    CIVIL ACTION
                                             :    NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA                    :
TRANSPORTATION AUTHORITY,                    :
        Defendant.                          :

---

BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL
ANDERSON TRAVEL, INC. AND TRIAGE, INC.
TO COMPLY WITH SUBPOENAS FOR DEPOSITIONS

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: February 20, 2004

I.  **BACKGROUND INFORMATION**

   A.  **Summary Of Plaintiff's Allegations**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

   B.  **Procedural Posture Of The Litigation**

On November 12, 2003, SEPTA filed a Motion for Summary Judgment Against Plaintiff. In a phone conference on November 14, 2003, this Court permitted Plaintiff to pursue merits discovery from all Defendants and set March 15, 2004 as the due date for Plaintiff's summary judgment opposition.

   C.  **Relevant Facts**

On June 11, 2003, while Anderson and Triage were still parties to the instant litigation, Plaintiff sent them each a First Set of Interrogatories seeking various categories of information related to his discrimination claims against SEPTA.[9]

On January 16, 2004, after the entry of an order compelling discovery responses, Anderson and Triage provided partial Responses to Plaintiff's Interrogatories that essentially identified one employee from each company (Vince Pisaturo for Anderson and Lou Garofano for

---

[9] See Plaintiff's Interrogatories to Anderson and Triage (Exhibit A).

-1-

Triage) with knowledge of the relevant issues.[10]

On January 21, 2004, Plaintiff prepared Subpoenas compelling the depositions of Messrs. Pisaturo and Garofano, and sent them along with two witness fee checks, to Mr. Jeffrey Killino, counsel for Anderson and Triage.[11]

On January 22, 2004, Mr. Killino wrote to say that he would not accept service of these Subpoenas.[12] Although Mr. Killino refused to accept service on behalf of his clients, as of the date of this filing, he has refused to return Plaintiff's witness fee checks or account for the whereabouts of these checks

On January 29, 2004, after repeated attempts to contact Mr. Killino by phone and mail to resolve this matter had proven unsuccessful, Plaintiff prepared new Subpoenas that compelled the deposition of Mr. Garofano on February 27, 2004 and the deposition of Mr. Pisaturo on February 29, 2004.[13] These Subpoenas were successfully served on January 31, 2004.

On February 11, 2004, Plaintiff's counsel agreed to change the dates set for the Anderson and Triage depositions. Mr. Killino advised counsel that he was available on March 2, 2004 and March 11, 2004.

On February 11, 2004, Plaintiff's counsel sent Mr. Killino a letter to confirm that Mr. Pisaturo's deposition would be moved to March 2, 2004 and that Mr. Garofano's deposition

---

[10] See Anderson and Triage Discovery Responses (Exhibit B). See also Plaintiff's Second Motion to Compel the Production of Documents from Anderson Travel and Triage, Inc. (filed February 4, 2004)

[11] See Plaintiff's January 21, 2004 correspondence (Exhibit C).

[12] See Killino January 22, 2004 correspondence (Exhibit D).

[13] See Plaintiff's January 29, 2004 Subpoenas (Exhibit E).

would be moved to March 11, 2004.[14]

On February 12, 2004, Mr. Killino left a voice-mail for Plaintiff's counsel to say that he would not produce Messrs. Pisaturo and Garofano for separate depositions on March 2, 2004 and March 11, 2004. Instead, Mr. Killino insisted that both depositions had to take place on a single day.

At no point did Plaintiff agree to depose Messrs. Pisaturo and Garofano on the same day. Indeed, Plaintiff's Subpoenas set a separate date for each deposition and Plaintiff's correspondence has consistently stated his attorneys' intention to take the Anderson and Triage depositions on two different days.

On February 12, 2004, Plaintiff's counsel responded to Mr. Killino's voice-mail to say that, where Plaintiff had subpoenaed the Anderson and Triage witnesses for depositions on separate dates and had already rescheduled these depositions for dates Mr. Killino provided just a day earlier, Plaintiff would not agree to conduct both depositions on a single day.[15]

On February 12, 2004, Mr. Killino responded to this letter and confirmed that he would not produce Messrs. Pisaturo and Garofano for separate depositions on the days he had provided. In fact, Mr. Killino said that, unless Plaintiff's counsel gave in to his demand, he would schedule "other matters" on March 2, 2004 and March 11, 2004, further delaying the discovery process in this case.[16]

---

[14] See Plaintiff's February 11, 2004 correspondence (Exhibit F).

[15] See Plaintiff's February 12, 2004 correspondence (Exhibit G).

