**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS EL | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO.  02-CV-3591 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this           day of                    , 2004, it is hereby

ORDERED and DECREED that Defendant's Motion to Quash Subpoenas is DENIED.

                                                           BY THE COURT

                                                           _____

                                                           The Hon. J. Curtis Joyner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS EL : <br> : <br> Plaintiff, : <br> v. : <br> : <br> SOUTHEASTERN PENNSYLVANIA : <br> TRANSPORTATION AUTHORITY : <br> : <br> Defendant. : <br> : | CIVIL ACTION <br><br> NO.   02-CV-3591 |

**PLAINTIFF'S AMENDED RESPONSE
TO DEFENDANT'S MOTION TO QUASH SUBPOENAS**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**I.    STATEMENT OF PERTINENT FACTS**

Defendant's Motion to Quash Subpoenas is currently before the Court for disposition. For the reasons set forth herein, the motion is without merit and should be denied.

**A.    Summary Of Plaintiff's Allegations**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against Defendant SEPTA. Plaintiff challenges an illegal employment policy Defendant imposed on its paratransit contractors. This policy required Defendant's paratransit contractors to reject any and all job applicants with a past criminal conviction and terminate all employees with past criminal convictions without conducting any inquiry into when the conviction(s) in question occurred, the circumstances surrounding the conviction(s), or whether the conviction(s) had any relationship to the responsibilities of the job being applied for. In this regard, the policy flatly violated Title VII of the Civil Rights Act of 1964 (indeed, the Equal Employment Opportunity Commission issued a decision finding this to be the case prior to the initiation of the instant action).

Defendant does not dispute that Plaintiff was denied employment because of his criminal history. It is also undisputed that the paratransit agreement between SEPTA and the entity that refused to hire Plaintiff (King Paratransit) provided that Plaintiff could not be used as a paratransit driver or in any other capacity because of his criminal history.

Defendant's internal criminal background policy, in contrast to the policy Defendant forces its paratransit contractors to follow, specifically calls for a detailed, case-by-case inquiry into the criminal history of job applicants. Defendant claims it is unreasonable to require it to allow a case-by-case inquiry into the backgrounds of paratransit applicants *despite the fact that it conducts such an inquiry as to its own applicants.*

Plaintiff has field this action on behalf of himself and all others similarly situated.[1]

**B.    Procedural Posture Of The Litigation**

Defendant has groundlessly challenged two valid subpoenas served on third party witnesses: Jack Challenger (whose deposition is scheduled for Wednesday, April 23, 2004) and Robert Corressel (whose deposition is scheduled for Friday, April 30, 2004). Defendant absurdly claims these depositions are violative of the "discovery deadline" when Defendant itself agreed to extend that deadline through June 14, 2004 *and signed a stipulation to that effect.*

The Court's initial Scheduling Order was entered on January 14, 2003. That Order directed that all discovery was to be completed by July 14, 2003. Motions for summary judgment were required to be filed no later than August 11, 2003. While Defendant states that " . . .[n]otwithstanding this deadline, plaintiff curiously waited until June 11, 2003 to serve initial discovery requests on any of the third party defendants," it neglects to mention that it was

---

[1] While Defendant claims at footnote 2 of its motion that Plaintiff has not filed a motion for class certification, incorrectly implying some malfeasance on Plaintiff's part, Defendant neglects to mention that its prior counsel *agreed no such motion should be filed* until discovery was completed. Moreover, the Court has made it clear that Defendant's currently-outstanding motion for summary judgment is to be resolved before class certification is addressed.

responsible for the delay. An extended period of time passed during which Defendant failed to effect proper service of its "third party complaint" (dismissed by the Court on December 10, 2003 as meritless, *see* docket item No. 65) on many of those defendants. Obviously, Plaintiff could not pursue discovery from the additional defendants until Defendant effected service upon them and they obtained counsel.

SEPTA filed a Motion for Summary Judgment on November 12, 2003. Following the filing of the motion, the Court agreed to extend the discovery deadline to March 15, 2004 and indicated it wished to deal with the merits of the case before considering class certification. Plaintiff had conducted only certification discovery to that date. Plaintiff and Defendant then initiated merits discovery and have completed several depositions.[2]

Plaintiff served SEPTA with a set of 25 merits interrogatories on November 20, 2003. Merits Interrogatory No. 8 asked Defendant to "identify [*and* provide the address and telephone number of][3] all people with knowledge of information relating to the statement in section F2.10.3.c of SEPTA's general minimums that: `the Contractor shall . . . reject/bar any applicant or current employee from SEPTA-related work whose record includes . . . any conviction for any felony and/or misdemeanor.'" It would later become evident that the witnesses Defendant now seeks to prevent Plaintiff from deposing were among the individuals who should have been identified in response to that interrogatory.

