IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF pENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | JURY TRIAL DEMAND |
| | : | |
| Defendant | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
IT'S MOTION TO STAY DEPOSITIONS PENDING A RULING ON ITS <u>MOTION TO
QUASH SUBPOENAS ISSUED TO SEPTA WITNESSES</u>**

Defendant, Southeastern Pennsylvania Transportation Authority (hereafter "SEPTA") submits the within Memorandum of Law in Support of its Motion to Stay Depositions Pending a Ruling on its Motion to Quash Subpoenas Issued to SEPTA Witnesses.  For the following reasons, this motion should be granted.

**I.    ARGUMENT**

On April 8, 2004, SEPTA received notice that Plaintiff intended to take the depositions "of ex- SEPTA employee Jack Challenger on April 28, 2004, and ex-SEPTA employee Robert Corressel on April 30, 2004 . . . ."  SEPTA's Motion to Quash at Exhibit A.  This came as a surprise to SEPTA because it understood that the discovery deadline with respect to discovery between SEPTA and Plaintiff had expired on March 15, 2004.  This deadline was not ever extended by agreement of the parties or Order of this Court.  Accordingly, SEPTA filed a Motion to Quash the Subpoenas Issued to Messrs. Challenger and Corressel on April 9, 2004.  On April 23, 2004, Plaintiff filed his response to SEPTA's Motion to Quash.

Previously, SEPTA requested that Plaintiff agree to delay the depositions pending the Court's decision on its Motion to Quash. Plaintiff initially stated that he did not believe that he would agree to delay the depositions. On April 26, 2004, Plaintiff advised that he intended to go forward with the deposition of Jack Challenger on April 28, 2004.

Because the deposition for Mr. Challenger is scheduled for this Wednesday, it is unlikely that the Court will have an opportunity to review the respective positions of the parties on SEPTA's Motion to Quash. As a result, the depositions may go forward, mooting SEPTA's motion unless this Court grants this motion. Moreover, it must be noted that Plaintiff will not be prejudiced if this motion is granted. Accordingly, this Court should grant this motion pending the resolution of SEPTA's Motion to Quash. See <u>American Health Systems v. Liberty Health System</u>, 1991 WL 4405 *3 (E.D.Pa. 1991).

## II.     **CONCLUSION**

For all of the foregoing reasons, SEPTA requests that this Court issue an Order staying the depositions of Jack Challenger and Robert Corressel, pending its decision on SEPTA's motion to quash.

Respectfully submitted,

_____
Robert J. Haurin
SAUL H. KRENZEL & ASSOCIATES
Attorneys for SEPTA
The Robinson Building
42 South 15th Street, Suite 800
Philadelphia, PA 19102
(215) 977-7230

Dated: April 26, 2004