IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS EL                          : CIVIL ACTION
                                    :
    vs.                             :
                                    : NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA           :
TRANSPORTATION AUTHORITY            :
                                    :

**ORDER**

AND NOW, this _____ day of April, 2004, upon consideration of Defendant's Motion to Quash Subpoenas Directed to Robert Corresel and Jack Challenger and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is DENIED.[1]

BY THE COURT:

_____
J. CURTIS JOYNER,     J.

---

[1] Defendant's sole argument in support of its motion is that the extension of the discovery deadlines in this case was applicable only to the taking of "third party discovery." Black's Law Dictionary defines a "third party" as "[o]ne not a party to an agreement, a transaction, or an action but who may have rights therein." BLACK'S LAW DICTIONARY 1479 (6th ed. 1990). As Defendant itself asserts, Messrs. Corresel and Challenger are both *former* employees. It appears from Exhibit "C" to Defendant's Motion that Mr. Corresel left SEPTA in 1994 and Mr. Challenger in 1996. We therefore find that for discovery purposes, these gentlemen are indeed third parties and thus there is nothing improper in the taking of their depositions at this time.