# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------
DOUGLAS EL,                            :
Individually and on behalf of          :
all others similarly situated,         :
            Plaintiff,                  :
                                        :          CIVIL ACTION
        v.                              :          NO.  02-CV-3591
                                        :
SOUTHEASTERN PENNSYLVANIA               :
TRANSPORTATION AUTHORITY,               :
            Defendant.                  :
------------------------------------------------------
```

## ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Compel Merits

Discovery Responses from SEPTA,

IT IS, on this _____ day of _____, 2004,

ORDERED THAT Plaintiff's Motion is GRANTED, and that SEPTA shall provide full

and complete answers to Plaintiff's Second Brandis Document Requests 1-15 within 10 days.

_____
THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------

| | |
|---|---|
| **DOUGLAS EL,**<br>**Individually and on behalf of**<br>**all others similarly situated,**<br>**Plaintiff,**<br><br>**v.**<br><br>**SOUTHEASTERN PENNSYLVANIA**<br>**TRANSPORTATION AUTHORITY,**<br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**CIVIL ACTION
NO. 02-CV-3591**

---------------------------------------------------------

**PLAINTIFF'S MOTION TO COMPEL
MERITS DISCOVERY RESPONSES FROM SEPTA**

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37, hereby

moves this Court to grant this Motion and order SEPTA to produce documents in response to

Plaintiff's Second Brandis Document Requests 1-15 within ten days.  In support of this Motion,

Plaintiff avers as follows:

**I.    BACKGROUND FACTS**

1.    On March 10, 2004, Plaintiff deposed Frank Brandis, the Manager of Contract

Compliance for SEPTA's Paratransit Division.  Mr. Brandis' testimony disclosed, for the first

time in this litigation: the full extent of SEPTA's involvement in the approval and/or rejection of

paratransit driver applicants; the role of arrest records in the approval and/or rejection of

paratransit driver applicants; the scope of SEPTA's records relating to the application, hiring

and/or termination of paratransit drivers, among other things.

2.    On March 18, 2004, Plaintiff's counsel sent Mr. Haurin 15 Document Requests

directly related to Mr. Brandis' deposition testimony.[1]

---

[1] See Plaintiff's Second Brandis Document Requests (Ex. A).

3.      On April 19, 2004, SEPTA answered Plaintiff's Second Brandis Document Requests by refusing to produce any additional documents.[2] SEPTA objected to producing the requested discovery because Plaintiff's Second Brandis Requests had been made "after the expiration of the discovery deadline".

4.      On April 23, 2004, Plaintiff sent SEPTA's counsel a letter challenging SEPTA's Response to Plaintiff's Second Brandis Document Requests 1-15, and inviting Mr. Haurin to participate in a "meet and confer" on this issue.[3] After a phone conference on April 30, 2004, despite a good faith effort on both sides, the parties were unable to reach an agreement as to whether Plaintiff's Second Brandis Document Requests had been timely served.

5.      SEPTA's position on this issue is entirely indefensible. Indeed, SEPTA's counsel signed a Stipulation (filed with the Court on February 26, 2004) that specifically said the parties were engaged in ongoing discovery.[4] This Stipulation contains no language that limits or precludes Plaintiff from seeking further discovery from SEPTA in any way. This is nothing more than an obvious attempt to divert attention from SEPTA's inability to identify any factual support for the business necessity defense on which its Motion for Summary Judgment relies.

## II.    SEPTA'S FAILURE TO PRODUCE BASED ON A CLAIMED EXPIRATION OF THE DISCOVERY DEADLINE

6.      SEPTA has improperly refused to produce documents in response to Second Brandis Document Requests 1-15 because Plaintiff's time for seeking discovery from SEPTA has lapsed.

---

[2] See SEPTA's Second Brandis Document Request Responses (Ex. B).

[3] See Plaintiff's April 23, 2004 correspondence (Ex. C).

[4] See February 26, 2004 Stipulation (Ex. D)

-2-

7.      Contrary to the claims made in SEPTA's Brandis Document Request Responses, Plaintiff's counsel never agreed to stop seeking discovery from SEPTA at any time before June 14, 2004, the present discovery deadline approved by the Court.

8.      SEPTA's position that Plaintiff's counsel agreed to stop seeking discovery from SEPTA as of March 15, 2004 is directly contradicted by facts showing that SEPTA has not only continued to provide Plaintiff with discovery since that date, but that SEPTA has actively continued to seek discovery from Plaintiff. For example, SEPTA produced supplemental documents to Plaintiff on March 22, 2004 and March 31, 2004 and sent Plaintiff requests for supplemental discovery on March 31, 2004 and April 27, 2004. SEPTA's counsel has also agreed to produce Cheryl Spicer, an ex-employee with knowledge relating to Plaintiff's claims, for a deposition that has not yet been scheduled as of this filing.

9.      As set out more fully in Plaintiff's Response to Defendant's Motion to Quash Subpoenas, the deadline for Plaintiff to seek discovery from SEPTA has not arrived. Indeed, SEPTA's counsel signed a Stipulation (filed with the Court on February 26, 2004) that specifically said the parties were engaged in ongoing discovery. *This Stipulation does not contain any language that limits or precludes Plaintiff from seeking further discovery from SEPTA in any way* – proof that Mr. Haurin's argument is nothing more than an attempt to divert attention from the complete lack of factual support for his argument that SEPTA's policy against the hiring of ex-offenders was justified by business necessity.

10.      In light of the above, this Court should: 1) order SEPTA to make a full and complete production of all responsive documents; or 2) order SEPTA to acknowledge that it does not possess any documents responsive to these Requests.

11.    Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, Plaintiff respectfully asks this Court to grant this Motion and order

SEPTA to produce documents in response to Plaintiff's Second Brandis Document Requests 1-

15 within ten days.

Respectfully submitted,

Dated: May 7, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------

DOUGLAS EL,                          :
Individually and on behalf of        :
all others similarly situated,       :
       Plaintiff,            :
   v.                            :      **CIVIL ACTION**
                            :      **NO. 02-CV-3591**
SOUTHEASTERN PENNSYLVANIA            :
TRANSPORTATION AUTHORITY,            :
       Defendant.            :

------------------------------------------------------

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL
## <u>MERITS DOCUMENT REQUEST RESPONSES FROM SEPTA</u>

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: May 7, 2004

## I.    BACKGROUND INFORMATION

### A.    Summary Of Plaintiff's Allegations

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA.

Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its

