# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS EL,** | : | |
| **Individually and on behalf of** | : | |
| **all others similarly situated,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO. 02-CV-3591** |
| **SOUTHEASTERN PENNSYLVANIA** | : | |
| **TRANSPORTATION AUTHORITY,** | : | |
| **Defendant.** | : | |

## ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Compel Merits Discovery Responses from SEPTA,

IT IS, on this _____ day of _____, 2004,

ORDERED THAT Plaintiff's Motion is GRANTED, and that:

1. SEPTA shall supplement its production to Plaintiff's Merits Document Requests 1, 2, 4-15, 17 and 19 within ten days, or acknowledge in writing that it does not possess any documents responsive to these Requests;

2. SEPTA shall supplement its production to Plaintiff's Merits Interrogatories 6, 13-14, 17 and 22 within ten days, or acknowledge in writing that it does not possess any documents responsive to these Requests;

3. SEPTA shall supplement its production to Plaintiff's Krajewski Document Requests 1-2, 6-8, 19-24 and 28 within ten days, or acknowledge in writing that it does not possess any documents responsive to these Requests;

4. SEPTA is in contempt of Court for refusing to answer Plaintiff's Merits discovery requests without valid justification.  Plaintiff's counsel shall submit a Bill of Costs for the time spent seeking this discovery from SEPTA and litigating this Motion by _____, 2004 to assist the Court in determining the proper amount of sanctions.

_____
THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------
DOUGLAS EL,                             :
Individually and on behalf of           :
all others similarly situated,          :
                    Plaintiff,          :
              v.                        :          CIVIL ACTION
                                        :          NO.  02-CV-3591
SOUTHEASTERN PENNSYLVANIA               :
TRANSPORTATION AUTHORITY,               :
                    Defendant.          :
-----------------------------------------------------
```

### PLAINTIFF'S MOTION TO COMPEL
### MERITS DISCOVERY RESPONSES FROM SEPTA

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37, hereby

moves this Court to: **1)** grant this Motion; **2)** order SEPTA to produce documents and

information in response to Plaintiff's Merits Document Requests 1, 2, 4-15, 17 and 19, Plaintiff's

Merits Interrogatories 6, 13-14, 17 and 22 and Plaintiff's Krajewski Document Requests 1-2, 6-8,

19-24 and 28 within ten days; **3)** hold SEPTA in contempt of Court for refusing to answer

Plaintiff's Merits discovery without valid justification; **4)** approve an award of sanctions against

SEPTA for refusing to answer Plaintiff's Merits discovery requests without valid justification;

and **5)** order Plaintiff to submit a Bill of Costs for the time spent seeking this discovery to assist

in calculating these sanctions.

In support of this Motion, Plaintiff avers as follows:

I.    **BACKGROUND FACTS**

A.    **Merits Interrogatories**

1.    On November 20, 2003, Plaintiff delivered his Merits Interrogatories to SEPTA.[1]

2.    On November 25, 2003, SEPTA's counsel, Robert Haurin, wrote Plaintiff's counsel to raise an objection that Plaintiff's Merits Interrogatories exceeded the number of Interrogatories permitted by rule.  As a result, Mr. Haurin said that he would only answer Plaintiff's Merits Interrogatories 1-5.

3.    Counsel for Plaintiff and SEPTA participated in a phone conference on November 26, 2003 to discuss whether SEPTA would supplement its Responses to Plaintiff's Merits Interrogatories.  Despite their good faith efforts, the parties were unable to reach an agreement.

4.    On December 10, 2003, Plaintiff filed a Motion For Permission To Propound More Than 25 Interrogatories on SEPTA.

5.    On December 22, 2003, SEPTA responded to Plaintiff's Merits Interrogatories.[2] Consistent with his earlier representation, Mr. Haurin did not answer Merits Interrogatories 6-25 on the ground that they exceeded the number of  Interrogatories permitted by rule.

6.    On January 13, 2004, this Court granted Plaintiff's Motion and ordered SEPTA to provide full and complete answers to Merits Interrogatories 6-25.

7.    On February 17, 2004, SEPTA ostensibly answered Plaintiff's Merits Interrogatories.[3]

_____

[1]    See Plaintiff's First Merits Interrogatories (Ex. A).

[2]    See SEPTA's Responses to Merits Interrogatories (Ex. B).

[3]    See SEPTA's Supplemental Responses to Merits Interrogatories (Ex. C).

-2-

8.     On March 4 2004, after a thorough review of SEPTA's Merits Interrogatory Responses, Plaintiff sent Mr. Haurin a letter pointing out numerous problems with his Merits Interrogatory responses and seeking supplemental information.

9.     On March 22, 2004, Mr. Haurin answered this letter, provided some additional information and asserted further objections to Plaintiff's Merits Interrogatories.[4]

10.     On April 23, 2004, Plaintiff sent SEPTA's counsel a letter describing the deficiencies in SEPTA's Responses to Plaintiff's Merits Interrogatories 6, 13-14, 17 and 22 and inviting Mr. Haurin to participate in a "meet and confer" on these issues.[5] Counsel for both parties discussed the issues raised in this Motion on April 30, 2004, May 5, 2004 and May 6, 2004. At the end of these conferences, Mr. Haurin promised to produce supplemental merits discovery or acknowledge in writing that SEPTA does not possess any documents responsive to the discovery requests addressed in this Motion by May 14, 2004. As of today, Plaintiff has not received any supplemental discovery or answers from SEPTA.

