# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | JURY TRIAL DEMAND |
| Defendant. | : | |

### SEPTA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER AND FOR DISCOVERY SANCTIONS

Southeastern Transportation Authority ("SEPTA"), by and through its attorneys, submits the following Memorandum of Law in support of its Motion for a Protective Order and for Discovery Sanctions against Plaintiff.

**I.    PROCEDURAL HISTORY AND FACTS**

Plaintiff commenced this action by filing a "Class Action" Complaint against SEPTA on June 4, 2002. On or about November 13, 2002, Plaintiff amended his complaint. Therein, Plaintiff alleges, among other things, that SEPTA violated Title VII of the Civil Rights Act of 1964, as amended, when Plaintiff was denied employment as a paratransit driver for King Paratransit Services ("King"), a contractor with whom SEPTA previously contracted for the provision of paratransit services. It is undisputed that Plaintiff was denied employment with King because of a substandard criminal history. It is also not disputed that the paratransit agreement between SEPTA and King provided that Plaintiff could not be used as a paratransit driver by King in SEPTA paratransit service because of his criminal history.

On December 9, 2002, SEPTA filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint. Therein, SEPTA denied liability to Plaintiff or any member of the class that he purports to represent.[1]

On January 14, 2003, this Court entered a Scheduling Order. Therein, the Court directed that all discovery was to be completed by July 14, 2003. Motions for summary judgment were required to be filed no later than August 11, 2003. Notwithstanding this deadline, Plaintiff waited until June 11, 2003 to serve initial discovery requests on any of the third party defendants.

On August 4, 2003, this Court entered an Order revising the January 14, 2003 Scheduling Order at Plaintiff's request. Significantly, the Court extended the discovery deadline until October 14, 2003, and extended the period for filing pretrial motions to November 11, 2003. In accordance with this Order, SEPTA filed its timely Motion for Summary Judgment on November 12, 2003.[2]

Following the filing of SEPTA's Motion for Summary Judgment and the expiration of the discovery deadline, a conference call with counsel for SEPTA and counsel for Plaintiff was held by the Court on November 14, 2003 at the request of Plaintiff. At that time, Plaintiff requested that the discovery deadline be extended – this time to March 15, 2004. Plaintiff claimed that he needed more time to respond to SEPTA's then pending motion for summary judgment. In reality,

---

[1]   On December 23, 2002, SEPTA filed Third Party Complaints against each of the paratransit providers with whom it had contracts for paratransit services during the period 1991 to present. The basis for the third party actions was a provision in the paratransit contracts that required that all paratransit providers indemnify and hold SEPTA harmless for any claims that arise in the performance of the paratransit contracts. The Third Party Complaints were dismissed by the Court by Order dated December 10, 2003.

[2]   The District Court was closed on November 11, 2003 in observance of Veteran's Day.

Plaintiff took no meaningful discovery between June 11, 2003 and November 14, 2003 and let this matter languish. SEPTA opposed Plaintiff's request.

This Court agreed to extend the discovery deadline during the conference call, but made clear to the parties that no further extensions of time would be granted. Thereafter, on November 25, 2003, an Amended Scheduling Order was entered. There, the Court stated that the discovery deadline would be extended to March 15, 2004 and that Plaintiff was required to submit his opposition to SEPTA's pending motion for summary judgment on that day as well.

In early February 2004, Plaintiff requested that SEPTA agree to yet another extension of the discovery deadline so that third party discovery could be completed. Recognizing the difficulty of getting the paratransit contractors to provide information to the parties, SEPTA advised counsel for Plaintiff that it would not oppose any motion made by Plaintiff to extend the discovery deadline to complete third party discovery only.[3] SEPTA's position was memorialized in a letter to Plaintiff dated February 11, 2004. In relevant part the letter stated as follows: "[r]egarding your request for an extension of the discovery deadlines, <u>SEPTA will not oppose any such request to the extent that it is limited to completing third party discovery. You are free to make that representation to the Court in your moving papers</u>." A copy of that letter is attached hereto as Exhibit 1.

Instead of filing a motion to extend the discovery deadline as discussed above, Plaintiff requested that SEPTA participate in a joint stipulation for the purpose of requesting that the discovery deadline be extended for completing third party discovery. Because SEPTA also needed

---

[3] SEPTA interpreted the term "third party" to mean the providers with whom it contracted to provide paratransit service to the handicapped and disabled during the alleged class period.

certain documents for its experts that had yet to be produced, it agreed and a joint stipulation was filed and approved by the Court on February 26, 2004 (hereafter the "Stipulation").

