IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| **DOUGLAS EL,** : <br> Individually and on behalf of : <br> all others similarly situated, : <br>     Plaintiff, : <br>     v.                          : <br>                                : <br> **SOUTHEASTERN PENNSYLVANIA** : <br> **TRANSPORTATION AUTHORITY,** : <br>     Defendant. : | CIVIL ACTION <br> NO. 02-CV-3591 |

---

## ORDER

THIS MATTER having come before the Court on Plaintiff's Motion for Discovery Sanctions,

IT IS, on this _____ day of _____, 2004,

ORDERED THAT Plaintiff's Motion is GRANTED, and that:

1. SEPTA is in contempt of Court for failing to provide a full and complete response to Plaintiff's Merits Document Request 4 as ordered by this Court; and

2. SEPTA shall provide a full and complete response to Plaintiff's Merits Document Request 4 within ten days;

3. Plaintiff's counsel shall submit a Bill of Costs for the time spent seeking this discovery from SEPTA and litigating this Motion by _____, 2004 to assist the Court in determining the proper amount of sanctions.

 

_____
THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS EL,<br>Individually and on behalf of<br>all others similarly situated,<br>    Plaintiff,<br>  v.<br><br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY,<br>    Defendant. | CIVIL ACTION<br>NO. 02-CV-3591 |

## PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS AGAINST SEPTA

Plaintiff Douglas El ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court to: **1)** grant this Motion; **2)** hold SEPTA in contempt of Court for failing to provide a full and complete response to Plaintiff's Merits Document Request 4 as ordered by this Court; **3)** order SEPTA to provide a full and complete response to Plaintiff's Merits Document Request 4 within ten days; **4)** approve an award of sanctions against SEPTA for failing to answer Plaintiff's Merits Document Request 4 as ordered by this Court; and **5)** order Plaintiff to submit a Bill of Costs for the time spent seeking this discovery from SEPTA and litigating this Motion to assist the Court in determining the proper amount of sanctions.

In support of this Motion, Plaintiff avers as follows:

1.    On November 20, 2003, Plaintiff served Merits Document Request 4 on SEPTA. See Exhibit A to Plaintiff's February 9, 2004 Motion to Compel. This Request sought "[a]ll documents relating to SEPTA Policy/Instruction 6.29.2 ('Conviction Records and Falsification of Employment Application')..."[1] Id.

---

[1] This Request also sought "documents relating to SEPTA's general minimums for paratransit providers." SEPTA has produced documents in response to this portion of the Request, and it is not at issue in this Motion.

2.      On December 22, 2003, SEPTA responded to Plaintiff's First Merits Document Requests. See Exhibit B to Plaintiff's February 9, 2004 Motion to Compel. SEPTA objected to Merits Document Request 4 as irrelevant and refused to produce any responsive documents. Id.

3.      On January 6, 2004, and January 14, 2004, Plaintiff wrote SEPTA to ask, among other things, for a "meet and confer" on SEPTA's objection to Merits Document Request 4. See Exhibit C to Plaintiff's February 9, 2004 Motion to Compel.

4.      On January 15, 2004 and February 2, 2004, counsel for both parties discussed Merits Document Request 4, its relevance to Plaintiff's claims and SEPTA's Summary Judgment Motion, and whether SEPTA would consent to a supplemental production. Despite a good faith effort on both sides, the parties were unable to reach an agreement as to whether the requested documents should be produced.

