2/27/04

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS EL                          : CIVIL ACTION
                                    :
        vs.                         :
                                    : NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA           :
TRANSPORTATION AUTHORITY            :
                                    :

### ORDER

AND NOW, this        day of February, 2004, upon

consideration of Plaintiff's Motion to Compel Merits Document

Request Responses from Septa and SEPTA's response thereto, it is

hereby ORDERED that the Motion is GRANTED IN PART and Defendant

is DIRECTED to file full and complete responses to Plaintiff's

Merits Document Request Nos. 4 and 19 within ten (10) days of the

date of this Order or suffer the imposition of such sanctions as

are available under Fed.R.Civ.P. 37 as this Court shall deem

appropriate.[1]

                    BY THE COURT:


_____    _____
                                   J. CURTIS JOYNER,        J.


_____

    [1]  Given that Nos. 4 and 19 of Plaintiff's discovery
requests appear relevant and reasonably calculated to lead to the
discovery of admissible evidence in this matter, this Court finds
that the requests are within the proper scope of Fed.R.Civ.P.
26(b)(1).  See, Hickman v. Taylor, 329 U.S. 495 (1947); Nike v.
Brandmania.com, Inc., 2002 WL 32348549, *12 (E.D.Pa. 2002).

# Saul H. Krenzel & Associates

THE ROBINSON BUILDING
42 S. 15TH STREET, SUITE 800
PHILADELPHIA, PA 19102

TELEPHONE (215) 977-7230
FACSIMILE (215) 977-7240

March 31, 2004

**VIA U.S. MAIL**

David J. Cohen, Esquire
Spector, Roseman & Kodruff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

RE:    **El v. SEPTA**

Dear David:

Through this letter I am producing additional documents, bates-stamped #12038-12044 in the above-referenced matter.

If you have any questions, please call me.

Very truly yours,

ROBERT J. HAURIN

RJH/bl

FORM 422-FACE – REV. 5/03

## Southeastern Pennsylvania Transportation Authority

# APPLICATION FOR EMPLOYMENT

It is the policy of the Authority to provide employment, training, professional development, compensation, promotion and other conditions of employment without regard to race, color, religion, national origin, veteran status, handicap, sex or age, except where age or sex are essential bonafide occupational requirements.

LAST NAME | FIRST NAME | MIDDLE INITIAL

STREET ADDRESS

CITY | STATE | ZIP

HOME PHONE NUMBER | WORK/CELL PHONE NUMBER | E-MAIL ADDRESS

(     )

SOCIAL SECURITY NUMBER

_ _ - _ _ - _ _ _ _

☐ YES
☐ NO
IF YES, WHAT STATE?   LICENSE NUMBER:          CLASS:        EXPIRATION DATE:

☐ YES
☐ NO

☐ YES
☐ NO
IF YES, FOR WHAT POSITION AND WHEN:

☐ YES
☐ NO
IF YES, POSITION HELD:          DATES:          ACCOUNT #:

☐ YES
☐ NO
IF YES, NAME:          RELATIONSHIP:          POSITION:

*RELATIVES ARE PROHIBITED FROM WORKING IN A DIRECT LINE OF SUPERVISION AT SEPTA*

☐ YES
☐ NO
IF YES, INDICATE THE DATE OF CONVICTION, THE CRIME RELATED TO THE CONVICTION AND THE PENALTY:

12038

**AVAILABILITY  EDUCATIONAL RECORD**

| | | | |
|---|---|---|---|
| HIGH SCHOOL | NAME | ☐ YES | |
| | ADDRESS | ☐ NO | |
| COLLEGE OR UNIVERSITY | NAME | ☐ YES | |
| | ADDRESS | ☐ NO | |
| PROFESSIONAL OR TECH. SCHOOL | NAME | ☐ YES | |
| | ADDRESS | ☐ NO | |
| GRADUATE SCHOOL | NAME | ☐ YES | |
| | ADDRESS | ☐ NO | |

☐ DAYLIGHT HOURS ☐ EVENING HOURS ☐ OVERNIGHT HOURS ☐ ALL HOURS

☐ WEEKDAYS ONLY ☐ ONE WEEKEND DAY ☐ ALL DAYS

*PLEASE UNDERSTAND THAT SENIORITY RULES GOVERN MANY JOB ASSIGNMENTS AT SEPTA. THEREFORE, WE CANNOT GUARANTEE ASSIGNMENTS BASED ON PREFERENCE.*

