IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | JURY TRIAL DEMAND |
| Defendant | : | |

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION**

**TO PLAINTIFF'S MOTION TO COMPEL AND IN SUPPORT OF ITS MOTION FOR DISCOVERY SANCTIONS**

Defendant, Southeastern Pennsylvania Transportation Authority (hereafter "SEPTA") submits the within Memorandum of Law in Opposition to Plaintiff's Motion to Compel SEPTA that was filed with this Court on or about May 17, 2004.

**I.   INTRODUCTION**

As the deadline for responding to SEPTA's motion for summary judgment draws near, Plaintiff has filed an onslaught of frivolous discovery motions. Thus, having uncovered no evidence to support his dubious claims, Plaintiff has elected to harass SEPTA and engage in a never ending fishing expedition. Here, Plaintiff seeks an Order from this Court directing SEPTA to do what it has already done. Plaintiff's conduct here is no surprise because this kind of

harassment is characteristic of the manner in which Plaintiff has proceeded throughout this litigation.

Indeed, a review of counsel for Plaintiff's recent conduct in this case reveals the following:

1. Counsel has continually failed to timely serve third party discovery on SEPTA which necessitated a motion to comply with Rule 5(a) of the Federal Rules of Civil Procedure. Although the motion was withdrawn based upon counsel for Plaintiff's representation that there was an issue with the individual responsible for mailing these requests, it has continued to fail to serve third party discovery on SEPTA in a timely manner.  See Exhibit A attached hereto.[1]

2. Counsel entered into a stipulation that provided clearly and unambiguously that the discovery deadline was extended only to complete third party discovery.  Notwithstanding this agreement, counsel for Plaintiff has served numerous untimely discovery requests on SEPTA.

3. Plaintiff served on SEPTA 573 Requests for Admission after the close of the discovery period.

4. Counsel has continued to unilaterally schedule depositions without taking into account SEPTA's availability for such depositions.

5. Counsel has prosecuted discovery motions which lack any factual or legal basis including the motion concerning the Stipulation and this motion.

6. Counsel has made numerous misrepresentations of fact to this tribunal.  As an example, in his Motion to Compel that was filed on May 17, 2004, Plaintiff represented to this Court that SEPTA did not produce any documents related to its internal criminal conviction policy.  However, in his motion dated May 25, 2004, Plaintiff acknowledges that documents were

---

[1] SEPTA only learned about the subpoena served on David Rishel after receiving a call from Mr. Rishel concerning the date selected for his deposition.  It should also be noted that Mr. Cohen unilaterally selected this date without consulting SEPTA.

produced in response to this request, but claims this time, without any factual basis, that SEPTA has withheld documents that are responsive to this request. In fact it has not.

This kind of ongoing abuse of the discovery process should not be countenanced by this Court. Plaintiff's instant motion to compel is his latest transgression. Indeed, as explained more fully below, Plaintiff filed this motion after being advised that SEPTA had no further documents to produce. This motion should be denied and Plaintiff should be directed to reimburse SEPTA for the costs and fees that were incurred in responding to it.

## II.  ARGUMENT

### A.  PLAINTIFF HAS ALREADY IDENTIFIED ALL DOCUMENTS OVER WHICH IT HAS ASSERTED A PRIVILEGE.

For no apparent reason and without any basis for such a claim, Plaintiff asserts that SEPTA has withheld documents based upon a privilege that were not included on its privilege log. This is not the case. Every document that has been withheld by SEPTA on privilege grounds has been identified on its privilege log.

Nevertheless, Plaintiff apparently believes that there are additional documents being withheld because SEPTA asserted a privilege in response to the Krajewski document requests. However, the documents that were identified as being privileged in response to the Krajewski requests are the very same as those previously included in the privilege log. This fact speaks volumes about the redundant and onerous nature of Plaintiff's various discovery requests. This was explained to Mr. Cohen during one of the numerous conference calls regarding discovery in this case. See Haurin Affidavit at ¶ 6.

