**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| DOUGLAS EL | : | |
| | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO.   02-CV-3591 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | |
| | : | |
| | : | |
| Defendant. | : | |

---

# ORDER

AND NOW, this _____ day of _____, 2004, Defendant's motion for a protective order and discovery sanctions is DENIED.

BY THE COURT

_____
Hon. J. Curtis Joyner, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| DOUGLAS EL | : |
| | : CIVIL ACTION |
| | : |
| Plaintiff, | : |
| v. | : NO.   02-CV-3591 |
| | : |
| SOUTHEASTERN PENNSYLVANIA | : |
| TRANSPORTATION AUTHORITY | : |
| | : |
| | : |
| Defendant. | : |

---

**MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION
FOR A PROTECTIVE ORDER AND DISCOVERY SANCTIONS**

Plaintiff, by and through his counsel, hereby avers as follows in opposition to the above-captioned motion:

### I.     FACTUAL BACKGROUND

The instant case is a class action matter. This case arises out of SEPTA's promulgation of a policy requiring paratransit drivers with felony conviction records to be released from employment or rejected for same. The Equal Employment Opportunity Commission has previously found this policy to violative of Title VII of the Civil Rights Act of 1964.

Currently before the Court for disposition is Defendant's motion for a protective order and for discovery sanctions. Defendant challenges (without basis) two sets of requests for admission propounded by Plaintiff. For the reasons set forth herein, the motion should be denied.

### II.     ARGUMENT

Defendant's motion should be denied because the requests for admissions at issue do not constitute "discovery" and because they were not propounded for any improper purpose, but

rather to narrow the issues Defendant disputes in the instant matter. It should also be denied because Defendant failed to make a good faith effort to resolve its concerns over the requests prior to resorting to motion practice.

### a.     Requests for Admissions Do Not Constitute "Discovery"

Defendant's motion is largely based on its contention that the discovery deadline for SEPTA-related discovery was not extended by the parties' last stipulation. Even assuming this to be true, it has been repeatedly recognized by numerous federal district courts that requests for admission are not "discovery" and are not subject to discovery deadlines.[1]

A request for admissions *is not a discovery device.* In *Ghazerian v. United States,* 1991 WL 30746 (E.D. Pa. 1991), the court acknowledged that Rule 36(a) " . . . is not properly speaking a discovery device, rather it is 'a procedure for obtaining admissions for the record of facts already known' by the seeker," (quoting, 8 C. Wright & A. Miller, Federal Practice & Procedure § 2253 (1970)). The Court reasoned that Rule 36(a), instead of providing new information, only assists in limiting issues for a trial. *Id.* Indeed, that is the purpose of the Requests for Admission Defendant seeks to avoid answering now.

A Rule 36 admission is intended to serve as an "unassailable statement of fact that narrows the triable issues in the case." *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992). The Rule seeks to promote "trial efficiency by eliminating uncontested factual matters." *Id; see also American Automobile Assoc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991).

Citing 8 C. Wright & A. Miller, Federal Practice & Procedure § 2253 (1970), the Court in

---

[1] Defendant was advised of the authority cited herein for this proposition in a May 11, 2004 letter by Plaintiff's counsel.

*Camp v. The Progressive Corp., et al,* 2003 WL 21939778 (E.D. La. 2003), stated that "[s]trictly speaking, Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or . . . merely wishes its opponents to concede their genuineness." *Id.*

In *O'neill v. Medad,* 166 F.R.D. 19 (E.D. Mich. 1996), the court held that a Plaintiff's request for admissions were deemed admitted when the Defendant objected solely on timeliness and on the basis that the admissions were requested after fact discovery had closed (after 30 days had passed). The Court reasoned that " . . . requests for admissions are not a general discovery device," (citing *Misco, Inc. v. United States Steel corp.,* 784 F.2d 198 (6th Cir. 1986); *See also* 8 C. Wright & A. Miller, Federal Practice & Procedure § 2253 (1970)).

