IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF pENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | JURY TRIAL DEMAND |
| TRANSPORTATION AUTHORITY | : | |
| | : | |
| Defendant | : | |

**DEFENDANT'S MEMO OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ADDITIONAL EVIDENCE IN SUPPORT OF ITS SUMMARY JUDGMENT MOTION AND TO FILE A REPLY
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S PENDING MOTION**

Defendant, Southeastern Pennsylvania Transportation Authority (hereafter "SEPTA") submits the within memo of law in support of its motion to submit additional evidence in support of its summary judgment motion and to respond to Plaintiff's opposition to SEPTA's pending motion for summary judgment. For the reasons that follow, SEPTA's motion should be granted.

**I.   PROCEDURAL HISTORY**

Plaintiff commenced this action over two years ago by filing a Complaint on June 6, 2002. Thereafter, Plaintiff amended his Complaint on November 13, 2002. In his Amended Complaint, Plaintiff alleges, among other things, that SEPTA violated Title VII of the Civil Rights Act of 1964, as amended, when Plaintiff was denied employment as a paratransit driver for King Paratransit Services ("King"), a contractor with whom SEPTA previously contracted for the provision of paratransit services. Plaintiff also alleges violations of the U.S. Constitution, the

Pennsylvania Constitution and the Pennsylvania Criminal History Record Information Act.[1]

On December 9, 2002, SEPTA filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint. Therein, SEPTA denied liability to Plaintiff or any member of the class that he purports to represent. Then, on December 23, 2002, SEPTA filed Third Party Complaints against each of the paratransit providers with whom it had contracts for paratransit services during the period 1991 to present. The Third Party Complaints were subsequently dismissed by the Court by Order dated December 10, 2003.

On January 14, 2003, this Court entered a Scheduling Order. Therein, the Court directed that all discovery was to be completed by July 14, 2003. Motions for summary judgment were required to be filed no later than August 11, 2003. On August 4, 2003, this Court entered an Order revising the January 14, 2003 Scheduling Order at Plaintiff's request. Significantly, the Court extended the discovery deadline until October 14, 2003, and extended the period for filing pretrial motions to November 11, 2003.

In accordance with this revised Scheduling Order, SEPTA completed the depositions of Plaintiff and a representative from King. SEPTA then filed its timely Motion for Summary Judgment on November 12, 2003. In its summary judgment motion, SEPTA raised numerous issues showing that it was entitled to summary judgment based on the record that had been developed during the discovery period established by the Court. Significantly, SEPTA argued, among other things, that Plaintiff could not make a prima facie case of unlawful discrimination, there was no evidence to support the allegation that SEPTA intentionally discriminated against

---

[1] Plaintiff also purports to represent a class of individuals who have been denied employment because of criminal convictions with various paratransit providers like King.

African Americans of Hispanics, the criminal conviction policy at issue here was supported by business necessity and that Plaintiff's claims were barred by the applicable limitations periods.

Following the filing of SEPTA's Motion for Summary Judgment and the expiration of the discovery deadline, a conference call with counsel for SEPTA and counsel for Plaintiff was held by the Court on November 14, 2003 at the request of Plaintiff. At that time, Plaintiff requested that the discovery deadline be extended – this time to March 15, 2004.

On November 25, 2003, an Amended Scheduling Order was entered. There, the Court stated that the discovery deadline would be extended to March 15, 2004 and that Plaintiff was required to submit his opposition to SEPTA's pending motion for summary judgment on that day as well. However, on February 26, 2004, the Court, by stipulation of the parties, extended the period for taking discovery from third parties until June 14, 2004.

Then, on June 2, 2004, the Court entered an Order setting July 14, 2004 as the date that Plaintiff's expert reports are due and the date that Plaintiff must file his response to SEPTA's Motion for Summary Judgment. The Court also directed that SEPTA was to submit its expert reports on or before August 16, 2004.

**II.    ARGUMENT**

More than seven months have elapsed between the date that SEPTA filed its motion for summary judgment and the date that discovery has closed. During this time, the parties (and third parties) have produced and exchanged thousands of pages of documents. In addition, a total of 13 depositions have been taken since November 11, 2004. Thus, the record is now fully developed and includes substantial additional evidence that supports the numerous arguments advanced by SEPTA over 7 months ago.

Thus, additional evidence has been adduced between November 11, 2003 and June 14, 2004 that this Court should consider in deciding whether SEPTA is entitled to summary judgment in this case.

For example, there is substantial additional evidence showing that the criminal conviction hiring policy at issue here does not have a disparate impact on African Americans and Hispanics as alleged by Plaintiff in his Amended Complaint. In addition, the more developed record also confirms that that the criminal conviction hiring policy at issue here was not included in the paratransit contracts to discriminate against Plaintiff or any other African American or Hispanic applicant. Rather, numerous witnesses have testified in the last seven months that the reason for the policy was a concern for the safety of disabled passengers who must rely on paratransit service.

What's more, the record contains substantial evidence that is not before this Court showing that the criminal conviction policy at issue here is supported by business necessity and that SEPTA was not Plaintiff's employer nor is it the employer of any other individual who may have been denied employment with any paratransit provider.

In addition, because of the additional evidence that has been adduced during the discovery period, it is expected that Plaintiff will raise additional issues in its opposition papers that have never been addressed by SEPTA. For example, it is clear that Plaintiff will argue that SEPTA's internal hiring policy is not as restrictive as that used in the paratransit contracts as a basis for showing that the paratransit policy is unlawful. SEPTA should have the opportunity to address these issues to the extent that they are raised for the first time in Plaintiff's submission as well.

As the foregoing discussion shows, this Court should decide the issues raised by SEPTA in its November 12, 2003 Motion for Summary Judgment only after consideration of the record that has been developed in the last seven months. Moreover, because SEPTA's expert reports are due on August 16, 2004 and will address the expert reports submitted by Plaintiff and further support the arguments advanced by SEPTA in its Motion for Summary Judgment, SEPTA proposes that it be granted leave to submit additional evidence in support of its Motion for Summary Judgment and to respond to any new matters raised by Plaintiff in his opposition papers on or before August 16, 2004.

### III. CONCLUSION

For all of the foregoing reasons, SEPTA respectfully requests that its motion be granted and that it be permitted leave to submit additional evidence in support of its motion for summary judgment and to respond to arguments advanced by Plaintiff in opposition to SEPTA's motion for summary judgment.

Respectfully submitted,

_____
Robert J. Haurin
SAUL H. KRENZEL & ASSOCIATES
42 South 15th Street, Suite 800
Philadelphia, PA 19102
(215) 977-7230

Dated: July 7, 2004