IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS EL | : CIVIL ACTION |
| vs. | : |
| | : NO. 02-CV-3591 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : |

**ORDER**

AND NOW, this            day of July, 2004, upon consideration of Defendant's Motion for Protective Order and for Discovery Sanctions (Document No. 108), it is hereby ORDERED that the Motion is DENIED.[1]

BY THE COURT:

_____
J. CURTIS JOYNER,         J.

---

[1] Defendant has objected to the Plaintiff's First Set of Requests for Admissions on the grounds that they were propounded on it after the discovery deadline had expired. "Strictly speaking, however, Rule 36 [requests for admissions] is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness." 8A Wright, Miller & Marcus, *Federal Practice and Procedure Civil 2d*, §2253 (2d ed. 1994). See Also: Ghazerian v. United States, Civ. A. No. 89-8900, 1991 WL 30746 (E.D.Pa. March 5, 1991). The purpose of a Rule 36 Request for Admission is to narrow the triable issues in the case and thereby promote trial efficiency. Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992). We thus do not find the passage of the discovery deadline to have been fatal to Plaintiff's efforts to hone the triable issues in his case by propounding Requests for Admissions on Defendant here.