IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | JURY TRIAL DEMAND |
| Defendant. | : | |

**DEFENDANT'S EMERGENCY MOTION TO COMPEL**

Southeastern Transportation Authority ("SEPTA"), hereby requests that an Order be entered in favor of SEPTA compelling Plaintiff to produce all documents relied upon by Plaintiff's expert witness or created by Plaintiff's expert witness, William B. Fairley, in connection with his Report dated July 15, 2004. In support of this Motion, SEPTA states as follows:

1. On June 5, 2003, SEPTA served on Plaintiff its First Document Requests. A copy of the Requests are attached hereto as Exhibit 1. Therein, SEPTA requested, among other things, that Plaintiff produce:

   a. All documents that show that that policies that mandate the denial of employment opportunity for a prior conviction have a disparate impact on African-Americans and Hispanics;

   b. All documents that demonstrate that African-Americans and Hispanics are convicted of crimes at a rate disproportionately higher than their representation in the population; and

      c.      any statistical information upon which you rely in support of your claims against SEPTA.

Exhibit 1 at Nos. 16, 18 and 19.

    2.    SEPTA received Plaintiff's responses to these requests on or about August 6, 2003. A copy of the responses are attached hereto as Exhibit 2. With regard to Request Nos. 16 and 18, Plaintiff objected on the basis that he could not then respond in full because it would "require Plaintiff to review documents not presently in his possession, custody or control." With regard to Request No. 19, Plaintiff responded, in part, as follows "Plaintiff states that he is not yet able to provide statistical information in support of his claims against SEPTA, as neither class nor merits discovery have been completed. Plaintiff will supplement this response within the time frame set by the Court." Yet, Plaintiff never did.

    3.    On February 6, 2004, SEPTA served on Plaintiff, its Second Set of Interrogatories. A copy of the interrogatories are attached hereto as Exhibit 3. In relevant part, SEPTA requested that Plaintiff identify all documents that any expert witness has been shown or upon which such expert will rely to offer any opinions in this case. Exhibit 3 at No. 3.

    4.    In response to this interrogatory, Plaintiff responded in part that "Plaintiff's expert reports will more specifically identify documents and information upon which they relied in forming any opinions in this case." A copy of the response is attached hereto as Exhibit 4. In fact, the Report of Dr. Fairley that SEPTA received on July 16, 2004 does not specifically identify these documents. A copy of the report is attached hereto as Exhibit 5.

5. To date, Plaintiff has never produced any records in response to any of the aforementioned documents requests despite being in possession of documents that are responsive, and which are referenced in the report of Dr. Fairley.

6. As noted above, on July 16, SEPTA received the report of Dr. Fairley. Therein, Dr. Fairley discusses the statistical analysis that he undertook based upon his review of certain records that were obtained from various sources including "several contracts between SEPTA and providers of paratransit services," "voluminous files of personnel records or of summaries of data obtained from paratransit providers Edens, Community Transit, Jagiela, King, Krapfs, Service Plus, and Triage," and U.S. Bureau of Justice Statistics. Exhibit 5 at 1-2.

7. In addition, random sampling of files from personnel records at Service Plus and Triage were collected and information related to the files that were selected were placed on "coding forms" that Dr. Fairley reviewed. Exhibit 5 at 2.

8. According to Dr. Fairley, these records (including coding forms of unknown origin that were used, in part, to identify the race of the applicant) were "sufficient to conduct the analysis reported here." Exhibit 5 at 2-3.

9. Based on this review of unidentified records, Dr. Fairley stated he held certain opinions "to a reasonable degree of statistical certainty." Exhibit 5 at 3. (Emphasis added).

10. Dr. Fairley concluded, among other things, that "non-whites are substantially more likely to have a conviction than whites nationally both in State and Federal Courts" and that "minority employees of SEPTA's paratransit providers have a rate of conviction 3 times greater than non-minority employees . . ." Report at 3. Furthermore, Dr. Fairley concluded that minority employees are differentially impacted by SEPTA's policy. Id.

11. Dr. Fairley then discussed in some detail, although in a vague and ambiguous manner, the statistical analysis that he undertook in reaching his conclusions. Exhibit 5 at 4-10. Again, the statistical analysis that he undertook was based upon the records that he reviewed and/or was provided by counsel.

12. As set forth above, each of the documents that were reviewed by Dr. Fairley are encompassed within the document requests first served on Plaintiff on June 5, 2003. Indeed, Request No. 19 sought the production of statistical information upon which Plaintiff relies in support of his discrimination claim. This request therefore also included any calculations prepared by Dr. Fairley or his staff and any workpapers or compilations that were created in connection with his engagement.

