IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY | : | JURY TRIAL DEMAND |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
EMERGENCY MOTION TO COMPEL**

Southeastern Transportation Authority ("SEPTA"), submits the within memorandum of law in support of its emergency motion to compel.

**I.  INTRODUCTION**

On July 16, 2004, SEPTA received the report of William F. Fairley, PHD.  Dr. Fairley is a statistician who was engaged by Plaintiff to offer an opinion on whether the criminal conviction policy at issue in this matter has a disparate impact on African Americans and Hispanics.  Upon receipt review of this report, SEPTA determined that it required Dr. Fairley's deposition to prepare its Amended Motion for Summary Judgment which was due on August 16, 2004.

The following week, SEPTA contacted counsel for the purpose of scheduling a date for Dr. Fairley's deposition.  When SEPTA did not hear back from Plaintiff in a timely manner, SEPTA noticed the deposition of Dr. Fairley on July 27, 2004 and attached to the notice a document rider

which requested that Plaintiff and Dr. Fairley produce the records that he relied upon, reviewed and created in connection with his engagement. The date selected for the deposition was August 6, 2004.

Plaintiff later advised that the date selected was inconvenient for Dr. Fairley and that he would not be available for a deposition until after August 10, 2004. Then, SEPTA served an amended notice scheduling the deposition for August 12, 2004. This time, Plaintiff stated that counsel would be unavailable for a deposition from August 9, 2004 to August 12, 2004. The parties subsequently agreed that the deposition would take place on August 17, 2004. It was understood that the documents set forth in the notice of deposition would be produced on or before that time.

In reliance on these representations, SEPTA filed a motion to extend the case deadlines by ten days so that its Amended Motion for Summary Judgment would be due on August 26, 2004 which would give it sufficient time to review the report of Dr. Fairley and his deposition transcript. This motion was filed on August 9, 2004 and was not opposed by Plaintiff.

On August 10, 2004, Plaintiff advised SEPTA that it did not intend to even respond to the document rider until 30 days after the date that it was served which would be August 26, 2004 - - the date that SEPTA's Amended Motion for Summary Judgment is due if the Court grants its now pending motion to extend the case deadlines.

Plaintiff's dilatory and vexatious conduct should not be tolerated by this Court. It is clear that Plaintiff has no good reason for withholding this information any longer. Indeed, as demonstrated in its accompanying motion and below, the information requested in the document rider was first requested by SEPTA on June 5, 2003.

II. **STATEMENT OF FACTS**

On June 5, 2003, SEPTA served on Plaintiff its First Document Requests. A copy of the Requests are attached to the motion as Exhibit 1. Therein, SEPTA requested, among other things, that Plaintiff produce all documents that show that that policies that mandate the denial of employment opportunity for a prior conviction have a disparate impact on African-Americans and Hispanics, all documents that demonstrate that African-Americans and Hispanics are convicted of crimes at a rate disproportionately higher than their representation in the population and any statistical information upon which Plaintiff relied in support of his claims against SEPTA. Exhibit 1 at Nos. 16, 18 and 19. Plaintiff has never produced any documents that are responsive to these requests. Motion Exhibit 2.

On February 6, 2004, SEPTA served on Plaintiff its Second Set of Interrogatories. Motion Exhibit 3. In relevant part, SEPTA requested that Plaintiff identify all documents that any expert witness has been shown or upon which such expert will rely to offer any opinions in this case. Motion Exhibit 3 at No. 3. Plaintiff has never provided complete information in response to this interrogatory. Motion Exhibit 4. Instead, Plaintiff stated that the documents would be identified in the expert reports. In fact, they were not.

On July 16, SEPTA received the report of William Fairley, PHD. Motion Exhibit 5. Therein, Dr. Fairley discusses the statistical analysis that he undertook based upon his review of certain records that were obtained from various sources including "several contracts between SEPTA and providers of paratransit services, "voluminous files of personnel records or of summaries of data obtained from paratransit providers Edens, Community Transit, Jagiela, King, Krapfs, Service Plus, and Triage," and U.S. Bureau of Justice Statistics. Motion Exhibit 5 at 1-2. In addition, random sampling of files from personnel records at Service Plus and Triage were collected and information related to the files that were selected were placed on "coding forms" that Dr. Fairley reviewed. Motion Exhibit 5 at 2. However, no detail is provided concerning the

3

documents that were reviewed, relied upon or created in connection with his engagement. In short, SEPTA is left to guess whether the data relied upon by Dr. Fairley was sufficient for him to formulate the opinions that are expressed in his report. This has placed SEPTA at a great disadvantage.

