## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS EL,** | : | |
| **Individually and on behalf of** | : | |
| **all others similarly situated,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **NO. 02-CV-3591** |
| | : | |
| **SOUTHEASTERN PENNSYLVANIA** | : | |
| **TRANSPORTATION AUTHORITY,** | : | |
| **Defendant.** | : | |

## ORDER

THIS MATTER having come before the Court on Plaintiff's Emergency Motion for Discovery Sanctions Against SEPTA,

IT IS, on this _____ day of _____, 2004,

ORDERED THAT Plaintiff's Motion is GRANTED, and that:

1. SEPTA is hereby held in contempt of Court for knowingly withholding the testimony of Vincent Walsh and Douglas Carpenter from Plaintiff during the discovery process;

2. SEPTA is hereby held in contempt of Court for knowingly withholding documents attached to the Second Affidavit of Frank Brandis from Plaintiff during the discovery process;

3. As a sanction for SEPTA's discovery misconduct, default judgement is entered in favor of Plaintiff;

4. As a sanction for SEPTA's discovery misconduct, its Amended Summary Judgement Motion is denied;

5. As a sanction for SEPTA's discovery misconduct, SEPTA shall pay $200,000 to Plaintiffs counsel within ten days of the date of this Order;

6. As a sanction for SEPTA's discovery misconduct, the Affidavits of Vincent Walsh, Douglas Carpenter and the Second Affidavit of Frank Brandis (and the sections of SEPTA's Summary Judgement filing in which they are referenced) are stricken from the record in this case;

7. As a sanction for SEPTA's discovery misconduct, this Court re-opens merits discovery, requires SEPTA to make Vincent Walsh, Douglas Carpenter and Frank Brandis available to Plaintiff's counsel for deposition, and permits Plaintiff to serve supplemental discovery requests on SEPTA in advance of these depositions;

8. The due date of Plaintiff's Opposition to SEPTA's Amended Summary Judgement Motion is hereby extended to _____, 200__.


_____
THE HONORABLE J. CURTIS JOYNER
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DOUGLAS EL,** | : | |
| **Individually and on behalf of** | : | |
| **all others similarly situated,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO. 02-CV-3591** |
| **SOUTHEASTERN PENNSYLVANIA** | : | |
| **TRANSPORTATION AUTHORITY,** | : | |
| **Defendant.** | : | |

### PLAINTIFF'S EMERGENCY MOTION FOR
### DISCOVERY SANCTIONS AGAINST SEPTA

Pursuant to Federal Rule of Civil Procedure 37, and for the reasons stated in the attached

Memorandum of Law, Plaintiff Douglas El ("Plaintiff"), hereby moves this Court to: **1)** grant

this Motion; **2)** hold SEPTA in contempt of Court for knowingly withholding the testimony of

Vincent Walsh and Douglas Carpenter from Plaintiff during the discovery process; **3)** hold

SEPTA in contempt of Court for knowingly withholding documents attached to the Second

Affidavit of Frank Brandis from Plaintiff during the discovery process; **4)** enter default

judgement in favor of Plaintiff; **5)** deny SEPTA's Amended Summary Judgement Motion; **6)**

require SEPTA to pay sanctions in the amount of $200,000 to Plaintiffs counsel; **7)** strike the

Affidavits of Vincent Walsh, Douglas Carpenter and the Second Affidavit of Frank Brandis (and

the sections of SEPTA's Summary Judgement filing in which they are referenced) from the

record in this case; **8)** re-open merits discovery to permit Plaintiff to serve supplemental

discovery requests on SEPTA and depose Vincent Walsh, Douglas Carpenter and Frank Brandis;

and **9)** extend the due date for Plaintiff's Opposition to SEPTA's Amended Summary Judgement

Motion by a reasonable period to permit this additional discovery to take place.

Respectfully submitted,

Dated: October 26, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS EL,
Individually and on behalf of
all others similarly situated,
      Plaintiff,

     v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
      Defendant.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION
NO.  02-CV-3591

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S EMERGENCY MOTION FOR
## DISCOVERY SANCTIONS AGAINST SEPTA

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: October 26, 2004

I.    **BACKGROUND INFORMATION**

   A.    **Summary Of Plaintiff's Allegations**

   Plaintiff's claims are based on an illegal employment policy SEPTA imposed on its

paratransit providers that required them to reject any applicant with a past criminal conviction

and terminate any employee with a past criminal conviction, but did not permit them to consider

when the conviction occurred, the nature of the conviction or whether the conviction had any

relationship to the job being sought.

   B.    **Procedural Posture Of The Litigation**

   SEPTA filed its Amended Motion for Summary Judgment on October 8, 2004.

Plaintiff's Opposition to this Motion is presently due on November 15, 2004.  Plaintiff has filed

this Motion on an emergency basis because this Court's resolution of the instant issues will

necessarily impact Plaintiff's response to SEPTA's summary judgement filing.

   C.    **Relevant Facts**

      1.    **Affidavit of Vincent Walsh**

   SEPTA filed its Amended Motion for Summary Judgement on October 8, 2004.  The

"Affidavit" of Vincent Walsh is attached to SEPTA's Motion as Exhibit L.  Mr. Walsh's

unsworn declaration states that: **1)** he was responsible for legal matters involving SEPTA's

paratransit program, including the development of SEPTA's standards for hiring paratransit

drivers, *Walsh Affidavit*, ¶6; **2)** he developed the criminal background check requirement for

paratransit drivers as a result of problems experienced with paratransit drivers Graham and

Donaldson in 1994, *Id.* at ¶6-11; **3)** he was involved with determining which crimes would serve

as a bar to hiring, *Id.* at ¶12-15; and **4)** he personally determined that SEPTA's criminal record

exclusion policy was justified by business necessity, narrowly tailored to serve SEPTA's needs

and did not have a discriminatory effect, *Id.* at ¶16-17.

