IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---
**DOUGLAS EL,** :
Individually and on behalf of :
all others similarly situated, :
      Plaintiff, :
   v. :     CIVIL ACTION
 :     NO. 02-CV-3591
**SOUTHEASTERN PENNSYLVANIA** :
**TRANSPORTATION AUTHORITY,** :
      Defendant. :

---

**ORDER**

THIS MATTER having come before the Court on Plaintiff's Motion to Compel Merits Discovery Relating to the Affidavit of Douglas Carpenter,

IT IS, on this _____ day of _____, 200___,

ORDERED THAT:

1.    Plaintiff's Motion is GRANTED;

2.    SEPTA's objections to Plaintiff's Document Requests are STRICKEN;

3.    SEPTA shall either produce all documents responsive to Document Requests 6 and 9-14 within 7 days or answer that it has no such documents; and

4.    SEPTA shall produce all available criminal record information for all bus operators from July 1, 1999 to the present within 10 days.

 

_____
THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| DOUGLAS EL,<br>Individually and on behalf of<br>all others similarly situated,<br>    Plaintiff,<br>v.<br><br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>NO. 02-CV-3591 |

---

### PLAINTIFF'S EMERGENCY MOTION TO COMPEL MERITS DISCOVERY RELATING TO THE AFFIDAVIT OF DOUGLAS CARPENTER

For the reasons set forth in the attached Memorandum, and pursuant to a Stipulation entered on December 7, 2004, Plaintiff hereby moves this Court on an expedited basis to: grant this Motion; strike SEPTA's objections; and order SEPTA either to produce all available documents (including criminal record information for all bus operators from July 1, 1999 to the present) in response to Plaintiff's Document Requests Concerning the Affidavit of Douglas Carpenter or to respond that the requested documents are not available.

                                                              Respectfully submitted,

Dated: December 23, 2004

                                                      _____
                                                      Eugene A. Spector
                                                      David J. Cohen
                                                      SPECTOR, ROSEMAN & KODROFF, P.C.
                                                      1818 Market Street, Suite 2500
                                                      Philadelphia, PA 19103
                                                      (215) 496-0300

                                                      Timothy M. Kolman
                                                      Wayne A. Ely
                                                      TIMOTHY M. KOLMAN AND ASSOCIATES
                                                      225 N. Flowers Mill Road
                                                      Langhorne, PA 19047
                                                      (215) 750-3134

                                                      Attorneys for Plaintiff and the Class

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------
DOUGLAS EL,                                           :
Individually and on behalf of                         :
all others similarly situated,                        :
      Plaintiff,                                     :
  v.                                                  :      CIVIL ACTION
                                                    :      NO.  02-CV-3591
SOUTHEASTERN PENNSYLVANIA                             :
TRANSPORTATION AUTHORITY,                             :
      Defendant.                                     :
---------------------------------------------------------

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
EMERGENCY MOTION TO COMPEL MERITS DISCOVERY
RELATING TO THE AFFIDAVIT OF DOUGLAS CARPENTER**

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class


Dated: December 23, 2004

I.    **BACKGROUND INFORMATION**

    A.    **Summary Of Plaintiff's Allegations**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

    B.    **Procedural Posture Of The Litigation**

On October 8, 2004, SEPTA filed an Amended Motion for Summary Judgment. As a result of a Stipulation entered into by the parties and signed by this Court on December 6, 2004, Plaintiff's Response to this Motion is due on February 8, 2005.

    C.    **Facts Concerning Carpenter Affidavit Document Requests**

SEPTA's Amended Motion for Summary Judgment relies, in part, on an Affidavit submitted by Douglas Carpenter. Carpenter's Affidavit concerns his familiarity with SEPTA Policy/Instruction 6.29 (SEPTA's internal ex-offender hiring policy), the application of that policy, and the effect of that policy on SEPTA's employment of applicants convicted of various crimes. Despite this Court's February 27, 2004 ruling that Policy/Instruction 6.29 is relevant to Plaintiff's claims, SEPTA did not identify Mr. Carpenter during the discovery process.

