IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | JURY TRIAL DEMAND |
| TRANSPORTATION AUTHORITY | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION**

**TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant, Southeastern Pennsylvania Transportation Authority (hereafter "SEPTA")

submits the within Memorandum of Law in Opposition to Plaintiff's Motion to Compel Discovery

regarding the Affidavit of Douglas Carpenter. For the reasons that follow, Plaintiff's motion

should be denied.

I.    **INTRODUCTION**

To begin to understand the frivolity of Plaintiff's Motion to Compel, it is necessary to first

consider his dubious argument that SEPTA's internal conviction policy is less restrictive than the

policy that applied to him. In actuality, the paratransit policy is identical to the SEPTA policy

when it comes to consideration of applicants for employment as operators at SEPTA including

bus drivers. In fact, SEPTA has produced records for over 800 bus drivers that it has employed

since July 1, 1999 and are still employed by SEPTA in accordance with an agreement between

counsel that confirm that Plaintiff's argument has no merit. [1]  Plaintiff's Motion to Compel at

Exhibit A.  Thus, the production revealed that SEPTA has not hired a single bus driver in the last

5 years that would have been denied employment as a paratransit driver under its contract with

King Paratransit Services ("King").[2]  Significantly, the period covered by this production includes

the time frame under which Plaintiff's application for employment was considered by King.  This

is the obvious reason for Plaintiff's belated motion to compel.  Plaintiff's theory holds no water.

Nevertheless, Plaintiff comes to this Court this time claiming the need for additional

documents from SEPTA involving its bus drivers and other employees.  In support of this motion,

Plaintiff again resorts to intentionally misleading this Court about the aforementioned agreement.

As is clearly set forth in Exhibit A to Plaintiff's pending motion, the parties agreed that

SEPTA would produce criminal records for bus drivers hired after July 1, 1999 and were still

employed by SEPTA.  SEPTA has done just that.  There is nothing vague or ambiguous about

this letter and counsel knows it. Moreover, contrary to Plaintiff's misrepresentations to this Court,

a record was produced for every such bus driver identified which totaled over 800 records.

As noted above, these records demonstrate unequivocally that SEPTA also does not hire

violent convicted felons like Plaintiff to operate its buses because these positions (like paratransit

drivers) require that the incumbent have direct contact with the public.  But that is where the

similarity between a bus driver and a paratransit driver ends.  As explained below, and more fully

---

[1]      The Agreement is attached to Plaintiff's Motion as Exhibit A.

[2]      The conviction policy contained in the Agreement between King and SEPTA provides
only that individuals with certain convictions cannot be used by King to transport SEPTA's
disabled passengers so that the policy does not preclude King from hiring anyone.

in SEPTA's pending Amended Motion for Summary Judgment, a paratransit driver performs

extremely safety sensitive job functions and has no counterpart at SEPTA.

This also renders the discovery sought by Plaintiff here irrelevant and not reasonably

calculated to lead to the discovery of admissible evidence.

II.    **ARGUMENT**

      A.    **THIS COURT SHOULD UPHOLD THE AGREEMENT OF THE PARTIES AND ORDER THAT THIS INCESSANT FISHING EXPEDITION BE DISCONTINUED.**

           1.    **The Parties' Agreement Is Clear And Unambiguous.**

Exhibit A to Plaintiff's motion to compel could not be clearer.  The parties agreed that

SEPTA would provide a list of employees hired by SEPTA as bus drivers from July 1, 1999 to the

present and were still employed by SEPTA.  For each driver identified, SEPTA agreed to produce

a criminal record check for each such individual. SEPTA has already performed its end of this

agreement.  Now Plaintiff seeks more discovery because the records produced reveal that

SEPTA's hiring polices for individuals who have contact with the public are no different than the

policies that apply to paratransit drivers in SEPTA service.

