IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL, :
Individually and on behalf of :
all others similarly situated, :
    Plaintiff, :
  v. : CIVIL ACTION
    : NO. 02-CV-3591
SOUTHEASTERN PENNSYLVANIA :
TRANSPORTATION AUTHORITY, :
    Defendant. :

---

## ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Exclude the Expert Testimony of Dr. Richard Sobsey,

IT IS, on this _____ day of _____, 2005,

ORDERED THAT:

1. Plaintiff's Motion is GRANTED.

2. The testimony and expert report of Dr. Sobsey are hereby STRICKEN from the record in this case and Dr. Sobsey is EXCLUDED from testifying at trial.

3. A *Daubert* hearing on the admissibility of Dr. Sobsey's expert testimony will be held on February 2, 2005 at 10 a.m. – the same date presently set for an analysis of Plaintiff's expert testimony.

 

THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,
Individually and on behalf of
all others similarly situated,
    Plaintiff,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
    Defendant.

:   CIVIL ACTION
:   NO. 02-CV-3591

---

## PLAINTIFF'S MOTION TO EXCLUDE THE
## EXPERT TESTIMONY OF DR. RICHARD SOBSEY

For the reasons set forth in the attached Memorandum, Plaintiff respectfully moves this Court to grant this Motion and either: strike Dr. Sobsey's testimony and expert report from the record in this case and exclude Dr. Sobsey from testifying at trial, or conduct a *Daubert* hearing on the admissibility of Dr. Sobsey's expert testimony on February 2, 2005.

Dated: January 5, 2005

Respectfully submitted,

*[signature]*

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,
Individually and on behalf of
all others similarly situated,
      Plaintiff,
  v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY,
      Defendant.

CIVIL ACTION
NO. 02-CV-3591

---

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO EXCLUDE THE
EXPERT TESTIMONY OF DR. RICHARD SOBSEY**

Plaintiff, by and through his undersigned counsel, hereby avers as follows in support of the attached motion:

I.    **BACKGROUND INFORMATION**

    A.    **Summary Of Plaintiff's Allegations**

On November 13, 2002, Plaintiff filed an Amended Class Action Complaint against SEPTA on behalf of all people denied employment between January 1, 1991 and the present by any company providing paratransit services for SEPTA as a result of a past felony or misdemeanor conviction.

Plaintiff's claims are based on an illegal employment policy SEPTA imposed on its paratransit providers that required the rejection of all driver applicants with a past criminal conviction and the termination of all employees with a past criminal conviction. In taking these actions, SEPTA did not permit the paratransit providers to conduct any inquiry into when the driver applicants' convictions occurred, the circumstances surrounding their convictions, or whether their convictions had any relationship to the paratransit driver job. This policy is far more exclusionary of ex-offenders than the policy SEPTA applies in hiring its own drivers.

B.  **Procedural Posture Of The Litigation**

On October 8, 2004, SEPTA filed an Amended Motion for Summary Judgment. As a result of a Stipulation entered into by the parties and signed by this Court on December 6, 2004, Plaintiff's Response to this Motion is presently due on February 8, 2005.

On December 16, 2004, this Court granted SEPTA's request for a *Daubert* hearing concerning Plaintiff's expert, Dr. William Fairley, and scheduled a hearing for February 2, 2005.

C.  **Dr. Sobsey's Expert Report**

In support of its Amended Motion for Summary Judgment, SEPTA presented the purported "expert report" of one Richard J. Sobsey, a Doctor of Special Education. *See Sobsey Report* attached as Exhibit A. Defendant also presumably plans to present the testimony of Dr. Sobsey at trial.

Dr. Sobsey's report, while styled as a "content analysis", is essentially a recollection of his review of various publications and his expression of subjective opinion as to the likelihood that disabled persons may be victimized by crime. It contains no scientific analysis at all. Indeed, Dr. Sobsey *admits* that "...there is no data available on the exact frequency and nature of crimes committed by transit drivers," *see Sobsey Report*, p. 9, but he then proceeds to opine on this very subject (based on a loose collection of magazine and newspaper articles he has read under the guise of "content analyis").

II.  **ARGUMENT**

A.  **Requirements for Expert Testimony**

Federal Rule of Evidence 702 obligates the federal courts to ensure that any purported scientific testimony or evidence admitted is relevant and reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Rule 702 provides that "if scientific, technical, or other

specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise..."

The party proffering expert testimony bears the burden of proving admissibility. *See Daubert,* 509 U.S. at 592 (n.10) (citation omitted). The subject of an expert's testimony must be grounded in the methods and procedures of science and based on more than a subjective belief or speculation. *Id.* at 589-90. Further, Rule 702 requires that expert testimony assist the trier of fact. In other words, it must "fit" the issues in the case by having a "valid scientific connection to the pertinent inquiry." *Id.* at 591-92. *See also Mause v. Global Household Brands, Inc.,* 2003 WL 22416000, *2 (E.D. Pa. Oct. 20, 2003).

