## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------------
DOUGLAS EL,                               :
Individually and on behalf of             :
all others similarly situated,            :
            Plaintiff,                    :
        v.                                :        CIVIL ACTION
                                          :        NO.  02-CV-3591
SOUTHEASTERN PENNSYLVANIA                 :
TRANSPORTATION AUTHORITY,                 :
            Defendant.                    :
-------------------------------------------------------------
```

## ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Exclude the

Expert Testimony of Dr. David Griffin,

IT IS, on this _____ day of _____, 2005,

ORDERED THAT:

1.    Plaintiff's Motion is GRANTED;

2.    A *Daubert* hearing on the admissibility of Dr. Griffin's expert testimony will be

      held on February 2, 2005 at 10 a.m., the same date presently set for an analysis of

      Plaintiff's expert testimony;

3.    The testimony and expert report of Dr. Griffin are hereby STRICKEN from the

      record in this case and Dr. Griffin is EXCLUDED from testifying at trial.

_____
THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

----------------------------------------------------------------

DOUGLAS EL,                                    :
Individually and on behalf of                  :
all others similarly situated,                 :
        Plaintiff,          :
        v.                   :        **CIVIL ACTION**
                             :        **NO. 02-CV-3591**
SOUTHEASTERN PENNSYLVANIA                       :
TRANSPORTATION AUTHORITY,                       :
        Defendant.           :

----------------------------------------------------------------

**PLAINTIFF'S MOTION TO EXCLUDE THE**
**EXPERT TESTIMONY OF DR. DAVID GRIFFIN**

For the reasons set forth in the attached Memorandum, Plaintiff respectfully moves this

Court to grant this Motion and either: conduct a *Daubert* hearing on the admissibility of Dr.

Griffin's expert testimony; or strike Dr. Griffin's testimony and expert report from the record in

this case and exclude Dr. Griffin from testifying at trial.

Respectfully submitted,

Dated: January 7, 2005

Eugene A. Spector
David J. Cohen
Jennifer L. Enck
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------

DOUGLAS EL,        :
**Individually and on behalf of**  :
**all others similarly situated,**  :
    **Plaintiff,**    :
  **v.**         :   **CIVIL ACTION**
          :   **NO. 02-CV-3591**
**SOUTHEASTERN PENNSYLVANIA** :
**TRANSPORTATION AUTHORITY,** :
   **Defendant.**   :

---------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO EXCLUDE THE**
**EXPERT TESTIMONY OF DR. DAVID GRIFFIN**

Plaintiff, by and through his undersigned counsel, hereby avers as follows in support of

the attached motion:

I.  **BACKGROUND INFORMATION**

  A.  **Summary Of Plaintiff's Allegations**

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA.

Plaintiff's claims are based on an illegal employment policy SEPTA imposed on its paratransit

providers that required them to reject all job applicants with a past criminal conviction and

terminate all employees with a past criminal conviction without conducting any inquiry into

when their conviction occurred, the circumstances surrounding their conviction, or whether their

conviction had any relationship to their job responsibilities. This policy is far more exclusive of

ex-offenders than the policy SEPTA applies in hiring its own drivers and operators. Plaintiff

seeks to represent a class of persons denied employment between January 1, 1991 and the present

by any company that has provided paratransit services for SEPTA as a result of a past felony or

misdemeanor conviction.

**B.    Procedural Posture Of The Litigation**

On October 8, 2004, SEPTA filed an Amended Motion for Summary Judgment.  As a result of a Stipulation entered into by the parties and signed by this Court on December 6, 2004, Plaintiff's Response to this Motion is presently due on February 8, 2005.

**C.    Dr. Griffin's Expert Report**

In support of its Amended Motion for Summary Judgment, SEPTA has presented the purported "expert report" of one David W. Griffin, an economist.  *See Griffin Report* attached as Exhibit A.  Defendant also presumably plans to present the testimony of  Dr. Griffin at trial.

Dr. Griffin did not perform a complete statistical analysis of the data concerning the discriminatory impact of SEPTA's ex-offender hiring policy for paratransit drivers because SEPTA did not ask him to do this.  Instead, SEPTA retained Dr. Griffin to review and criticize the methods employed and conclusions reached by Plaintiff's expert economist, Dr. William Fairley.  As a result, Dr. Griffin's Report contains little, if any, original scientific analysis and is intentionally skewed to focus only on the portions of Dr. Fairley's analysis that present SEPTA's clearly discriminatory practices in the most favorable light.  As set out below, Dr. Griffin's "analysis" is so biased and incomplete that it does not fit the issues in the case and would not assist the trier of fact.  As a result, Dr. Griffin's Report should be stricken from the record and he should be precluded from testifying at trial.

**II.    ARGUMENT**

**A.    Requirements for Expert Testimony**

Federal Rule of Evidence 702 obligates the federal courts to ensure that any purported scientific testimony or evidence admitted is relevant and reliable.  *See Daubert v. Merrell Dow*

*Pharms., Inc.,* 509 U.S. 579, 589 (1993). Rule 702 provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise..."

The party proffering expert testimony bears the burden of proving admissibility. *See Daubert,* 509 U.S. at 592 (n.10) (citation omitted). The subject of an expert's testimony must be grounded in the methods and procedures of science and based on more than a subjective belief or speculation. *Id.* at 589-90. Further, Rule 702 requires that expert testimony assist the trier of fact. In other words, it must "fit" the issues in the case by having a "valid scientific connection to the pertinent inquiry." *Id.* at 591-92. *See also Mause v. Global Household Brands, Inc.*, 2003 WL 22416000, *2 (E.D. Pa. Oct. 20, 2003).