[16] See Killino February 12, 2004 correspondence (Exhibit H).

-3-

Anderson and Triage have not filed a timely motion for protection from Plaintiff's Subpoenas, served Plaintiff with written objections to his Subpoenas, or offered any legal justification for their refusal to present Messrs. Pisaturo and Garofano for deposition. Rather, Mr. Killino has simply announced that he will not produce his witnesses, either on the dates set in Plaintiffs' Subpoenas or on the rescheduled dates he had provided. *Mr. Killino has plainly said that he will not produce Messrs. Pisaturo and Garofano on separate days as required by Plaintiffs' subpoenas, and that these depositions will go forward on one day or not at all.* Consistent with his handling of other discovery matters in this case, Mr. Killino has not identified any factual basis or legal authority in support of this position. Under these circumstances, Plaintiff suggests that a finding of contempt and an award of sanctions are the only appropriate remedies.

## II.   ARGUMENT

### A.   Rule 45 Permits the Issuance of Deposition Subpoenas on Non-parties.

Rule 45 expressly permits the issuance of a subpoena compelling the production of documents from a non-party. Fed. R. Civ. P. 45(a)(1)(C). See Badman v. Stark, 139 F.R.D. 601, 603 (M.D. Pa. Aug. 2, 1991) (Rule 45 subpoena is correct mechanism for compelling depositions of non-parties); Thompson v. Glenmede Trust Co., 1995 WL 752429, *2 (E.D. Pa. Dec. 19, 1995).

### B.   Anderson and Triage Have Not Followed the Proper Procedures to Seek Relief from Plaintiff's Subpoenas.

Rule 45 provides that, upon the filing of a timely motion, a subpoena may be quashed or modified where good cause is shown. Fed. R. Civ. P. 45(c)(3)(A). Rather than following this

procedure, Anderson and Triage have simply stated through their counsel that they will not present their employees for depositions – either on the dates set in the Subpoenas or on the dates their attorney subsequently offered as alternatives. Having failed to follow the required procedure for seeking modification of Plaintiff's Subpoenas, Anderson and Triage should be ordered to comply with them.[17]

### C. Even If Anderson and Triage Followed the Proper Procedures, There Would Be No Reasonable Basis to Quash or Modify Plaintiff's Subpoenas.

Plaintiff's Subpoenas contain all of the necessary information described by Fed. R. Civ. P. 45(a)(1).

Plaintiff's Subpoenas were served on Anderson and Triage by a professional subpoena service company and were accompanied by witness fee checks payable to each deponent as required by Fed. R. Civ. P. 45(b)(1).

Plaintiff's Subpoenas were drafted to avoid undue burden under Fed. R. Civ. P. 45(c)(1) because they merely seek testimony from the employees Anderson and Triage identified in their own interrogatory answers as having knowledge of matters relevant to Plaintiff's claims.

Plaintiff's Subpoenas allow a reasonable time for compliance as required by Fed. R. Civ. P. 45(c)(3)(A)(i) because they were served roughly 30 days before the dates set for the

---

[17] While the dates for Plaintiff's requested depositions have not yet arrived, this matter is still ripe for the Court's consideration, because *Mr. Killino has already demonstrated his intent not to comply with the Subpoenas or to produce these witnesses on separate days as Plaintiff has requested.* As a result, the subject matter of the parties' disagreement can be identified and resolved without waiting for Mr. Killino and his clients to fail to appear for these depositions. See R & J Holding Co. v. Redevelopment Authority of the County of Montgomery, 2003 WL 22387034, *4 (E.D. Pa. Oct. 15, 2003) (ripeness doctrine prevents courts from entangling themselves in abstract disagreements); Phillies Tomato & Produce Corp. v. Veneman, 2002 WL 32356398, *6 (E.D. Pa. Mar. 28, 2002) (finding of ripeness may be based on a threatened injury).

depositions. Anderson and Triage were served, have their offices and carry on their business in Philadelphia, so the 100 mile travel restriction imposed by Fed. R. Civ. P. 45(c)(3)(A)(ii) will not come into play.

Neither of these depositions is expected to seek privileged information as prohibited by Fed. R. Civ. P. 45(c)(3)(A)(iii). Employees from Krapfs, King and Jagiela have already been deposed in this case without a single privilege objection and any privilege issue that arises can be addressed by objections raised during the deposition.

Given all of the above (including their own attorney's inability to identify any facts that would support such a finding), there is no basis to conclude that requiring Messrs. Pisaturo and Garofano to appear for these depositions will cause an undue burden on Anderson or Triage. See Fed. R. Civ. P. 45(c)(3)(A)(iv).