Defendant did not answer Plaintiff's merits interrogatory 8 but rather objected to it (as well as merits interrogatories 6-25) on the basis that they exceed the number permitted by the

---

[2] While Defendant claims Plaintiff has taken more then ten (10) depositions, Plaintiff has taken only five (5) depositions of SEPTA witnesses and Defendant's counsel previously told Plaintiff's counsel he would allow up to ten depositions *of SEPTA witnesses*. Defendant does not claim the two depositions at issue in its motion to quash count toward that limit. Indeed, it admits the two witnesses at issue are independent and not in its control.

[3] The instructions and definitions provided with Plaintiff's merits interrogatories stated that the term "identify" required Defendant to provide the full name and " . . . present or last known home address . . ." and telephone number of each individual listed identified.

Federal Rules of Civil Procedure when combined with Plaintiff's previously-issued set of class certification interrogatories. Given the foregoing objection, Defendant only answered the first five merits interrogatories. After learning that Defendant refused to agree to answer more than 25 interrogatories without a court order, Plaintiff filed a motion for permission to propound more than 25 interrogatories on December 11, 2003)(*see* docket item No. 66). Defendant opposed this motion on December 29, 2003 (see docket item No. 71). The Court granted Plaintiff's motion on January 13, 2004 (*see* docket item No. 76).

Defendant supplemented its answers in accordance with the foregoing Order on February 19th, 2004. At this point, less than one month remained until the expiration of the discovery deadline at this point. Defendant identified Messrs. Corressel and Challenger in its supplemental response, but failed to provide addresses or any other information about them as required by Plaintiff's November 2003 merits interrogatories.

Plaintiff's counsel then issued a letter to Defendant's counsel indicating that they were unable to identify several individuals named in the response, including Messrs. Corressel and Challenger.

Defendant did not produce the addresses of Messrs. Corressel and Challenger until ***March 22nd, 2004.*** On March 31, Defendant's counsel announced he would produce no additional discovery.

In February of 2004, after some discussion, the parties agreed to extend the discovery deadline and filed a stipulation to that effect on February 26, 2004. The Court approved the stipulation.

That stipulation provided that:

> Pursuant to Local Rule of Civil Procedure 7.4(b)(2), it is hereby stipulated as follows between counsel for Plaintiff and Defendant:

1. Plaintiff's response to Defendant's motion for summary judgment is currently due no later than March **15**, 2004.

2. The parties have made a thorough, ongoing and diligent effort to conduct all required discovery relevant to the motion for summary judgment.

3. However, several third parties from whom essential discovery has been sought by Plaintiff have refused to produce same to any extent and have repeatedly ignored subpoenas for documents and testimony.

4. Other third parties have refused to produce essential information in a timely manner in response to subpoenas.

5. Several motions addressing the aforesaid failure of third parties to produce essential information are pending before the Court, and the Court has already entered at least one order to compel which has gone ignored by the third party to whom it is addressed, necessitating still another motion against that party.

6. Much of the information sought by Plaintiff from third parties is in their exclusive possession, and Plaintiff cannot obtain that information from Defendant.  **Defendant also wishes to obtain that information.**

7. Given the ongoing difficulties encountered in obtaining required discovery from third parties, the parties have stipulated and agreed, pending the approval of the Court, that ***Plaintiff may have a ninety (90) day extension (through June 14, 2004) to file his response to the motion* and complete third party discovery.**

8. A prior extension of time was granted by the Court to allow Plaintiff to complete discovery relevant to the summary judgment motion. Immediately after that extension was granted, Plaintiff issued the discovery it required of Defendant *(several discovery requests have been issued between the parties, they have answered same and are continuing to complete their inter-party requests <u>as discovery between them is ongoing</u>). However, while the parties have engaged in ongoing and continuing discovery,* Plaintiff has encountered severe difficulties obtaining required information from the third parties to whom he issued subpoenas for information he requires to allow his expert statistician and criminologist to complete their expert reports.

*See* stipulation for extension (document no. 92 on the docket of the instant action)(emphasis added).

The stipulation provides that discovery between the parties is ongoing and continuing. Defendant, prior to signing the stipulation, asked that the stipulation contain language to the effect that Plaintiff would take no further discovery from Defendant. Plaintiff's counsel explained they obviously could not agree to such a provision, particularly given the fact that much information had not been produced by Defendant (much *still* remains unproduced by Defendant). SEPTA and Plaintiff were actively engaged in producing merits discovery. While Defendant stated in its letter of February 11, 2004 (Exhibit "2" to its motion to quash), that " . . . SEPTA will not oppose any such request to the extent that it is limited to completing third party discovery . . .", this provision was not incorporated into the parties' stipulation. The stipulation Defendant's counsel signed was much broader. Indeed, the "moving papers" discussed in the letter were never filed and the parties eventually reached mutual agreement on the aforesaid stipulation for extension.

**II.    ARGUMENT**

Defendant's motion should be denied on several grounds. First, the terms of the stipulation allow discovery to continue between the parties and place no limits on discovery between the parties. Second, Defendant failed to provide the addresses of the individuals it now seeks to stop Plaintiff from deposing until March 22, 2004 despite the fact those addresses were requested in November of 2003. Third, the individuals in question are not in SEPTA's control in any event and their depositions would not be precluded even under Defendant's erroneous interpretation of the stipulation.