paratransit providers that required them to reject all job applicants with a past criminal conviction

and terminate all employees with a past criminal conviction without conducting any inquiry into

when their conviction occurred, the circumstances surrounding their conviction, or whether their

conviction had any relationship to their job responsibilities.

### B.    Procedural Posture Of The Litigation

On November 12, 2003, SEPTA filed a Motion for Summary Judgment.  As a result of a

Stipulation entered into by the parties and approved by this Court on February 26, 2004,

Plaintiff's Response to this Motion is due on June 14, 2004.

### C.    Relevant Facts – Brandis Document Requests

On March 10, 2004, Plaintiff deposed Frank Brandis, the Manager of Contract

Compliance for SEPTA's Paratransit Division.  Mr. Brandis' testimony disclosed, for the first

time in this litigation: the full extent of SEPTA's involvement in the approval and/or rejection of

paratransit driver applicants; the role of arrest records in the approval and/or rejection of

paratransit driver applicants; the scope of SEPTA's records relating to the application, hiring

and/or termination of paratransit drivers, among other things.

On March 18, 2004, Plaintiff's counsel sent Mr. Haurin 15 Document Requests directly

related to Mr. Brandis' deposition testimony.[5]  On April 19, 2004, SEPTA answered Plaintiff's

---

[5]  See Plaintiff's Second Brandis Document Requests (Ex. A).

-1-

Second Brandis Document Requests by refusing to produce any additional documents.[6] SEPTA objected to producing the requested discovery because Plaintiff's Second Brandis Requests had been made "after the expiration of the discovery deadline."

On April 23, 2004, Plaintiff sent SEPTA's counsel a letter describing the deficiencies in SEPTA's Responses to Plaintiff's Merits Interrogatories 6, 13-14, 17 and 22, Merits Document Requests 1, 2, 4-15, 17 and 19, Krajewski Document Requests 1-2, 6-8, 19-24 and 28, and Second Brandis Document Requests 1-15, and inviting Mr. Haurin to participate in a "meet and confer" on these issues.[7] After a phone conference on April 30, 2004, despite a good faith effort on both sides, the parties were unable to reach an agreement as to whether SEPTA would provide any supplemental discovery or whether Plaintiff's Second Brandis Document Requests had been timely served.

## II.    ARGUMENT

### A.    The Federal Rules Of Civil Procedure And Federal Case-Law Liberally Allow Discovery Of Relevant Documents And Testimony.

"The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, so long as it is relevant to the claim or defense of any party, unprivileged, and 'appears reasonably calculated to lead to the discovery of admissible evidence.'" Nike, Inc. v. Brandmania.com, Inc., 2002 WL 32348549, *12 (E.D. Pa. Oct 07, 2002), citing Fed. R. Civ. P. 26(b)(1); Hickman v. Taylor, 329 U.S. 495 (1947). See Redland Soccer Club, Inc. v. Department of Army of U.S., 55 F.3d 827(3rd Cir.), cert. den. 516

---

[6]  See SEPTA's Second Brandis Document Request Responses (Ex. B).

[7]  See Plaintiff's April 23, 2004 correspondence (Ex. C).

U.S. 1071 (1996); <u>Reyes v. Meadowlands Hosp. Medical Center</u>, 809 A.2d 875, 878 (N.J. Super. 2001).

Courts intentionally construe Rule 26(b)(1) liberally, to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." <u>See, e.g.</u>, <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 350 (1978); <u>Nestle Foods Corp. v. Aetna Cas. and Sur. Co.</u>, 135 F.R.D. 101, 104 (D. N.J. 1990).

Under this standard, Plaintiff's discovery requests are proper. SEPTA has failed to demonstrate any valid basis for withholding the documents and information Plaintiff seeks, and should be required to make full and complete productions as set out fully below.

### B.   SEPTA's Failure to Produce Based on a Claimed Expiration of the Discovery Deadline

SEPTA has improperly refused to produce documents in response to Second Brandis Document Requests 1-15 because Plaintiff's time for seeking discovery from SEPTA has lapsed.

Contrary to the claims made in SEPTA's Brandis Document Request Responses, Plaintiff's counsel never agreed to stop seeking discovery from SEPTA at any time before June 14, 2004, the present discovery deadline approved by the Court.

SEPTA's position that Plaintiff's counsel agreed to stop seeking discovery from SEPTA as of March 15, 2004 is directly contradicted by facts showing that SEPTA has not only continued to provide Plaintiff with discovery since that date, but that SEPTA has actively continued to seek discovery from Plaintiff. For example, SEPTA produced supplemental documents to Plaintiff on March 22, 2004 and March 31, 2004 and sent Plaintiff requests for supplemental discovery on March 31, 2004 and April 27, 2004. SEPTA's counsel has also

agreed to produce Cheryl Spicer, an ex-employee with knowledge relating to Plaintiff's claims, for a deposition that has not yet been scheduled as of this filing.

As set out more fully in Plaintiff's Response to Defendant's Motion to Quash Subpoenas, the deadline for Plaintiff to seek discovery from SEPTA has not arrived.  Indeed, SEPTA's counsel signed a Stipulation (filed with the Court on February 26, 2004) that specifically said the parties were engaged in ongoing discovery. *This Stipulation does not contain any language that limits or precludes Plaintiff from seeking further discovery from SEPTA in any way* – proof that Mr. Haurin's argument is nothing more than an attempt to divert attention from the complete lack of factual support for his argument that SEPTA's policy against the hiring of ex-offenders was justified by business necessity.

In light of the above, this Court should: 1) order SEPTA to make a full and complete production of all responsive documents; or 2) order SEPTA to acknowledge that it does not possess any documents responsive to these Requests.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to grant this Motion and order SEPTA to produce documents in response to Plaintiff's Second Brandis Document Requests 1-15 within ten days.

Dated: May 7, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

-4-

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 7th day of May, 2004, a true and correct copy of Plaintiffs' Motion to Compel Merits Document Request Responses from SEPTA was served upon the following counsel by hand delivery:

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
The Shoppes at Flowers Mill
225 Flowers Mill Road
Langhorne, PA 19047

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class

# EXHIBIT A

3/18/04

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
----------------------------------------------------
DOUGLAS EL                          :
Individually and on behalf of       :      CIVIL ACTION
all others similarly situated,      :
                                    :
            Plaintiff,              :
     v.                             :      NO.   02-CV-3591
                                    :
SOUTHEASTERN PENNSYLVANIA           :
TRANSPORTATION AUTHORITY            :
                                    :      JURY TRIAL DEMANDED
            Defendant.              :
----------------------------------------------------
```