**B.     Merits Document Requests**

11.     On November 20, 2003, Plaintiff delivered his Merits Document Requests to SEPTA.[6]

12.     On December 22, 2003, SEPTA ostensibly answered Plaintiff's Merits Document Requests.[7] In its Response, SEPTA refused to make any production with respect to Merits

---

[4]  See Plaintiff's March 4, 2004 letter and SEPTA's March 22, 2004 response (Ex. D).

[5]  See Plaintiff's April 23, 2004 letter (Ex. E).

[6]  See Plaintiff's Merits Document Requests (Ex. A).

[7]  See SEPTA's Merits Document Request Responses (Ex. B).

Document Requests 4, 19 and 20, asserted a number of questionable objections, and made several unsupported claims of prior production.

13.     Counsel for Plaintiff and SEPTA participated in phone conferences on January 15, 2004 and February 15, 2004 to discuss whether SEPTA would supplement its Responses to Plaintiff's Merits Document Requests. Despite their good faith efforts, the parties were unable to reach an agreement.

14.     On February 9, 2004, Plaintiff filed a Motion to Compel responses to Merits Document Requests 4, 19 and 20 from SEPTA.

15.     On February 27, 2004, this Court granted Plaintiff's Motion in part and ordered SEPTA to provide full and complete answers to Merits Document Requests 4 and 19.

16.     On March 22, 2004, SEPTA produced documents in response to Merits Document Request 19 (concerning David DeSouza). However, in direct contravention of this Court's February 27, 2004 Order, SEPTA has not yet produced any documents in response to Merits Document Request 4 (concerning Policy/Instruction 6.29.2).

17.     On April 23, 2004, Plaintiff sent SEPTA's counsel a letter describing the deficiencies in SEPTA's Responses to Plaintiff's Merits Document Requests 1, 2, 4-15, 17 and 19 and inviting Mr. Haurin to participate in a "meet and confer" on these issues.[8] Counsel for both parties discussed the issues raised in this Motion on April 30, 2004, May 5, 2004 and May 6, 2004. At the end of these conferences, Mr. Haurin promised to produce supplemental merits discovery or acknowledge in writing that SEPTA does not possess any documents responsive to the discovery requests addressed in this Motion by May 14, 2004. As of today, Plaintiff has not received any supplemental discovery or answers from SEPTA.

---

[8]  See Plaintiff's April 23, 2004 correspondence (Ex. E).

-4-

C.    **Krajewski Document Requests**

18.      On February 9, 2004, Plaintiff deposed Richard Krajewski, the Manager of

Technical Analysis for SEPTA's Paratransit Division.  Mr. Krajewski's testimony disclosed, for

the first time in this litigation, that a consultant named Delta Service Group, Inc. ("Delta") was

involved in revising SEPTA's paratransit service contracts (and the requirements imposed on the

hiring of paratransit drivers) during the class period.

19.      On February 11, 2004, Plaintiff's counsel sent Mr. Haurin 28 Document Requests

related to Mr. Krajewski's testimony and Delta's role in revising SEPTA's paratransit contracts.[9]

20.      On March 22, 2004, SEPTA ostensibly answered Plaintiff's Krajewski Document

Requests.  While SEPTA produced documents in response to certain Requests, it responded to

other Requests with boilerplate objections and unsupported claims of prior production.[10]

21.      On April 23, 2004, Plaintiff sent SEPTA's counsel a letter describing the

deficiencies in SEPTA's Responses to Plaintiff's Krajewski Document Requests 1-2, 6-8, 19-24

and 28, and inviting Mr. Haurin to participate in a "meet and confer" on these issues.[11]  Counsel

for both parties discussed the issues raised in this Motion on April 30, 2004, May 5, 2004 and

May 6, 2004.  At the end of these conferences, Mr. Haurin promised to produce supplemental

merits discovery or acknowledge in writing that SEPTA does not possess any documents

responsive to the discovery requests addressed in this Motion by May 14, 2004.  As of today,

Plaintiff has not received any supplemental discovery or answers from SEPTA.

---

[9]  See Plaintiff's Krajewski Document Requests (Ex. F).

[10]  See SEPTA's Krajewski Document Request Responses (Ex. G).

[11]  See Plaintiff's April 23, 2004 correspondence (Ex. E).

## II.    SPECIFIC PROBLEMS WITH SEPTA'S MERITS DISCOVERY RESPONSES.

### A.    Failure to Produce Based on Improper Claim of Privilege

22.    SEPTA has refused to produce documents in response to Merits Document
Requests 1, 10, 15, 19 and Krajewski Document Requests 8 and 28, on the ground that providing
a response would violate the attorney/client privilege and/or the work-product privilege.