The Stipulation provided clearly and unambiguously that the discovery deadline would be extended to allow the parties to complete third party discovery only. Specifically, the Stipulation states, in relevant part, as follows: "[g]iven the ongoing difficulties encountered in obtaining discovery from third parties, the parties have stipulated and agreed, pending the approval of the Court, that Plaintiff may have a ninety (90) day extension (through June 14, 2004), to file his response to the motion, and complete third party discovery." Stipulation at ¶ 7 (emphasis added). Moreover in paragraphs 3 to 6 of the Stipulation, the parties discussed only the difficulty that Plaintiff was having securing discovery from third party contractors.

Significantly, there is no mention of any need for additional discovery being taken from SEPTA and SEPTA would never agree to such an extension given the length of time that Plaintiff has had its motion for summary judgment. To be sure, the Stipulation notes in relevant part that Plaintiff "has already issued the discovery it required of Defendant . . ." Stipulation at ¶ 8.

Thus, the Stipulation was consistent with SEPTA's prior representation that it would only agree to an extension of the discovery deadline for the purpose of allowing Plaintiff to complete third party discovery and to respond to the motion for summary judgment. See Exhibit 1. In short, there can be no serious dispute as to what the parties intended by the Stipulation. Yet, Plaintiff continues to seek onerous discovery in this case necessitating this Motion.[4]

---

[4]   It should be noted that SEPTA has spent countless hours responding to Plaintiff's onerous and redundant discovery requests in this case. Thus, SEPTA has responded to four sets of document requests, produced over 12,000 pages in documents, responded to almost 50 interrogatories and produced, to date, 5 current SEPTA employees for depositions. Depositions of 3 former SEPTA employees and a representative from Delta Services are scheduled in the next

4

Thus, on May 3, 2004, Plaintiff noticed the depositions of Jacob Aufschauer and Robin Lewis. See Exhibit 2. On May 11, 2004, Plaintiff served his first set of requests for admissions on SEPTA which consisted of 9 numbered requests. See Exhibit 3. There, Plaintiff essentially requests that SEPTA admit that Plaintiff has proven a prima facie case of disparate impact discrimination. One day later, Plaintiff served on SEPTA 564 additional requests for admission. See Exhibit 4. SEPTA requested that Plaintiff withdraw these requests for admission, but has received no response. This motion followed.

## II.  ARGUMENT

### A. PLAINTIFF'S REQUESTS FOR ADMISSION WERE SERVED IN BAD FAITH FOR THE SOLE PURPOSE OF HARASSING SEPTA. ACCORDINGLY, THIS COURT SHOULD ENTER A PROTECTIVE ORDER THAT THE DISCOVERY SOUGHT BY PLAINTIFF NOT BE HAD.

This is a simple employment discrimination case. Thus, this matter involves Plaintiff's claim against SEPTA that he was denied employment because of a hiring policy that falls more heavily on African Americans and Hispanics than Caucasians. Thus, this is not a complicated matter that might in some way justify discovery beyond the limits imposed by the federal and local rules of civil procedure. Indeed, in its Order dated January 13, 2004, this Court denied Plaintiff's request to propound 75 interrogatories on SEPTA, concluding that it "did not find this case to be unduly complex or unusual and see no reason to grant Plaintiff any further relief from Rule 33(a). Thus, Mr. El's request for permission to propound up to 75 interrogatories is denied." A copy of that Order

---

three weeks in addition to depositions that were unilaterally scheduled by Plaintiff of SEPTA employees on May 24, 2004 and May 26, 2004.

is attached hereto as Exhibit 5. The nature of this proceeding certainly does not warrant the abuse of the discovery process that has occurred here.

Nevertheless, Plaintiff has seen fit to serve on SEPTA 573 separately numbered requests for admission. Responding to this onerous discovery would take hours and hours of unnecessary time and cost thousands of dollars.

Simply put, there is no possible way for Plaintiff to show a need for the discovery it seeks in this case. To the contrary, counsel for Plaintiff's motive is clear. It continues to propound discovery in bad faith for the purpose of harassing SEPTA and needlessly increasing the costs of this litigation. A litigant should not be permitted to abuse the discovery process in this manner.