5.      On February 9, 2004, Plaintiff filed a Motion to Compel SEPTA to make a full and complete production in response to Merits Document Request 4. See Plaintiff's February 9, 2004 Motion to Compel. In this Motion, Plaintiff explained that, by arguing the ex-offender employment policy imposed on its paratransit providers was supported by business necessity, SEPTA placed the truth of this fact at issue and opened the door for Plaintiff to inquire further into business necessity issues. See Brief in Support of Motion to Compel, pp. 3-5. Further, where SEPTA's *own* ex-offender employment policy imposes significantly less restrictive prohibitions than the ex-offender employment policy imposed on paratransit providers, Plaintiff claimed that he should be permitted to inquire into the differences between the two policies and examine the merit of SEPTA's business necessity defense. Id. Plaintiff also argued that documents relating to SEPTA Policy/Instruction 6.29.2 were relevant, both to his claims and to

SEPTA's defenses, and that permitting SEPTA to withhold the requested documents would prejudice Plaintiff's ability to proceed with this litigation. Id.

6. On February 23, 2004, SEPTA filed its Opposition to this Motion.

7. On February 27, 2004, this Court granted Plaintiff's Motion to Compel and ordered SEPTA to make a full and complete production in response to Merits Document Request 4 within <u>ten days</u> or "suffer the imposition of sanctions as are available under Fed. R. Civ. P. 37." See <u>February 27, 2004 Order</u>.

8. On March 31, 2004 – <u>23 days after the deadline set by this Court</u> – Mr. Haurin sent Plaintiff's counsel a letter with seven pages of materials. See <u>SEPTA's March 31, 2004 Correspondence</u> (Exhibit B). As SEPTA's letter did not arrive on or near the production deadline, and did not in any way identify the attached pages as relating to this Court's February 27, 2004 Order or to Plaintiff's Merits Document Request 4, Plaintiff had no reason to know these pages were intended as SEPTA's response to Merits Document Request 4. Id.

9. On April 23, 2004, Plaintiff sent SEPTA's counsel a letter describing a number of ongoing problems with SEPTA's merits discovery responses. See <u>Plaintiff's April 23, 2004 Correspondence</u> (Exhibit C). Plaintiff's letter informed SEPTA that it had not made a full and complete production in response to Merits Document Request 4, and that it was in violation of this Court's February 27, 2004 Order. Id.

10. On April 30, 2004, May 5, 2004 and May 6, 2004, counsel for both parties conducted conferences to discuss, among other things, SEPTA's production in response to Merits Document Request 4. During these talks, Mr. Haurin informed Plaintiff's counsel that the seven pages attached to his March 31, 2004 letter comprised SEPTA's entire production in response to

Merits Document Request 4 and that SEPTA did not intend to produce any additional materials.

11. As of today, SEPTA has produced five documents in response to Merits Document Request 4 consisting of 13 pages. On June 2, 2003, SEPTA produced a copy of Policy/Instruction 6.29.2 (six pages). See <u>Exhibit D to Plaintiff's February 9, 2004 Motion to Compel</u>. On March 31, 2004 SEPTA produced a copy of its current (May, 2003) Application for Employment (four pages), a blank, undated form concerning the approval or disapproval of applicants with criminal convictions (one page), a blank undated form Authorization to Review Criminal History (one page), and a blank undated Request for Criminal Record Check (one page). See <u>SEPTA's March 31, 2004 Correspondence</u>. This production is not "full and complete" by any stretch of the imagination.

12. As set out above, Plaintiff's Merits Document Request 4 sought: "All documents relating to SEPTA Policy/Instruction 6.29.2..." See <u>Exhibit A to Plaintiff's February 9, 2004 Motion to Compel</u>.

13. The Definitions section of Plaintiff's Document Requests provided that, in connection with a description of documents, the word "all" was used in the broadest possible sense and referenced "each and every" document known to you, whether an original or copy, that could be located or discovered by reasonably diligent efforts. See <u>Exhibit A to Plaintiff's February 9, 2004 Motion to Compel</u> at p. 2.