**WORK HISTORY**

| FROM:        TO: | EMPLOYER'S NAME & ADDRESS | REASON FOR LEAVING | |
|---|---|---|---|
| STARTING POSITION | | | |
| LAST POSITION | SUPERVISOR'S NAME AND PHONE | STARTING RATE $    PER | LAST RATE $    PER |

BRIEFLY DESCRIBE RESPONSIBILITIES AND MAJOR DUTIES PERFORMED

MAY WE CONTACT THIS EMPLOYER ☐ YES ☐ NO

| FROM:        TO: | EMPLOYER'S NAME & ADDRESS | REASON FOR LEAVING | |
|---|---|---|---|
| STARTING POSITION | | | |
| LAST POSITION | SUPERVISOR'S NAME AND PHONE | STARTING RATE $    PER | LAST RATE $    PER |

BRIEFLY DESCRIBE RESPONSIBILITIES AND MAJOR DUTIES PERFORMED

MAY WE CONTACT THIS EMPLOYER ☐ YES ☐ NO

12039

**WORK HISTORY**

| FROM:          TO: | EMPLOYER'S NAME & ADDRESS | REASON FOR LEAVING | |
|---|---|---|---|
| STARTING POSITION | | | |
| LAST POSITION | SUPERVISOR'S NAME AND PHONE | STARTING RATE<br>$       PER | LAST RATE<br>$       PER |

BRIEFLY DESCRIBE RESPONSIBILITIES AND MAJOR DUTIES PERFORMED

MAY WE CONTACT THIS EMPLOYER  ☐ YES  ☐ NO

| FROM:          TO: | EMPLOYER'S NAME & ADDRESS | REASON FOR LEAVING | |
|---|---|---|---|
| STARTING POSITION | | | |
| LAST POSITION | SUPERVISOR'S NAME AND PHONE | STARTING RATE<br>$       PER | LAST RATE<br>$       PER |

BRIEFLY DESCRIBE RESPONSIBILITIES AND MAJOR DUTIES PERFORMED

MAY WE CONTACT THIS EMPLOYER  ☐ YES  ☐ NO

**ADDITIONAL INFORMATION**

PLEASE LIST ANY SPECIAL SKILLS, TRAINING, CERTIFICATES AND/OR SPECIAL LICENSES, WHICH YOU POSSESS THAT MAY BE RELEVANT TO THE JOB FOR WHICH YOU ARE APPLYING.

12040

SIGNATURE OF APPLICANT:

DATE:



Southeastern Pennsylvania Transportation Authority
**Human Resource Development Division**
**Human Resource Department**
*1234 Market Street, 6th Floor, Philadelphia, PA 19107-3780*
*"People Driving the Future of Transportation"*



**Intra-Office Memorandum**

Recruitment
Administration
Health & Welfare
Retirement Benefits
HRIS & Compensation

**TO:**   C. Ronald Attaway

**FROM:**

**SUBJECT:**   Applicant with Criminal Conviction

**DATE:**

As per Policy/Instruction 6.29, Conviction Records and Falsification of Employment Application, the Recruitment Department requests approval/disapproval to process the following individual for hire.

_____ was interviewed and selected for a _____ position in _____. At that time of his interview, _____ indicated that he was convicted of _____ and the penalty imposed was _____. However, on the Criminal Record Check received from Pennsylvania State Police, the following offenses were listed: _____. The penalty imposed for these offenses was _____.

_____'s pre-employment application and criminal history record check are submitted for your review.

**Approval to Process:**                    **Disapproval to Process:**


_____            _____
N. Staffieri                Date          N. Staffieri                Date
**General Counsel**                  **General Counsel**


_____            _____
C. Ronald Attaway           Date          C. Ronald Attaway           Date
**Director, Recruitment**            **Director, Recruitment**


_____            _____
P. A. Nowakowski            Date          P. A. Nowakowski            Date
**AGM/Chief Operations Officer**     **AGM/Chief Operations Officer**


_____            _____
Susan Van Buren             Date          Susan Van Buren             Date
**AGM/Human Resources**              **AGM/Human Resources**


_____            _____
Faye L. M. Moore            Date          Faye L. M. Moore            Date

12042

## SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY
## AUTHORIZATION TO REVIEW CRIMINAL HISTORY

The existence of a criminal record does not automatically exclude you from employment. If you have any questions about whether or not you should report a conviction, ask for help from the Personnel Recruiter.