Simply stated, this issue does not require Court intervention and SEPTA should not be put

3

to the expense of convincing an adversary that its privilege log is complete. [2]

### B.   SEPTA HAS PRODUCED ALL RELEVANT INFORMATION THAT COULD BE LOCATED AFTER A REASONABLE INVESTIGATION.

Plaintiff next claims that documents are being withheld because he cannot identify documents that were produced in response to his various document requests.  Counsel for Plaintiff's inability to see the obvious, however, does not warrant a motion being filed based upon his unsupported suspicions.

As noted in footnote 23 of Plaintiff's memo, he has requested on at least 3 occasions the very same information.  In response to these requests, SEPTA produced numerous contracts showing changes to the criminal hiring provision, information related to the creation of the provision including, but not limited to, information about Michael Graham and Michael Donaldson and the demands made by the public that SEPTA take action following the fatal accident that Mr. Graham was involved in August 1994.   In short, Plaintiff's argument that SEPTA has not produced records in response to these requests is absurd.

Moreover, all documents that could be located in response to the requests cited by Plaintiff in section C of his brief have been produced.  There are no others and this has been communicated to counsel for Plaintiff several times.  Haurin Affidavit at ¶¶ 9-10.  For some

---

[2]   In his brief, Plaintiff advises the Court that SEPTA has withheld other documents and opposed Plaintiff's attempts to conduct depositions. Memo at 7.  Not surprisingly, Plaintiff supplies no evidence to support these unfounded accusations either.  In actuality, it is Plaintiff who has delayed this proceeding.  Indeed, Plaintiff has not conducted a single deposition since March 9, 2004.

reason these representations are not good enough for Plaintiff. The bottom line is that a litigant cannot produce what it does not possess.

> C. **NO ADDITIONAL DOCUMENTS ARE BEING WITHHELD BASED UPON AN ASSERTION OF WORK PRODUCT OR AN INFRINGEMENT ON THE MENTAL IMPRESSIONS OF COUNSEL.**

In Section D of Plaintiff's brief, he contends that documents are being withheld in response to certain interrogatories and certain document requests based upon an assertion that the disclosure of these mysterious documents would infringe on the mental impressions of counsel. Plaintiff is wrong again and his inclusion of this kind of argument only underscores the lengths to which Plaintiff will resort to continue its inexplicable conduct in this case.

First, documents are not required to be produced in response to interrogatories. Second, with regard to these interrogatories, Plaintiff has asked that lay witnesses be identified that have knowledge of legal arguments advanced by counsel in support of its motion for summary judgment. What Plaintiff fails to advise the Court is that all individuals with knowledge of the facts underlying Plaintiff's legal arguments have been identified in response to other interrogatories and in numerous depositions in this case.

Thus, for example, SEPTA has identified individuals with knowledge of its criminal hiring provision, of the provision's creation, the reasons for the provision, the revisions to the general minimums, and the public response to the fatal accident on I-95 among others. SEPTA has also produced documents showing that its paratransit clientele are vulnerable and that its policy is supported by business necessity. In addition, SEPTA has produced numerous documents from which the answers to these interrogatories could be derived and documents that specifically

5

provide information to substantiate SEPTA's business necessity defense. Finally, Plaintiff has conducted depositions of 5 SEPTA witnesses who identified others who might have knowledge of the facts underlying SEPTA's defenses to this action. Thus, there is simply no basis for the argument advanced by Plaintiff with regard to documents being withheld from production in response to interrogatories propounded upon SEPTA.

As for the responses to the Merits Document Requests, it should first be noted that Plaintiff has failed to attach the responses about which he complains. For the Court's convenience the responses are attached hereto as Exhibit B. As can be clearly seen from the responses, SEPTA has fulfilled its discovery obligations by producing the documents that could be located in response to these requests. There are no others.

### D. SEPTA DID NOT MISINTERPRET ANY DISCOVERY REQUEST.

Plaintiff next asserts that SEPTA should be required to answer additional discovery requests because it did not properly understand what was being asked in these requests. This is preposterous. It is counsel for Plaintiff who presumably drafted these requests and to the extent there was any misunderstandings, it was caused solely by his inartful drafting.