The Court in *O'Neill* further expounded that the two purposes of a request for admissions are to allow elimination of contested issues from a case prior to trial and to avoid including extraneous evidence regarding issues not in dispute and which can be developed by the process provided for in Rule 36. *Id.* at 21, citing, *Hurt v. Coyne Cylinder Company,* 124 F.R.D. 614 (W.D. Tenn. 1984). Specifically, the court held, in pertinent part:

> Therefore, Plaintiff need not have submitted requests for admissions by the August 15 discovery motion cutoff date or by the discovery cutoff date of September 15 because requests for admissions are distinct from other general discovery devices and are not subject to discovery cutoff dates. *Simply because Rule 36 is included in the section of rules governing discovery is not enough reason to restrict the use of requests for admissions by confining them to discovery dates*.

*Id.* (emphasis added).

Given the foregoing, the subject requests should not be precluded merely because of the discovery deadline in this case.

**B.     The Requests Were Not Served in Bad Faith**

The requests with which Defendant takes issue were not served in bad faith or for the purpose of harassment. They were carefully crafted to require concession on numerous issues that simply should not be in dispute in this case. Defendant apparently confuses effective and thorough advocacy with bad faith.

A review of the requests themselves makes this clear.

The first set of requests (Defendant's Exhibit "3") consisted of only nine (9) requests directed to information of relevance to Plaintiff's statistical arguments. Defendant fails to indicate how these 9 requests are overreaching or onerous.

The second set of requests is larger than normal only because of the number of entities on which Defendant inflicted its discriminatory hiring policy. Each section of that request will be detailed in turn.

Requests 1-34 merely ask Defendant to admit it maintained in excess of certain numbers of employees it maintained in various years. This is a jurisdictional prerequisite to a Title VII action. Requests 563-564 also deal with basic jurisdictional information.

Requests 26 and 27 ask Defendant to admit it is publicly-funded.

Requests 38-109 merely ask Defendant to admit the "employer" status of the numerous entities on which it imposed the disputed criminal record policy and confirm that the number of employees each employed is above the jurisdictional requirement. A Title VII "employer" like Defendant may be liable under Title VII for discriminating against the employees of *another* "employer." Like all the Requests sent to Defendant, these are merely an effort to save unnecessary time proving facts which Defendant should admit.

Requests 110-392 merely ask Defendant to admit basic facts as to the application of the

policy as to each paratransit provider (they ask the same information, broken down by each paratransit provider, and as a result constitute the bulk of the requests).  These are facts that should in no way be in dispute and Defendant has no basis to deny these Requests.  Defendant, throughout this litigation, has refused to concede even the simplest and most basic points.  Indeed, this fact is what led to the requests for admissions at issue.

Requests 393 and 394 ask Defendant to admit it never considered the possible discriminatory effects of the policy before implementing it.  That assertion conforms to everything Plaintiff's counsel have learned to date in deposing the uniformly ignorant "witnesses" Defendant has wrongly identified as having information relating to this case.

Requests 396-435 ask Defendant to admit the racially-discriminatory effect of the policy on applicants and fired employees.  Defendant collected detailed information about those who were rejected or fired because of the policy and has the information required to answer these requests.

Requests 436-461 merely ask Defendant to admit the language of the policy at issue and the manner in which it continues to be applied.  Defendant has not pointed to even *one* misrepresentation of fact in these requests.

Requests 462-486 merely ask Defendant to admit that its own internal policy provides for *the very discrimination safeguards Defendant denies its paratransit provider applicants.*  This is in fact the case (although Defendant does not wish to admit it).  When its internal policy is contrasted with the illegal policy it inflicts on its paratransit providers, Defendant's "business necessity" defense  fails.

Requests 487-545 merely ask Defendant to confirm the glaring lack of evidence (demonstrated in large part by witnesses Defendant claimed had information related to its

defenses but who in reality knew nothing) to support its summary judgment motion.

Requests 546-550 merely ask Defendant to that its arguments have no merit and that there is in fact no "business necessity" defense in this case. Defendant has produced no information supporting the defense, and is being asked here to confirm none exists.