13. Following its review of Exhibit 5, SEPTA noticed the deposition of Dr. Fairley for August 6, 2004 and attached to the notice a document rider requesting that Dr. Fairley produce all records that were referred to in his report or were otherwise reviewed by him or relied on by him in formulating his opinions. In addition, SEPTA sought the production of workpapers, calculations and data compilations created or prepared by Dr. Fairley or his staff. A copy of the notice and the document rider are attached hereto as Exhibit 6.

14. As can be seen from even a cursory review of Exhibit 6, the documents that SEPTA requested be produced on July 27, 2004 are encompassed within the discovery requests first served on Plaintiff on June 5, 2003.

15. Counsel for Plaintiff notified SEPTA by letter that Dr. Fairley was unavailable for a deposition between August 6, 2004 and August 10, 2004. Counsel suggested that the deposition be held on August 17, 2004 or August 18, 2004 which is after the date that SEPTA's Amended Motion for Summary Judgment is due to be filed. A copy of the letter from counsel for Plaintiff is attached hereto as Exhibit 7. Significantly, at no time did Plaintiff suggest that there

4

would be any problem with production of the documents that were requested in the document rider.

16. Because the dates offered by counsel for Plaintiff were after the date set by the Court for SEPTA to file its Amended Motion for Summary Judgment, SEPTA agreed to take the deposition of Dr. Fairley on August 17, 2004 provided that Plaintiff agree to a 10 day extension for the filing of its Amended Motion for Summary Judgment and the submission of its expert reports and CVs. A copy of a letter dated August 3, 2004 from SEPTA to counsel for Plaintiff regarding these issues is attached hereto as Exhibit 8.

17. On August 5, 2004, SEPTA noticed the deposition of Dr. Fairley for August 12, 2004 because it did not receive any response to its request for a 10 day extension of the aforementioned deadlines. A copy of the Notice is attached hereto as Exhibit 9.

18. Thereafter, on August 5, 2004, counsel for Plaintiff notified SEPTA that counsel for Plaintiff was unavailable for a deposition between the dates of August 9, 2004 and August 12, 2004. In addition, Plaintiff provided SEPTA with an "Advance Bill" indicating that Dr. Fairley required $450.00 per hour of deposition time. A copy of the letter and invoice is attached hereto as Exhibit 10.

19. The parties subsequently agreed that the deposition of Dr. Fairley would be held on August 17, 2004 which is one day after the date that SEPTA's Amended Motion for Summary Judgment and expert reports are due to be filed. Again, Plaintiff made no mention of the documents requested in the document rider. A subsequent motion was filed by SEPTA requesting a 10 day extension for filing its Amended Motion for Summary Judgment.

20. On August 9, 2004, SEPTA requested that Plaintiffs produce all records that were requested in the document rider which had previously been served on Plaintiff on July 27, 2004, thirteen days earlier by August 12, 2004 so that time would not be spent at the deposition, for which SEPTA would be financially responsible, reviewing voluminous documents. A copy of this request is attached hereto as Exhibit 11. Therein, SEPTA explained its position that it believed that the documents sought in the document rider were encompassed within previously served discovery requests.

21. On August 10, 2004, Plaintiff advised SEPTA that it would not produce the documents on August 12, 2004 or August 17, 2004. Instead, Plaintiff stated that it would "respond" to this document request within 30 days of date of service which would be August 26, 2004. This is the date that SEPTA's Amended Motion for Summary Judgment is due if its pending motion is granted.

22. Plaintiff has an ongoing obligation to seasonably supplement discovery responses if the party learns that prior responses are incorrect or incomplete and the additional information has not otherwise been made known to other parties pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure. This means that Plaintiff had an obligation to produce the records upon which his expert relied and/or was shown and/or involve any statistical analysis that he undertook by no later than July 15, 2004 - - the date of Dr. Fairley's report.

23. Plaintiff has failed and refused to comply with his discovery obligations and has severely prejudiced SEPTA's defense of his claims.

WHEREFORE, SEPTA respectfully requests that this Court enter an Order directing Plaintiff to produce all documents requested by SEPTA in the document rider attached to the deposition notice for William Fairley, PHD dated July 27, 2004 on or before August 13, 2004.

Respectfully submitted,

                                                                                     _____  
                                                                                     Robert J. Haurin  
                                                                                     SAUL H. KRENZEL & ASSOCIATES  
                                                                                     42 South 15th Street, Suite 800  
                                                                                      Philadelphia, PA 19102  
Dated: August 11, 2004                            (215) 977-7230