According to Dr. Fairley, the records that he reviewed (including coding forms of unknown origin that were used, in part, to identify the race of the applicant) were "sufficient to conduct the analysis reported here." Exhibit 5 at 2-3. Based on this review of unidentified records, Dr. Fairley stated he held certain opinions "to a reasonable degree of statistical certainty." Exhibit 5 at 3. Among other things, Dr. Fairley opined that "non-whites are substantially more likely to have a conviction than whites nationally both in State and Federal Courts" and that "minority employees of SEPTA's paratransit providers have a rate of conviction 3 times greater than non-minority employees . . ." Report at 3. Furthermore, Dr. Fairley concluded that minority employees are differentially impacted by SEPTA's policy. Id.

Dr. Fairley's report discussed in some detail, although in a vague and ambiguous manner, the statistical analysis that he undertook in reaching his conclusion. Exhibit 5 at 4-10. Again, the statistical analysis that he undertook was based upon the records that reviewed, were provided by counsel and were created by Dr. Fairley and his staff.

Following its review of Exhibit 5, SEPTA noticed the deposition of Dr. Fairley for August 6, 2004 and attached to the notice a document rider requesting that Dr. Fairley produce all records that were referred to in his report or were otherwise reviewed by him or relied on by him in formulating his opinions. Motion Exhibit 6.    As can be seen from even a cursory review of Exhibit 6, the documents that SEPTA requested be produced on August 6, 2004 are encompassed within the discovery requests first served on Plaintiff on June 5, 2003. The parties subsequently agreed that a

deposition of Dr. Fairley would take place on August 17, 2004 and that the documents would be produced at the time of deposition.

However, on August 9, 2004, SEPTA requested that the documents be produced in advance of the deposition because the records are voluminous and it did not want to be responsible for paying Dr. Fairley's hourly fee of $450.00 for reviewing such documents at a deposition.  Motion Exhibit 10.  Plaintiff has to this day refused to produce any documents.  Instead, Plaintiff has advised SEPTA that it would not produce the documents or even respond to the requests until thirty days after the date that the document rider was served which would be August 26, 2004 despite the fact that the documents should have been produced no later than July 15, 2004 - - the date of Dr. Fairley's report.

**II.     ARGUMENT**

The Federal Rules of Civil Procedure place an obligation on parties to litigation to seasonably supplement or amend their discovery responses when a party learns that a prior response is incomplete or incorrect.  Fed.R.Civ.P. 26(e).  The advisory committee notes to Rule 25(e) likewise state that supplementations should be made at regular intervals "during the discovery period", and "with special promptness as the trial date approaches."  1993 Adv. Committee Note to Subdivison (e).  Thus, Rule 26(e) makes clear that "a party is under a continuing obligation to supplement its discovery responses."  Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995); Gallup, Inc. v. Kenexa Corp., 2003 WL 22097495 *3 (E.D.Pa. 2003);  McCrane v. Marconi Medical Systems, Inc., 2002 WL 485471 *6 (E.D.Pa. 2002);

Even Plaintiff recognized that he had an obligation to supplement his prior disclosures at the time that he initially responded to SEPTA's discovery requests.  Exhibit 2 at Nos. 16, 18 and 19.  However, Plaintiff has opted to now ignore those discovery obligations and continue to unnecessarily delay this proceeding and cause SEPTA to incur even more fees.

5

There can be no doubt that the information requested in the document rider to Dr. Fairley's deposition notice are encompassed within SEPTA's discovery requests dated June 5, 2003. This means that the documents that Dr. Fairley or his subordinates created, relied upon or were shown by Plaintiff should have been disclosed by Plaintiff and produced by Plaintiff by no later than July 15, 2004 - - the date of Dr. Fairley's report.

Stated simply, there is no good reason for Plaintiff's conduct, nor could he possibly explain why he needs an additional 15 days to produce what should have been produced almost one month ago. As a result, this Court should either direct Plaintiff to immediately produce all documents that are responsive to the requests set forth in the document rider or preclude the admission of Dr. Fairley's report and his testimony at trial.

### III.  CONCLUSION

For all of the foregoing reasons and the reasons more fully set forth in SEPTA's Motion, SEPTA respectfully requests that its Motion be granted and that Plaintiff be directed to produce all documents requested by Plaintiff in its Notice of Deposition dated July 27, 2004.

Respectfully submitted,

_____
Saul H. Krenzel, Esquire
Robert J. Haurin
SAUL H. KRENZEL & ASSOCIATES
42 South 15th Street, Suite 800
Philadelphia, PA 19102
(215) 977-7230

Dated: August 11, 2004