This testimony came as a complete surprise to Plaintiff because, despite the fact that Mr. Walsh has worked as an attorney in SEPTA's Legal Department for twenty-five years, and was obviously instrumental in creating and implementing the policy on which Plaintiff's claims are founded, SEPTA has never once identified him in discovery – despite numerous opportunities to do so.

Plaintiff's Interrogatory No. 6 sought identification of "the persons most knowledgeable about paratransit provider policies related to the application, hiring or termination of employees with past criminal convictions." *See Plaintiff's First Interrogatories* attached as Exhibit A. SEPTA did not name Mr. Walsh in response to this Interrogatory.

Plaintiff's Merits Interrogatory No. 2 sought identification of "all people with knowledge or information relating to SEPTA's general minimums for paratransit providers and the creation of those general minimums." *See Plaintiff's Merits Interrogatories* attached as Exhibit B. SEPTA did not identify Mr. Walsh in response to this Interrogatory, or in any of its supplemental responses occasioned by Plaintiff's letters dated January 6, 2004 and March 4, 2004. *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's Merits Interrogatory No. 6 sought identification of "all people with knowledge or information relating to SEPTA's purpose or intent in barring its paratransit providers from hiring applicants with criminal records." *See Plaintiff's Merits Interrogatories* attached as Exhibit B. SEPTA did not identify Mr. Walsh in response to this request, or in its supplemental responses occasioned by Plaintiff's letters dated January 6, 2004, March 4, 2004 or April 23, 2004. *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's Merits Interrogatory No. 10 sought identification of "all people with knowledge or information relating to SEPTA's decision that 'more expansive background checks

of paratransit drivers were needed' to 'ensure the safety of disabled individuals who use paratransit services.'" *See Plaintiff's Merits Interrogatories* attached as Exhibit B.  SEPTA did not identify Mr. Walsh in response to this request, or in its supplemental responses occasioned by Plaintiff's letter dated March 4, 2004. *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's Merits Interrogatory No. 12 sought identification of "all people with knowledge or information relating to whether SEPTA 'narrowly tailored the criminal conviction provision in the paratransit contracts so that it would provide additional safeguards and not unlawfully discriminate against individuals because of race or any other reason...'" *See Plaintiff's Merits Interrogatories* attached as Exhibit B.  SEPTA did not identify Mr. Walsh in response to this request, or in its supplemental responses occasioned by Plaintiff's letter dated March 4, 2004. *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's Krajewski Document Request No. 8 requested the production of documents "identifying all persons who performed services relating to the general minimums for paratransit drivers in SEPTA service during the Class Period and describing the specific services they performed." *See Plaintiff's Krajewski Document Requests* attached as Exhibit D.  SEPTA did not identify Mr. Walsh in response to this request, or in its supplemental responses occasioned by Plaintiff's letter dated April 23, 2004. *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's Krajewski Document Request No. 22 requested the production of "documents relating to the creation, review, modification or revision of SEPTA's paratransit service contracts by any person." *See Plaintiff's Krajewski Document Requests* attached as Exhibit D.  SEPTA did not identify Mr. Walsh in response to this request, or in its supplemental responses occasioned by Plaintiff's letter dated April 23, 2004. *See Plaintiff's correspondence* attached as Exhibit C.

On May 17, 2004, Plaintiff filed a Motion to Compel Merits Discovery Responses from SEPTA. *See El Case Document* No. 107. This motion specifically sought to compel an answer to Merits Interrogatory No. 6 and the production of documents in response to Krajewski Document Request Nos. 8 and 22. SEPTA responded to Plaintiff's Motion on June 1, 2004. *See El Case Document* No. 112. With respect to Krajewski Document Request Nos. 8 and 22, SEPTA responded that it had already produced all available documents. *Id.* at pp. 4-5. With respect to Merits Interrogatory No. 6, SEPTA responded that individuals knowledgeable about the intent of the criminal conviction provision in SEPTA's paratransit contracts "have already been identified." *Id.* at pp. 6-7. On July 8, 2004, this Court issued an Order denying Plaintiffs motion based on SEPTA's assertions, but warned SEPTA that its assertions better hold up: "Naturally, should it later appear that these representations are incorrect, Plaintiff may rest assured that SEPTA shall be sanctioned accordingly." *See El Case Document* No. 122.

Plaintiff has suffered significant prejudice as a result of SEPTA's improper conduct in discovery. Plaintiff spent untold hours seeking discovery from SEPTA (in interrogatories, document requests, depositions and motions) on precisely the issues addressed in Mr. Walsh's Affidavit. SEPTA's knowing and intentional decision not to identify Mr. Walsh at any time during this entire process has prevented Plaintiff from obtaining relevant information about SEPTA's criminal record exclusion policy, addressing this information with his expert witness, pursuing material avenues of questioning with the 14 deponents in this case, and developing a case theory to account for Mr. Walsh's testimony.

Since merits discovery closed in March 2004, SEPTA repeatedly represented – both to Plaintiff and this Court – that it had produced all information responsive to the discovery requests referenced above. In denying Plaintiff's Motion to Compel this discovery, the Court

-4-

relied on SEPTA's statements and expressly warned SEPTA about the risks of misrepresenting

its compliance with Plaintiff's discovery requests.

When SEPTA learned about Mr. Walsh's involvement with the facts underlying

Plaintiff's claims, it did not supplement any of its previous discovery answers or inform Plaintiff

of its intention to rely on Mr. Walsh's testimony.  This is particularly surprising given that

SEPTA's Amended Summary Judgement Motion contains no less than 38 citations to Mr.