On October 29, 2004, Plaintiff filed a Revised Emergency Motion for Discovery Sanctions seeking leave to serve document requests concerning Mr. Carpenter's Affidavit testimony and depose Mr. Carpenter. In a November 9, 2004 phone conference, the Court

granted Plaintiff's Motion and permitted Plaintiff both to serve document requests concerning Mr. Carpenter's Affidavit and to depose Mr. Carpenter.

On November 10, 2004, Plaintiff served Document Requests Concerning the Affidavit of Douglas Carpenter on SEPTA. On December 1, 2004, the parties entered into a Stipulation concerning Plaintiff's Affidavit discovery and summary judgement opposition.[1] On December 6, 2004, the Court approved this Stipulation. On December 20, 2004 – three days after the deadline set in the Stipulation – Plaintiff received SEPTA's Response to Plaintiff's Carpenter's Affidavit Document Requests.

SEPTA did not produce a single document in response to any of the seven Carpenter Document Requests. SEPTA justified its lack of production by asserting a relevance objection to all seven Carpenter Document Requests. This objection has already been raised, considered and rejected by this Court, and is completely inappropriate at this stage of the litigation.

## II.  ARGUMENT

### A.  The Federal Rules Of Civil Procedure And Federal Case-Law Liberally Allow Discovery Of Relevant Documents And Testimony.

"The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, so long as it is relevant to the claim or defense of any party, unprivileged, and 'appears reasonably calculated to lead to the discovery of admissible evidence.'" Nike, Inc. v. Brandmania.com, Inc., 2002 WL 32348549, *12 (E.D. Pa.

---

[1] To streamline SEPTA's search for – and production of – documents, Plaintiff agreed to reduce the number of Carpenter Document Requests to which SEPTA would have to respond from fourteen to seven, namely Carpenter Document Requests 6 and 9-14. At all stages of this negotiation, Plaintiff made clear that his agreement to halve the number of document requests to be answered was contingent on SEPTA's agreement to make a thorough search for all available documents and refrain from making spurious objections in its Response.

Oct 07, 2002), citing Fed. R. Civ. P. 26(b)(1); Hickman v. Taylor, 329 U.S. 495 (1947).  See Redland Soccer Club, Inc. v. Department of Army of U.S., 55 F.3d 827(3rd Cir.), *cert. den.* 516 U.S. 1071 (1996); Reyes v. Meadowlands Hosp. Medical Center, 809 A.2d 875, 878 (N.J. Super. 2001).

Courts intentionally construe Rule 26(b)(1) liberally, to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350 (1978); Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

Under this standard, Plaintiff's discovery requests are proper.  SEPTA cannot provide any valid basis for asserting these relevance objections or withholding the documents Plaintiff seeks.

      **B.**      **This Court Has Already Rejected SEPTA's Relevance Objection**

By arguing that its paratransit employment policy is narrowly drawn and supported by business necessity, *SEPTA's Amended Motion for Summary Judgement* at pp. 34-52, SEPTA opened the door for a comparison to its own policy and an evaluation of its business necessity defense.  *See Plaintiff's Motion to Compel*, February 9, 2004, pp. 3-5.  The Court has already accepted this argument and held that documents relating to Policy/Instruction 6.29 "appear relevant and reasonably calculated to lead to the discovery of admissible evidence in this matter..." *Order*, February 27, 2004.

It is also plainly implicit in the Court's decision allowing Plaintiff to serve document requests based on Carpenter's Affidavit testimony and depose Carpenter about the statements in his Affidavit that this discovery is relevant to Plaintiff's claims.  *See Plaintiff's Revised*

*Emergency Motion for Discovery Sanctions*, October 29, 2004, pp. 4-7.[2]

As a result, SEPTA's relevance objections to Plaintiff's Carpenter Document Requests are plainly improper and should be stricken.

### C.  SEPTA Has No Valid Basis for Raising a Relevance Objection

By producing Policy/Instruction 6.29.2 in discovery and failing to claim accidental production or seek its return for more than eighteen months, SEPTA acknowledged that the Policy/Instruction is relevant to these proceedings and waived any objection concerning its relevance. *Dunn v. Lehigh Valley Center For Sight, P.C.*, 2003 WL 22299275, *1 (E.D. Pa. Sep 30, 2003) ("Because no party objected to the use of document exhibits or affidavits, all objections are waived").