Incredibly, Plaintiff's tortures the facts leading to parties' agreement.  But even this

tortured recitation of what transpired is inane and does not support the notion that the parties

meant something other than what was contained in that letter.  Moreover, Plaintiff's claimed need

that he can only make a full analysis of SEPTA's internal policy by reviewing 2,000 additional

files is so frivolous as to be absurd.  Even counsel for Plaintiff should be able to do the math and

conclude that requiring SEPTA to disclose additional driver records would be a futile exercise.

Plaintiff's Memo at 5.  Indeed, assuming that they are a total of 3,000 bus drivers at SEPTA,

records related to 28% of the total have already been produced.

Stated simply, Plaintiff's position is belied by the very document that he attaches to his motion. Indeed, if Plaintiff did not accept the terms of the agreement set forth in Exhibit A to his pending motion, he could have filed a motion with this Court months ago, refused to withdraw his then pending motion for sanctions, objected to the scope of discovery set forth therein or made another proposal concerning the scope of this irrelevant discovery. Plaintiff's failure to avail himself of any of these remedies is telling.

Agreements regarding the scope of discovery are commonplace in litigation and, in fact, are contemplated by the Local Rules of this Court that require that the parties make a reasonable effort to resolve discovery disputes before a motion to compel is filed. Local Rule 26.1(f). Plaintiff did not do this either before filing this motion. This Court has previously sanctioned such agreements between counsel regarding discovery issues and has stated that such agreements should be enforced. Cleary v. Federal Express Corp., 1996 Wl 251875 *6 (E.D.Pa. 1996) ("we expect that counsel will honor their agreement" regarding discovery responses); Pennfield Precision, Inc. v. General Plating Corp., 1986 WL 819 * 5 (E.D.Pa. 1986) (citing Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979)).

Plaintiff's request to obtain additional driver records from SEPTA should therefore be denied because it is contrary to an agreement regarding discovery on this issue and, as set forth below, would place an undue burden on SEPTA.

### 2. Production of Additional Driver Criminal Records Would Subject SEPTA To An Undue Burden.

It can hardly be disputed that requiring SEPTA to locate, review and copy close to 3,000

driver personnel files for the purpose of producing records that have nothing to do with this

proceeding would subject SEPTA to unnecessary expense and be unduly burdensome. Thus,

contrary to Plaintiff's representation to this Court that these files are "readily available" (whatever

that means), this undertaking would require hours and hours of work for SEPTA personnel and

counsel.

SEPTA counsel and its employees have already spent more than 50 man hours locating,

reviewing and copying information concerning criminal records for over 800 bus drivers. Here,

Plaintiff requests that SEPTA be directed to complete this same task for an additional 2,000 files

without ever explaining why this additional information is needed. At a minimum, Plaintiff should

be required to articulate to this tribunal the that the need for the information sought outweighs the

extreme burden that he now seeks to impose on SEPTA. See F.R.Civ.P. 26(b) (2) (court may

limit discovery where, as here, the burden or expense of the proposed discovery outweighs its

likely benefit). Plaintiff can hardly establish any need for this information. Indeed, Plaintiff is

engaged in the proverbial fishing expedition of the worst kind.

It must again be emphasized that prior to the time that SEPTA produced the records

regarding SEPTA bus drivers, Plaintiff never questioned the agreement reached by the parties on

this issue. It was only after the records were produced that Plaintiff reneged again on an

agreement between counsel.[3]

---

[3]    SEPTA refers the Court to its Order dated May 26, 2004 (Docket No. 111) in which
Plaintiff's motion to compel was denied after Plaintiff attempted to renege on an agreement
between counsel for the parties that was approved by this Court on February 26, 2004 (Docket
No. 92). The parties' stipulation clearly extended the discovery deadline for taking third party
discovery only. Notwithstanding this agreement, Plaintiff continued to serve untimely discovery
on SEPTA and filed a motion with this Court to compel such discovery (Docket No. 106).

Undeterred, Plaintiff's discovery abuses continue which only serves to underscore the frivolity of his claims.  Indeed, to even suggest that SEPTA would have hired a convicted murderer or other individual with a conviction for a violent offense as a bus driver is absurd. Plaintiff's motion should be denied.