In determining "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact," a court must assess whether the methodology underlying the testimony is scientifically valid and whether it can properly be applied to the facts at issue. *Daubert,* 509 U.S. at 592-93. As part of that inquiry, a court "must examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert and the methodology used." *Heller v. Shaw Indus., Inc.,* 167 F.3d 146, 153 (3d Cir. 1999). Subsequently, in *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), the Supreme Court held that "*Daubert's* general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire,* 526 U.S. at 141.

A party may only elicit expert testimony from a witness who possesses specialized knowledge or training sufficient to qualify him or her to opine on an issue within his or her field of expertise, and the expert's opinion must be confined to that field. *See, e.g., Redman v. John*

*D. Brush & Co.*, 111 F.3d 1174, 1179 (4th Cir. 1997) (metallurgist unqualified to testify as to industry standards for safes); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 382 (5th Cir. 1996) (proposed expert unqualified to testify regarding alleged correlation of chemical effects on rats and humans).

Moreover, "expert" testimony that in reality constitutes mere personal belief as to the weight of the evidence invades the province of the fact-finder. *See McGowan v. Cooper Indus., Inc.*, 863 F.2d 1266, 1273 (6th Cir. 1987) (expert properly allowed to testify as to the customary duty of factory representatives in the compressor industry but not permitted to opine on breach of duty because fact finder equally qualified to make that determination); *S.E.C. v. Lipson*, 46 F. Supp. 2d 758, 763 (N.D. Ill. 1998) ("Expert testimony may not be used merely to repeat or summarize what the jury independently has the ability to understand").

Dr. Sobsey is not qualified to opine on the matters discussed in his report for at least three reasons.

First, Dr. Sobsey's report does not offer any "... scientific, technical, or other specialized knowledge [to] assist the trier of fact to understand the evidence or to determine a fact in issue," and thus does not satisfy the legal requirements for admissible expert testimony. *See Daubert, Heller, Kumho, Redman, Barrett, McGowan* and *Lipson, supra*. Indeed, Dr. Sobsey's report contains no scientific analysis at all, and his conclusions do not "... reliably follow from the facts known to [him] and the methodology used."[1] *Heller*, 167 F.3d at 153.

---

[1] In his Report, Dr. Sobsey actually admits that "... there is no data available on the exact frequency and nature of crimes committed by transit drivers," *See Sobsey Report* at p. 9. Regardless, Dr. Sobsey proceeds to opine on *this very subject*. In doing so, he demonstrates a lack of reliability that, as set out in the case-law discussed above, requires the exclusion of his testimony.

-4-

Second, to the extent that Dr. Sobsey's opinions are based on nothing more than a review of newspaper articles, they would not assist the trier of fact. In essence, because Dr. Sobsey's key opinions are based on nothing more complicated than his review of newspaper articles, *see Sobsey Report* at pp. 3, 9-18, they do not bear on the sort of scientific, technical or specialized areas to which expert testimony is generally confined and would not serve the purpose of informing a fact-finder about areas not generally within his or her understanding. *See Daubert, Heller, Kumho, Redman, Barrett, McGowan* and *Lipson, supra.*

Third, The methodology underlying Dr. Sobsey's proposed testimony is scientifically invalid and cannot be properly applied to the facts at issue in this matter. *Daubert,* 509 U.S. at 592-93. Indeed, the sources on which Dr. Sobsey relies have nothing to do with the issues presented in this case and, indeed, suggest that SEPTA's business necessity defense should be rejected.[2]

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court either: strike Dr. Sobsey's testimony and expert report from the record in this case and exclude Dr. Sobsey from testifying at trial, or conduct a *Daubert* hearing on the admissibility of Dr. Sobsey's expert testimony on February 2, 2005.

---

[2] Dr. Sobsey cites 78 news articles in support of his conclusion that paratransit riders are particularly susceptible to harm and need additional safeguards, such as a criminal record "screen" for protection. *Sobsey Report,* pp. 13-20, 26-29. However, only six of these 78 articles (7%) describe the commission of violent crimes by paratransit drivers against their passengers – the claimed basis for SEPTA's ex-offender policy. *Id.* at pp. 26-29. If this Court accepts the proposition that 93% of incidents involving handicapped riders would not be prevented by an ex-offender exclusion policy, then SEPTA's business necessity defense should be rejected out of hand.

|  |  |
|---|---|
| Dated: January 5, 2005 | Respectfully submitted,<br><br>*/s/*<br>_____<br>Eugene A. Spector<br>David J. Cohen<br>SPECTOR, ROSEMAN & KODROFF, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>(215) 496-0300<br><br>Timothy M. Kolman<br>Wayne A. Ely<br>TIMOTHY M. KOLMAN AND ASSOCIATES<br>225 N. Flowers Mill Road<br>Langhorne, PA 19047<br>(215) 750-3134<br><br>Attorneys for Plaintiff and the Class |

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 5th day of January, 2005, a true and correct copy of Plaintiff's Motion to Exclude the Expert Testimony of Dr. Richard Sobsey was served upon the following counsel by hand delivery:

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class