In determining "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact," a court must assess whether the methodology underlying the testimony is scientifically valid and whether it can properly be applied to the facts at issue. *Id.* at 592-93. As part of that inquiry, a court "must examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert and the methodology used." *Heller v. Shaw Indus., Inc.,* 167 F.3d 146, 153 (3d Cir. 1999). Subsequently, in *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), the Supreme Court held that "*Daubert's* general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire,* 526 U.S. at 141.

A party may only elicit expert testimony from a witness who possesses specialized knowledge or training sufficient to qualify him or her to opine on an issue within his or her field of expertise, and the expert's opinion must be confined to that field. *See, e.g., Redman v. John D. Brush & Co.*, 111 F.3d 1174, 1179 (4th Cir. 1997) (metallurgist unqualified to testify as to industry standards for safes); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 382 (5th Cir. 1996) (proposed expert unqualified to testify regarding alleged correlation of chemical effects on rats and humans).

Moreover, "expert" testimony that in reality constitutes mere personal belief as to the weight of the evidence invades the province of the fact-finder. *See McGowan v. Cooper Indus., Inc.*, 863 F.2d 1266, 1273 (6th Cir. 1987) (expert properly allowed to testify as to the customary duty of factory representatives in the compressor industry but not permitted to opine on breach of duty because fact finder equally qualified to make that determination); *S.E.C. v. Lipson*, 46  F. Supp. 2d 758, 763 (N.D. Ill. 1998) ("Expert testimony may not be used merely to repeat or summarize what the jury independently has the ability to understand").

Dr. Griffin is not qualified to offer an expert opinion in this case, and his Report should be precluded from consideration in this case for two key reasons: his analysis does not "fit" with the issues presented in this litigation and, as a result, his opinions will not assist the trier of fact. *See Daubert, Heller, Kumho, Redman, Mause, Barrett, McGowan* and *Lipson, supra.*

Dr. Griffin's narrow critique of Plaintiff's expert report completely ignores the very contract language on which Plaintiff's claims of discrimination are based. For five years, from July 1998 to June 2003, SEPTA's paratransit service contracts contained a sweeping prohibition against the hiring of ex-offenders:

The contractor shall review the prior convictions for driving under the influence (DUI) and for other above referenced felonies and misdemeanors in the record of each applicant... for the position of driver and *shall reject/bar any applicant or current employee from SEPTA-related work whose record includes a conviction for driving under the influence (DUI), and any conviction for any felony and/or misdemeanor.*

*See, e.g., July 1, 1998 SEPTA Paratransit contract with King,* p.29, § F.2.10.3 c (emphasis added) (Exhibit B).

Dr. Griffin's Report does not acknowledge, discuss or account for SEPTA's across-the-board ex-offender exclusion, much less analyze the statistical impact of this language. Inexplicably, Dr. Griffin even criticizes Plaintiff's expert for assuming, based on SEPTA's policy language, that ex-offenders were ineligible to work as paratransit drivers in SEPTA service despite the fact that this is exactly what SEPTA's policy states.[1] *See Griffin Report,* p. 3. Because Dr. Griffin's opinions do not account for the contract language at the heart of this litigation, they do not "fit" the issues in the case. Because Dr. Griffin's analysis intentionally excludes crucial evidence and facts, it can only present a skewed picture that will not assist the trier of fact. *See Daubert, Heller, Kumho, Redman, Barrett, McGowan, Lipson and Mause, supra.* Where Dr. Griffin's report does not meet the criteria for admissibility under relevant case-law, it has no place in the record and he should be excluded from testifying at trial.

───────────────────────────

[1] The record in this case contains ample support for this conclusion and, thus, for Dr. Fairley's assumptions and analysis. For example, Frank Brandis, SEPTA's Manager of Contract Compliance testified that SEPTA's paratransit service contracts barred paratransit contractors from hiring "any applicant whose record includes any conviction for any felony and/or misdemeanor". *See Brandis Dep. Tr.* at 124-26 (Exhibit C). Further, Deborah Hartman, Human Resources Manager for Edens Corporation, testified that SEPTA's policy barred her from hiring any applicant with any felony conviction without exception. *See Hartman Dep. Tr.* at 112 (Exhibit D). Ms. Hartman went on to explain that SEPTA even required her to terminate an exemplary driver who turned out to have a 27-year-old conviction without any consideration into the nature of his conviction or how long ago the events giving rise to his conviction occurred. *Id.* at 164-66.

III.    **CONCLUSION**

For the foregoing reason, Plaintiff respectfully requests that the Court either: conduct a

*Daubert* hearing on the admissibility of Dr. Griffin's expert testimony; or strike Dr. Griffin's

testimony and expert report from the record in this case and exclude Dr. Griffin from testifying at

trial. If the Court finds that a hearing on the propriety of Dr. Griffin's testimony is necessary,

Plaintiff respectfully requests that it be held on February 2, 2005 at 10 a.m., the same date

presently set for an analysis of Plaintiff's expert testimony.


Respectfully submitted,

Dated: January 7, 2005

Eugene A. Spector
David J. Cohen
Jennifer L. Enck
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 7th day of January, 2005, a true and correct copy of Plaintiff's Motion to Exclude the Expert Testimony of Dr. David Griffin was served upon the following counsel by hand delivery:

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102


David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Attorney for Plaintiff and the Class