Finally, there are at least four reasons why Anderson and Triage cannot require Plaintiff to depose both of these witnesses on the same day. First, Fed. R. Civ. P. 30(d)(2) limits the duration of a deposition to "one day of seven hours." Requiring Plaintiff to take both depositions on the same day would give rise to problems concerning this time limitation. Second, causing Messrs. Pisaturo and Garofano to miss the same day from work may well create a bigger burden on Anderson and Triage than conducting the depositions separately. See Triple Crown America, Inc. v. Biosynth AG, 1998 WL 227886, *4 (E.D. Pa. Apr. 30, 1998) (plaintiff sanctioned for scheduling multiple depositions on the same day and causing unreasonable disruption to defendant's business). Third, Anderson and Triage have not identified (and Plaintiff's counsel have not found) any legal authority whatsoever for the proposition that a properly subpoenaed party can impose this sort of limitation on the issuer of a valid subpoena. Fourth, as described

above, Anderson and Triage have not followed the proper procedural steps (such as filing a motion for protective order) to justify any modification of Plaintiff's Subpoenas. For all these reasons, this attempt to subvert Plaintiff's discovery efforts must be rejected.

### D. Rule 45 Permits This Court To Hold Anderson and Triage In Contempt.

The federal courts' civil contempt power is a potent weapon to be used in the court's discretion. Cottman Transmission Sys., Inc. v. Melody, 851 F Supp. 675, 677 (E.D. Pa. 1994). See Bank Hapoalim v. American Home Assur. Co., 1993 WL 452603, *3 (S.D.N.Y. Nov. 1, 1993); Springfield Terminal Ry. Co. v. United Transp. Union, 1989 WL 225031, *1 (D. D.C. May 18, 1989).

Rule 45 expressly provides that failure to obey a subpoena can result in a finding of contempt: "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e). See Jackson v. Mills, 1997 WL 701315, *1 (E.D. Pa. Nov. 4, 1997) ("The unexcused failure of an individual to obey a properly served subpoena may be treated as a contempt of court").

Anderson and Triage should be held in contempt for their complete, ongoing and well-documented disregard for the discovery process. This is the third discovery motion Plaintiff has filed in this case against Anderson and Triage (one of which is based on these parties' direct violation of this Court's December 18, 2003 order compelling the production of discovery) and the fifth motion based on the improper conduct of Mr. Killino.

Sanctions are appropriate here for at least three reasons. First, sanctions are proper to punish Anderson and Triage for their violation of Plaintiff's Subpoenas, see Bochetto v. LaBrum

& Doak, L.L.P., 1997 WL 560191, *5 (E.D. Pa. Aug 28, 1997) ("Failure to comply with a subpoena may be adjudged as contempt of court, subjecting the violator to appropriate sanctions"). Second, sanctions would to discourage Anderson and Triage from committing further discovery violations, either in this case or in other cases, see Pro-Choice Network of Western New York v. Project Rescue Western New York, 848 F.Supp. 400, 412 (W.D.N.Y. Mar 15, 1994) (assessing monetary sanction is intended to discourage future contempt violations). Third, an award of sanctions would compensate Plaintiff's counsel for the time and effort they have expended to bring Anderson and Triage's repeated discovery violations to the Court's attention, see In re Reno, 299 B.R. 823, 829 (N.D. Tex. Sep. 23, 2003) ("To purge the contempt, Reno must compensate Sims for his counsel's fees").

Where Anderson and Triage have engaged in ongoing, intentional violations of discovery rules and their present conduct shows no signs of improvement, Plaintiff respectfully suggests that sanctions are warranted under Rule 45 and should be awarded.

### III.  **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) grant this Motion; (2) order Anderson to produce Vince Pisaturo for deposition on March 2, 2004 at 10:00 A.M.; (3) order Triage to produce Lou Garofano for deposition on March 11, 2004 at 10:00 A.M.; (4) hold Anderson and Triage in contempt of court; and (5) order Anderson and Triage both to pay sanctions of $1,500.00 to Plaintiff's counsel.


Dated: February 20, 2004

_____
Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 20th day of February, 2004, a true and correct copy of Plaintiff's Motion to Compel Anderson Travel, Inc. and Triage, Inc. to Comply with Plaintiff's Subpoenas was served upon the following counsel by First Class U.S. mail:

David Woloshin, Esquire
42 S. 15th Street, Suite. 810
Philadelphia, PA 19102

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
The Shoppes at Flowers Mill
225 Flowers Mill Road
Langhorne, PA 19047

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class