**A.    The stipulation does not limit discovery between the parties.**

It is utterly absurd for Defendant to claim "the discovery deadline expired on March 15, 2004." *See* p. 5 of Defendant's memorandum of law. Obviously, Defendant signed the foregoing stipulation, which plainly indicated that discovery was continuing and that the parties

" . . . are continuing to complete their inter-party requests as *discovery between them is ongoing*." *See* paragraph 8 of February 26, 2004 stipulation, *supra* (emphasis added). Defendant's interpretation of the stipulation simply ignores the foregoing language.

The Court may properly apply contract law in interpreting a stipulation.[4] *See, e.g., East Norriton Twp. Gill Quarries, Inc.,* 145 Pa. Cmwlth. 574, 578, 604 A.2d 763 764-65 (1992). The Court should not disregard a provision in a stipulation if a reasonable meaning can be ascertained therefrom. In construing a stipulation, each and every part of it must be taken into consideration and given effect, if possible, and the intention of the parties must be ascertained from the entire instrument. *J. McShain, Inc. v. General State Authority,* 9 Pa. Cmwlth. 427, 431, 307 A.2d 469, 472 (1973). "[W]hen the words are clear and unambiguous [,] the intent is determined only from the express language of the [stipulation]." *East Norriton Twp. Gill Quarries, Inc.,* 145 Pa. Cmwlth. 574, 578, 604 A.2d 763 764-65 (1992)(citing *Robert F. Felte, Inc. v. White,* 451 Pa. 137, 143, 302 A.2d 347 (1973). Moreover, if Defendant truly wished the stipulation to preclude itself from answering further discovery requests, it could have added such language to the stipulation or could have refused to sign it as written. It never did either. Defendant's assertions as to the effect of the stipulation are without merit.

    **B.**    **Defendant failed to provide the addresses of the individuals it now seeks to stop Plaintiff from deposing until March 22, 2004.**

Defendant did not supplement its answers in accordance with the foregoing Order on February 19th, 2004 (less than one (1) month before the expiration of the prior discovery deadline). Defendant identified Mssrs. Corressel and Challenger in its supplemental response to discovery issued in November of 2003 – discovery that should properly have been answered in December of 2003. Even its supplemental response failed to provide addresses for the witnesses

---

[4] It is respectfully submitted that Pennsylvania law applies to the stipulation in question as it was entered in Pennsylvania.

or indeed to provide *any* information about them. Only after Plaintiff's counsel wrote to Defendant indicating that they had not been able to identify several individuals named in the response, including Mssrs. Corressel and Challenger, were addresses provided for Mssrs. Corressel and Challenger. Those addresses were not supplied by Defendant until **March 22nd, 2004.** The stipulation for extension had already been executed. It is inconceivable that Defendant can claim discovery may not be had of witnesses whose addresses were requested in November of 2003 and not provided by Defendant until one month ago – after the deadline was extended.

    **C.    The individuals in question are not witnesses in the control of Defendant in any event and their depositions do not constitute "SEPTA discovery".**

Finally, it bears noting that, while Defendant's claim that the stipulation bars further discovery of it is utterly without merit, the witnesses in question are not Defendant's witnesses in any event, even assuming *arguendo* Defendant's argument had a shred of merit. Defendant admits that both witnesses are *former* employees. *See* Defendant's memorandum of law at p. 5. Even assuming *arguendo* the stipulation in question barred further SEPTA discovery (it plainly does not), the depositions of the witnesses in question *are not even "SEPTA discovery"* as Defendant itself defines that term.

    **III.    CONCLUSION**

For the foregoing reasons, Defendant's motion to quash should be denied.

                                      Respectfully submitted,

                                      /s/ Wayne A. Ely
                                      Wayne A. Ely
                                      Timothy M. Kolman
                                      TIMOTHY M. KOLMAN AND ASSOCIATES
                                      225 N. Flowers Mill Road
                                      Langhorne, PA 19047
                                      (215) 750-3134

                                      Eugene A. Spector
                                      David J. Cohen
                                      SPECTOR, ROSEMAN & KODROFF, P.C.
                                      1818 Market Street, Suite 2500
                                      Philadelphia, PA 19103
                                      (215) 496-0300

Dated: April 23, 2004                  Attorneys for Plaintiff and the Class

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | |
| | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO.   02-CV-1213 |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | JURY TRIAL DEMANDED |
| TRANSPORTATION AUTHORITY | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Wayne A. Ely, do hereby certify that on the date set forth below, I caused to be served a true and correct copy of Plaintiff's Response to Defendant's Motion to Quash Subpoenas by mailing same, first class mail, postage prepaid upon the following individuals:

David Cohen, Esquire
Spector, Roseman & Kodroff
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Robert Haurin, Esquire
Saul H. Krenzel and Associates
The Robinson Building
42 South 15th Street
Suite 800
Philadelphia, PA 19102

April 26, 2004

/s/ Wayne A. Ely
Wayne A. Ely, Esquire