## PLAINTIFF'S SECOND BRANDIS DOCUMENT REQUESTS TO DEFENDANT SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

Plaintiff, by his undersigned counsel, in accordance with Rule 34 of the Federal Rules of

Civil Procedure, hereby asks that the Southeastern Pennsylvania Transportation Authority

("SEPTA") produce the documents described below at the offices of Spector Roseman &

Kodroff, P.C., 1818 Market Street, Philadelphia, PA within 30 days.

## DEFINITIONS

The terms used in these requests are defined as follows:

1.      "You" or "your" are used in the broadest possible sense, and include without

limitation, SEPTA and all of its divisions, subsidiaries, affiliates, contractors, sub-contractors,

officers, directors, agents, employees, consultants, representatives, investigators, attorneys,

insurers, persons under its control and all other persons or entities acting, or purporting to act,

either directly or indirectly, on its behalf.

2.      "Document" is used in the broadest possible sense, pursuant to the Federal Rules

of Evidence and Rule 34(a) of the Federal Rules of Civil Procedure, and includes without

limitation: any written, printed, typed, photographed, recorded or otherwise reproduced

communication or representation, whether comprised of letters, words, numbers, pictures, sounds, symbols, or any combination thereof. This definition includes, but is not limited to: all inter- and intra- office communications, correspondence, memoranda, notes, reports, summaries, messages, records, minutes, studies, contracts, agreements, working papers, analytical records, trade letters, press releases, calendars, diaries, articles, brochures, pamphlets, circulars, bulletins, notices, charts, graphs, audio and video tapes, e-mail, voice-mail, computer disks, data cells, and print-outs of information stored or maintained by electronic data processing or word processing equipment. This definition also includes all preliminary versions, drafts, revised versions, duplicates and copies of any of the foregoing documents that have any non-conforming notes, changes or other markings.

3.     "Any" and "all" are used in the broadest possible sense, and mean "each and every" as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. In connection with a description of documents, these terms are used in the broadest possible sense, and reference "each and every" document known to you, whether an original or copy, that can be located or discovered by reasonably diligent efforts.

4.     "Related" or "relating", are used in the broadest possible sense, and mean analyzing, communicating, concerning, constituting, containing, contrasting, comparing, comprising, describing, disclosing, discussing, explaining, involving, mentioning, recording, referring to, showing, or summarizing, either directly or indirectly. In connection with a description of documents, these terms are intended to reference all documents which compromise, explicitly or implicitly, refer to, were reviewed in conjunction with, or were

created, generated or maintained as a result of the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request.

5.    "Person" and "people" are used in the broadest possible sense, and mean natural persons, governmental entities or units, corporations, partnerships, joint ventures, associations or other entities, however denominated.

6.    As used herein, "and" as well as "or" are used in the broadest possible sense, and shall be construed either disjunctively or conjunctively as necessary in context to require the broadest response to the Interrogatory in question.

7.    "General minimums" refers to the minimum requirements SEPTA imposed on paratransit providers as described in SEPTA's Agreements for Paratransit Services, Exhibit 1, Sections F2.10.1 to F2.10.10.

8.    The use of the singular shall be deemed to include the plural, the masculine, the feminine and neuter, as appropriate in context.

## INSTRUCTIONS

1.    Each Document Request herein is deemed to be continuing, and in the event that additional documents are later discovered by, or become known to you, a supplemental production must be made under Federal Rule of Civil Procedure 26(e).