23.    SEPTA's December 22, 2003 Privilege Log lists 26 documents that have been
withheld from production based on a claim of privilege. Only one of these entries (a December
2, 2002 memo containing an "analysis of EI claims") is arguably relevant to any of Plaintiff's
Merits Document Requests. None of these entries has even arguable relevance to Plaintiff's
Krajewski Document Requests (which were served almost two months after SEPTA's privilege
log), and SEPTA has not supplemented its privilege log to include any entries related to the
Krajewski Document Requests for more than six weeks.

24.    It is well established that failing to timely provide a privilege log that describes
documents withheld from production on the ground of work-product privilege constitutes a
waiver of that privilege. See, e.g. Gould Inc. v. Mitsui Mining & Smelting Co., Ltd., 825 F.2d
676, 680 (2d Cir.1987); Lugosch v. Congel, 219 F.R.D. 220, 239 (N.D.N.Y. 2003); St. Paul
Reinsurance Company, Ltd. v. Commercial, 197 F.R.D. 620, 640-42 (N.D. Iowa 2000); Bowne
of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 489-90 (S.D.N.Y. 1993)

25.    In light of the above, this Court should: **1)** hold that any claim of privilege has
been waived with respect to any documents responsive to these Requests that are not yet
identified in SEPTA's privilege log; **and 2)** order a full and complete production of all
responsive documents; **or 3)** order SEPTA to acknowledge that it does not possess any
documents responsive to these Requests.

**B.**     **Failure to Produce Based on Improper Claim of Prior Production**

26.     SEPTA has refused to produce documents in response to Merits Document

Requests 2, 5-12 and 15 and Krajewski Document Requests 8, 22-24, 28, claiming to have

already produced documents responsive to these Requests.

27.     After a complete and extensive review of SEPTA's production (which fills less

than four document boxes), Plaintiff cannot identify any materials responsive to these requests.

This conclusion is supported by the fact that SEPTA's Responses do not identify any of the

materials considered to be responsive to these requests.[12]

28.     In light of the above, this Court should: **1)** order SEPTA to make a full and

complete production of all responsive documents; **or 2)** order SEPTA to acknowledge that it

does not possess any documents responsive to these Requests.

**C.**     **Failure to Produce Based on Improper Claim of Infringement on the Mental Impressions of Counsel**

29.     SEPTA has refused to produce documents in response to Merits Interrogatories

13-14 and 17 and Merits Document Requests 5, 8, 10-12 and 15, claiming that providing a

response would require it to divulge the protected mental impressions of its counsel.

---

[12] The insufficiency of this objection is illustrated by Plaintiff's request for documents relating to the creation and revision of the employment policy on which this case is founded. Plaintiff's First Document Request #3 sought documents relating to SEPTA's *creation, revision or modification of policies* concerning the hiring of employees with past criminal convictions. In response to this Request, SEPTA produced its contracts with the paratransit providers (which contain various versions of the policy). Plaintiff's Merits Document Request #2 again requested documents relating to SEPTA's *creation* of general minimums for paratransit providers. Without identifying any documents, SEPTA claimed to have already produced documents responsive to this request. Finally, in Krajewski Document Request 24, Plaintiff asked for "All documents relating to the creation, review, modification or revision of the general minimums for paratransit drivers in SEPTA service by any person." Rather than identifying or producing responsive documents, or admitting that it had no more responsive documents, SEPTA said that it had "answered this request numerous times and will not respond again." However, to date, SEPTA has not produced a single document concerning the creation or revision of the relevant policy.

30.    Cases addressing this issue uniformly hold that, while the mental impressions of counsel are entitled to protection, documents containing facts on which those impressions are founded must be produced in discovery.  See, e.g., Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir.1995); Roberts v. Air Capitol Plating, Inc., 1997 WL 446266 at *6 (D. Kan. 1997); Onwuka v. Federal Express Corp., 178 F.R.D. 508, 512-18 (D. Minn. 1997); Johnson v. Teledyne Industries, Inc., 1996 WL 507282, *1 (N.D. Ill. 1996); Phillips Electronics North America Corp. v. Universal Electronics, Inc., 892 F. Supp. 108, 110 (D. Del.1995); Mead Corp. v. Riverwood Natural Resources Corp., 145 F.R.D. 512, 518 (D. Minn. 1992).

31.    For example, while SEPTA could rightly  withhold from production documents its counsel prepared in anticipation of trial, it must produce documents containing the facts on which its counsel's trial strategy is based.  Any other result would deprive Plaintiff of the ability to test the validity of SEPTA's defenses, and would result in manifest unfairness in the litigation.

32.    In light of the above, this Court should: **1)** order SEPTA to make a full and complete production of all responsive documents; **or 2)** order SEPTA to acknowledge that it does not possess any documents responsive to these Requests.

### D.    Failure to Produce / Answer Based on a Misinterpretation of Plaintiff's Discovery Requests

33.    SEPTA has refused to produce documents in response to Merits Interrogatories 6 and 22 and Krajewski Document Request 7, based on its misinterpretation of Plaintiff's requests.

34.    Merits Interrogatory 6 asks SEPTA to identify "all people with knowledge or information relating to SEPTA's purpose or intent in imposing criminal record requirements on

-8-

paratransit driver applicants." Where the wording of this Interrogatory was specifically revised to clarify an ambiguity in SEPTA's interpretation, there is no valid basis for SEPTA to withhold an answer to this Interrogatory, and it should be required to respond.