Rule 26(b)(2) of the Federal Rules of Civil Procedure notes that the discovery permitted by the rules of procedure "shall be limited" if a court concludes that the discovery sought is cumulative and duplicative and "the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Rule 26(c) of the Federal Rules of Civil Procedure likewise provides that a court may prevent discovery "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . . "

A need for a protective order is clear on the facts presented here. Indeed, Plaintiff's discovery could not possibly be more annoying or oppressive. In addition, requiring written responses to Plaintiff's unnecessary discovery would subject SEPTA to an undue burden and undue expense. Courts have not hesitated to enter protective orders where, as here, the discovery sought is oppressive and unduly burdensome. For example, in <u>Duncan v. Paragon Publishing</u>, 204 F.R.D. 127 (S.D.In. 2001) the court entered a protective order where a party served 99 interrogatories. In <u>Frost</u>

v. Williams, 46 F.R.D. 484 (D. Md. 1969), the court entered a protective order where a party served 200 interrogatories.

As the foregoing discussion demonstrates, Defendants cannot be expected to answer the redundant, duplicative, unnecessary, oppressive and unduly burdensome discovery that has been served by Plaintiff in this case. The Court should enter a protective order pursuant to Rule 26(c)(1) that Plaintiff's discovery not be had.

### B.   THE DISCOVERY SOUGHT BY PLAINTIFF IS UNTIMELY.

This Court made clear that the discovery deadline for so-called "Merits Discovery" from SEPTA ended on March 15, 2004. The notices of deposition issued to SEPTA witnesses on May 3, 2004, and the requests for admission discussed above were served almost two months after the established deadline. This deadline has never been extended by any Order from this Court and the Stipulation that was approved by this Court extended only the period to complete third party discovery and the date that Plaintiff's response to SEPTA's pending motion for summary judgment is due.[5]

Plaintiff has recently filed a motion to compel responses to untimely document requests. In support thereof, Plaintiff relies on language in the Stipulation to the effect that discovery between SEPTA and Plaintiff is ongoing for the purpose of asserting that the extension of the discovery deadline applied also to SEPTA discovery. However, that argument has no tether to reality. Indeed, the language in the Stipulation that noted that discovery between the parties was

---

[5]   The proper procedure for seeking an extension of time of a deadline established by the Court is by filing a Rule 6(b) Motion with the Court. Plaintiff did not seek an enlargement of time here and was well aware of the fact that SEPTA would never agree to any further extensions of the discovery deadline beyond that contemplated by the Stipulation. See Exhibit 1.

ongoing merely recognized the fact that certain issues that arose from timely served discovery had not been resolved and that certain additional depositions of SEPTA witnesses including Carla Elliot (scheduled for March 4, 2004) and Frank Brandis (scheduled for March 10, 2004) had not been completed.  See Stevens v. Lazzarini, 2002 WL 1584277 *4 (S.D. Ohio 2002), (holding that language in an Order that stated "Discovery is on-going in this case" did not support any argument that a litigant agreed to continued discovery).   It must again be emphasized that Plaintiff also represented to SEPTA at the time the Stipulation was signed and to this Court when it was filed that "Plaintiff [had already] issued the discovery it required of Defendant…" See Stipulation at ¶ 8.

Stated simply, if the parties had intended to extend the discovery deadline for all purposes, they would have so stipulated.  The fact that the parties carved out third party discovery forecloses Plaintiff's argument that the parties actually meant to extend the discovery deadline for all purposes.  The legal maxim inclusio unius est exclusio alterius (the inclusion of one thing suggests the exclusion of all others) is particularly appropriate here.  Dugan v. Coastal Industries, 95 F. Supp. 2d 481, 484 (E.D. Pa. 2000).  Thus, the inclusion of third party discovery only in the Stipulation only confirms the obvious - - the deadline for taking discovery from SEPTA expired on March 15, 2004.

Plaintiff has also suggested that it never agreed to stop taking discovery from SEPTA as a basis for serving the requests for admission and notices of deposition at issue here.  Plaintiff misses the point - - his lack of agreement is irrelevant; the period for taking such discovery elapsed and has never been extended by any Order from this Court.