14. The Definitions section of Plaintiff's Document Requests provided that the word "Document" was used in the broadest possible sense, pursuant to the Federal Rules of Evidence and Rule 34(a) of the Federal Rules of Civil Procedure and included: all inter- and intra- office communications, correspondence, memoranda, notes, reports, summaries, messages, records,

-4-

minutes, studies, contracts, agreements, working papers, analytical records, trade letters, press releases, calendars, diaries, articles, brochures, pamphlets, circulars, bulletins, notices, charts, graphs, audio and video tapes, e-mail, voice-mail, computer disks, data cells, and print-outs of information stored or maintained by electronic data processing or word processing equipment, as well as all preliminary versions, drafts, revised versions, duplicates and copies of any of the foregoing documents that have any non-conforming notes, changes or other markings. Id.

15. The Definitions section of Plaintiff's Document Requests provided that, in connection with a description of documents, the phrase "relating to" was intended to reference all documents which compromise, explicitly or implicitly, refer to, were reviewed in conjunction with, or were created, generated or maintained as a result of the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request. Id. at pp. 2-3.

16. Viewed in this light, SEPTA's production is deficient and does not appear to be the result of reasonably diligent efforts.

17. For example, SEPTA has not produced any previous versions, drafts, revisions or annotated copies of Policy/Instruction 6.29.2. See SEPTA's March 31, 2004 Correspondence. SEPTA has not produced any documents that certainly would have been created by an Authority in creating or implementing a policy of this nature, such as correspondence, inter- or intra- office memoranda, reports or meeting minutes. Id. Although SEPTA maintains its policies and related documents on a computer database and publishes them on the internet, it has not produced any print-outs of any electronic documents, such as e-mail, or any information stored or maintained by electronic data processing or word processing equipment concerning Policy/Instruction 6.29.2.

Id. Although SEPTA's Human Resources Department was responsible for Policy/Instruction 6.29.2, it has not produced any documents from that Department explaining the reasons for the policy or how it was applied or interpreted. Finally, SEPTA has not produced any documents concerning applicants or employees who were refused employment under Policy/Instruction 6.29.2. Id.

18. Even with respect to the documents SEPTA provided, its production is far from complete. For example, while SEPTA provided a copy of its May 2003 employment application, it did not produce applications used during the rest of the Class Period. Id. The fact that every document produced by SEPTA is blank and undated suggests that – in direct violation of this Court's Order requiring a "full and complete" production – it specifically withheld responsive documents to which it had access. Id.

18. The decision to impose sanctions for discovery violations under Rule 37(b)(2)(B) is "within the district court's broad discretion over discovery matters."

19. Rule 37 proposes several sanctions to punish a party who has failed to comply with a discovery order. These suggestions include holding the party in contempt of court and directing the party to pay reasonable expenses and attorney's fees.

20. On February 27, 2004, this Court granted Plaintiff's Motion to Compel and directed SEPTA to file a "full and complete" response to Plaintiff's Merits Document Request 4 within ten days. See February 27, 2004 Order. The Court expressly stated that, if SEPTA did not produce sufficient discovery responses, it would "suffer the imposition of such sanctions as are available under Fed.R.Civ.P. 37." Id.

21. SEPTA allowed this production deadline to pass without making any production, proceeded to make a partial production without informing Plaintiff, and has since expressed its intention not to make a full and complete production. See SEPTA's March 31, 2004 Correspondence and Plaintiff's April 23, 2004 Correspondence.

22. Plaintiff has gone to significant lengths to obtain a response to Merits Document Request 4 from SEPTA, to no avail. Most recently, Mr. Haurin has written that he no longer wishes to speak with Plaintiff's counsel, has refused to return repeated phone calls, and has refused several invitations (both written and verbal) to participate in meet and confer sessions as required by the Local Rules. See Ely Declaration (Exhibit D).

23. Under these circumstances, an award of sanctions is necessary to punish SEPTA for its disregard of this Court's Order and its improper conduct in the litigation of this case, as well as to deter SEPTA from engaging in any further conduct that might hinder the prosecution of Plaintiff's claims.