1. I understand that it may be necessary for the Southeastern Pennsylvania Transportation Authority (SEPTA) to gather information about any past crimes for which I was convicted or pleaded guilty or no contest. Any information gathered will be used to determine my qualifications for the position of _____. I authorize SEPTA to conduct this investigation, and I understand that the investigation will be done only if I have met all other qualifications and am actually being considered for employment.

2. Have you ever been convicted of (conviction can take the form of incarceration, probation or a fine) or pleaded guilty or no contest to any crime . Explain yes answer in space below. Give date, place, description of crime, and if it was a summary offense, misdemeanor or felony. Also indicate final disposition of any conviction, including if you were sentenced to serve time in jail or prison, given formal or summary probation, or if the case was dismissed. If you need more space, use the back of this sheet.                                        YES[ ] NO[ ]

_____

_____

_____

_____

3. Are you currently on any type of probation for any crime for which you have been convicted? Explain yes answer in space below. If you need more space, use the back of this sheet.                                        YES[ ] NO[ ]

_____

_____

4. I understand that if I conceal, omit or lie about any information related to my criminal history, I may be disqualified from consideration or terminated from SEPTA.

5. I understand that my continued employment (if I am emloyed with SEPTA) in the above-named position depends upon the results of my background information regarding criminal convictions. If the results are unfavorable and I am employed by SEPTA, I can be terminated immediately.

6. I further understand that if I am convicted of any crime between the date below and the date I am employed, I am obligated to report that conviction to SEPTA. If I fail to report this information, it will be considered a false statement or concealment of facts, and I may be disqualified from consideration or terminated.

7. I declare under penalty of perjury that I have read and understood all of the questions and statements above, and that the answers I have given are true and correct.

Print Name _____

Signature _____ Date _____

### FOR OFFICE USE ONLY

Signature _____ Date _____

SEPTA Witness _____ Date _____

12043

FOR CENTRAL REPOSITORY USE ONLY
(LEAVE BLANK)

PENNSYLVANIA STATE POLICE

# REQUEST FOR CRIMINAL RECORD CHECK

TYPE OR PRINT LEGIBLY WITH INK

## PART I:  TO BE COMPLETED BY REQUESTER

DATE OF REQUEST:

(INFORMATION WILL BE MAILED TO REQUESTER ONLY)

NAME OF REQUESTER:

ADDRESS:

CITY:                STATE:            ZIP:

AREA CODE:        CONTACT TELEPHONE NUMBER:

REQUESTER IDENTIFICATION:  (CHECK ONE BLOCK)

☐ INDIVIDUAL/NONCRIMINAL JUSTICE AGENCY - ENCLOSE A CERTIFIED CHECK/MONEY ORDER IN THE AMOUNT OF $10.00 PAYABLE TO:  "COMMONWEALTH OF PENNSYLVANIA." THE FEE IS NONREFUNDABLE.

☐ FEE - EXEMPT NONCRIMINAL JUSTICE AGENCY

**\*\*\*DO NOT SEND CASH OR PERSONAL CHECK\*\*\***

NAME/SUBJECT OF RECORD CHECK:  (LAST)                    (FIRST)                    (MIDDLE)

| MAIDEN NAME AND/OR ALIASES: | SOCIAL SECURITY NUMBER (SOC): | DATE OF BIRTH (DOB): | SEX: | RACE: |
|---|---|---|---|---|

REASON FOR REQUEST:  (CHECK ONE BLOCK)

☐ EMPLOYMENT

☐ FIREARMS PROHIBITION CHALLENGE

☐ INDIVIDUAL ACCESS AND REVIEW BY SUBJECT OF RECORD CHECK OR LEGAL REPRESENTATIVE (AFFIDAVIT OF LEGAL REPRESENTATIVE ATTACHED)

☐ OTHER (SPECIFY) _____

NOTE:  A "NO RECORD" RESPONSE MAY TAKE THREE WEEKS TO PROCESS; A "RECORD" RESPONSE TAKES LONGER THAN A "NO RECORD" RESPONSE.

IF THIS FORM IS NOT LEGIBLE OR NOT PROPERLY COMPLETED, IT WILL BE RETURNED UNPROCESSED TO THE REQUESTER.

REQUESTER CHECKLIST:
DID YOU ENTER THE FULL NAME, DOB, AND SOC?