In Merits Interrogatory No. 6, Plaintiff requested that SEPTA identify individuals with knowledge of "SEPTA's purpose or intent in barring paratransit providers from hiring applicants with criminal convictions." SEPTA already answered this interrogatory. Because Plaintiff did not like the response, he would like permission to propound yet another interrogatory. But his request in that regard was denied by Order of this Court date January 6, 2004. In any event, individuals who understand that SEPTA's intent with regard to its criminal conviction policy is the safety of

the disabled have already been identified. Indeed, almost every witness in this case has stated that the reason for the policy is to protect the disabled.

As for Merits Interrogatory No. 22, SEPTA has already stated that it has taken no formal statements in this case. There is no need to supplement this response; and Plaintiff's request that the Court issue an Order regarding this request is nonsensical.

Finally, Krajewski Document Request No. 7 is so unintelligible as to be incapable of a response. The only entities that performed "services" relating to the scope of services section of the paratransit contracts are the paratransit providers. All contracts that could be located have already been produced.

### E. IT IS PLAINTIFF'S CONDUCT THAT IS SANCTIONABLE.

At the deposition of Richard Krajewski, it was revealed that Delta Services reviewed the scope of services section in SEPTA's paratransit contracts and made suggestions for the revision of that section of the paratransit contract that were subsequently adopted by SEPTA. All documents in SEPTA's possession that are related to this review have been produced although none of the documents have any relevance to this proceeding.

With that said, it is incredible that Plaintiff would continue to harass SEPTA for documents related to Delta Services. See Plaintiff's Memo at 11. As for Krajewski Request Nos. 6 and 19-21, the requests are so unintelligible as to be incapable of a response. Plaintiff has not identified the services to which he refers much less explained how this information, even if it existed, is relevant to his claims. Other than the paratransit providers and Delta Services, no other "services" were performed that relate in any way to the scope of services section of the paratransit

contracts or, more specifically, to the criminal conviction provision at issue in this case. In short, there are no other documents responsive to these utterly incomprehensible requests.

### F. SEPTA IS NOT IN CONTEMPT OF ANY COURT ORDER.

In his proposed order, Plaintiff requests that the Court find that SEPTA is in contempt of an Order issued by this Court. No such argument, however, to support this section of the proposed order can be found in Plaintiff's memo. However, in the proposed order, Plaintiff states that SEPTA is in contempt for failing to answer his "Merits Discovery." This is absurd. SEPTA has answered all of the merits discovery and produced all documents in its possession that are responsive to the merits document requests.

### G. SEPTA SHOULD BE AWARDED ITS COSTS FOR HAVING TO RESPOND TO THIS FRIVOLOUS MOTION UNDER FRCP 37.

Rule 37(a)(4)(B) authorizes the court to grant to a party who opposes a discovery motion his costs and attorneys' fees incurred in responding to a motion to compel that is denied. No finding of bad faith is required for such an award; but it is abundant on this record. Indeed, this Court need look only to the relief requested by Plaintiff in its Proposed Order. There, he requests that SEPTA be directed to acknowledge in writing that there are no further documents that are responsive to his redundant discovery requests. SEPTA has already done that several times. Haurin Affidavit at ¶¶ 9-10.

Counsel for Plaintiff should be sanctioned for his unreasonable conduct. Indeed, SEPTA has spent an inordinate amount of time in this case responding to onerous, redundant discovery and answering this frivolous motion to compel. It is obvious that Plaintiff will continue to file discovery motions that have no basis in fact or in law unless he is sanctioned by the Court.

Accordingly, SEPTA requests that it be awarded its costs and fees incurred in responding to this latest motion.

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to compel should be denied and SEPTA should be awarded its attorneys' fees and costs incurred in responding to this motion.

Respectfully submitted,

_____
**ROBERT J. HAURIN, ESQUIRE**
**SAUL H. KRENZEL & ASSOCIATES**
Attorney for Defendant, SEPTA

DATED:   June 1, 2004