Finally, requests 551-562 merely ask SEPTA to make some basic admissions about the individuals it claims brought about the policy (these were individuals who committed crimes while serving as paratransit drivers).

The foregoing makes it clear that Defendant's claims of improper purpose are without merit. The requests for admission at issue were and are intended to narrow the issues in this case and for no other purpose.

    **C.**    **Defendant Has Failed to Satisfy the Standard for Entry of a Protective Order**

Good cause must be demonstrated in order for a party to obtain a protective order. *See* 8 Wright & Miller, Federal Practice and Procedure, section 2035, at 264 (1970). The burden of showing good cause rests with the party requesting the protective order (herein, the Defendant). The party must make *a particular request* and a *specific demonstration of facts in support of the request* as opposed to conclusory or speculative statements about the need for a protective order and the harm that would be suffered without one. *Gulf Oil v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L. Ed.2d 693 (1981); *Deines v. Vermeer Mfg. Co.,* 133 F.R.D. 46, 48 (D. Kan. 1990).

Herein, all Defendant has set forth are the "conclusory or speculative statements" the *Gulf Oil* and *Deines* opinions found to be inadequate. Defendant fails to explain why the requests for admission are so onerous or oppressive. It has utterly failed to set forth the specifics required for entry of a protective order.

**D.     Defendant Failed to Discuss the Requests in Good Faith Prior to Filing its Motion**

Eastern District Local Rule 26.1(f) requires that the parties make a "reasonable effort" to resolve discovery disputes. Plaintiff's counsel were (and remain) ready to make such an effort as regards the requests for admissions. Defendant's counsel would not talk to them. The certification attached as Exhibit "A" hereto outlines the efforts made, and demonstrates that Defendant never made a sincere effort to address the requests for admissions with Plaintiff's counsel, despite repeated attempts by Plaintiff's counsel to do so. Had Defendant's counsel returned *even one* of the phone calls made by Plaintiff's counsel in an effort to resolve Defendant's concerns over the requests, the motion might have been avoided entirely. Defendant's counsel was not interested in resolving his concerns, but rather only in filing a motion. The filing to which this reply is directed flatly contravenes the letter and spirit of Local Rule 26.1(f).

**E.     Sanctions Are Not Warranted**

Defendant has utterly failed to demonstrate that Plaintiff's opposition to its motion for protective order is not "substantially justified." Fed.R.Civ.P. 37(a)(4). Indeed, denial of the motion is justified because the requests to which it is directed are proper for the reasons outlined *supra*.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's motion for a protective order and for discovery sanctions should be denied.

        Respectfully submitted,

        TIMOTHY M. KOLMAN & ASSOCIATES

        /s/ Wayne A. Ely_____
        Wayne A. Ely, Esq.
        Timothy M. Kolman, Esq.
        TIMOTHY M. KOLMAN AND ASSOCIATES
        225 N. Flowers Mill Road
        Langhorne, PA 19047
        (215) 750-3134

        Eugene A. Spector, Esq.
        David J. Cohen, Esq.
        SPECTOR, ROSEMAN & KODROFF, P.C.
        1818 Market Street, Suite 2500
        Philadelphia, PA 19103
        (215) 496-0300

June 3, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | |
| | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO.   02-CV-1213 |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | JURY TRIAL DEMANDED |
| TRANSPORTATION AUTHORITY | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Wayne A. Ely, do hereby certify that on the date set forth below, I caused to be served a true and correct copy of Plaintiff's Response to Defendant's Motion to Quash by mailing same, first class mail, postage prepaid upon the following individuals:

David Cohen, Esquire
Spector, Roseman & Kodroff
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Robert Haurin, Esquire
Saul H. Krenzel and Associates
The Robinson Building
42 South 15th Street
Suite 800
Philadelphia, PA 19102


June 3, 2004

/s/ Wayne A. Ely
Wayne A. Ely, Esquire