Walsh's Affidavit.  SEPTA's Motion does not explain why it did not name Mr. Walsh in any of

its discovery responses.

### 2. Affidavit of Douglas Carpenter

The "Affidavit" of Douglas Carpenter is attached to SEPTA's Amended Motion for

Summary Judgement as Exhibit GG.  Mr. Carpenter's unsworn declaration states that: **1)** he is

responsible for hiring SEPTA's operators, including bus drivers, *Carpenter Affidavit*, ¶2; **2)** he is

very familiar with Policy/Instruction 6.29 (SEPTA's criminal record exclusion policy) and the

application of this policy, including SEPTA's procedures for considering the details of an

applicant's past convictions in determining whether they qualify for employment with SEPTA.

*Id.* at ¶¶3-9; **3)** he cannot recall SEPTA hiring any operators who had been convicted of a serious

physical offense, *Id.* at  ¶10; and **4)** he does not believe that the Plaintiff would be hired as a

SEPTA bus driver in light of his murder conviction over 40 years ago, *Id.* at  ¶11.

This testimony came as a complete surprise to Plaintiff because, despite the fact that Mr.

Carpenter has worked at SEPTA for over 18 years, is presently its Manager of Recruitment, and

is obviously the person  responsible for applying SEPTA's criminal conviction policy, SEPTA

has never once identified him in discovery – despite numerous opportunities to do so.

Plaintiff's Interrogatory No. 8 sought identification of "the persons most knowledgeable

about SEPTA's policy related to the application, hiring or termination of employees with past criminal convictions." *See Plaintiff's First Interrogatories* attached as Exhibit A. SEPTA did not identify Mr. Carpenter in response to this request.

Plaintiff's Merits Interrogatory No. 5 sought identification of "all people with knowledge or information relating to SEPTA Policy/Instruction 6.29". *See Plaintiff's Merits Interrogatories* attached as Exhibit B. SEPTA did not identify Mr. Carpenter in response to this request, or in its supplemental responses occasioned by Plaintiff's letter dated March 4, 2004. *See Plaintiff's correspondence* attached as Exhibit C.

On December 15, 2003, Plaintiff filed a motion seeking to compel the Rule 30(b)(6) deposition of the person SEPTA identified as having information about "the creation, revision, application, enforcement and purpose of SEPTA's Policy/Instruction 6.29". *See El Case Document* No. 67. SEPTA opposed this motion by arguing that the requested discovery was not relevant to Plaintiff's claims. This Court relied on SEPTA's representations, denied Plaintiff's motion and barred this avenue of discovery. Unfortunately, SEPTA has proceeded to support its Amended Summary Judgement Motion with the very testimony Plaintiff was seeking.

SEPTA's positions in opposing Plaintiff's discovery of this information and its position in the Amended Summary Judgement Motion are completely inconsistent. On one hand, SEPTA claimed that Plaintiff was not entitled to discovery about its criminal record exclusion because it had no bearing on Plaintiff's claims. On the other hand, SEPTA is now justifying its request for summary judgement by reference to surprise testimony from an undisclosed witness concerning the application of SEPTA's criminal record exclusion policy.

Plaintiff has suffered significant prejudice as a result of these improper discovery tactics. Plaintiff spent significant time seeking discovery from SEPTA (in interrogatories, document

requests, depositions and motions) on precisely the issues addressed in Mr. Carpenter's

Affidavit. SEPTA's knowing and intentional decision not to identify Mr. Carpenter at any time

during this entire process – and indeed to oppose the introduction of any discovery concerning

Policy/Instruction 6.29 – has prevented Plaintiff from obtaining relevant information about

SEPTA's criminal record exclusion policy, addressing this information with his expert witness,

pursuing material avenues of questioning with the 14 deponents in this case or developing a case

theory to account for Mr. Carpenter's testimony.

Indeed, SEPTA's improper introduction of Mr. Carpenter's Affidavit is only the most

recent in a long series of misrepresentations about the relevance and availability of information

concerning its internal criminal conviction policy.[1] Despite the fact that SEPTA and its lawyers

---

[1] The relevance of SEPTA's internal criminal conviction policy has been raised with this Court before. On November 20, 2003, Plaintiff served a document request on SEPTA seeking "all documents relating to SEPTA Policy/Instruction 6.29". On December 22, 2003, *SEPTA objected to this request as irrelevant* and refused to produce any responsive documents. On February 9, 2004, after several attempts to resolve this dispute, Plaintiff filed a Motion to Compel documents relating to SEPTA Policy/Instruction 6.29. *See El Case Document* No. 82. In this Motion, Plaintiff wrote that, by arguing the ex-offender employment policy imposed on its paratransit providers was supported by business necessity, SEPTA placed the truth of this fact at issue and opened the door for Plaintiff to inquire further into business necessity issues. Further, where SEPTA's *own* ex-offender policy imposed less restrictive prohibitions than its ex-offender policy for paratransit providers, Plaintiff claimed that he should be permitted to inquire into the differences between the two policies and examine the merit of SEPTA's business necessity defense. On February 23, 2004, SEPTA responded to this Motion, arguing again that the discovery sought was irrelevant to Plaintiff's claims. *See El Case Document* No. 90. On February 27, 2004, this Court granted Plaintiff's Motion, and ordered SEPTA to make a full and complete production in response to Merits Document Request 4 or "*suffer the imposition of sanctions as are available under Fed. R. Civ. P. 37.*" *See El Case Document* No. 95. However, as of May 25, 2004, SEPTA had produced five documents in response to Merits Document Request 4 consisting of only 13 pages. On May 26, 2004, Plaintiff filed a Motion for Discovery Sanctions to address SEPTA's failure to comply with the Court's February 27, 2004 Order. *See El Case Document* No. 110. In its response to this Motion, SEPTA *acknowledged that documents relating to the criminal record status of SEPTA's operators were relevant to Plaintiff's case,* making its failure to produce these documents during the previous three months all the more unexplainable. *See El Case Document* No. 118, p.4. In July 2004, Plaintiff agreed

have repeatedly represented to this Court that information about Policy/Instruction 6.29 is irrelevant to Plaintiff's claims, they now seek Summary Judgement with a motion supported by, and containing five citations to, Mr. Carpenter's Affidavit. SEPTA's Motion does not explain why it did not name Mr. Carpenter in any of its discovery responses.