By introducing Carpenter's testimony in support of its request for summary judgement, SEPTA has acknowledged the relevance of that testimony to the resolution of Plaintiff's claims, and may not now take the obviously contradictory position that discovery concerning that testimony is irrelevant solely to deprive Plaintiff of access to discovery.

### D.  SEPTA Has Not Made a Complete Production of Operator Criminal Records

In order to avoid litigating Plaintiff's May 25, 2004 Motion for discovery sanctions, SEPTA agreed to produce copies of criminal record check requests, criminal record print-outs and any related documents for *each of its active (as opposed to retired) operators.*[3] This

---

[2] The relevance of Plaintiff's document requests is even less assailable where a key element of the parties' Stipulation was to cut the number of Carpenter Document Requests in half (from 14 to 7) to focus on documents and issues bearing the most relation to Plaintiff's claims and SEPTA's business necessity defense.

[3] Plaintiff agreed to this limitation because, in the parties' negotiations, SEPTA's counsel represented that SEPTA's files for "active" employees were readily available in its

agreement tracked SEPTA's admission that its operators' criminal record information was arguably relevant to Plaintiff's claims.  *See SEPTA's Opposition to Motion for Sanctions*, p. 4.

Plaintiff originally asked that such documents be provided back to January 1, 1991, the beginning of the proposed class period.  In response to claims of undue burden from SEPTA, Plaintiff ultimately agreed that the starting date for this production could be pushed back to July 1, 1999 – a date of SEPTA's choice.  SEPTA's counsel explained that it had, and could readily access, approximately 2,000 to 3,000 active employee criminal record files from this period.

On July 28, 2004, SEPTA wrote a letter further limiting the description of its production to "*employees who were hired*" from July 1, 1999 to the present.  *See July 28, 2004 Letter from Robert Haurin* (Exhibit A) (emphasis added).  Unbeknownst to Plaintiff, SEPTA intended this change of language (e.g., from "active operators" to "employees who were hired") to further limit the scope of its production.  Plaintiff did not understand the language used in SEPTA's confirmatory letter as placing any limitation on the scope of SEPTA's production beyond what the parties had agreed upon over the phone, and did not expressly agree to accept only files for newly hired employees.  Indeed, Plaintiff had no reason to accept any such limitation: its sanctions motion was pending decision on an issue (SEPTA's need to produce documents relating to Policy/Instruction 6.29) that, as set out above, the Court had already decided in Plaintiff's favor.  Further, permitting SEPTA to produce only a fraction of its operators' criminal records would not serve Plaintiff's purpose of making a full analysis of how SEPTA applied the ex-offender policy set out in Policy/Instruction 6.29.

---

offices, but  that its files for "inactive" employees had been put in storage and were not readily available.

On August 30, 2004 SEPTA produced a list of 823 "new hires" from July 1, 1999 through August 1, 2004 along with criminal record check information for only 668 SEPTA operators. On October 8, 2004, SEPTA supplemented this production with criminal record information for another 68 operators. Despite repeated written and verbal requests from Plaintiff's counsel – both for the 87 missing "new hire" criminal records, and for a complete production of the more than 1,200 "active" operators whose criminal record information it described as "readily available" – SEPTA has not produced any supplemental operator criminal records for almost four months.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to: grant this Motion; strike SEPTA's objections; and order SEPTA either to produce all available documents (including criminal record information for all bus operators from July 1, 1999 to the present) in response to Plaintiff's Document Requests Concerning the Affidavit of Douglas Carpenter or to respond that the requested documents are not available.


Dated: December 23, 2004

                                               _____
Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

**CERTIFICATE OF SERVICE**

    I, David J. Cohen, hereby certify that, on this 23rd day of December, 2004, a true and correct copy of Plaintiff's Emergency Motion to Compel Merits Discovery Relating to the Affidavit of Douglas Carpenter was served upon the following counsel by hand delivery:

Robert J. Haurin, Esquire<br>
Saul H. Krenzel and Associates<br>
the Robinson Building Suite 800<br>
42 South 15th Street<br>
Philadelphia, PA 19102

_____
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 496-0300

Attorney for Plaintiff and the Class