### B. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT LACKS A CERTIFICATION FROM COUNSEL AS REQUIRED BY THIS COURT'S LOCAL RULES.

Rule 26.1(f) of the Local Rules of this Court state that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification from counsel that the parties, after reasonable effort, are unable to resolve the dispute."  No such certification was made by counsel for Plaintiff before filing his pending motion.  Moreover, no effort was made by counsel for Plaintiff to attempt to resolve the dispute regarding depositions before he filed his motion.

In Pioneer Liemel Fabrics v. Paul Rothman Industries, 1988 WL 36343 *1 (E.D. Pa. 1998), the Court observed that a certification under this rule "should contain an affidavit of counsel stating with specificity what actions were taken to resolve the dispute."  The Court also held that an exchange of letters was insufficient to satisfy the rule.  Id.  The failure to attach a certification was grounds for denial of a motion to compel there. Id. at *2.  A similar result was reached more recently in Riggins v. Stokuis Multi-Ton Corporation, 1992 WL 392592 (E.D. Pa. 1992).  These cases compel a denial of Plaintiff's Motion because no effort was made by Plaintiff to resolve this dispute before seeking the Court's intervention and no certification from Mr.

---

Cohen was attached to the motion.

### C.    OTHER DOCUMENTS RELATED TO THE AFFIDAVIT OF DOUGLAS CARPENTER ARE IRRELEVANT TO THIS PROCEEDING.

At the outset it must be noted that SEPTA only included the Affidavit of Douglas Carpenter in support of its Amended Motion for Summary Judgment to refute Plaintiff's anticipated argument that SEPTA's internal criminal conviction policy is less restrictive than that that applied to Plaintiff. The production of over 800 records for bus drivers hired by SEPTA in the last 5 years confirms that Plaintiff's argument is meritless.    But the reasons for denying employment to an individual like Plaintiff from working as a paratransit driver in SEPTA service are far more pervasive than SEPTA's reasons for not hiring a violent offender from working as a bus driver. Indeed, as SEPTA has shown in its Amended Motion for Summary Judgment, the job of driving a bus or any other position at SEPTA is simply not comparable to driving a paratransit van for reasons obvious to everyone but Plaintiff. For example, paratarnsit drivers are alone on vans with the disabled. The disabled are often secured in the van so that escape is not possible. The disabled may also have infirmities that prevent them from defending themselves against a would be attacker and statistics show that the disabled are victimized at rates much higher than individuals with no disability.

Here, Plaintiff seeks documents that "relate" to certain statements made by Mr. Carpenter in his affidavit. Once again, Plaintiff never explains why the information is needed. Instead, in typical conclusory fashion, Plaintiff states only that the documents are relevant. Furthermore, Plaintiff again misrepresents the facts by stating that no documents were produced that are responsive to these requests. Plaintiff's Memo at 3. In fact, SEPTA has previously produced

documents related to over 800 bus drivers, its internal policy and its application form - - all of which are responsive to many of the redundant requests that are at issue here.

What's more, the requests at issue are not only irrelevant, they are redundant of prior requests, vague, ambiguous and overly broad on their face. Indeed, there is no possible way to even identify "all documents" that relate to a particular statement. In that regard, the requests also lack reasonable particularity as required by Rule 34 of the Federal Rules of Civil Procedure inasmuch as the requests contain no description, either by individual item or category, of the nature of the documents sought. It is telling that Plaintiff makes no effort to address any of these objections in his motion.

The foregoing discussion shows that Plaintiff has not demonstrated any need for the information that he now seeks. Moreover, SEPTA has already produced information related to these requests by agreement of the parties. The motion should therefore be denied.

**III.    CONCLUSION**

For all of the of the foregoing reasons, Plaintiff's motion should be denied.

Respectfully submitted,

_____
**ROBERT J. HAURIN, ESQUIRE**
**SAUL H. KRENZEL & ASSOCIATES**
Attorney for Defendant, SEPTA

DATED:    January 5, 2005