2.    Each Document Request herein applies to all documents in your possession, custody or control, or in the possession, custody or control of any persons acting or purporting to act on your behalf, including, but not limited to, your present and former divisions, subsidiaries, affiliates, officers, directors, agents, contractors, sub-contractors, employees, attorneys,

investigators, insurers, consultants, persons under its control and all other persons or entities acting, or purporting to act, either directly or indirectly, on its behalf.

3.     As to each document you produce, either label or otherwise indicate the number of the request pursuant to which you have produced the document, or produce the documents as they are kept in the usual course of business.

4.     You are to produce each document requested here in its entirety, without deletion or modification (except as qualified by Instruction 6), regardless of whether you consider the entire document to be relevant or responsive to these requests.

5.     If you object to disclosing some or all of the contents of any documents subject to these requests by reason of a claim of privilege, include in your response to the request:

     a.    the date of the document;

     b.    the type of document (e.g., letter, inter-office memo);

     c.    the general subject matter of the document;

     d.    the identity of its author(s), preparer(s) and each of its signers;

     e.    the identity of each person to whom the document was addressed or sent;

     f.    the purposes for which the document was prepared;

     g.    if the document concerns any meeting or conversation, the identity of all those invited to, and present at, the meeting or conversation;

     h.    the specific request, identified by paragraph or part thereof, to which the document relates;

     i.    the present location and custodian of the document; and

    j.      the nature of, and basis for, the privilege or other protection from

             discovery being claimed.

    k.      Notwithstanding your assertion of any privilege, if any document you

             withhold on the basis of privilege, or otherwise, contains non-privileged

             information responsive to any request, you must produce the non-

             privileged responsive portion of the document.  You may redact that

             portion of the document you contend is privileged, provided that you

             indicate that the document has been redacted and furnish the information

             requested above.

6.      In the event that any document covered by these requests is missing, has been lost, destroyed or otherwise disposed of,  include your response to the request:

    a.      the date of the document;

    b.      the type of document;

    c.      the general subject matter of the document;

    d.      the identity of its author(s), preparer(s) and signatories;

    e.      the identity of each person who was sent or furnished with the document,

             has had custody of the document, or to whom the contents of the document

             have otherwise been disclosed, in whole or in part, including the date and

             means of such disclosure;

    f.      all purposes for which the document was prepared;

    g.      whether the document is missing, has been lost, destroyed or otherwise

             disposed of;

h.    the present location of the document, if known, including the name, street address and telephone number of its present custodian;

i.    the date on which the document was discovered to be missing or lost, or on which it was lost, destroyed or otherwise disposed of;

j.    the identity of the person(s) who authorized this disposition of the document; and the identity of the person(s) who disposed of the document;

k.    the reasons for, and circumstances surrounding, any of these dispositions; and

l.    the specific request, identified by paragraph or part thereof, to which the document relates.

7.    If a requested document is no longer in your possession, subject to your control, or is no longer in existence, include in your response to the request:

a.    the date of the document;

b.    the type of document;

c.    the general subject matter of the document;

d.    whether the document is: missing or lost, destroyed, transferred to another, or has been otherwise disposed of;

e.    the reasons for, and circumstances surrounding, any of these dispositions;

f.    the identity of the person responsible for this disposition; and

g.    the date or best approximate date of this disposition.

8.    If you encounter any ambiguity in construing any request, definition, or instruction relevant to the request, set forth the matter deemed "ambiguous" as well as the construction used in responding to the request.

-6-

9.      Each request set forth below must be responded to separately.  When a request contains separate numbered or lettered paragraphs, each paragraph should be treated individually, and a separate response furnished.  Documents are to be produced separately, as far as reasonably practical, according to each of the numbered paragraphs set forth below.  However, to the extent documents are furnished in connection with any numbered request, they may be omitted from a subsequent request.

## SECOND BRANDIS DOCUMENT REQUESTS

**Unless otherwise specifically indicated, all information requested is for the period from January 1, 1991 to the present.**

1.      All documents in SEPTA's possession relating to field audits performed on paratransit driver files.

2.      All documents from SEPTA's Field Service Department relating to its review of paratransit driver records.

3.      All documents in SEPTA's possession relating to driver's license checks run for paratransit drivers.

4.      All documents from SEPTA's MVR files for paratransit drivers.

5.      All documents in SEPTA's possession relating to arrest records for paratransit drivers.

6.      All documents relating to SEPTA's consideration of arrest records in determining whether to remove paratransit drivers from SEPTA service.

7.      A working electronic copy of SEPTA's paratransit driver database, with all related or supporting computer software.

8.    A print-out of SEPTA's entire paratransit driver database.

9.    Delta Services' draft RFP for SEPTA paratransit service.

10.    Delta Services' final RFP for SEPTA paratransit service.

11.    Copies of all documents disseminated or referenced at any meeting between SEPTA and Delta Services relating to paratransit provider contracts.

12.    Copies of every paratransit service contract SEPTA entered into before May 13, 1996.

13.    Documents showing the date on which SEPTA first provided paratransit services in Bucks County, Chester County, Delaware County, Montgomery County, Philadelphia County and any other Pennsylvania county.

14.    Documents showing the date on which SEPTA first provided paratransit services through third-party paratransit providers in Bucks County, Chester County, Delaware County, Montgomery County, Philadelphia County and any other Pennsylvania county.

15.    All meeting minutes, agendas, notes, memoranda, records, attendance lists or other documents created for, or as a result of, SEPTA's monthly paratransit provider meetings.