35.    Merits Interrogatory 22 asks SEPTA to identify "all people who have provided a statement relating to this lawsuit or to SEPTA's general minimums for paratransit providers." SEPTA responded that no formal statements had been made by its employees in connection with the defense of this matter, but said nothing with respect to statements concerning SEPTA's general minimums for paratransit providers. There is no valid basis for SEPTA to answer part of this Interrogatory, and it should be required to respond.

36.    Krajewski Document Request 7 seeks "documents identifying all persons who performed services relating to the scope of services for SEPTA's paratransit providers during the Class Period and describing the specific services they performed." This is not a request for paratransit contracts, as SEPTA has interpreted it, but rather a request for information about the people or entities who performed work for SEPTA related to its general minimums. Where SEPTA has obviously misinterpreted the subject matter of documents sought by this Interrogatory, it should be required to supplement its answer.

37.    In light of the above, this Court should: **1)** order SEPTA to make a full and complete production of all responsive information and/or documents; **or 2)** order SEPTA to acknowledge that it does not possess any information and/or documents responsive to these Requests.

### E.     Failure to Produce Based on Improper Objections

38.     SEPTA improperly objected and refused to produce documents in response to Krajewski Document Requests 1-2 on various grounds.  These Requests are proper, because they seek documents related to the contractual requirements SEPTA placed on its paratransit providers concerning the employment of ex-offenders.  This subject matter is at the heart of Plaintiff's claims and, therefore, is a proper subject for discovery.  Further, SEPTA has not provided any basis for challenging Plaintiff's Requests, and has failed to demonstrate that it would face an undue burden in responding.  Indeed, by responding to other requests concerning Delta, SEPTA has given rise to an inference that such discovery does not impose any undue burden.

39.     SEPTA improperly objected and refused to produce documents in response to Krajewski Document Requests 6 and 19-21 on various grounds.  These Requests are proper, because they seek documents related to SEPTA's paratransit service contracts and the general minimums imposed on paratransit providers during the Class Period.  This subject matter is at the heart of Plaintiff's claims and, therefore, is a proper subject for discovery.  Further, SEPTA has not provided any basis for challenging Plaintiff's Requests, and has failed to demonstrate that it would face an undue burden in responding.  Indeed, by responding to other requests concerning Delta, SEPTA has given rise to an inference that such discovery does not impose any undue burden.

40.     In light of the above, this Court should: **1)** order SEPTA to make a full and complete production of all responsive documents; **or 2)** order SEPTA to acknowledge that it does not possess any documents responsive to these Requests.  The Court should also grant

Plaintiff's request for sanctions and require Plaintiff to submit a Bill of Costs for the time spent in seeking a response to Merits Document Request 4 and litigating this Motion.

      41.    Plaintiff incorporates by reference his attached Memorandum of Law.

      WHEREFORE, Plaintiff respectfully asks this Court to: **1)** grant this Motion; **2)** order SEPTA to produce documents and information in response to Plaintiff's Merits Document Requests 1, 2, 5-15, 17 and 19, Plaintiff's Merits Interrogatories 6, 13-14, 17 and 22 and Plaintiff's Krajewski Document Requests 1-2, 6-8, 19-24 and 28 within ten days; **3)** approve an award of sanctions against SEPTA for refusing to answer Plaintiff's Merits discovery requests without valid justification; and **4)** order Plaintiff to submit a Bill of Costs for the time spent seeking this discovery to assist in calculating these sanctions.

Respectfully submitted,

Dated: May 17, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

-11-

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------

**DOUGLAS EL,**                              :
**Individually and on behalf of**           :
**all others similarly situated,**          :
              **Plaintiff,**                :
       **v.**               :       **CIVIL ACTION**
                                             :       **NO.  02-CV-3591**
**SOUTHEASTERN PENNSYLVANIA**               :
**TRANSPORTATION AUTHORITY,**               :
              **Defendant.**                 :

------------------------------------------------------

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL
## MERITS DOCUMENT REQUEST RESPONSES FROM SEPTA

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: May 17, 2004

I.    **BACKGROUND INFORMATION**

    A.    **Summary Of Plaintiff's Allegations**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

    B.    **Procedural Posture Of The Litigation**

On November 12, 2003, SEPTA filed a Motion for Summary Judgment. As a result of a Stipulation entered into by the parties and approved by this Court on February 26, 2004, Plaintiff's Response to this Motion is due on June 14, 2004.

    C.    **Relevant Facts**

        1.    **Merits Interrogatories**

On November 20, 2003, Plaintiff delivered his Merits Interrogatories to SEPTA.[13] On November 25, 2003, SEPTA's counsel, Robert Haurin, wrote Plaintiff's counsel to raise an objection that Plaintiff's Merits Interrogatories exceeded the number of Interrogatories permitted by rule. As a result, Mr. Haurin said that he would only answer Plaintiff's Merits Interrogatories 1-5.[14]

---

[13] See Plaintiff's First Merits Interrogatories (Ex. A).