8

There can be no doubt that a litigant may not take discovery after the expiration of the discovery deadline. In Leach v. Quality Health Services, Inc., 162 FRD 40 (E.D.Pa. 1995), this Court held that a subpoena that was issued only ten days after the discovery deadline should be quashed. Similarly, in Mines v. City of Philadelphia, 1994 WL 376914 (E.D.Pa. 1994), the court held that subpoenas that were issued after the discovery deadline established by the court in its scheduling order should be quashed. Significantly, the Mines Court observed that it would modify a scheduling order upon good cause if the party seeking the extension can "demonstrate that a more diligent pursuit of discovery was impossible." Id. at * 3. (citing McElyea v. Navistar International Transportation Corp., 788 F.Supp. 1366, 1371 (E.D.Pa. 1991), aff'd without opinion, 950 F.2d 723 (3d Cir. 1993)). Here, Plaintiff cannot show any reason for not completing discovery from SEPTA in a timely manner and its unilateral attempt to request responses to untimely discovery should be rejected outright. See Laborer's Pension Fund v. Blackmore Sewer Construction, 298 F.3d 600, 605 (7th Cir. 2002) (party has no obligation to respond to untimely requests for admission); Trouver v. Healthcare Acquisition, Inc., 2000 WL 1689712 (E.D. Pa. 2000) (noting an Order granting defendant's motion for a protective order on the grounds that plaintiff's requests for documents was untimely). Beller v. Credit Alliance, 106 FRD 557 (N.D.Ga.1985) (motion to compel responses to untimely discovery is improper).

Finally, any argument advanced by Plaintiff that he should be allowed to proceed with his untimely discovery because he only recently discovered the identities of Mr. Aufschauer and Ms. Lewis should be rejected. Moreover, there certainly was no newly discovered evidence that could possibly have warranted the issuance of 573 requests for admission. As for Mr. Aufschauer, he was identified by Plaintiff in his responses to SEPTA's interrogatories on July 31, 2003 as someone with

9

knowledge of the facts of this case. See Exhibit 6. Robin Lewis was identified as someone with knowledge of the facts of this case by Richard Krajewski on February 9, 2004. See Krajewski Dep. at 102; attached hereto as Exhibit 7.

This Court should grant SEPTA's motion and bar any attempt made by Plaintiff to seek discovery from SEPTA that was issued after the March 15, 2004 deadline.

### C. DEFENDANT SHOULD BE AWARDED ITS COSTS AND ATTORNEYS' FESS INCURRED IN FILING THIS MOTION.

Rule 26(c) of the Federal Rules of Civil Procedure notes that the provisions of Rule 37(a)(4) regarding an award of expenses applies to motions for a protective order. Leonard v. University of Delaware, 1997 U.S. Dist. Lexis 4196 *23, n.16 (D.Del. 1997) ("Pursuant to Rule 37(a)(4), a litigant who successfully moves for a protective order will be awarded attorneys' fees if the opposition to the motion was not substantially justified."). In Rickels v. City of South Bend, 33 F.3d 785, (7th Cir. 1994), the Court observed that Rule 37(a)(4) was a fee shifting device, entitling the prevailing party in a discovery motion for its costs and attorneys' fees unless the opposing party establishes that its position was substantially justified. The advisory committee notes to Rule 37(a)(4) note also "that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court."

Plaintiff cannot possibly show that his position was justified in any way, much less substantially justified. To the contrary, it is clear on this record that Plaintiff's conduct in the discovery process is contemptible, warranting the imposition of sanctions here.

Indeed, Plaintiff cannot possibly explain why he needed to serve almost 600 requests for admission on SEPTA. His motive is clear. Thus, Plaintiff acted with an improper purpose in

10

serving this discovery and then refusing to withdraw the requests. Once again, Plaintiff has needlessly caused SEPTA to incur additional costs and involve this Court in yet another discovery dispute.

Because Plaintiff cannot demonstrate that its service of 573 untimely requests for admission was substantially justified, SEPTA should be awarded its costs and attorneys' fees incurred in bringing this motion.

### III.    CONCLUSION

For all of the foregoing reasons, SEPTA's Motion for a Protective Order and for Discovery Sanctions should be granted.

                                                Respectfully submitted,

                                                _____
                                                Robert J. Haurin
                                                SAUL H. KRENZEL & ASSOCIATES
                                                42 South 15th Street, Suite 800
                                                Philadelphia, PA 19102
                                                (215) 977-7230

Dated: May 20, 2004