24. Plaintiff incorporates by reference his attached Memorandum of Law.

WHEREFORE, Plaintiff respectfully asks this Court to: **1)** grant this Motion; **2)** hold SEPTA in contempt of Court for failing to provide a full and complete response to Plaintiff's Merits Document Request 4 as ordered by this Court; **3)** order SEPTA to provide a full and complete response to Plaintiff's Merits Document Request 4 within ten days; **4)** approve an award of sanctions against SEPTA for failing to answer Plaintiff's Merits Document Request 4 as ordered by this Court; and **5)** order Plaintiff to submit a Bill of Costs for the time spent seeking this discovery from SEPTA and litigating this Motion to assist the Court in determining the proper amount of sanctions.

                                             Respectfully submitted,

Dated: May 25, 2004

                                             _____
                                             Eugene A. Spector
                                             David J. Cohen
                                             Rachel Kopp
                                             SPECTOR, ROSEMAN & KODROFF, P.C.
                                             1818 Market Street, Suite 2500
                                             Philadelphia, PA 19103
                                             (215) 496-0300

                                             Timothy M. Kolman
                                             Wayne A. Ely
                                             TIMOTHY M. KOLMAN AND ASSOCIATES
                                             225 N. Flowers Mill Road
                                             Langhorne, PA 19047
                                             (215) 750-3134

                                             Attorneys for Plaintiff and the Class

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL, :
Individually and on behalf of :
all others similarly situated, :
    Plaintiff, :
  v. :     CIVIL ACTION
  :     NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA :
TRANSPORTATION AUTHORITY, :
    Defendant. :

---

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS AGAINST SEPTA**

Eugene A. Spector
David J. Cohen
Rachel Kopp
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: May 25, 2004

I.  **BACKGROUND INFORMATION**

   A.  **Summary Of Plaintiff's Allegations**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

   B.  **Procedural Posture Of The Litigation**

On November 12, 2003, SEPTA filed a Motion for Summary Judgment. As a result of a Stipulation entered into by the parties and approved by this Court on February 26, 2004, Plaintiff's Response to this Motion is presently due on June 14, 2004.[2]

   C.  **Relevant Facts**

On November 20, 2003, Plaintiff served Merits Document Request 4 on SEPTA. See Exhibit A to Plaintiff's February 9, 2004 Motion to Compel. This Request sought "[a]ll documents relating to SEPTA Policy/Instruction 6.29.2 ('Conviction Records and Falsification of Employment Application')..."

On December 22, 2003, SEPTA responded to Plaintiff's First Merits Document Requests. See Exhibit B to Plaintiff's February 9, 2004 Motion to Compel. SEPTA objected to Merits

---

[2] Plaintiff's counsel were copied on Mr. Haurin's recent request to extend this date but, in keeping with Mr. Haurin's recent decision to no longer speak with Plaintiff's counsel, return phone calls or participate in meet and confer sessions required by the Local Rules, were not consulted in advance of the request being sent. See Ely Declaration (Exhibit D).

-1-

Document Request 4 as irrelevant and refused to produce any responsive documents. Id.

On January 6, 2004, and January 14, 2004, Plaintiff wrote SEPTA to ask, among other things, for a "meet and confer" on SEPTA's objection to Merits Document Request 4. See Exhibit C to Plaintiff's February 9, 2004 Motion to Compel.

On January 15, 2004 and February 2, 2004, counsel for both parties discussed Merits Document Request 4, its relevance to Plaintiff's claims and SEPTA's Summary Judgment Motion, and whether SEPTA would consent to a supplemental production. Despite a good faith effort on both sides, the parties were unable to reach an agreement as to whether the requested documents should be produced.