DID YOU ENCLOSE THE $10.00 FEE?  (CERTIFIED CHECK/MONEY ORDER)

**\*\*\* DO NOT SEND CASH/PERSONAL CHECK\*\*\***

DID YOU ENTER YOUR COMPLETE ADDRESS INCLUDING ZIP CODE AND TELEPHONE NUMBER IN THE BLOCKS PROVIDED?

AFTER COMPLETION MAIL TO:

**PENNSYLVANIA STATE POLICE CENTRAL REPOSITORY-164**
**1800 ELMERTON AVENUE**
**HARRISBURG, PENNSYLVANIA  17110-9758**
**(717) 783-9973**

## PART II:  CENTRAL REPOSITORY RESPONSE

**\*\*\*DO NOT WRITE BELOW THIS LINE\*\*\***

INFORMATION DISSEMINATED:

☐ NO RECORD        ☐ CRIMINAL RECORD ATTACHED

INQUIRY/DISSEMINATED BY:          SID NO:

THE INFORMATION DISSEMINATED BY THE CENTRAL REPOSITORY IS BASED SOLELY ON THE FOLLOWING IDENTIFIERS THAT MATCH THOSE FURNISHED BY THE REQUESTER.

CERTIFIED BY:

☐ NAME        ☐ SOCIAL SECURITY NUMBER

☐ DATE OF BIRTH    ☐ RACE

☐ SEX        ☐ MAIDEN/ALIAS NAME

12044

(DIRECTOR, CENTRAL REPOSITORY)

The response is based on a comparison of data provided by the requester in Part I against information contained in the files of the Pennsylvania State Police Central Repository only.  The Pennsylvania State Police response does not preclude the existence of criminal records which might be contained in the repositories of other local, state, or federal criminal justice agencies.

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
MELISSA H. HOLZMAN*
JENNIFER L. ENCK

· *   MEMBER OF PA & NJ BAR
  **  MEMBER OF PA & NY BAR
  *** MEMBER OF MD BAR
  **  MEMBER OF NY & NJ BAR
  *** MEMBER OF NJ & FL BAR

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

JAY S. COHEN
OF COUNSEL

April 23, 2004

<u>**Via Fax Transmission Only**</u>
Robert J. Haurin, Esquire
Saul H. Krenzel & Associates
42 South 15th Street, Suite 800
Philadelphia, PA 19102

   Re:  *El v. SEPTA*, Civil Action No. 02-CV- 3591
      <u>Ongoing Problems With SEPTA Discovery Responses.</u>

Dear Mr. Haurin:

   I have recently devoted a significant amount of time to reviewing SEPTA's discovery responses in the above-captioned case and identifying the numerous deficiencies in your client's objections and answers at this point in time. For the sake of simplicity, I have divided these deficiencies into categories and identified each discovery request to which they relate. Please review this information and contact me as soon as possible to discuss a resolution.

1.  **Failure to produce based on claimed attorney/client privilege or work-product privilege**
   **(Merits Document Requests 1, 10, 15, 19; Krajewski Document Requests 8, 28).**
   SEPTA has refused to produce documents in response to each of these requests, claiming that providing a response would violate the attorney/client privilege or the work-product privilege. SEPTA's December 22, 2003 Privilege Log lists 26 documents withheld based on a claim of privilege. However, SEPTA neither identified the privilege log entries to which its objections relate not supplemented its privilege log to include the specific documents responsive to these discovery requests.

2.    **Failure to produce based on claimed production of responsive documents (Merits Document Requests 2, 5-12, 15; Krajewski Document Requests 8, 22-24, 28).**
SEPTA justifies its refusal to answer these discovery requests by claiming that it has already produced responsive documents. However, after an extensive review of SEPTA's production, Plaintiff is unable to identify any materials responsive to these requests. This situation is obviously complicated by the fact that SEPTA's responses and objections do not identify the materials that it considers to be responsive to Plaintiff's requests. If no responsive materials are available, SEPTA should consider amending its responses to so provide.[1]