### 3.    Affidavit of Frank Brandis

The "Affidavit" of Frank Brandis is attached to SEPTA's Amended Motion for Summary Judgement as Exhibit T. Mr. Brandis' unsworn declaration states that he has "personally approved for employment as paratransit drivers in SEPTA service many individuals who had criminal records", *Brandis Affidavit*, ¶9, and attaches documents concerning "individuals I personally approved for hiring as a paratransit driver in SEPTA service." *Id.*

This testimony – and the attached documents – came as a complete surprise to Plaintiff because, despite the fact that Mr. Brandis has worked as SEPTA's Contract Compliance Manager for the past 7 years, served as SEPTA's primary source for information and documents in this case, and been actively involved with the defense of Plaintiff's claims, SEPTA never produced this information during the discovery process – despite many opportunities to do so.

Plaintiff's Document Request No. 2 sought "[a]ll documents related to any SEPTA policy concerning the application, hiring or termination of employees with past criminal convictions." *See Plaintiff's First Document Requests* attached as Exhibit E. SEPTA did not produce the documents attached to Mr. Brandis' Second Affidavit in response to this request, or in its

---

to hold his Motion for Sanctions in abeyance pending SEPTA's production of its operators' criminal record information. To date, this production has not been completed. SEPTA has produced criminal record information for only 800 of the approximately 3,000 bus drivers employed since July 1, 1999 and has refused to produce any further records, violating the agreement it made with Plaintiff's counsel to avoid prosecution of Plaintiff's May 26, 2004 sanctions motion.

supplemental responses occasioned by Plaintiff's letters dated July 3, 2003 or October 28, 2003. *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's Document Request No. 4 sought "[a]ll documents related to any policy applied by SEPTA's paratransit providers concerning the application, hiring or termination of employees with past criminal convictions." *See Plaintiff's First Document Requests* attached as Exhibit E. SEPTA did not produce the documents attached to Mr. Brandis' Second Affidavit in response to this request, or in its supplemental response occasioned by Plaintiff's letter dated July 3, 2003. *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's Document Request No. 7 sought "[a]ll documents related to the number and identity of people with past criminal convictions who were hired, refused employment or terminated by any of the people that provided paratransit services to SEPTA." *See Plaintiff's First Document Requests* attached as Exhibit E. SEPTA did not produce the documents attached to Mr. Brandis' Second Affidavit in response to this request, or in its supplemental responses occasioned by Plaintiff's letters dated July 3, 2003 or October 28, 2003. *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's Document Request No. 19 sought "[a]ny documents supporting the affirmative defenses set forth in paragraphs 57-95 of SEPTA's Answer and New Matter." *See Plaintiff's First Document Requests* attached as Exhibit E. SEPTA did not produce the documents attached to Mr. Brandis' Second Affidavit in response to this request

Plaintiff's First Brandis Document Request No. 1 sought "[a]ll documents in Brandis' possession or control that relate to SEPTA's paratransit providers." *See Plaintiff's First Brandis Requests* attached as Exhibit F. SEPTA did not produce the documents attached to Mr. Brandis' Second Affidavit in response to this request, or in its supplemental response occasioned by

-9-

Plaintiff's letter dated October 28, 2003.  *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's First Brandis Document Request No. 6 sought "[a]ll documents in Brandis' possession or control that relate either to violations of SEPTA's 'general minimums,' or to the enforcement of those 'general minimums' with respect to any paratransit provider."  *See Plaintiff's First Brandis Requests* attached as Exhibit F.  SEPTA did not produce the documents attached to Mr. Brandis' Second Affidavit in response to this request, or in its supplemental response occasioned by Plaintiff's letter dated October 28, 2003.  *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's First Brandis Document Request No. 9 sought "[a]ll documents relating to criminal record checks performed by SEPTA for all applicants to, or employees of, SEPTA's paratransit providers."  *See Plaintiff's First Brandis Requests* attached as Exhibit F.  SEPTA did not produce the documents attached to Mr. Brandis' Second Affidavit in response to this request, or in its supplemental response occasioned by Plaintiff's letter dated October 28, 2003.  *See Plaintiff's correspondence* attached as Exhibit C.

Plaintiff's First Brandis Document Request No. 10 sought "[a]ll documents relating to criminal record checks performed by any paratransit provider for any applicant or employee."  *See Plaintiff's First Brandis Requests* attached as Exhibit F.  SEPTA did not produce the documents attached to Mr. Brandis' Second Affidavit in response to this request, or in its supplemental response occasioned by Plaintiff's letter dated October 28, 2003.  *See Plaintiff's correspondence* attached as Exhibit C.

As should be obvious from the number of requests addressed to Mr. Brandis, Plaintiff spent significant time seeking discovery of the documents in his possession.  Obviously, a number of these requests called for production of the documents at issue here.  SEPTA's decision

-10-

to conceal these documents throughout the discovery period and then, seven months after the close of discovery, support its request for summary judgement with no less than 14 citations to Mr. Brandis' Second Affidavit is an obvious abuse of the discovery process.