Dated: March 18, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorneys for Plaintiff and the Class

-8-

# SPECTOR, ROSEMAN & KODROFF, P.C.

1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-0300 PHONE
(215) 496-6611 FAX

# FACSIMILE TRANSMISSION

DATE/TIME: March 18, 2004 (4:03pm)

FROM:    David J. Cohen

TO:

| Name | Fax Number | Phone Number |
|------|-----------|--------------|
| Robert J. Haurin | 215-977-7240 | 215-977-7230 |
| Wayne Ely | 215-750-3138 | 215-750-3134 |

Case Name: <u>Paratransit</u>        No. of pages (including this page):10

The original of these documents will be sent by:
[ ] Ordinary Mail    [ ] Hand delivery    [ ] Overnight Mail [XX] FAX ONLY

MESSAGE:


Please see attached correspondence.


<u>IF YOU HAVE A PROBLEM RECEIVING THIS FAX, PLEASE CALL (215) 496-0300</u>

<u>CONFIDENTIALITY NOTE</u>
The information in this fax is confidential and/or legally privileged. The information
is intended only for the use of the individual(s) or entity named on this transmission
sheet. If you are not the intended recipient, you are hereby notified that any
disclosure, copying, distribution or the taking of any action in reliance on the contents
of this fax information is strictly prohibited. If you have received this fax in error,
please notify us by telephone immediately. Thank you.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.    02-CV-3591 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | JURY TRIAL DEMANDED |
| TRANSPORTATION AUTHORITY | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT SEPTA'S OBJECTIONS TO
### PLAINTIFF'S SECOND BRANDIS DOCUMENTS REQUESTS

Defendant, SEPTA objects to Plaintiff's Fifth Request for Production of Documents as

follows:

## I.    GENERAL OBJECTIONS.

1.  SEPTA objects to Plaintiff's Fifth Request for Production of Documents to the extent

they improperly seek information that is not relevant to any of the issues in this dispute, and/or

are not reasonably calculated to lead to the discovery of admissible evidence.

2.  SEPTA objects to Plaintiff's Fifth  Request for Production of Documents to the extent

they are ambiguous, vague, and/or are overbroad.

3.  SEPTA objects to Plaintiff's Fifth Request for Production of Documents to the extent

they improperly call for information protected by the attorney-client privilege and/or the attorney

work-product doctrine.

4.  SEPTA objects to Plaintiff's Fifth Request for Production of Documents to the extent

they cause unreasonable annoyance, embarrassment, oppression, burden, expense, were served by

Plaintiff solely to harass SEPTA and are redundant and duplicative of prior requests for the

production of documents.

5.  SEPTA objects to Plaintiff's Fifth Request for Production of Documents to the extent that their scope exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure.

6.  SEPTA objects to Plaintiff's Fifth Request for Production of documents because such requests were served after the expiration of the discovery deadline established by the Court.

7.  The foregoing general objections apply to each and every response to each request whether or not referred to in any specific response.  Subject to each of the General Objections and to the specific objections that follow, SEPTA specifically objects to the Fifth Document Requests as follows:

## DOCUMENT REQUESTS

1.     All documents in SEPTA's possession relating to field audits performed on paratransit driver files.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline.  SEPTA also objects to this request as being overly broad, unduly burdensome and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests the production of any document that might relate or refer in any way to field audits and is not limited to reviews of criminal record information for paratransit drivers employed by SEPTA contractors.

2.  All documents from SEPTA's Field Service Department relating to its review of Paratransit driver records.

**RESPONSE:**  SEPTA objects to this request because it was made after the expiration of the discovery deadline.  SEPTA also objects to this request as being overly broad, unduly burdensome and irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent that it requests the production of any document that might relate or refer in any way to field audits and is not limited to reviews of criminal record information for paratransit drivers employed by SEPTA contractors.  Answering further, SEPTA objects to this request as being unintelligible in that it has no Field Service Department.

3.  All documents related to driver's license checks run for paratransit drivers.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline.  SEPTA also objects to this request as being overly broad, unduly burdensome and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that drivers licenses for paratransit drivers have nothing to do with any issue in this case.

4.  All documents from SEPTA's MVR files for Paratransit drivers.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline.  SEPTA also objects to this request as being overly broad, unduly burdensome and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that motor vehicle records for paratransit drivers have nothing to do with any issue in this case.

5.  All documents in SEPTA's possession relating to arrest records for paratransit drivers.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline.  SEPTA also objects to this request as being overly broad, unduly burdensome and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6.  All documents relating to SEPTA's consideration of arrest records in determining whether to remove paratransit drivers from SEPTA service.

3

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline. SEPTA also objects to this request as being overly broad, unduly burdensome and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

7. A working electronic copy of SEPTA's paratransit driver database, with all related or supporting computer software.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline. SEPTA also objects to this request as being overly broad, unduly burdensome and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests the production of any document that does not relate to criminal record information for paratransit drivers. SEPTA also objects to this request as lacking in reasonable particularity as required by Rule 34 of the Federal Rules of Civil Procedure in that it is utterly unintelligible in failing to describe the category of documents to which it refers. Finally, SEPTA objects to producing proprietary and confidential software.

8. A print-out of SEPTA's entire paratransit database.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline. SEPTA also objects to this request as being overly broad, unduly burdensome and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests the production of any document that does not relate to criminal record information for paratransit drivers. Finally, SEPTA objects to producing confidential personal information about individuals employed by its paratransit providers.