[14] In truth, since Plaintiff had only served 15 Interrogatories on SEPTA before this date, Fed. R. Civ. P. required Mr. Haurin to answer at least ten of Plaintiff's Merits Interrogatories. As a result of its counsel's mathematical error, SEPTA's answers to Merits Interrogatories 6-10 were provided 59 days late.

Counsel for Plaintiff and SEPTA participated in a phone conference on November 26, 2003 to discuss whether SEPTA would supplement its Responses to Plaintiff's Merits Interrogatories. Despite their good faith efforts, the parties were unable to reach an agreement.

On December 10, 2003, Plaintiff filed a Motion For Permission To Propound More Than 25 Interrogatories on SEPTA. On December 22, 2003, SEPTA responded to Plaintiff's Merits Interrogatories.[15] Consistent with his earlier representation, Mr. Haurin did not answer Merits Interrogatories 6-25 on the ground that they exceeded the number of Interrogatories permitted by rule. On January 13, 2004, this Court granted Plaintiff's Motion and ordered SEPTA to provide full and complete answers to Merits Interrogatories 6-25.

On February 17, 2004, SEPTA ostensibly answered Plaintiff's Merits Interrogatories.[16] On March 4 2004, after a thorough review of SEPTA's Merits Interrogatory Responses, Plaintiff sent Mr. Haurin a letter pointing out numerous problems with his Merits Interrogatory responses and seeking supplemental information. On March 22, 2004, Mr. Haurin answered this letter, provided some additional information and asserted further objections to Plaintiff's Merits Interrogatories.[17]

### 2.    **Merits Document Requests**

On November 20, 2003, Plaintiff delivered his Merits Document Requests to SEPTA.[18] On December 22, 2003, SEPTA ostensibly answered Plaintiff's Merits Document Requests.[19] In

-------------------------------------------------------------

[15]  See SEPTA's Responses to Merits Interrogatories (Ex. B).

[16]  See SEPTA's Supplemental Responses to Merits Interrogatories (Ex. C).

[17]  See Plaintiff's March 4, 2004 letter and SEPTA's March 22, 2004 response (Ex. D).

[18]  See Plaintiff's Merits Document Requests (Ex. A).

[19]  See SEPTA's Merits Document Request Responses (Ex. B).

-2-

its Response, SEPTA refused to make any production with respect to Merits Document Requests 4, 19 and 20, asserted a number of questionable objections, and made several unsupported claims of prior production.

Counsel for Plaintiff and SEPTA participated in phone conferences on January 15, 2004 and February 15, 2004 to discuss whether SEPTA would supplement its Responses to Plaintiff's Merits Document Requests. Despite their good faith efforts, the parties were unable to reach an agreement.

On February 9, 2004, Plaintiff filed a Motion to Compel responses to Merits Document Requests 4, 19 and 20 from SEPTA. On February 27, 2004, this Court granted Plaintiff's Motion in part and ordered SEPTA to provide full and complete answers to Merits Document Requests 4 and 19.

On March 22, 2004, SEPTA produced documents in response to Merits Document Request 19 (concerning David DeSouza). However, in direct contravention of this Court's February 27, 2004 Order, SEPTA has not yet produced any documents in response to Merits Document Request 4 (concerning Policy/Instruction 6.29.2).

### 3.    **Krajewski Document Requests**

On February 9, 2004, Plaintiff deposed Richard Krajewski, the Manager of Technical Analysis for SEPTA's Paratransit Division. Mr. Krajewski's testimony disclosed, for the first time in this litigation, that a consultant named Delta Service Group, Inc. ("Delta") was involved in revising SEPTA's paratransit service contracts (and the requirements imposed on the hiring of paratransit drivers) during the class period.

On February 11, 2004, Plaintiff's counsel sent Mr. Haurin 28 Document Requests related to Mr. Krajewski's testimony and Delta's role in revising SEPTA's paratransit contracts.[20] On March 22, 2004, SEPTA ostensibly answered Plaintiff's Krajewski Document Requests. While SEPTA produced documents in response to certain Requests, it responded to other Requests with boilerplate objections and unsupported claims of prior production.[21]

### 4.    Plaintiff's Efforts To Resolve This Dispute

On April 23, 2004, Plaintiff sent SEPTA's counsel a letter describing the deficiencies in SEPTA's Responses to Plaintiff's Merits Interrogatories 6, 13-14, 17 and 22, Merits Document Requests 1, 2, 4-15, 17 and 19 and Krajewski Document Requests 1-2, 6-8, 19-24 and 28, and inviting Mr. Haurin to participate in a "meet and confer" on these issues.[22] Counsel for both parties discussed the issues raised in this Motion on April 30, 2004, May 5, 2004 and May 6, 2004. At the end of these conferences, Mr. Haurin promised to produce supplemental merits discovery or acknowledge in writing that SEPTA does not possess any documents responsive to the discovery requests addressed in this Motion by May 14, 2004. As of today, Plaintiff has not received any supplemental discovery or answers from SEPTA.

## II.    ARGUMENT

### A.    The Federal Rules Of Civil Procedure And Federal Case-Law Liberally Allow Discovery Of Relevant Documents And Testimony.

"The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, so long as it is relevant to the claim or

---

[20]  See Plaintiff's Krajewski Document Requests (Ex. F).