On February 9, 2004, Plaintiff filed a Motion to Compel SEPTA to make a full and complete production in response to Merits Document Request 4. See Plaintiff's February 9, 2004 Motion to Compel. In this Motion, Plaintiff explained that, by arguing the ex-offender employment policy imposed on its paratransit providers was supported by business necessity, SEPTA placed the truth of this fact at issue and opened the door for Plaintiff to inquire further into business necessity issues. See Brief in Support of Motion to Compel, pp. 3-5. Further, where SEPTA's *own* ex-offender employment policy imposes significantly less restrictive prohibitions than the ex-offender employment policy imposed on paratransit providers, Plaintiff claimed that he should be permitted to inquire into the differences between the two policies and examine the merit of SEPTA's business necessity defense. Id. Plaintiff also argued that documents relating to SEPTA Policy/Instruction 6.29.2 were relevant, both to his claims and to SEPTA's defenses, and that permitting SEPTA to withhold the requested documents would prejudice Plaintiff's ability to proceed with this litigation. Id.

On February 23, 2004, SEPTA filed its Opposition to this Motion.

On February 27, 2004, this Court granted Plaintiff's Motion to Compel and ordered SEPTA to make a full and complete production in response to Merits Document Request 4 within ten days or "suffer the imposition of sanctions as are available under Fed. R. Civ. P. 37." See February 27, 2004 Order (Exhibit A).

On March 31, 2004 – <u>23 days after the deadline set by this Court</u> – Mr. Haurin sent Plaintiff's counsel a letter with seven pages of materials. See SEPTA's March 31, 2004 Correspondence (Exhibit B). As SEPTA's letter did not arrive on or near the production deadline, and did not in any way identify the attached pages as relating to this Court's February 27, 2004 Order or to Plaintiff's Merits Document Request 4, Plaintiff had no reason to know these pages were intended as SEPTA's response to Merits Document Request 4. Id.

### D.   Plaintiff's Efforts To Resolve This Dispute

On April 23, 2004, Plaintiff sent SEPTA's counsel a letter describing a number of ongoing problems with SEPTA's merits discovery responses. See Plaintiff's April 23, 2004 Correspondence (Exhibit C). Plaintiff's letter informed SEPTA that it had not made a full and complete production in response to Merits Document Request 4, and that it was in violation of this Court's February 27, 2004 Order. Id.

On April 30, 2004, May 5, 2004 and May 6, 2004, counsel for both parties conducted conferences to discuss, among other things, SEPTA's production in response to Merits Document Request 4. During these talks, Mr. Haurin informed Plaintiff's counsel that the seven pages attached to his March 31, 2004 letter comprised SEPTA's entire production in response to Merits Document Request 4 and that SEPTA did not intend to produce any additional materials.

Shortly after this, Mr. Haurin wrote that he no longer wished to speak with Plaintiff's counsel, stopped accepting or returning phone calls from Plaintiff's counsel, and refused several invitations (both written and verbal) to participate in meet and confer sessions as required by the Local Rules. See Ely Declaration (Exhibit D).

## II. ARGUMENT

### A. SEPTA Has Not Made A "Full And Complete Response" To Plaintiff's Merits Document Request 4.

SEPTA has produced five documents in response to Merits Document Request 4 consisting of 13 pages. On June 2, 2003, SEPTA produced a copy of Policy/Instruction 6.29.2 (six pages). See Exhibit D to Plaintiff's February 9, 2004 Motion to Compel. On March 31, 2004 SEPTA produced a copy of its current (May, 2003) Application for Employment (four pages), a blank, undated form concerning the approval or disapproval of applicants with criminal convictions (one page), a blank undated form Authorization to Review Criminal History (one page), and a blank undated Request for Criminal Record Check (one page). See SEPTA's March 31, 2004 Correspondence. This production is not "full and complete" by any stretch of the imagination.

As set out above, Plaintiff's Merits Document Request 4 sought: "All documents relating to SEPTA Policy/Instruction 6.29.2..." See Exhibit A to Plaintiff's February 9, 2004 Motion to Compel.