3.    **Failure to produce based on claimed infringement on mental impressions of counsel (Merits Interrogatories 13-14, 17; Merits Document Requests 5, 8, 10-12, 15).**
SEPTA has refused to produce discovery in response to these requests, claiming that providing a response would require it to divulge the protected mental impressions of its counsel. SEPTA has not correctly interpreted the law on this issue. These requests seek disclosure of the facts underlying SEPTA's legal arguments. They do not seek documents prepared by an attorney in anticipation of litigation or trial, nor do they seek documents containing the mental impressions, conclusions, opinions or legal theories of defense counsel. Under these circumstances, Rule 26(b)(3) does not justify SEPTA's claim of privilege. See, e.g., Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir.1995); Roberts v. Air Capitol Plating, Inc., 1997 WL 446266 at *6 (D. Kan. 1997); Onwuka v. Federal Express Corp., 178 F.R.D. 508, 512-18 (D. Minn. 1997); Johnson v. Teledyne Industries, Inc., 1996 WL 507282, *1 (N.D. Ill. 1996); Phillips Electronics North America Corp. v. Universal Electronics, Inc., 892 F. Supp. 108, 110 (D. Del.1995); Mead Corp. v. Riverwood Natural Resources Corp., 145 F.R.D. 512, 518 (D. Minn. 1992) (facts relevant to the case are not

---

[1] The insufficiency of this objection is best illustrated by Krajewski Document Request 24. In this Request, Plaintiff sought "All documents relating to the creation, review, modification or revision of the general minimums for paratransit drivers in SEPTA service by any person." SEPTA responded to this Request by saying that it "has answered this request numerous times and will not respond again." SEPTA has never fully answered this Request. Plaintiff's First Document Request #3 sought documents relating to SEPTA's creation, revision or modification of policies concerning the hiring of employees with past criminal convictions. SEPTA raised formulaic objections to this request and referenced the paratransit contracts it produced in response to First Document Request #1. Plaintiff's Merits Document Request #2 sought documents relating to SEPTA's creation of general minimums for paratransit providers. Without identifying any documents, SEPTA claimed to have already produced documents (its paratransit contracts?) responsive to this request. Despite being asked three times for source documents concerning the creation of its contracts and policies, SEPTA has not produced a single document, claimed to have made a reasonable search for such documents, or acknowledged that such documents are unavailable.

ordinary or opinion work-product of an attorney and plaintiff is entitled to discover the factual basis for assertion of defenses).[2]

4.    **Answers based on a misinterpretation of Plaintiff's requests (Merits Interrogatory 6, 22; Krajewski Document Request 7).**
SEPTA has misinterpreted these three discovery requests, and is asked to provide a revised response to each. Merits Interrogatory 6 asks SEPTA to identify "all people with knowledge or information relating to SEPTA's purpose or intent in imposing criminal record requirements on paratransit driver applicants." Where the wording of this Interrogatory was specifically revised to clarify an ambiguity in SEPTA's interpretation, there is no valid basis to withhold an answer. Merits Interrogatory 22 asks SEPTA to identify "all people who have provided a statement relating to this lawsuit or to SEPTA's general minimums for paratransit providers." SEPTA responded that no formal statements had been made by its employees in connection with the defense of this matter, but said nothing with respect to statements concerning SEPTA's general minimums for paratransit providers. Krajewski Document Request 7 seeks "documents identifying all persons who performed services relating to the scope of services for SEPTA's paratransit providers during the Class Period and describing the specific services they performed." This is not a request for paratransit contracts, as SEPTA interprets it. Rather it is a request for information about any people or entities who may have performed work for SEPTA related to its general minimums.

5.    **SEPTA's Improper objections and refusals to produce (Merits Document Request 4; Krajewski Document Requests 1-2, 6, 19-21).**
SEPTA objected to Merits Document Request 4 on the grounds of relevance and refused to produce documents. On February 27, 2004, Judge Joyner ruled that the subject matter of Plaintiff's Merits Document Request 4 was relevant to Plaintiff's claims and that SEPTA had to provide a full and complete response to this Request. SEPTA's failure to do so directly contravenes this Order. Krajewski Document Requests 1-2 are reasonably calculated to lead to the discovery of admissible evidence, because they seek documents related to SEPTA's provision of paratransit services and the requirements SEPTA placed on its paratransit providers. SEPTA cannot demonstrate that these issues are irrelevant to Plaintiff's claims. Further, in responding to other Delta discovery requests, SEPTA has already demonstrated that this production is not likely to impose an undue burden. Krajewski Document Requests 6 and 19-21 are reasonably calculated to lead to the discovery of admissible evidence, because they seek documents identifying persons who performed services relating to

---

[2] It is also well established that failing to timely provide a privilege log describing documents withheld from production on the ground of work-product privilege constitutes a waiver of the privilege. See Gould Inc. v. Mitsui Mining & Smelting Co., Ltd., 825 F.2d 676, 680 (2d Cir.1987); Lugosch v. Congel, 219 F.R.D. 220, 239 (N.D.N.Y. 2003). Where SEPTA has not provided a privilege log describing the documents it seeks to withhold from production in response to these discovery requests, it has no valid basis to assert this objection and is required to produce all responsive materials in its possession.