Plaintiff has suffered significant prejudice as a result of SEPTA's improper discovery conduct. SEPTA's knowing and intentional decision to hide these materials from discovery has deprived Plaintiff of the opportunity to question Mr. Brandis about these documents, pursue material avenues of questioning with the 13 other deponents in this case, address these documents in discussions with his expert witness or in his expert report, or develop a case theory to account for these documents. These lost opportunities are particularly damaging in light of the obviously dubious information these documents contain.[2] Where SEPTA's conduct throughout the discovery process has so obviously been intended to ambush Plaintiff and prejudice his ability to litigate these claims, the entry of discovery of sanctions should be a foregone conclusion.

## II.  <u>ARGUMENT</u>

### A.  <u>This Court Has Authority To Impose The Requested Sanctions.</u>

The decision to impose sanctions for discovery violations under Rule 37(b)(2)(B) is "within the district court's broad discretion over discovery matters." <u>Hussey v. Chase Manhattan</u>

---

[2] Mr. Brandis and SEPTA represent the documents at issue as accurate personnel records for 38 paratransit drivers who were hired despite past criminal convictions. However, a full 20 of these personnel records show that Mr. Brandis gave his approval to hire these applicants after June 4, 2002 – *the date of Plaintiff's complaint*. Ten more of these personnel records either lack documentation that the applicant ever actually worked as a paratransit driver, or show that approval was given under questionable circumstances (e.g., approval given many months after the employee's termination date). Finally, two more of the personnel records have approval dates that are not legible. Thus, even Plaintiff's cursory analysis reveals that no more than 15% of these records have any indicia of reliability.

Bank, 2004 WL 220845, *1 (E.D. Pa. Jan 12, 2004); Ware Communications, Inc v. Rodale Press,

Inc., 2002 WL 89604, *2 (E.D. Pa. Jan. 23, 2002).  See Clarke v. Whitney, 169 F.R.D. 623, 626

(E.D. Pa. 1996) (Joyner, J.) ("A court may impose sanctions pursuant to Fed.R.Civ.P. 37(b) upon

a party for failure to comply with a discovery order").

**B.    SEPTA's Conduct Is Deserving Of Sanctions**

     **1.    Default judgement**

    Rule 37(b)(2)(C) and case-law interpreting this Rule, expressly allow courts to employ

default judgment as a sanction in the event extreme discovery improprieties are discovered. *See*

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640-41 (1976); *U.S.*

*v. Moser*, 168 F.R.D. 171 (M.D. Pa. 1996) (entering default judgment against defendants who

repeatedly refused to comply with discovery orders of magistrate judge); *Mid-State Elec., Inc. v.*

*H.L. Libby Corp.*, 141 F.R.D. 255 (W.D. Pa.1992) (dismissing case where plaintiff failed to

comply with three orders requiring him to produce tax returns); *Hicks v. Feeney*, 124 F.R.D. 79

(D. Del. 1987) (dismissing case against plaintiff who, despite court's threat of Rule 37 sanctions,

failed to comply with order requiring him to appear for his deposition), *aff'd.*, 850 F.2d 152 (3rd

Cir. 1988).

    In deciding whether to impose default judgment as a sanction, courts are required to

weigh the following six factors:

> 1) the extent of the party's personal responsibility; 2) the prejudice
> to the adversary caused by the failure to meet scheduling orders
> and respond to discovery; 3) a history of dilatoriness; 4) whether
> the conduct of the party or the attorney was willful or in bad faith;
> 5) the effectiveness of sanctions other than dismissal [or default],
> which entails an analysis of alternative sanctions; and 6) the
> meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3rd Cir. 1984); *Clarke*, 169

F.R.D. 623 at 626. It is not necessary, however, that all six of these factors point towards default

judgment for it to be the appropriate sanction in a given case. *See Hoxworth v. Blinder,*

*Robinson & Co., Inc.,* 980 F.2d 912, 919 (3rd Cir. 1992); *Clarke,* 169 F.R.D. 623 at 626.

    In this case, each of these factors weigh in favor of the entry of a default judgement

against SEPTA.

    First, SEPTA is ultimately responsible for the discovery violations upon which this

Motion is founded. Plaintiff served the numerous discovery requests described above on SEPTA

through its counsel. At no time until the filing of its Amended Summary Judgement Motion did

SEPTA identify Messrs. Walsh or Carpenter or produce the documents at issue. Indeed, SEPTA

has actively denied the existence of these witnesses and documents throughout the litigation of

this case.

    Second, SEPTA's eleventh-hour introduction of the testimony of Vincent Walsh and

Douglas Carpenter and the documents attached to the Second Affidavit of Frank Brandis has

extremely prejudiced Plaintiff. Plaintiff spent untold hours seeking this discovery from SEPTA

in interrogatories, document requests, depositions and motions. SEPTA's knowing and

intentional decision to conceal these witnesses and documents has prevented Plaintiff from

discovering any information about these witnesses, their testimony, the availability (or absence)

of related documents, or their knowledge of Plaintiff's claims. Further, Plaintiff was not able to

pursue material avenues of questioning with the 14 deponents in this case, address this

information with his expert witness, develop a case theory to account for this information or

uncover any inconsistencies in the newly-produced information. The damage caused by SEPTA

in failing to produce necessary discovery relates back to SEPTA's ongoing refusal to produce its

operators' criminal record information in direct contravention of this Court's February 27, 2004

Order and the agreement entered into by counsel to avoid prosecution of Plaintiff's last Motion to Compel.