9. Delta Services' draft RFP for SEPTA paratransit service.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of

the discovery deadline. SEPTA also objects to this request as being designed solely to harass and oppress in that it is duplicative of prior requests for production made by Plaintiff and previously responded to by SEPTA.

10. Delta Services' final RFP for SEPTA paratransit service.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline. SEPTA also objects to this request as being designed solely to harass and oppress in that it is duplicative of prior requests for production made by Plaintiff and previously responded to by SEPTA.

11. Copies of all documents disseminated or referenced at any meeting between SEPTA and Delta Services relating to Paratransit provider contracts.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline. SEPTA also objects to this request as being designed solely to harass and oppress in that it is duplicative of prior requests for production made by Plaintiff and previously responded to by SEPTA.

12. Copies of every Paratransit service contract SEPTA entered into before May 13, 1996.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline. SEPTA also objects to this request as being designed solely to harass and oppress in that it is duplicative of prior requests for production made by Plaintiff and previously responded to by SEPTA.

13. Documents showing the date on which SEPTA first provided paratransit services in Bucks County, Chester County, Delaware County, Montgomery County, Philadelphia County and any other Pennsylvania county.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline. SEPTA also objects to this request as being designed solely to harass and oppress in that it is duplicative of prior requests for production made by Plaintiff and previously responded to by SEPTA.

14. Documents showing the date on which SEPTA first provided paratransit services though third-party paratransit providers in Bucks County, Chester County, Delaware County, Montgomery County, Philadelphia County and any other Pennsylvania county.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline. SEPTA also objects to this request as being designed solely to harass and oppress in that it is duplicative of prior requests for production made by Plaintiff and previously responded to by SEPTA.

15. All meeting minutes, agendas, notes, memoranda, records, attendance lists or other documents created for, or asa result of, SEPTA's monthly Paratransit provider meetings.

**RESPONSE:** SEPTA objects to this request because it was made after the expiration of the discovery deadline. SEPTA also objects to this request as being overly broad, unduly burdensome and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that the request seeks the disclosure of information unrelated to any of the claims or defenses asserted by the parties to this action. SEPTA also objects to this request as being oppressive and designed solely to harass in that this request is duplicative of other requests that were previously responded to by SEPTA.

**ROBERT J. HAURIN, ESQUIRE**
**SAUL H. KRENZEL, ESQUIRE**
SAUL H. KRENZEL & ASSOCIATES
Attorneys for Defendant, SEPTA

DATED:   April 19, 2004

6

## CERTIFICATE OF SERVICE

I, Robert J. Haurin, Esquire, hereby certify that on this 19th day of April, 2004, a true and correct copy of Defendant, SEPTA's Objections to Plaintiff's Second Brandis Document Requests, were served via first class mail on the following:

David J. Cohen, Esquire
Spector, Roseman & Kodruff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103


**ROBERT J. HAURIN, ESQUIRE**
SAUL H. KRENZEL & ASSOCIATES
Attorney for Defendant, SEPTA

DATED: April 19, 2004

# EXHIBIT C

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
MELISSA H. HOLZMAN*
JENNIFER L. ENCK

•    MEMBER OF PA & NJ BAR
••   MEMBER OF PA & NY BAR
•••  MEMBER OF MD BAR
••   MEMBER OF NY & NJ BAR
***  MEMBER OF NJ & FL BAR

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

JAY S. COHEN
OF COUNSEL

April 23, 2004

**Via Fax Transmission Only**
Robert J. Haurin, Esquire
Saul H. Krenzel & Associates
42 South 15th Street, Suite 800
Philadelphia, PA 19102

Re:   *El v. SEPTA*, Civil Action No. 02-CV- 3591
      **Ongoing Problems With SEPTA Discovery Responses.**

Dear Mr. Haurin:

I have recently devoted a significant amount of time to reviewing SEPTA's discovery responses in the above-captioned case and identifying the numerous deficiencies in your client's objections and answers at this point in time. For the sake of simplicity, I have divided these deficiencies into categories and identified each discovery request to which they relate. Please review this information and contact me as soon as possible to discuss a resolution.

1.   **Failure to produce based on claimed attorney/client privilege or work-product privilege (Merits Document Requests 1, 10, 15, 19; Krajewski Document Requests 8, 28).**
     SEPTA has refused to produce documents in response to each of these requests, claiming that providing a response would violate the attorney/client privilege or the work-product privilege. SEPTA's December 22, 2003 Privilege Log lists 26 documents withheld based on a claim of privilege. However, SEPTA neither identified the privilege log entries to which its objections relate not supplemented its privilege log to include the specific documents responsive to these discovery requests.

2.    **Failure to produce based on claimed production of responsive documents (Merits Document Requests 2, 5-12, 15; Krajewski Document Requests 8, 22-24, 28).**
SEPTA justifies its refusal to answer these discovery requests by claiming that it has already produced responsive documents. However, after an extensive review of SEPTA's production, Plaintiff is unable to identify any materials responsive to these requests. This situation is obviously complicated by the fact that SEPTA's responses and objections do not identify the materials that it considers to be responsive to Plaintiff's requests. If no responsive materials are available, SEPTA should consider amending its responses to so provide.[1]