[21]  See SEPTA's Krajewski Document Request Responses (Ex. G).

[22]  See Plaintiff's April 23, 2004 correspondence (Ex. E).

-4-

defense of any party, unprivileged, and 'appears reasonably calculated to lead to the discovery of admissible evidence.'" <u>Nike, Inc. v. Brandmania.com, Inc.</u>, 2002 WL 32348549, *12 (E.D. Pa. Oct 07, 2002), <u>citing</u> Fed. R. Civ. P. 26(b)(1); <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947). <u>See Redland Soccer Club, Inc. v. Department of Army of U.S.</u>, 55 F.3d 827(3rd Cir.), *cert. den.* 516 U.S. 1071 (1996); <u>Reyes v. Meadowlands Hosp. Medical Center</u>, 809 A.2d 875, 878 (N.J. Super. 2001).

Courts intentionally construe Rule 26(b)(1) liberally, to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." <u>See, e.g.</u>, <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 350 (1978); <u>Nestle Foods Corp. v. Aetna Cas. and Sur. Co.</u>, 135 F.R.D. 101, 104 (D. N.J. 1990).

Under this standard, Plaintiff's discovery requests are proper. SEPTA has failed to demonstrate any valid basis for withholding the documents and information Plaintiff seeks, and should be required to make full and complete productions as set out fully below.

**B.    Plaintiff's Discovery Requests Do Not Seek Information Protected by the Attorney-Client or Work Product Privilege**

SEPTA refused to produce documents in response to Merits Document Requests 1, 10, 15, 19 and Krajewski Document Requests 8 and 28, on the ground that providing a response would violate the attorney/client privilege and/or the work-product privilege.

Fed. Rule Civ. P. 26(b)(5) provides that a party who withholds information as the result of a claim of privilege "shall make the claim expressly and shall describe the nature of the documents... not produced... in a manner that... will enable other parties to assess the applicability of the privilege..."

SEPTA gave Plaintiff a log on December 22, 2003 that lists 26 documents it had withheld from production as of that date based on a claim of privilege. Despite the fact that SEPTA appears to have withheld any number of documents on the basis of a claimed privilege in response to Plaintiff's merits discovery, it has not made any additions to its privilege log in over four months.

A number of courts have held that failing to timely provide a privilege log that describes documents withheld from production on the ground of work-product privilege constitutes a waiver of that privilege. See, e.g. Gould Inc. v. Mitsui Mining & Smelting Co., Ltd., 825 F.2d 676, 680 (2d Cir.1987); Lugosch v. Congel, 219 F.R.D. 220, 239 (N.D.N.Y. 2003); St. Paul Reinsurance Company, Ltd. v. Commercial, 197 F.R.D. 620, 640-42 (N.D. Iowa 2000); Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 489-90 (S.D.N.Y. 1993).

Courts in this Circuit have not been inclined to hold that failure to timely provide a privilege log constitutes a waiver of the asserted privileges absent a finding of bad faith. In re Painted Aluminum Products Antitrust Litigation, 1996 WL 397472, *3-4 (E.D. Pa. July 9, 1996). See Charles Alan Wright, et. al., 8 Federal Practice and Procedure § 2016.1 at 236 (2d ed. 1994). SEPTA's conduct in the litigation of this case could justifiably be seen as providing sufficient evidence of bad faith to justify a finding of waiver.

SEPTA has withheld documents from two separate productions (Plaintiff's Merits and Krajewski Document Requests) on the basis of privilege over a span of more than four months without seeing fit to supplement its privilege log. By pursuing this course of action, SEPTA has intentionally deprived Plaintiff of the ability to challenge its assertion of privilege. SEPTA has also repeatedly asserted specious objections to Plaintiff's discovery requests, improperly

withheld documents from production and opposed Plaintiff's attempts to conduct depositions –

all of which have had the effect of unnecessarily drawing out the litigation and frustrating

Plaintiff's efforts to prosecute his claims.  At the same time, SEPTA has repeatedly opposed

Plaintiff's efforts to extend the discovery deadline in this case so that full and complete discovery

could be taken.  These circumstances support an inference that SEPTA has withheld its

identification of privileged materials in bad faith, and is seeking to prevent Plaintiff from having

a full and fair opportunity to seek their production.

In light of the above, this Court should: 1) hold that any claim of privilege has been

waived with respect to all documents responsive to these Requests that are not yet identified in

SEPTA's privilege log; and 2) order a full and complete production of all responsive documents;

or 3) order SEPTA to acknowledge that it does not possess any documents responsive to these

Requests.

**C.**    **SEPTA Has Not Already Produced the Requested Discovery**

SEPTA has refused to produce documents in response to Merits Document Requests 2, 5-

12 and 15 and Krajewski Document Requests 8, 22-24, 28, claiming to have already produced

documents responsive to these Requests.

After a complete and extensive review of SEPTA's production (which fills less than four

document boxes), Plaintiff cannot identify any materials responsive to these requests.  This

conclusion is supported by the fact that SEPTA's Responses do not identify any of the materials

considered to be responsive to these requests.[23]

---

[23]  The insufficiency of this objection is illustrated by Plaintiff's request for documents
relating to the creation and revision of the employment policy on which this case is founded.