The Definitions section of Plaintiff's Document Requests provided that, in connection with a description of documents, the word "all" was used in the broadest possible sense and referenced "each and every" document known to you, whether an original or copy, that could be

located or discovered by reasonably diligent efforts. See <u>Exhibit A to Plaintiff's February 9, 2004 Motion to Compel</u> at p. 2.

The Definitions section of Plaintiff's Document Requests provided that the word "Document" was used in the broadest possible sense, pursuant to the Federal Rules of Evidence and Rule 34(a) of the Federal Rules of Civil Procedure and included: all inter- and intra- office communications, correspondence, memoranda, notes, reports, summaries, messages, records, minutes, studies, contracts, agreements, working papers, analytical records, trade letters, press releases, calendars, diaries, articles, brochures, pamphlets, circulars, bulletins, notices, charts, graphs, audio and video tapes, e-mail, voice-mail, computer disks, data cells, and print-outs of information stored or maintained by electronic data processing or word processing equipment, as well as all preliminary versions, drafts, revised versions, duplicates and copies of any of the foregoing documents that have any non-conforming notes, changes or other markings. <u>Id</u>.

The Definitions section of Plaintiff's Document Requests provided that, in connection with a description of documents, the phrase "relating to" was intended to reference all documents which compromise, explicitly or implicitly, refer to, were reviewed in conjunction with, or were created, generated or maintained as a result of the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request. <u>Id</u>. at pp. 2-3.

SEPTA's production does not comply with any of these definitions and does not appear to be the result of reasonably diligent discovery efforts.

For example, SEPTA has not produced any previous versions, drafts, revisions or annotated copies of Policy/Instruction 6.29.2. See <u>SEPTA's March 31, 2004 Correspondence</u>.

-5-

SEPTA has not produced any documents that certainly would have been created by an Authority in creating or implementing a policy of this nature, such as correspondence, inter- or intra- office memoranda, reports or meeting minutes. Id. Although SEPTA maintains its policies and related documents on a computer database and publishes them on the internet, it has not produced any print-outs of any electronic documents, such as e-mail, or any information stored or maintained by electronic data processing or word processing equipment concerning Policy/Instruction 6.29.2. Id. Although SEPTA's Human Resources Department was responsible for Policy/Instruction 6.29.2, it has not produced any documents from that Department explaining the reasons for the policy or how it was applied or interpreted. Finally, SEPTA has not produced any documents concerning applicants or employees who were refused employment under Policy/Instruction 6.29.2. Id.

Even with respect to the documents SEPTA provided, its production is far from complete. For example, while SEPTA provided a copy of its May 2003 employment application, it did not produce applications used during the rest of the Class Period. Id. The fact that every document produced by SEPTA is blank and undated suggests that – in direct violation of this Court's Order requiring a "full and complete" production – it specifically withheld responsive documents to which it had access. Id.

SEPTA's failure to make a full and complete production as required by this Court is preventing Plaintiff from making informed comparisons between Policy/Instruction 6.29.2 and the ex-offender policy imposed on the paratransit providers, determining why SEPTA chose to apply different standards to paratransit drivers and its own drivers, questioning witnesses about the differences between these policies and the intent behind them, and fully developing its

defense to SEPTA's business necessity argument.

**B.     This Court Has Authority To Impose the Requested Sanctions.**

The decision to impose sanctions for discovery violations under Rule 37(b)(2)(B) is "within the district court's broad discretion over discovery matters." Hussey v. Chase Manhattan Bank, 2004 WL 220845, *1 (E.D. Pa. Jan 12, 2004); Ware Communications, Inc v. Rodale Press, Inc., 2002 WL 89604, *2 (E.D. Pa. Jan. 23, 2002). See Clarke v. Whitney, 169 F.R.D. 623, 626 (E.D. Pa. 1996) (Joyner, J.) ("A court may impose sanctions pursuant to Fed.R.Civ.P. 37(b) upon a party for failure to comply with a discovery order").