SEPTA's paratransit service contracts, the scope of service in those contracts and the general minimums imposed on paratransit providers during the Class Period -- all of which are at the heart of Plaintiff's claims. Under these circumstances, SEPTA cannot demonstrate that these Requests are irrelevant. Further, SEPTA has not provided any basis for determining that responding to these Requests would impose an undue burden.

6.    **SEPTA's failure to produce based on a claimed expiration of the discovery deadline (Second Brandis Document Requests 1-15).**
·As set out more fully in *Plaintiff's Response to Defendant's Motion to Quash Subpoenas*, the deadline for Plaintiff to seek discovery from SEPTA has not arrived. Prior to signing the Stipulation we filed with the Court on February 26, 2004, you asked Wayne and I to agree that no further discovery would be taken of SEPTA. Where SEPTA and Plaintiff were still actively engaged in requesting and producing merits discovery and it was obvious that we would need to serve supplemental requests for virtually all of SEPTA's merits discovery responses, we denied your request. As proof of this, you need look no further than the Stipulation we signed to see that your requested language does not appear. Instead, the Stipulation expressly says that discovery between the parties (meaning Plaintiff and SEPTA) is ongoing. As you know, Frank Brandis' deposition did not take place until March 10, 2004. I served you with the Second Brandis Document Requests by fax on March 18, 2004. These Requests are specifically directed at Mr. Brandis' deposition testimony and seek documents that Plaintiff had no reason to know existed in advance of this deposition. Under these circumstances, your "expiration" objection is utterly frivolous and verges on sanctionable. I am willing to discuss the possibility of limiting or otherwise directing SEPTA's responses to these Requests, but not until I receive your immediate assurance that a responsive production will be made within the shortest possible time period.

Please contact me at your earliest convenience to meet and confer on these issues.

Very truly yours,

David J. Cohen

cc: Wayne Ely (by fax)

Page -4-

# SPECTOR, ROSEMAN & KODROFF, P.C.

1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-0300 PHONE
(215) 496-6611 FAX

# FACSIMILE TRANSMISSION

DATE/TIME: April 23, 2004 (6:06pm)

FROM:    David J. Cohen

TO:

| Name | Fax Number | Phone Number |
|------|-----------|--------------|
| Robert J. Haurin | 215-977-7240 | 215-977-7230 |
| Wayne Ely | 215-750-3138 | 215-750-3134 |

Case Name: <u>Paratransit</u>        No. of pages (including this page): 5

The original of these documents will be sent by:
[ ] Ordinary Mail    [ ] Hand delivery    [ ] Overnight Mail [XX] FAX ONLY

MESSAGE:

**Please see attached correspondence.**

<u>IF YOU HAVE A PROBLEM RECEIVING THIS FAX, PLEASE CALL (215) 496-0300</u>

CONFIDENTIALITY NOTE
The information in this fax is confidential and/or legally privileged. The information
is intended only for the use of the individual(s) or entity named on this transmission
sheet. If you are not the intended recipient, you are hereby notified that any
disclosure, copying, distribution or the taking of any action in reliance on the contents
of this fax information is strictly prohibited. If you have received this fax in error,
please notify us by telephone immediately. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS EL

        Plaintiff,

        v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY

        Defendant.

CIVIL ACTION

NO.   02-CV-3591

## DECLARATION OF WAYNE A. ELY

I hereby swear that the following is true and correct:

I am co-counsel for Plaintiff in the above-captioned civil matter.

David Cohen (my co-counsel) and I have made numerous efforts to speak to Robert Haurin, Esquire (counsel for Defendant in the above-captioned matter) regarding Defendant's discovery non-compliance and Plaintiff's currently-outstanding requests for admissions. Mr. Haurin has flatly refused to speak with us personally. Instead, he has chosen to issue letters flatly indicating he will not speak with us and that all issues must be resolved in writing. He has also failed to copy both co-counsel for Plaintiff on numerous correspondences.