Third, SEPTA and its counsel have a history of dilatory discovery conduct – both in this case and in other cases. For example, in the infamous case of *Hall v. SEPTA*, Philadelphia Common Pleas Court Judge Frederica Massiah-Jackson held SEPTA in contempt of court and fined it $1 million for intentionally concealing relevant documentary evidence from the plaintiff. *See Hall v. SEPTA Preliminary Memo*, pp.1-3 and *Hall v. SEPTA Civil Docket Report*, pp. 19-20 attached as Exhibit G. In return for SEPTA's promises of significant operational changes, Judge Massiah-Jackson later reduced her sanction to $100,000. *See Hall v. SEPTA Civil Docket Report* at pp.21-22. By its intentional concealment of relevant testimony and documents in this case and its pursuit of a litigation strategy meant to capitalize on this improper conduct, SEPTA has broken its promises to Judge Massiah-Jackson. *Id.* The law firm of Saul Krenzel & Associates also has a history of discovery abuse. Judges of this court have entered two adverse, *case ending,* rulings against Mr. Krenzel in the last 10 years for failure to comply with discovery orders. *See Clarke*, 169 F.R.D. 623 (E.D. Pa. 1996) (Joyner, J.); *ATX Telecommunications Services v. U.S. WATS*, 1994 WL 698057 (E.D. Pa. Dec. 9, 1994). As defense counsel should have learned by now, discovery misconduct such as has been perpetrated in this case justifies the imposition of extreme sanctions.

Fourth, the circumstances surrounding SEPTA's discovery conduct strongly suggests that the information at issue was withheld for an improper purpose. As described at length above, SEPTA was asked again and again to identify the testimony and documents at issue. At every turn, SEPTA either denied having the requested information or represented that it was not relevant to Plaintiff's claims. SEPTA made these same representations to the Court on several

-14-

occasions. Now, seven months after the close of discovery, SEPTA has filed a 67-page summary judgement motion that contains no less than 57 citations to testimony and documents that it never identified or produced but now argues support its claim for judgement as a matter of law.

Fifth, the entry of default judgement against SEPTA would be an effective remedy, both to address its improper conduct in this case and discourage SEPTA and its counsel from continuing their patterns of improper discovery conduct. *See, National Hockey League*, 427 U.S. at 640-41; *Moser*, 168 F.R.D. 171; *Mid-State Elec., Inc.*, 141 F.R.D. 255; *Hicks*, 124 F.R.D. 79. Other sanctions, including denial of SEPTA's Amended Summary Judgement Motion, the payment of significant monetary sanctions, and the exclusion of SEPTA's new testimony and documents from the record in this case are discussed more fully below. However, Plaintiff submits that, based on the established history of improper discovery conduct by both SEPTA and its counsel, only a significant sanction will have any chance of breaking the cycle of violations on which this filing is based.

Finally, there is no need for concern about the merit of Plaintiff's claims. According to the Third Circuit, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery...." *Poulis*, 747 F.2d at 869-70; *U.S. v. Mickman*, 1992 WL 74173, *5 (E.D. Pa. Mar 27, 1992). Plaintiff has alleged that SEPTA's criminal record exclusion policy for paratransit providers had a discriminatory effect. The testimony and documents produced during the discovery process demonstrate, among other things, that: **1)** SEPTA's criminal record exclusion policy for paratransit providers contains an absolute prohibition against hiring any applicant with any felony or misdemeanor conviction; **2)** SEPTA's criminal record exclusion policy for paratransit providers is far more restrictive than SEPTA's criminal record policy for its own drivers, even though both policies are founded on a

-15-

concern for protecting vulnerable members of the public; **3)** in violation of EEOC guidelines, SEPTA's criminal record exclusion policy for paratransit providers did not permit any inquiry into the age of a conviction in making a hiring decision; and **4)** while the application of criminal record exclusion policies in the paratransit industry is a standard practice, there is no industry standard for the content of such policies, and the wording of SEPTA's criminal record exclusion policy for paratransit providers is more restrictive than any other policy identified during the discovery process. Since there is little reason to doubt the viability of Plaintiff's claims, granting a default judgment in favor of Plaintiff will not create a substantial injustice.

### 2.    <u>Denial of Amended Summary Judgement Motion</u>

SEPTA and its counsel have conducted themselves throughout the discovery process in this case with a complete and utter disregard for applicable discovery rules, much less principles of fairness and honesty. SEPTA had, before the filing of its Amended Summary Judgement Motion, never once mentioned Vincent Walsh or Douglas Carpenter in any context or made their presently-offered testimony available in any form. Similarly, SEPTA intentionally withheld the documents now presented by Frank Brandis – and the information they contain – from production, despite Plaintiff's repeated efforts to request them. The only reasonable conclusion to be drawn from SEPTA's decision to withhold this information was to provide it with an unfair advantage in its summary judgement filing.

Through concerted and diligent effort, Plaintiff has established a concrete record of SEPTA's discovery abuses, including its failure to identify material witnesses, produce relevant documents or comply with the word or spirit of this Court's discovery orders.

Having heard Plaintiff's complaints, this Court twice warned SEPTA to correct its conduct or face the imposition of sanctions. *See El Case Document* Nos. 95 and 122.

-16-

Completely ignoring these warnings, SEPTA and its counsel proceeded to commit their most egregious discovery violations in this case. As set out fully above, SEPTA's actions have intentionally and knowingly deprived Plaintiff of the opportunity to gather information about his claims, question 14 witnesses, fully inform his expert witness, work with his expert to create a fully-grounded report, or develop a comprehensive case theory. No amount of time or money will undo the damage SEPTA has done to Plaintiff's case.