3.    **Failure to produce based on claimed infringement on mental impressions of counsel (Merits Interrogatories 13-14, 17; Merits Document Requests 5, 8, 10-12, 15).**
SEPTA has refused to produce discovery in response to these requests, claiming that providing a response would require it to divulge the protected mental impressions of its counsel. SEPTA has not correctly interpreted the law on this issue. These requests seek disclosure of the facts underlying SEPTA's legal arguments. They do not seek documents prepared by an attorney in anticipation of litigation or trial, nor do they seek documents containing the mental impressions, conclusions, opinions or legal theories of defense counsel. Under these circumstances, Rule 26(b)(3) does not justify SEPTA's claim of privilege. See, e.g., Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir.1995); Roberts v. Air Capitol Plating, Inc., 1997 WL 446266 at *6 (D. Kan. 1997); Onwuka v. Federal Express Corp., 178 F.R.D. 508, 512-18 (D. Minn. 1997); Johnson v. Teledyne Industries, Inc., 1996 WL 507282, *1 (N.D. Ill. 1996); Phillips Electronics North America Corp. v. Universal Electronics, Inc., 892 F. Supp. 108, 110 (D. Del.1995); Mead Corp. v. Riverwood Natural Resources Corp., 145 F.R.D. 512, 518 (D. Minn. 1992) (facts relevant to the case are not

---

[1]    The insufficiency of this objection is best illustrated by Krajewski Document Request 24. In this Request, Plaintiff sought "All documents relating to the creation, review, modification or revision of the general minimums for paratransit drivers in SEPTA service by any person." SEPTA responded to this Request by saying that it "has answered this request numerous times and will not respond again." SEPTA has never fully answered this Request. Plaintiff's First Document Request #3 sought documents relating to SEPTA's creation, revision or modification of policies concerning the hiring of employees with past criminal convictions. SEPTA raised formulaic objections to this request and referenced the paratransit contracts it produced in response to First Document Request #1. Plaintiff's Merits Document Request #2 sought documents relating to SEPTA's creation of general minimums for paratransit providers. Without identifying any documents, SEPTA claimed to have already produced documents (its paratransit contracts?) responsive to this request. Despite being asked three times for source documents concerning the creation of its contracts and policies, SEPTA has not produced a single document, claimed to have made a reasonable search for such documents, or acknowledged that such documents are unavailable.

ordinary or opinion work-product of an attorney and plaintiff is entitled to discover the factual basis for assertion of defenses).[2]

4.  **Answers based on a misinterpretation of Plaintiff's requests (Merits Interrogatory 6, 22; Krajewski Document Request 7).**

SEPTA has misinterpreted these three discovery requests, and is asked to provide a revised response to each.  Merits Interrogatory 6 asks SEPTA to identify "all people with knowledge or information relating to SEPTA's purpose or intent in imposing criminal record requirements on paratransit driver applicants."  Where the wording of this Interrogatory was specifically revised to clarify an ambiguity in SEPTA's interpretation, there is no valid basis to withhold an answer.  Merits Interrogatory 22 asks SEPTA to identify "all people who have provided a statement relating to this lawsuit or to SEPTA's general minimums for paratransit providers."  SEPTA responded that no formal statements had been made by its employees in connection with the defense of this matter, but said nothing with respect to statements concerning SEPTA's general minimums for paratransit providers.  Krajewski Document Request 7 seeks "documents identifying all persons who performed services relating to the scope of services for SEPTA's paratransit providers during the Class Period and describing the specific services they performed."  This is not a request for paratransit contracts, as SEPTA interprets it.  Rather it is a request for information about any people or entities who may have performed work for SEPTA related to its general minimums.

5.  **SEPTA's Improper objections and refusals to produce (Merits Document Request 4; Krajewski Document Requests 1-2, 6, 19-21).**

SEPTA objected to Merits Document Request 4 on the grounds of relevance and refused to produce documents.  On February 27, 2004, Judge Joyner ruled that the subject matter of Plaintiff's Merits Document Request 4 was relevant to Plaintiff's claims and that SEPTA had to provide a full and complete response to this Request.  SEPTA's failure to do so directly contravenes this Order.  Krajewski Document Requests 1-2 are reasonably calculated to lead to the discovery of admissible evidence, because they seek documents related to SEPTA's provision of paratransit services and the requirements SEPTA placed on its paratransit providers.  SEPTA cannot demonstrate that these issues are irrelevant to Plaintiff's claims.  Further, in responding to other Delta discovery requests, SEPTA has already demonstrated that this production is not likely to impose an undue burden.  Krajewski Document Requests 6 and 19-21 are reasonably calculated to lead to the discovery of admissible evidence, because they seek documents identifying persons who performed services relating to

---

[2]  It is also well established that failing to timely provide a privilege log describing documents withheld from production on the ground of work-product privilege constitutes a waiver of the privilege.  See Gould Inc. v. Mitsui Mining & Smelting Co., Ltd., 825 F.2d 676, 680 (2d Cir.1987); Lugosch v. Congel, 219 F.R.D. 220, 239 (N.D.N.Y. 2003).  Where SEPTA has not provided a privilege log describing the documents it seeks to withhold from production in response to these discovery requests, it has no valid basis to assert this objection and is required to produce all responsive materials in its possession.

SEPTA's paratransit service contracts, the scope of service in those contracts and the general minimums imposed on paratransit providers during the Class Period – all of which are at the heart of Plaintiff's claims. Under these circumstances, SEPTA cannot demonstrate that these Requests are irrelevant. Further, SEPTA has not provided any basis for determining that responding to these Requests would impose an undue burden.