Plaintiff's First Document Request #3 sought documents relating to SEPTA's *creation, revision*

In light of the above, this Court should: 1) order SEPTA to make a full and complete production of all responsive documents; or 2) order SEPTA to acknowledge that it does not possess any documents responsive to these Requests.

### D.   Plaintiff's Discovery Requests Do Not Infringe on the Protected Mental Impressions of SEPTA's Counsel

SEPTA has refused to produce documents in response to Merits Interrogatories 13-14 and 17 and Merits Document Requests 5, 8, 10-12 and 15, claiming that providing a response would require it to divulge the protected mental impressions of its counsel.

Cases addressing this issue uniformly hold that, *while the mental impressions of counsel are entitled to protection, documents containing facts on which those impressions are founded must be produced in discovery.* Directory Dividends, Inc. v. SBC Communications, Inc., 2003 WL 23208804, *3 (E.D. Pa. Dec. 31, 2003); Langer v. Presbyterian Medical Center of Philadelphia, 1995 WL 79520, *12 (E.D. Pa. Feb. 17, 1995); Grossman v. Arbor House Prop., Ltd., 1987 WL 14517, *2-3 (E.D. Pa. July 23, 1987).[24]

---

*or modification of policies* concerning the hiring of employees with past criminal convictions. In response to this Request, SEPTA produced its contracts with the paratransit providers (which contain various versions of the policy). Plaintiff's Merits Document Request #2 again requested documents relating to SEPTA's *creation* of general minimums for paratransit providers. Without identifying any documents, SEPTA claimed to have already produced documents responsive to this request. Finally, in Krajewski Document Request 24, Plaintiff asked for "All documents relating to the creation, review, modification or revision of the general minimums for paratransit drivers in SEPTA service by any person." Rather than identifying or producing responsive documents, or admitting that it had no more responsive documents, SEPTA said that it had "answered this request numerous times and will not respond again." However, to date, SEPTA has not produced a single document concerning the creation or revision of the relevant policy.

[24]   See also Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir.1995); Roberts v. Air Capitol Plating, Inc., 1997 WL 446266 at *6 (D. Kan. 1997); Onwuka v. Federal Express Corp., 178 F.R.D. 508, 512-18 (D. Minn. 1997); Johnson v. Teledyne Industries, Inc., 1996 WL 507282, *1 (N.D. Ill. 1996); Phillips Electronics North America Corp. v. Universal Electronics, Inc., 892 F. Supp. 108, 110 (D. Del.1995); Mead Corp. v. Riverwood Natural Resources Corp., 145 F.R.D. 512, 518 (D. Minn. 1992).

Thus, while SEPTA may withhold from production documents that its counsel had prepared in anticipation of trial, it must produce documents containing the facts on which its counsel's trial strategy is based. Any other result would deprive Plaintiff of the ability to test the validity of SEPTA's defenses and would result in manifest unfairness in the litigation.

It appears increasingly likely that SEPTA has raised this objection to hide the fact that it has no factual support for the business necessity argument made in its summary judgment motion. Unfortunately for SEPTA, Plaintiff is permitted to inquire into the factual basis (or lack thereof) of an opponent's legal arguments and test their validity through the discovery process. If, as Plaintiff suspects, SEPTA's arguments do not have a sufficient factual grounding, Plaintiff expects to pursue its own request for summary judgment.

Finally, SEPTA has not justified its entitlement to a claim of privilege with respect to the documents sought by these Requests. The burden of proving entitlement to the work product privilege rests with the party asserting the privilege.[25] SEPTA has not demonstrated that the facts sought by these discovery requests implicate protected attorney work product or, more specifically, that the documents Plaintiff has requested "can fairly be said to have been prepared or obtained because of the prospect of litigation." Vargas v. Palm Management Corp., 2004 WL 614595, *2 (E.D. Pa. Mar. 26, 2004); Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1258 (3d Cir. 1993).

---

[25] See, e.g., United States v. Costanzo, 625 F.2d 465, 468 (3d Cir. 1980), cert. den., 472 U.S. 1017 (1985) (attorney-client); Conoco, Inc. v. United States Dept. of Justice, 687 F.2d 724, 730 (3d Cir. 1982) (work product). Thus, blanket assertions of privilege are inappropriate. In re Bevill, Bresler & Schulman Asset Magt. Corp., 805 F.2d 120, 123 (3d Cir.1986); Swarthmore Radiation Oncology v. Lapes, 1993 WL 517734 (E.D. Pa. Nov. 15, 1993)

In light of the above, this Court should: 1) order SEPTA to make a full and complete production of all responsive documents; or 2) order SEPTA to acknowledge that it does not possess any documents responsive to these Requests.

**E.    SEPTA Is Obligated to Supplement its Responses to Those Discovery Requests it Has Misinterpreted**

SEPTA has refused to produce documents in response to Merits Interrogatories 6 and 22 and Krajewski Document Request 7, based on its misinterpretation of Plaintiff's requests.