Rule 37 proposes several sanctions to punish a party who has failed to comply with a discovery order. These suggestions include holding the party in contempt of court and directing the party to pay reasonable expenses and attorney's fees. Fed. R. Civ. P. 37(b)(2)(D). See e.g. DiGregorio v. First Rediscount Corporation, 506 F.2d 781 (3d Cir. 1974) (directing party to pay expenses and attorney's fees for violating court order directing the party to file "complete and responsive answers").

**C.     SEPTA's Conduct Is Deserving Of Sanctions**

On February 27, 2004, this Court granted Plaintiff's Motion to Compel and directed SEPTA to file a "full and complete" response to Plaintiff's Merits Document Request 4 within ten days. See February 27, 2004 Order. The Court expressly stated that, if SEPTA did not produce sufficient discovery responses, it would "suffer the imposition of such sanctions as are available under Fed.R.Civ.P. 37." Id.

SEPTA allowed this production deadline to pass without making any production, proceeded to make a partial production without informing Plaintiff, and has since expressed its

intention not to make a full and complete production. See SEPTA's March 31, 2004 Correspondence and Plaintiff's April 23, 2004 Correspondence.

Plaintiff has gone to significant lengths to obtain a response to Merits Document Request 4 from SEPTA, to no avail. Most recently, Mr. Haurin has written that he no longer wishes to speak with Plaintiff's counsel, has refused to return repeated phone calls, and has refused several invitations (both written and verbal) to participate in meet and confer sessions as required by the Local Rules. See Ely Declaration (Exhibit D).

Under these circumstances, an award of sanctions is necessary to punish SEPTA for its disregard of this Court's Order and its improper conduct in the litigation of this case, as well as to deter SEPTA from engaging in any further conduct that might hinder the prosecution of Plaintiff's claims. See Fed. R. Civ. P. 37(a)(3). See also Comdyne I, Inc. v. Corbin, 908 F.2d 1142 (3rd Cir. 1990) (sanctioning party who failed to comply with discovery orders and provided "incomplete answers"); Curtis T. Bedwell and Sons, Inc. v. International Fidelity Insurance Company, 843 F.2d 683, *686 (3d Cir. 1988) (issuing sanctions when party did not follow court's direction to provide "full and complete" answers to document request upon threat of sanctions); Broomes v. Schmidt, 1996 WL 724034, *2-*3 (E.D. Pa. 1996) (imposing sanctions where party's "very limited responses" violated an order requiring cooperation with discovery obligations).[3]

---

[3] See additionally United States v. One Million Three Hundred Twenty-Two Thousand Two Hundred Forty-Two Dollars and Fifty-Eight Cents, 938 F.2d 433 (3d Cir. 1991); Quality Prefabrication, Inc. v. Daniel J. Keating Company, 675 F.2d 77 (3rd Cir. 1982); Le v. Donnelly, 1997 WL 698009, *2 (E.D. Pa. Nov. 7, 1997).

-8-

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to: **1)** grant this Motion; **2)** hold SEPTA in contempt of Court for failing to provide a full and complete response to Plaintiff's Merits Document Request 4 as ordered by this Court; **3)** order SEPTA to provide a full and complete response to Plaintiff's Merits Document Request 4 within ten days; **4)** approve an award of sanctions against SEPTA for failing to answer Plaintiff's Merits Document Request 4 as ordered by this Court; and **5)** order Plaintiff to submit a Bill of Costs for the time spent seeking this discovery from SEPTA and litigating this Motion to assist the Court in determining the proper amount of sanctions.

Dated: May 25, 2004

_____
Eugene A. Spector
David J. Cohen
Rachel Kopp
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 25th day of May, 2004, a true and correct copy of Plaintiff's Motion for Discovery Sanctions Against SEPTA was served upon the following counsel by First Class U.S. Mail:

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
The Shoppes at Flowers Mill
225 Flowers Mill Road
Langhorne, PA 19047

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 496-0300

Attorney for Plaintiff and the Class