As evidence of the foregoing, I respectfully note the following:

**Friday, May 14th, 2004 (Phone call)**

On Friday, May 14th at approximately 3:00 p.m., Mr. Cohen and I called Mr. Haurin and were informed by his receptionist that he was "out". No further explanation was given. We left a detailed message with his receptionist advising Mr. Haurin that we wished to speak with him regarding outstanding discovery matters and Plaintiff's

recently-issued requests for admissions and that we were available for a discussion that

day or on any other day of Mr. Haurin's choosing.  We received no return call in the

ensuing four (4) days.

**Tuesday, May 18, 2004 (Phone call)**

On Tuesday, May 18th at approximately 12:15 p.m., Mr. Cohen and I called Mr.

Haurin again and were informed by his receptionist that he was at lunch.  We again left a

detailed message with the receptionist, again advising Mr. Haurin that we wished to

speak with him personally regarding the outstanding discovery matters and the requests

for admissions.  We again advised that we were available for a discussion that day or any

other at Mr. Haurin's convenience.  We again received no return call.

**Tuesday, May 18, 2004 (Letter)**

I also wrote to Mr. Haurin via fax and mail (copying Mr. Cohen) on May 18th

(*see* attached Exhibit "**1**") and advised him that:

> [w]e have tried to talk to you about this issue without success.  I find it
> curious that you claim [in a recent letter] that you have somehow not heard from
> us.  Mr. Cohen and I called your office on Friday, May 14, 2004 for the express
> purpose of conducting a conference with you on a number of outstanding matters,
> including the requests for admissions.  We left a detailed message when we were
> told you were unavailable.  You not did not call us back.  We called you again
> today in yet another attempt to meet and confer with you on the admissions as
> soon as I received your latest letter.  We were told you were at lunch.  I remain
> available to discuss the admissions at any time that is convenient for you.  I will
> be in the office all day today and I am sure we can come to a reasonable
> resolution of your concerns if we discuss them.  Please feel free to call me.

*See* attached Exhibit "**1**".

**Tuesday, May 18th (Mr. Haurin's letter indicating he would not speak to me)**

We received no telephone call in response to my May 18th letter.  However, just

before 5 p.m. on May 18th ,I received the fax attached as Exhibit "**2**", in which Mr.

Haurin stated that " . . . I have no intention of wasting my time discussing this with you." *See* attached Exhibit "**2**". This correspondence was not sent to my co-counsel, Mr. Cohen.

**Wednesday, May 19, 2004**

On the next day, Wednesday, May 19th at approximately 2:45 p.m., Mr. Cohen and I called Mr. Haurin again. The receptionist advised us he was on the telephone. Once again we left a detailed message advising that we wished to speak to Mr. Haurin regarding the outstanding discovery matters and the requests for admissions. We again received no return call.

**Thursday, May 20, 2004 (Letter)**

I wrote to Mr. Haurin via fax and mail (copying Mr. Cohen) and advised him I was at a loss to explain his failure to return our telephone messages. I also advised him that we would not withdraw our requests for admissions (which we have never had an opportunity to even discuss with Mr. Haurin given his failure to return our calls). I concluded my letter by advising Mr. Haurin again that " . . . [w]e both remain available to talk to you about this matter at your convenience." *See* attached Exhibit "**3**". We received no call after this letter was faxed and mailed.

**Thursday, May 20, 2004 (Motion)**

Mr. Haurin filed a motion for protective order with the Court (Docket No. 108) without serving it upon me (although he served it upon Mr. Cohen). This filing (which I received electronically from the Court) contains a purported certification of good faith executed by Mr. Haurin stating that " . . . I wrote to counsel for Plaintiff several times and asked that the discovery at issue in this motion be withdrawn. I have never received any

response to my requests from counsel for Plaintiff." I believe this characterization to be grossly unfair given our numerous efforts to talk to Mr. Haurin and his admitted but unexplained refusals to speak with us.

**Monday, May 24, 2004 (Phone call)**

On Monday, May 24, we called Mr. Haurin again and left a voice mail message at approximately 3:25 p.m. In the message, Mr. Cohen advised Mr. Haurin that we remained available to speak with him to resolve the outstanding discovery issues and any concerns he may have regarding the requests for admissions. This call was occasioned by a letter to the Court by Mr. Haurin asking for an extension of time. Mr. Haurin failed to consult us on that request, either by letter or by telephone.

To date, we have not received a return call from Mr. Haurin on the outstanding discovery issues in this matter.

Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES

Wayne A. Ely

May 25, 2004

TIMOTHY M. KOLMAN ESQ.
AND ASSOCIATES
LAW OFFICES

225 N. FLOWERS MILL ROAD
THE SHOPPES AT FLOWERS MILL
LANGHORNE, PA 19047

(215) 750-3134
FACSIMILE (215) 750-3138    May 18, 2004

**VIA FACSIMILE TO (215) 977-7240 & REGULAR MAIL**

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
The Robinson Building
42 South 15th Street
Suite 800
Philadelphia, PA 19102

     Re:    *Douglas El v. Southeastern Pennsylvania Transportation Authority*

Dear Mr. Haurin:

    I am in receipt of a letter requesting that we withdraw the Requests for Admissions and another letter of even date repeating the request.

    We have tried to talk to you about this issue without success. I find it curious that you claim in your letter that you have somehow not heard from us. Mr. Cohen and I called your office on Friday, May 14, 2004 for the express purpose of conducting a conference with you on a number of outstanding matters, including the requests for admissions. We left a detailed message when we were told you were unavailable. You not did not call us back. We called you again today in yet another attempt to meet and confer with you on the admissions as soon as I received your latest letter. We were told you were at lunch.

    I remain available to discuss the admissions at any time that is convenient for you. I will be in the office all day today and I am sure we can come to a reasonable resolution of your concerns if we discuss them. Please feel free to call me.

    I note you have again failed to copy Mr. Cohen on your latest correspondence, as you did on your prior letter to me. You also recently sent a letter to Mr. Cohen and failed to copy me on it. I also just learned you sent yet another letter to Mr. Cohen today and again did not copy me on it. Please be sure to copy both me and Mr. Cohen on all your correspondence.

               Very truly yours,

               TIMOTHY M. KOLMAN AND ASSOCIATES

BY:    *Wayne A. Ely /KU*
               Wayne A. Ely

cc: David Cohen, Esquire



# Saul H. Krenzel & Associates

THE ROBINSON BUILDING
42 S. 15TH STREET, SUITE 800
PHILADELPHIA, PA 19102

TELEPHONE (215) 977-7230
FACSIMILE (215) 977-7240

May 18, 2004

**VIA FAX**

Wayne Ely, Esquire
Timothy M. Kolman & Associates
225 N. Flowers Mill Road
The Shoppes at Flowers Mill
Langhorne, PA 19047

    RE:   **Douglas El v. SEPTA**

Dear Wayne:

    I have your fax of May 18, 2004. Since you refuse to state whether you will withdraw your requests for admission, I will file for a protective order. Your requests were obviously interposed for an improper purpose and I have no intention of wasting my time discussing this with you.

        Very truly yours,

        ROBERT J. HAURIN

RJH/bl

# TIMOTHY M. KOLMAN ESQ.
## AND ASSOCIATES
### LAW OFFICES

### 225 N. FLOWERS MILL ROAD
#### THE SHOPPES AT FLOWERS MILL
### LANGHORNE, PA 19047

### (215) 750-3134
### FACSIMILE (215) 750-3188

May 20, 2004

<u>**VIA FACSIMILE TO (215) 977-7240 & REGULAR MAIL**</u>

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
The Robinson Building
42 South 15th Street
Suite 800
Philadelphia, PA 19102

Re:    *Douglas El v. Southeastern Pennsylvania Transportation Authority*

Dear Mr. Haurin:

I am at a loss to explain your deliberate refusal to talk to us about the requests for admissions.

The requests were not propounded for any improper purpose, but to remedy the situation you have brought about through your refusal to concede even the most basic points in this case.

If you are going to require us to prove even the most basic (and properly undisputed) matters in this case, your client should properly pay the expenses of proving those matters if it denies them without justification. Indeed, that is one of the key purposes of Rule 36 and the reason we have propounded the Requests. The Requests were designed to streamline the issues in this case. They are voluminous due to the number of providers at issue, but they merely ask you to admit identical information as to each provider. None of the information you are being asked to admit should be a matter of dispute except for a few requests related to your business necessity defense.

Further, you have repeatedly failed to copy both Mr. Cohen and myself on correspondence, despite request that this behavior cease. Again, please copy us both on all correspondence.

1

Robert J. Haurin, Esquire
*El v. SEPTA*
May 20, 2004
Page 2 of 2


We both remain available to talk to you about this matter at your convenience.


TIMOTHY M. KOLMAN AND ASSOCIATES

BY:  *Wayne Ely /KA)*
Wayne A. Ely

WAE:st
cc: David Cohen