Under these circumstances, the most appropriate sanction would be to deny SEPTA's Amended Summary Judgement motion and impose monetary sanctions against SEPTA. *See Clarke*, 169 F.R.D. 623 (E.D. Pa. 1996) (Joyner, J.) (granting default judgement and imposing monetary sanctions for failure to comply with discovery orders against defendant represented by Saul Krenzel – counsel for SEPTA in the instant case); *ATX Telecommunications Services*, 1994 WL 698057 (dismissing action with prejudice for non-compliance with discovery orders against plaintiff represented by Saul Krenzel). *See also Sutton v. American Federation of State, County and Mun. Workers, Local 1510*, 1997 WL 34663, *6 (n.10) (E.D. Pa. Jan. 28, 1997).

### 3.    Imposition of monetary sanctions

In an appropriate case, a Court may order a defendant to pay monetary sanctions. *See Airtech v. Born Environmental Services, Inc.*, 2003 WL 22097489, *2 (E.D. Pa. May 27, 2003); *Harrison v. Host Marriott Corp.*, 1997 WL 792902, *3 (E.D. Pa. Dec. 19, 1997); *Grow Tunneling Corp. v. Conduit & Found. Co., Inc.*, 1996 WL 411658, *7 (E.D. Pa. July 16, 1996).

Courts may issue such sanctions both to compensate Plaintiffs and to discourage improper conduct in the future. *See Foy v. Dicks*, 146 F.R.D. 113, 117 (E.D. Pa. 1993). *See Fed. R. Civ. P.* 37(a)(3). *See also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142 (3rd Cir. 1990) (sanctioning party who failed to comply with discovery orders and provided "incomplete

-17-

answers"); *Curtis T. Bedwell and Sons, Inc. v. International Fidelity Insurance Company*, 843 F.2d 683, *686 (3d Cir. 1988) (issuing sanctions when party did not follow court's direction to provide "full and complete" answers to document request upon threat of sanctions); *Broomes v. Schmidt*, 1996 WL 724034, *2-3 (E.D. Pa. 1996) (imposing sanctions where party violated an order requiring cooperation with discovery obligations). *See also United States v. One Million Three Hundred Twenty-Two Thousand Two Hundred Forty-Two Dollars and Fifty-Eight Cents*, 938 F.2d 433 (3d Cir. 1991); *Quality Prefabrication, Inc. v. Daniel J. Keating Company*, 675 F.2d 77 (3rd Cir. 1982); *Le v. Donnelly*, 1997 WL 698009, *2 (E.D. Pa. Nov. 7, 1997).

    An award of significant monetary sanctions is particularly appropriate in this case given the continued disregard for this Court's discovery orders and the established history of discovery violations committed both by SEPTA and its counsel. *See Hall v. SEPTA Preliminary Memo*, pp.1-3 and *Hall v. SEPTA Civil Docket Report*, pp.19-22 attached as Exhibit G. *See also Clarke*, 169 F.R.D. 623; *ATX Telecommunications Services*, 1994 WL 698057.

    As set out fully above, this Court has already warned SEPTA on two occasions that its conduct in the discovery process could expose it to sanctions. *See El Case Document* Nos. 95 and 122. By intentionally withholding relevant testimony and material documents, and then using that discovery to gain an unfair litigation advantage seven months after the end of discovery, SEPTA and its counsel have demonstrated a complete disregard for the discovery process. This Court has the discretion to assess a punitive fine against SEPTA and its counsel for their discovery violations. If payment of a $100,000 fine in the *Hall* case was not sufficient to encourage SEPTA to abide by proper discovery procedures, a larger award is obviously necessary here. Plaintiff submits that a $200,000 fine would send SEPTA and its counsel a clear message that this Court will not tolerate their disregard for the discovery process.

-18-

4.    **Exclusion of testimony and documents**

Federal Rule of Civil Procedure 37(c)(1) provides that sanctions are the appropriate

remedy where a party has failed to produce requested discovery:

> A party that without substantial justification fails to disclose
> information required by Rule 26(a) or 26(e)(1), *or to amend a
> prior response to discovery* as required by Rule 26(e)(2), is not,
> unless such failure is *harmless*, permitted to use as evidence at a
> trial, at a hearing, or on a motion any witness or information not so
> disclosed.

Fed.R.Civ.P. 37(c)(1) (emphasis added). *See Astrazeneca AB v. Mutual Pharmaceutical Co.,*

*Inc.,* 278 F. Supp. 2d 491, 504 (E.D. Pa. 2003) (sanctioning party for failing to disclose relevant

patent information until its summary judgement motion by excluding all references to the

undisclosed patent from briefing and trial).

In *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d

Cir.1977), *overruled on other grounds by Goodman v. Lukens Steel Co.,* 777 F.2d 113 (3d

Cir.1985), the Third Circuit identified four factors for district courts to weigh in deciding

whether to exclude evidence as a discovery sanction.  These factors include:

> 1) the prejudice or surprise in fact of the party against whom the
> excluded witnesses would have testified, 2) the ability of that party
> to cure the prejudice, 3) the extent to which waiver of the rule
> against calling unlisted witnesses would disrupt the orderly and
> efficient trial of the case or of other cases in the court, and 4) bad
> faith or willfulness in failing to comply with the court's order.

*Meyers,* 559 F.2d at 904-05.  In addition, "the importance of the excluded testimony" to the

proffering party's case has been identified as a fifth consideration in this process. *Id.* at 904;

*Sowell v. Butcher & Singer, Inc.,* 926 F.2d 289, 302 (3d Cir. 1991); *Total Containment, Inc. v.*

*Dayco Products, Inc.,* 177 F. Supp. 2d 332, 341 (E.D. Pa. 2001); *Gibson v. National R.R.*

*Passenger Corp.,* 176 F.R.D. 190, 192 (E.D. Pa. 1997).

-19-

All of these factors weigh strongly in favor of excluding the subject testimony from SEPTA's Amended Summary Judgement Motion and trial.