6. **SEPTA's failure to produce based on a claimed expiration of the discovery deadline (Second Brandis Document Requests 1-15).**

As set out more fully in *Plaintiff's Response to Defendant's Motion to Quash Subpoenas*, the deadline for Plaintiff to seek discovery from SEPTA has not arrived. Prior to signing the Stipulation we filed with the Court on February 26, 2004, you asked Wayne and I to agree that no further discovery would be taken of SEPTA. Where SEPTA and Plaintiff were still actively engaged in requesting and producing merits discovery and it was obvious that we would need to serve supplemental requests for virtually all of SEPTA's merits discovery responses, we denied your request. As proof of this, you need look no further than the Stipulation we signed to see that your requested language does not appear. Instead, the Stipulation expressly says that discovery between the parties (meaning Plaintiff and SEPTA) is ongoing. As you know, Frank Brandis' deposition did not take place until March 10, 2004. I served you with the Second Brandis Document Requests by fax on March 18, 2004. These Requests are specifically directed at Mr. Brandis' deposition testimony and seek documents that Plaintiff had no reason to know existed in advance of this deposition. Under these circumstances, your "expiration" objection is utterly frivolous and verges on sanctionable. I am willing to discuss the possibility of limiting or otherwise directing SEPTA's responses to these Requests, but not until I receive your immediate assurance that a responsive production will be made within the shortest possible time period.

Please contact me at your earliest convenience to meet and confer on these issues.

Very truly yours,

David J. Cohen

cc: Wayne Ely (by fax)

Page -4-

# SPECTOR, ROSEMAN & KODROFF, P.C.

1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-0300 PHONE
(215) 496-6611 FAX

## FACSIMILE TRANSMISSION

DATE/TIME: April 23, 2004 (6:06pm)

FROM:    David J. Cohen

TO:

| Name | Fax Number | Phone Number |
|------|-----------|--------------|
| Robert J. Haurin | 215-977-7240 | 215-977-7230 |
| Wayne Ely | 215-750-3138 | 215-750-3134 |

Case Name: Paratransit      No. of pages (including this page): 5

The original of these documents will be sent by:
[ ] Ordinary Mail    [ ] Hand delivery    [ ] Overnight Mail [XX] FAX ONLY

MESSAGE:

**Please see attached correspondence.**

IF YOU HAVE A PROBLEM RECEIVING THIS FAX, PLEASE CALL (215) 496-0300

CONFIDENTIALITY NOTE
The information in this fax is confidential and/or legally privileged. The information
is intended only for the use of the individual(s) or entity named on this transmission
sheet.  If you are not the intended recipient, you are hereby notified that any
disclosure, copying, distribution or the taking of any action in reliance on the contents
of this fax information is strictly prohibited.  If you have received this fax in error,
please notify us by telephone immediately. Thank you.

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DOUGLAS EL                          :

          Plaintiff,    FEB 2 3    :    CIVIL ACTION    FILED FEB 2 3 2004

    v.                              :

                       :    NO.    02-CV-3591

SEPTA                               :    Before the Honorable J. Curtis Joyner
                       :    United States District Judge
          Defendant.    :

**STIPULATION FOR EXTENSION OF TIME**
**TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**DUE TO FAILURE OF THIRD PARTIES TO PRODUCE ESSENTIAL DISCOVERY**

It is hereby stipulated as follows between counsel for Plaintiff and Defendant:

1.    Plaintiff's response to Defendant's motion for summary judgment is currently due no later than March 15, 2004.

2.    The parties have made a thorough, ongoing and diligent effort to conduct all required discovery relevant to the motion for summary judgment.

3.    However, several third parties from whom essential discovery has been sought by Plaintiff have refused to produce same to any extent and have repeatedly ignored subpoenas for documents and testimony.

4.    Other third parties have refused to produce essential information in a timely manner in response to subpoenas.

5.    Several motions addressing the aforesaid failure of third parties to produce essential information are pending before the Court, and the Court has already entered at least one order to compel which has gone ignored by the third party to whom it is addressed, necessitating still another motion against that party.

6.    Much of the information sought by Plaintiff from third parties is in their exclusive possession, and Plaintiff cannot obtain that information from Defendant. Defendant also wishes to obtain this information.

ENTERED
FEB 26 2004
CLERK OF COURT

7.     Given the ongoing difficulties encountered in obtaining required discovery from third parties, the parties have stipulated and agreed, pending the approval of the Court, that Plaintiff may have a ninety (90) day extension (through June 14, 2004) to file his response to the motion, and complete third party discovery.

8.     A prior extension of time was granted by the Court to allow Plaintiff to complete discovery relevant to the summary judgment motion.  Immediately after that extension was granted, Plaintiff issued the discovery it required of Defendant (several discovery requests have been issued between the parties, they have answered same and are continuing to complete their inter-party requests as discovery between them is ongoing).  However, while the parties have engaged in ongoing and continuing discovery, Plaintiff has encountered severe difficulties obtaining required information from the third parties to whom he issued subpoenas for information he requires to allow his expert statistician and criminologist to complete their expert reports.


TIMOTHY M. KOLMAN                          SAUL KRENZEL AND
AND ASSOCIATES                             ASSOCIATES


_____                    _____
Wayne A. Ely, Esquire                      Robert Haurin, Esquire
Timothy M. Kolman & Associates             Saul H. Krenzel and Associates
225 N. Flowers Mill Road                   The Robinson Building
Langhorne, PA 19047                        42 South 15th Street
(215) 750-3134                             Suite 800
                                           Philadelphia, PA 19102


The foregoing Stipulation is hereby APPROVED as an Order of the Court.


_____
The Honorable Curtis D. Joyner