Merits Interrogatory 6 originally asked SEPTA to "identify all people with knowledge or information relating to SEPTA's purpose or intent in barring its paratransit providers from hiring applicants with criminal records." SEPTA responded that it "cannot identify anyone with such knowledge because SEPTA does not bar its paratransit providers from hiring applicants with criminal records." Plaintiff believed that SEPTA misinterpreted the jist of this Interrogatory and, in a supplemental request, asked SEPTA to "identify all people with knowledge or information relating to SEPTA's purpose or intent in imposing criminal record requirements on paratransit driver applicants." Where the wording of this Interrogatory was specifically revised to clarify an ambiguity in SEPTA's interpretation, SEPTA should be required to provide an answer.

Merits Interrogatory 22 asks SEPTA to identify "all people who have provided a statement relating to this lawsuit or to SEPTA's general minimums for paratransit providers." SEPTA responded that no formal statements had been made by its employees in connection with the defense of this matter, but said nothing with respect to statements concerning SEPTA's general minimums for paratransit providers. SEPTA answered the first part of this Interrogatory, did not raise an objection that would excuse an answer to the second part, and should thus be required to respond in full.

-10-

Krajewski Document Request 7 seeks "documents identifying all persons who performed services relating to the scope of services for SEPTA's paratransit providers during the Class Period and describing the specific services they performed." This Request sought the identification of contractors, like Delta, who may have worked with SEPTA in creating the scope of services for SEPTA's paratransit contracts. SEPTA misinterpreted this Request as seeking information about its paratransit contractors. Where SEPTA has simply misinterpreted this Request, it should have to answer it as intended.

In light of the above, this Court should: 1) order SEPTA to make a full and complete production of all responsive information and/or documents; or 2) order SEPTA to acknowledge that it does not possess any information and/or documents responsive to these Requests.

**F.      SEPTA's Sanctionable Failure to Produce Merits Discovery**

On March 22, 2004, SEPTA objected to Krajewski Document Requests 1-2, 6 and 19-21 on various grounds and refused to produce responsive documents. These Requests are proper under Rule 26(b), as they relate to a party known to have performed work for SEPTA and are specifically limited to SEPTA's provision of paratransit services – the subject matter of Plaintiff's litigation. These Requests are also proper because they seek documents related to work Delta performed for SEPTA's paratransit division during the Class Period. Further, SEPTA has not provided any facts to substantiate its objections or provide any basis for challenging these Requests. Indeed, by responding to other requests for Delta documents (namely Krajewski Document Requests 3-4), SEPTA has given rise to an inference that this discovery would not impose an undue burden.

Where a party fails to produce discovery, Rule 37 permits the serving party to file a motion to compel the production of the discovery at issue and for sanctions. Fed. R. Civ. P. 37(a)(4)(A). See Stein v. Foamex Intern., Inc., 204 F.R.D. 270 (E.D. Pa. 2001); Wright v. Montgomery County, 1999 WL 80275 (E.D. Pa. 1999); Prousi v. Cruisers Division of KCS Intern., Inc., 1997 WL 135692 (E.D. Pa. 1997).

The decision to impose sanctions for discovery violations under Rule 37(b)(2)(B) is "within the district court's broad discretion over discovery matters." Hussey v. Chase Manhattan Bank, 2004 WL 220845, *1 (E.D. Pa. Jan 12, 2004); Ware Communications, Inc v. Rodale Press, Inc., 2002 WL 89604, *2 (E.D. Pa. Jan. 23, 2002).

As detailed throughout this filing, SEPTA has repeatedly raised spurious objections to Plaintiff's document Requests, refused to provide timely discovery responses, significantly delayed the litigation of this matter, caused Plaintiff's counsel to expend significant time and effort and prejudiced Plaintiff's ability to prosecute his claims. As described in Plaintiff's last Motion to Compel Merits Discovery, SEPTA has also refused to produce merits discovery in direct contravention to the Stipulation approved by this Court on February 26, 2004. Such conduct is plainly deserving of sanctions. See, e.g., Le v. Donnelly, 1997 WL 698009, *2 (E.D. Pa. 1997); Broomes v. Schmidt, 1996 WL 724034, *1 (E.D. Pa. Dec 13, 1996).

In light of the above, this Court should: 1) order SEPTA to make a full and complete production of all responsive documents; or 2) order SEPTA to acknowledge that it does not possess any documents responsive to these Requests. The Court should also grant Plaintiff's request for sanctions and require Plaintiff to submit a Bill of Costs for the time spent seeking merits discovery and litigating this Motion.

-12-

III.   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully asks this Court to: **1)** grant this Motion; **2)** order SEPTA to produce documents and information in response to Plaintiff's Merits Document Requests 1, 2, 4-15, 17 and 19, Plaintiff's Merits Interrogatories 6, 13-14, 17 and 22, and Plaintiff's Krajewski Document Requests 1-2, 6-8, 19-24 and 28 within ten days; **3)** approve an award of sanctions against SEPTA for refusing to answer Plaintiff's Merits discovery requests without valid justification; and **4)** order Plaintiff to submit a Bill of Costs for the time spent seeking this discovery to assist in calculating these sanctions.

Dated: May 17, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 17th day of May, 2004, a true and correct copy of Plaintiffs' Motion to Compel Merits Document Request Responses from SEPTA was served upon the following counsel by hand delivery:

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
The Shoppes at Flowers Mill
225 Flowers Mill Road
Langhorne, PA 19047

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class