First, as explained above, Plaintiff has been truly surprised by SEPTA's eleventh-hour introduction of the testimony of Vincent Walsh and Douglas Carpenter and the documents attached to the Second Affidavit of Frank Brandis. SEPTA did not name either Mr. Walsh or Mr. Carpenter at any time during the discovery process, produce any of the documents attached to Mr. Brandis' Second Affidavit. Plaintiff has been prejudiced by SEPTA's failure to produce this discovery. The testimony of Mr. Walsh goes to SEPTA's reasons for creating a criminal record exclusion policy, development of the actual standards used, and whether SEPTA's policy was justified by business necessity. The testimony of Mr. Carpenter goes to SEPTA's application of its own criminal record exclusion policy, SEPTA's procedures for evaluating applicants with criminal records and the business necessity of its policy. The documents presented by Mr. Brandis, and the testimony relating to those documents, relate directly to SEPTA's application of the criminal record exclusion policy for paratransit providers and give rise to a question of fact as to whether SEPTA has mandated a change in that policy since the filing of Plaintiff's Complaint. *See Astrazeneca AB*, 278 F. Supp. 2d at 506-507.

Second, Plaintiff has no way to cure the prejudice caused by SEPTA's improper discovery conduct. Plaintiff has spent thirteen months serving numerous subpoenas, document requests and interrogatories, not only on SEPTA, but on fifteen separate third-parties. Plaintiff has taken 14 depositions of SEPTA employees and third-parties and has conducted several on-site document reviews of thousands of paratransit provider personnel files. Plaintiff retained a Harvard-trained statistician and worked with him for months to prepare an analysis of paratransit hiring practices and the effect of those practices on applicants with criminal convictions.

SEPTA's decision to conceal the testimony and documents at issue has deprived Plaintiff of the ability to fully develop his case, conduct this discovery and prepare his case for trial. *See Astrazeneca AB*, 278 F. Supp. 2d at 507-508.

Third, although permitting SEPTA's recently-disclosed evidence would not disrupt the orderly and efficient trial of this case, this factor is not really at issue here because the Court has not yet set a trial date. The real issue is whether this Court should permit SEPTA to rely on previously-undisclosed witnesses and documents in seeking summary judgment. Permitting SEPTA to introduce and rely upon these statements and documents will unquestionably disrupt the summary judgment process. Plaintiff has expended significant resources in preparing a case theory to oppose SEPTA's motion for summary judgment, and is entitled to a decision based on the record established during this Court's discovery schedule. *See Astrazeneca AB*, 278 F. Supp. 2d at 508-510, *citing Trilogy Communications, Inc. v. Times Fiber*, 109 F.3d 739, 744 (Fed. Cir.1997) (when scheduling orders are violated, an opposing party is often prejudiced by the ensuing delay and resultant expense).

Fourth, given the sheer number of opportunities SEPTA had to disclose the existence of Messrs. Walsh and Carpenter, and produce Mr. Brandis' documents, there can be no question that these omissions were made intentionally, willingly and in bad faith. For example, SEPTA argued numerous times that information relating to its Policy/Instruction 6.29 was irrelevant to Plaintiff's claims, and has now come forward with previously-undisclosed testimony concerning the application of this policy intended to undermine Plaintiff's litigation position. In addition, SEPTA repeatedly told Plaintiff and this Court that it had produced all available documents concerning its implementation of the paratransit provider criminal record exclusion policy and has now come forth – seven months after the close of discovery – with more than 200 pages of

-21-

new information seeking to contradict Plaintiff's claims. There is no justification for SEPTA's conduct and SEPTA has not seen fit to offer one.

Fifth, as previously stated, SEPTA's newly-disclosed evidence goes to the heart of its defenses to Plaintiff's claims. If this Court accepts the conclusions offered by Mr. Walsh and Mr. Carpenter that SEPTA's criminal record exclusion was narrowly tailored to a legitimate purpose, supported by business necessity and lacked a discriminatory effect, Plaintiff's claims will be defeated. Similarly, Mr. Brandis' new documents directly contradict Plaintiff's premise that the application of SEPTA's criminal record exclusion policy barred paratransit providers from hiring applicants with criminal records. SEPTA obviously withheld this discovery hoping to gain an unexpected litigation advantage. Such conduct is not only improper, but also violates every applicable discovery rule and the spirit of this Court's pretrial orders.

## III.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully asks this Court to: **1)** grant this Motion; **2)** hold SEPTA in contempt of Court for knowingly withholding the testimony of Vincent Walsh and Douglas Carpenter from Plaintiff during the discovery process; **3)** hold SEPTA in contempt of Court for knowingly withholding documents attached to the Second Affidavit of Frank Brandis from Plaintiff during the discovery process; **4)** enter default judgement in favor of Plaintiff; **5)** deny SEPTA's Amended Summary Judgement Motion; **6)** require SEPTA to pay sanctions in the amount of $200,000 to Plaintiffs counsel; **7)** strike the Affidavits of Vincent Walsh, Douglas Carpenter and the Second Affidavit of Frank Brandis (and the sections of SEPTA's Summary Judgement filing in which they are referenced) from the record in this case; **8)** re-open merits discovery to permit Plaintiff to serve supplemental discovery requests on SEPTA and depose Vincent Walsh, Douglas Carpenter and Frank Brandis; and **9)** extend the due

-22-

date for Plaintiff's Opposition to SEPTA's Amended Summary Judgement Motion by a

reasonable period to permit this additional discovery to take place.

Dated: October 26, 2004

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

-23-

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 26th day of October, 2004, a true and correct copy of Plaintiff's Emergency Motion for Discovery Sanctions Against SEPTA was served on the following counsel by hand-delivery:

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 496-0300

Attorney for Plaintiff and the Class