**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------

| | |
|---|---|
| **DOUGLAS EL,** | : |
| **Individually and on behalf of** | : |
| **all others similarly situated,** | : |
| **Plaintiff,** | : |
| **v.** | : |
| | : |
| **SOUTHEASTERN PENNSYLVANIA** | : |
| **TRANSPORTATION AUTHORITY,** | : |
| **Defendant.** | : |

**CIVIL ACTION**
**NO. 02-CV-3591**

------------------------------------------------------------

## ORDER

THIS MATTER having come before the Court on Plaintiff's Emergency Motion for

Discovery Sanctions Regarding the Deposition of Douglas Carpenter,

IT IS, on this _____ day of _____, 2005,

ORDERED THAT Plaintiff's Motion is GRANTED, and that:

1.  SEPTA is held in contempt of Court for failing to produce Douglas Carpenter for

    deposition on a date it selected;

2.  Mr. Carpenter's Affidavit shall be stricken from the record in this case, and Mr.

    Carpenter shall be barred from testifying at trial;

3.  SEPTA shall produce Mr. Carpenter for deposition on a date selected by

    Plaintiff's counsel within ten days of the entry of this order;

4.  The due date for Plaintiff's Summary Judgement Opposition shall be extended to

    March 23, 2005; and

5.  SEPTA shall compensate Plaintiff for the fees, costs and expenses associated with

    scheduling the Carpenter deposition and creating a record of the witness' failure

    to attend.

_____
THE HONORABLE J. CURTIS JOYNER
United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------
DOUGLAS EL,                           :
Individually and on behalf of         :
all others similarly situated,        :           CIVIL ACTION
                    Plaintiff,        :           NO. 02-CV-3591
           v.                         :
                                      :           Validation of Signature
SOUTHEASTERN PENNSYLVANIA             :           Code: DJC4376
TRANSPORTATION AUTHORITY,             :
                    Defendant.        :
-----------------------------------------------
```

### PLAINTIFF'S EMERGENCY MOTION FOR DISCOVERY SANCTIONS REGARDING THE DEPOSITION OF DOUGLAS CARPENTER

For the reasons set forth in the attached Memorandum, Plaintiff respectfully moves this Court to: (1) grant this Motion; (2) find SEPTA in contempt of Court for failing to produce Douglas Carpenter for deposition on a date selected by SEPTA; (3) strike Mr. Carpenter's Affidavit from the record in this case and bar Mr. Carpenter from testifying at trial; (4) order SEPTA to produce Mr. Carpenter for deposition on a date selected by Plaintiff's counsel within ten days of this order; (5) extend the due date for Plaintiff's Summary Judgement Opposition to March 21, 2005; and (6) order SEPTA to compensate Plaintiff for the fees, costs and expenses associated with scheduling Mr. Carpenter's deposition and creating a record of his failure to attend.

Respectfully submitted,

Dated: February 10, 2005

_____
Eugene A. Spector
David J. Cohen
Rachel Kopp
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

DOUGLAS EL,                           :
**Individually and on behalf of**    :
**all others similarly situated,**    :          CIVIL ACTION
                    Plaintiff,        :          NO. 02-CV-3591
         v.                           :
                                      :          Validation of Signature
SOUTHEASTERN PENNSYLVANIA             :          Code: DJC4376
TRANSPORTATION AUTHORITY,             :
                    Defendant.        :

---

## BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION
## FOR DISCOVERY SANCTIONS REGARDING
## THE DEPOSITION OF DOUGLAS CARPENTER

Eugene A. Spector
David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

Dated: February 10, 2005

# I.    BACKGROUND INFORMATION

### A.    Summary Of Plaintiff's Allegations

On November 13, 2002, Plaintiff filed a four-count Amended Complaint against SEPTA. Plaintiff's claims are based on an allegedly illegal employment policy SEPTA imposed on its paratransit providers that required them to reject all job applicants with a past criminal conviction and terminate all employees with a past criminal conviction without conducting any inquiry into when their conviction occurred, the circumstances surrounding their conviction, or whether their conviction had any relationship to their job responsibilities.

### B.    Procedural Posture Of The Litigation

On October 8, 2004, SEPTA filed an Amended Motion for Summary Judgment.  As a result of Stipulations entered into by the parties and approved by this Court, Plaintiff's Response to this Motion is presently due on March 11, 2005.

### C.    Relevant Facts

On November 9, 2004, this Court granted Plaintiff's Revised Emergency Motion for Discovery Sanctions.  As a result, the Court authorized Plaintiff to serve document requests on SEPTA concerning the Affidavit of Douglas Carpenter that had been offered in support of SEPTA's Summary Judgement motion and ordered SEPTA to produce Mr. Carpenter for deposition.[1]

---

[1] Plaintiff's Revised Emergency Motion for Discovery Sanctions involved a request for discovery from three different SEPTA witnesses and raised several issues unrelated to the present inquiry.  For purposes of the instant Motion, Plaintiff's discussion will be limited to facts and issues relating only to Mr. Carpenter.

On November 10, 2004, Plaintiff served document requests concerning Mr. Carpenter's Affidavit on SEPTA.

On November 23, 2004, pending receipt of SEPTA's document production, Plaintiff noticed Mr. Carpenter's deposition to take place on December 1, 2004. When SEPTA had not answered Plaintiff's document requests by November 30, 2004, this deposition was cancelled.

On December 20, 2004, Plaintiff received SEPTA's response to the Carpenter document request, but did not receive any responsive documents from SEPTA. On December 23, 2004, when it had become clear that SEPTA did not intend to produce any documents responsive to the Carpenter document requests, Plaintiff filed an Emergency Motion to Compel Merits Discovery Relating to the Affidavit of Douglas Carpenter.

On January 7, 2005, this Court denied Plaintiff's Emergency Motion to Compel and again ordered SEPTA to produce Mr. Carpenter for deposition. *See January 7, 2005 Letter* (Exhibit A).

On January 11, SEPTA agreed to produce Mr. Carpenter for deposition on January 20, 2005. *See January 11, 2005 Letter* (Exhibit B). Because of a scheduling conflict, Mr. Carpenter's deposition was postponed by agreement of the parties.

On January 21, 2005, SEPTA offered to present Mr. Carpenter for deposition on January 31, 2005. *See January 21, 2005 Letter* (Exhibit C). Plaintiff's counsel advised that they were not available on January 31st and, instead, asked SEPTA to provide Mr. Carpenter for deposition on any of seven potential dates in early February (February 2nd, 3rd, 4th, 8th, 9th, 11th and 14th). *See January 27, 2005 and January 28, 2005 Letters* (Exhibit D).

SEPTA first refused to produce Mr. Carpenter on any day other than January 31, 2005. *See January 28, 2005 Letter* (Exhibit E). But after receiving the seven dates proposed by Plaintiff's counsel for Mr. Carpenter's deposition, SEPTA's counsel advised that four of the proposed dates (February 2nd, 3rd, 9th and 14th) were acceptable "to take a deposition or Mr. Carpenter." *See January 28, 2005 Letter* (Exhibit F).

On January 31, 2005 – less than one business day after receiving this information from SEPTA's counsel – Plaintiff served SEPTA with a notice compelling Mr. Carpenter's appearance on February 9, 2005, one of the days identified by SEPTA's counsel as acceptable. *See January 31, 2005 Letter* (Exhibit G).

On February 4, 2005, SEPTA contacted Plaintiff to say that Mr. Carpenter's deposition could not proceed on February 9, 2005. *See February 4, 2005 Letter* (Exhibit H). Instead, SEPTA proposed that Mr. Carpenter's deposition take place on February 14, 2005, the same date that another SEPTA witness, Vincent Walsh, Esq., had been noticed to appear. *Id.*

Between February 4, 2005 and February 8, 2005, Plaintiff's counsel repeatedly explained to SEPTA, on the phone and in writing, that Plaintiff could not proceed with Mr. Carpenter's deposition on February 14th for several reasons, including: that Plaintiff's counsel expected Mr. Walsh's deposition to go well into the afternoon, leaving an insufficient time to depose Mr. Carpenter fully; and that Plaintiff had specifically noticed Mr. Carpenter's deposition for a date SEPTA had identified as available. *See February 8, 2005 Letters* (Exhibit I). Because Mr. Carpenter had been properly noticed, and in order to avoid any further delay in taking a deposition that had been ordered more than three months ago, Plaintiff insisted that Mr. Carpenter's proceed on February 9, 2005. *Id.*

On February 9, 2005, neither SEPTA's counsel nor Mr. Carpenter appeared for the deposition. Plaintiff was fully prepared to take the deposition, had readied his exhibits and retained a stenographer. Plaintiff's counsel waited more than thirty minutes for SEPTA to appear and then recorded a statement detailing Mr. Carpenter's failure to appear. *See February 9, 2005 Statement of Counsel* (Exhibit J).

### D.    Plaintiff's Efforts To Resolve This Dispute

In light of the repeated conferences and correspondence detailed above, and SEPTA's knowing and intentional failure to produce Mr. Carpenter for his deposition as noticed, Plaintiff believes that any further efforts to resolve this dispute would have been fruitless.

## II.    ARGUMENT

### A.    This Court Has Authority To Impose the Requested Sanctions.

The decision to impose sanctions for discovery violations under Rule 37(b)(2)(B) is "within the district court's broad discretion over discovery matters." Hussey v. Chase Manhattan Bank, 2005 WL 220845, *1 (E.D. Pa. Jan 12, 2005); Ware Communications, Inc v. Rodale Press, Inc., 2002 WL 89604, *2 (E.D. Pa. Jan. 23, 2002). See Clarke v. Whitney, 169 F.R.D. 623, 626 (E.D. Pa. 1996) (Joyner, J.) ("A court may impose sanctions pursuant to Fed.R.Civ.P. 37(b) upon a party for failure to comply with a discovery order").

Rule 37 proposes several sanctions to punish a party who fails to comply with a discovery order. These suggestions include holding the party in contempt of court and directing the party to pay reasonable expenses and attorney's fees. Fed. R. Civ. P. 37(b)(2)(D). See e.g. DiGregorio v. First Rediscount Corporation, 506 F.2d 781 (3d Cir. 1974) (directing party to pay expenses and attorney's fees for violating court order directing the party to file "complete and responsive

answers").

**B.    SEPTA's Conduct Is Deserving Of Sanctions**

Fed. R. Civ. P. 37(d) provides that, if a party fails to attend his own deposition after being served with proper notice, the court "may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule." *U.S. v. Gavett*, 2004 WL 1774579, *2 (E.D. Pa. Aug. 9, 2004).[2]

Any number of courts in this District have awarded sanctions for a party's failure to appear for deposition. These sanctions range from entry of default judgement (in extreme cases) to extension of time to complete discovery and an award of fees and expenses. *See Clarke v. Whitney*, 975 F.Supp. 754, 755 (E.D. Pa. 1997) (default judgement granted as a result of failure to appear for deposition); *Stone v. Jefferson Hosp.*, 164 F.R.D. 37, 38 (E.D. Pa. 1995) (default judgement granted as a result of failure to appear for deposition); *Fraser v. Pennsylvania State System of Higher Educ.*, 1993 WL 456505, *8 (E.D. Pa. Nov. 3, 1993) (granting additional time

---

[2] Fed.R.Civ.P. 37(b)(2) permits the following sanctions where a party fails to appear for deposition:

(2) Sanctions by Court in Which Action Is Pending. If a party or an officer, director, or managing agent of a party... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

for completion of discovery in light of party's failure to appear for deposition); *American Health Systems, Inc. v. Liberty Health System*, 1991 WL 4405, *6 (E.D.Pa. Jan. 15, 1991) (granting request for fees and expenses in light of party's failure to appear for deposition); *Resolution Trust Corp. v. Fusselbaugh*, 1990 WL 124937, *6 (E.D.Pa. Aug. 23, 1990) (failure to appear for deposition justifies imposition of sanctions in the amount of costs incurred by plaintiff in connection with the deposition)

SEPTA's failure to present its witnesses for deposition has also delayed the progress of his case and created a presumption of prejudice. *Huertas v. City of Philadelphia*, 2005 WL 226149, *3 (E.D. Pa. Jan 26, 2005); *Pilot Air Freight Corp. v. Knight-Ridder, Inc.*, 1993 WL 418362, *2 (E.D. Pa. Oct. 15, 1993 (failure to appear for deposition has caused prejudice by depriving party of information and forcing them to expend time on motions); *Hannah v. Philadelphia Coca-Cola Bottling Co.*, 1990 WL 33867, *1 (E.D. Pa. Mar. 23, 1990) (failure to appear for deposition creates prejudices by hindering party's ability to prepare its case within the discovery period).

As set out above, the Court first ordered SEPTA to produce Mr. Carpenter for deposition on November 9, 2004 – more than three months ago. Plaintiff's counsel have diligently sought Mr. Carpenter's appearance, issued two deposition notices for dates accepted by SEPTA's counsel, and secured another verbal order to produce Mr. Carpenter from the Court on January 7, 2005. Despite the Court's orders and Plaintiff's efforts, SEPTA has failed to produce Mr. Carpenter for deposition and has prejudiced Plaintiff's ability to litigate his case. As a result, an award of sanctions is justified.

### C.    SEPTA's Proposed Solution Would Only Prejudice Plaintiff Further

The fact that SEPTA's counsel has provided another date for the deposition does not remedy this situation. The only date SEPTA has provided, despite repeated requests from Plaintiff's counsel, is February 14, 2005. As explained above, Plaintiff has already noticed another deposition for that day. The witness to be deposed on February 14th is an attorney for SEPTA who was instrumental in creating the policy on which Plaintiff's claims are based and who has offered an affidavit containing numerous statements about the propriety of SEPTA's conduct that are not supported by any documents produced in discovery. SEPTA's steadfast insistence that Mr. Carpenter's deposition go forward on a day already set aside for the deposition of a key witness is nothing more than a transparent attempt to prevent Plaintiff's counsel from taking full and complete depositions of both witnesses and, thus, prejudice Plaintiff's ability to litigate his claims. Of course, it is also possible that SEPTA's reluctance to produce Mr. Carpenter for deposition flows from concerns that his live testimony may not support the assertions made in his Affidavit or, when fully explored, may actually injure SEPTA's litigation position. In either event, in refusing to produce Mr. Carpenter for deposition, SEPTA has engaged in bad faith conduct that is deserving of sanctions.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to: (1) grant this Motion; (2) find SEPTA in contempt of Court for failing to produce Douglas Carpenter for deposition on a date selected by SEPTA; (3) strike Mr. Carpenter's Affidavit from the record in this case and bar Mr. Carpenter from testifying at trial; (4) order SEPTA to produce Mr. Carpenter for deposition on a date selected by Plaintiff's counsel within ten days of this order; (5) extend the

due date for Plaintiff's Summary Judgement Opposition to March 21, 2005; and (6) order

SEPTA to compensate Plaintiff for the fees, costs and expenses associated with scheduling Mr.

Carpenter's deposition and creating a record of his failure to attend.


Dated: February 10, 2005

Eugene A. Spector
David J. Cohen
Rachel Kopp
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Timothy M. Kolman
Wayne A. Ely
TIMOTHY M. KOLMAN AND ASSOCIATES
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, David J. Cohen, hereby certify that, on this 10th day of February, 2005, a true and correct copy of Plaintiff's Emergency Motion for Discovery Sanctions Regarding the Deposition of Douglas Carpenter was served upon the following counsel as provided below:

Robert J. Haurin, Esquire
Saul H. Krenzel and Associates
the Robinson Building Suite 800
42 South 15th Street
Philadelphia, PA 19102
BY HAND DELIVERY

Wayne A. Ely, Esquire
Timothy M. Kolman & Associates
The Shoppes at Flowers Mill
225 Flowers Mill Road
Langhorne, PA 19047
BY FAX TRANSMISSION

David J. Cohen
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 496-0300

Attorney for Plaintiff and the Class

# EXHIBIT A

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

JAY S. COHEN
OF COUNSEL

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

EUGENE A. SPECTOR•
ROBERT M. ROSEMAN••
JEFFREY L. KODROFF••
JEFFREY J. CORRIGAN••
THEODORE M. LIEVERMAN•
ANDREW D. ABRAMOWITZ•••
JOHN A. MACORETTA•
WILLIAM G. CALDES•
DAVID J. COHEN•
DAVID FELDERMAN•
SIMON BAHNE PARIS•••
JENNIFER L. ENCK
RACHEL E. KOPP•

•    MEMBER OF PA & NJ BAR
••   MEMBER OF PA & NY BAR
•••  MEMBER OF MO BAR
••   MEMBER OF NY & NJ BAR
•••  MEMBER OF NJ & FL BAR

January 7, 2005

**Via Fax Transmission**
Robert J. Haurin, Esquire
Saul H. Krenzel & Associates
42 South 15th Street, Suite 800
Philadelphia, PA 19102

Re:    *El v. SEPTA,* **Affidavit Depositions.**

Dear Mr. Haurin:

In our conference this morning, Judge Joyner ruled that the depositions of Douglas Carpenter, Frank Brandis and Vincent Walsh have to be completed by January 31, 2005. I would like to work with you to determine these witnesses' availability so that we can complete their depositions by this deadline. Please provide me with 2-3 dates between January 14, 2005 and January 31, 2005 that each of your witnesses will be able to appear. I would appreciate having this information as soon as possible so that I can address any scheduling problems.

I also write to confirm that Judge Joyner has ordered that the due date of Plaintiff's Summary Judgement Opposition will be extended by the number of days beyond January 14, 2004 it takes to complete these depositions.

Very truly yours,

David J. Cohen

cc: Wayne Ely, Esquire (by fax)

# EXHIBIT B

# Saul H. Krenzel & Associates

THE ROBINSON BUILDING
42 S. 15TH STREET, SUITE 800
PHILADELPHIA, PA 19102

TELEPHONE (215) 977-7230
FACSIMILE (215) 977-7240

January 11, 2005

**VIA FACSIMILE**

David J. Cohen, Esquire
Spector, Roseman & Kodruff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

        RE:    **El v. SEPTA**

Dear Mr. Cohen:

        This will confirm that Mr. Carpenter is available for a deposition on January 20, 2005 and Mr. Walsh is available for a deposition on January 31, 2005. However, we are not available for a deposition on January 26, 2005. We are available for a deposition on January 27, 2005 for Mr. Brandis.

                        Sincerely,

                        ROBERT J. HAURIN

RJH/bl
cc:    Wayne Ely, Esquire

# EXHIBIT C

# Saul H. Krenzel & Associates

THE ROBINSON BUILDING
42 S. 15TH STREET, SUITE 800
PHILADELPHIA, PA 19102

TELEPHONE (215) 977-7230
FACSIMILE (215) 977-7240

January 21, 2005

**VIA FACSIMILE**

David J. Cohen, Esquire
Spector, Roseman & Kodruff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

    RE:   **El v. SEPTA**

Dear Mr. Cohen:

    This will confirm that Mr. Brandis is available for a deposition on January 27, 2005 at 1:00 p.m. However, Mr. Carpenter is not available for a deposition on that date. Mr. Carpenter is available for a deposition on January 31, 2005 in the afternoon.

           Sincerely,

           ROBERT J. HAURIN

RJH/bl
cc:   Wayne Ely, Esquire

# EXHIBIT D

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

JAY S. COHEN
OF COUNSEL

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
JENNIFER L. ENCK
RACHEL E. KOPP*

· MEMBER OF PA & NJ BAR
·· MEMBER OF PA & NY BAR
··· MEMBER OF MD BAR
** MEMBER OF NY & NJ BAR
*** MEMBER OF NJ & FL BAR

January 27, 2005

**Via Fax Transmission**
Robert J. Haurin, Esquire
Saul H. Krenzel & Associates
42 South 15th Street, Suite 800
Philadelphia, PA 19102

Re:    *El v. SEPTA* **Deposition and Daubert scheduling issues.**

Dear Mr. Haurin:

As I explained to you on the phone this afternoon, Judge Joyner has granted my request and extended the time to complete the depositions of Douglas Carpenter and Vincent Walsh to February 14, 2005.  Consistent with his previous ruling, the due date for Plaintiff's Summary Judgement Opposition will also be extended beyond February 25, 2005 by the number of days beyond January 31, 2005 it takes us to complete these depositions.  I will continue to work with you to schedule the Carpenter deposition – hopefully for February 2nd, 3rd or 4th.  You will need to work with Wayne's office to schedule the Walsh deposition, probably during the week of February 7th.

Judge Joyner has also agreed to postpone the Daubert hearing previously set for February 2, 2005.  His Clerk has asked me to work with you and try to determine a date on which all three of our experts (Fairley, Sobsey and Griffin) will be available for a hearing.  I am then to contact his deputy, Angela, to request a new hearing date.  The Judge did not give us a deadline, either for scheduling the hearing date or by which the hearing has to be completed.  Since we will probably wind up selecting a date based on Mr. Sobsey's availability, please provide a few days on which he can arrange a trip to Philadelphia, and I will check those dates against Dr. Fairley's schedule.   Please call me with any questions.

Very truly yours,

David J. Cohen

cc: Wayne Ely, Esquire (by fax)

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
JENNIFER L. ENCK
RACHEL E. KOPP*

•    MEMBER OF PA & NJ BAR
••   MEMBER OF PA & NY BAR
•••  MEMBER OF MD BAR
°°   MEMBER OF NY & NJ BAR
°°°  MEMBER OF NJ & FL BAR

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

JAY S. COHEN
OF COUNSEL

January 28, 2005

**Via Fax Transmission**
Robert J. Haurin, Esquire
Saul H. Krenzel & Associates
42 South 15th Street, Suite 800
Philadelphia, PA 19102

Re:    *El v. SEPTA* **Carpenter Deposition scheduling.**

Dear Mr. Haurin:

I just came out of a meeting and read the fax you sent at 1:15 p.m. today offering to produce Mr. Carpenter for a deposition at 1:00 p.m. on Monday. As I wrote to you yesterday, Judge Joyner has extended the time to complete Mr. Carpenter's deposition to February 14, 2005. Under these circumstances, I will not agree to take Mr. Carpenter's deposition on less than one business day's notice. I am confident that you and Mr. Carpenter will be able to appear on another day from the following list: February 3rd - 4th, February 8th - 9th, February 11th or February 14th. I do not believe this deposition will take more than three hours. As I have said, you can choose to begin at either 10:00 a.m. or 2:00 p.m. on any of these days, according to your client's preference. If you and your client are not available on any of these six days, please let me know and I will look into re-arranging my schedule to accommodate you.

Very truly yours,

David J. Cohen

# EXHIBIT E

# Saul H. Krenzel & Associates

THE ROBINSON BUILDING
42 S. 15TH STREET, SUITE 800
PHILADELPHIA, PA 19102

TELEPHONE (215) 977-7230
FACSIMILE (215) 977-7240

January 28, 2005

**VIA FACSIMILE**

David J. Cohen, Esquire
Spector, Roseman & Kodruff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

RE:   **El v. SEPTA**

Dear Mr. Cohen:

I have consulted with Douglas Carpenter about a deposition next week. We prefer that the deposition proceed on Monday, January 31, 2005 at 1:00 p.m. because of scheduling conflicts. Please confirm that the deposition will go forward on Monday.

Sincerely,

*Bob Haurin /be*

ROBERT J. HAURIN

RJH/bl
cc:    Wayne Ely, Esquire

# EXHIBIT F

# Saul H. Krenzel & Associates

THE ROBINSON BUILDING
42 S. 15TH STREET, SUITE 800
PHILADELPHIA, PA 19102

TELEPHONE (215) 977-7230
FACSIMILE (215) 977-7240

January 28, 2005

**VIA FACSIMILE**

David J. Cohen, Esquire
Spector, Roseman & Kodruff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

        **RE:    El v. SEPTA**

Dear Mr. Cohen:

        I understand from your last letter that you will not proceed with Mr. Carpenter's deposition on Monday.  That is your prerogative.  I am sure that even you can understand that SEPTA's employees have jobs to do and it is difficult to arrange their busy schedules to attend a deposition or court proceeding.  You might also consider that  I have other cases.  I am not available for a deposition on any of the following days: February 1, 4, 7, 8 and 11.  I also have a motion for summary judgment due in another case on February 11, 2005.  That leaves exactly 2 days during your 2 week window to take a deposition of Mr. Carpenter and one of those days has to be devoted to Mr. Walsh's deposition.

        Your professed loss of patience is of no consequence to me.  I have tried to accommodate you and Wayne when there was a legitimate reason for postponing or continuing scheduled proceedings.  In fact, I just agreed to a continuance of the Daubert hearing as an accommodation. I also agreed to several extensions of time for you to complete depositions, discovery and respond to our motion for summary judgment.  I get no consideration from you and you continue to fail to keep your word.  Your comment to me that I "do not have it in writing" speaks volumes about your character.

                        Sincerely,

                        *Bob Haurin/be*

                        ROBERT J. HAURIN

RJH/bl

# EXHIBIT G

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

JAY S. COHEN
OF COUNSEL

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
JENNIFER L. ENCK
RACHEL E. KOPP*

*    MEMBER OF PA & NJ BAR
**   MEMBER OF PA & NY BAR
***  MEMBER OF MD BAR
**   MEMBER OF NY & NJ BAR
*** MEMBER OF NJ & FL BAR

January 31, 2005

**Via Fax Transmission and First Class Mail**
Robert J. Haurin, Esquire
Saul H. Krenzel & Associates
42 South 15th Street, Suite 800
Philadelphia, PA 19102

Re:    *El v. SEPTA* **Carpenter and Walsh Deposition Notices.**

Dear Mr. Haurin:

Enclosed please find notices for the depositions of Douglas Carpenter and Vincent Walsh. I have selected dates for these depositions on which you have said that both you and the witnesses are available. Judge Joyner has already ordered SEPTA to produce these witnesses for a deposition and, as I informed you late last week, has extended the deadline for completion of these depositions to February 14, 2005. If you do not produce these witnesses as noticed or receive a protective order from the Court, Plaintiff will file a motion for sanctions to address your conduct.

Very truly yours,

David J. Cohen

cc: Wayne Ely, Esquire (w/enclosures)

**SPECTOR ROSEMAN & KODROFF, P.C.**
David J. Cohen
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

**Attorney for Plaintiff and the Class**

---------------------------------------------------

| | | |
|---|---|---|
| DOUGLAS EL, | : | |
| Individually and on behalf of | : | **UNITED STATES DISTRICT** |
| all others similarly situated, | : | **COURT FOR THE EASTERN** |
| Plaintiff, | : | **DISTRICT OF PENNSYLVANIA** |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | **CIVIL ACTION** |
| TRANSPORTATION AUTHORITY, | : | **NO. 02-CV-3591** |
| Defendant. | : | |

---------------------------------------------------

## NOTICE OF DEPOSITION

To:    Robert J. Haurin
       Saul H. Krenzel and Associates
       The Robinson Building, Suite 800
       42 S. 15th Street
       Philadelphia, Pa 19102

PLEASE TAKE NOTICE that, pursuant to the Pennsylvania Rules of Civil Procedure, Plaintiff, by his attorneys, will take the deposition of Mr. Douglas Carpenter before a person duly authorized to administer oaths at the offices of Spector Roseman & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania on February 9, 2005, commencing at 10:00 a.m. and continuing from day to day until completed.

You are invited to attend and participate to the extent permitted by law.

Dated: January 31, 2005

David J. Cohen

**SPECTOR ROSEMAN & KODROFF, P.C.**
David J. Cohen
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

**Attorney for Plaintiff and the Class**

----------------------------------------------------

| | | |
|---|---|---|
| DOUGLAS EL, | : | |
| Individually and on behalf of | : | UNITED STATES DISTRICT |
| all others similarly situated, | : | COURT FOR THE EASTERN |
| Plaintiff, | : | DISTRICT OF PENNSYLVANIA |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | CIVIL ACTION |
| TRANSPORTATION AUTHORITY, | : | NO. 02-CV-3591 |
| Defendant. | : | |

----------------------------------------------------

## NOTICE OF DEPOSITION

To:    Robert J. Haurin
       Saul H. Krenzel and Associates
       The Robinson Building, Suite 800
       42 S. 15th Street
       Philadelphia, Pa 19102

   PLEASE TAKE NOTICE that, pursuant to the Pennsylvania Rules of Civil Procedure,

Plaintiff, by his attorneys, will take the deposition of Mr. Vincent J. Walsh, Jr. before a person

duly authorized to administer oaths at the offices of Timothy Kolman & Associates, 225 North

Flowers Mill Road, Langhorne, Pennsylvania on February 14, 2005, commencing at 10:00 a.m.

and continuing from day to day until completed.

   You are invited to attend and participate to the extent permitted by law.

Dated: January 31, 2005

                                                David J. Cohen

# EXHIBIT H

# Saul H. Krenzel & Associates

THE ROBINSON BUILDING
42 S. 15TH STREET, SUITE 800
PHILADELPHIA, PA 19102

TELEPHONE (215) 977-7230
FACSIMILE (215) 977-7240

February 4, 2005

**VIA FACSIMILE**

David J. Cohen, Esquire
Spector, Roseman & Kodruff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

RE:   **El v. SEPTA**

Dear Mr. Cohen:

Mr. Carpenter is not available for a deposition on February 9, 2005, and I do not have any other free days next week. However, he is available for a deposition on February 14, 2005 in the afternoon. Since you have already stated that you do not expect this deposition to go beyond three hours, I see no reason why the depositions of Walsh and Carpenter cannot be completed on the same day.

Please advise.

Sincerely,

ROBERT J. HAURIN

RJH/bl
cc:   Wayne Ely, Esquire

# EXHIBIT I

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

JAY S. COHEN
OF COUNSEL

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
JENNIFER L. ENCK
RACHEL E. KOPP*

*    MEMBER OF PA & NJ BAR
**   MEMBER OF PA & NY BAR
***  MEMBER OF MD BAR
**   MEMBER OF NY & NJ BAR
***  MEMBER OF NJ & FL BAR

February 8, 2005

**Via Fax Transmission**
Robert J. Haurin, Esquire
Saul H. Krenzel & Associates
42 South 15th Street, Suite 800
Philadelphia, PA 19102

Re:    *El v. SEPTA* Douglas Carpenter Deposition.

Dear Mr. Haurin:

I have received your response to my letter concerning the scheduling of Mr. Carpenter's deposition. I have repeatedly explained to you that I cannot depose Mr. Carpenter on February 14th because of the potential for conflict with the deposition of Vincent Walsh, another SEPTA witness scheduled to be deposed that same day. Because Mr. Walsh was instrumental in the creation of SEPTA's discriminatory employment policy, Mr. Ely and I both expect his deposition to go well into the afternoon. Since I have no way of knowing when Mr. Walsh's deposition will end, I cannot possibly agree to depose Mr. Carpenter that same day, and doing so could limit my ability to explore all avenues of questioning with him. It was you who selected February 9th as an open date for this deposition, not me. I am prepared for this deposition and, barring an agreement to the contrary, expect it to go ahead as noticed. If you do not see fit to appear, it will be left to Judge Joyner to decide who is in the right.

Very truly yours,

David J. Cohen

cc: Wayne Ely, Esquire

LAW OFFICES

# SPECTOR, ROSEMAN & KODROFF

A PROFESSIONAL CORPORATION
1818 MARKET STREET, SUITE 2500
PHILADELPHIA, PA 19103
(215) 496-0300
FAX (215) 496-6611
E-MAIL: CLASSACTION@SRK-LAW.COM

JAY S. COHEN
OF COUNSEL

EUGENE A. SPECTOR
ROBERT M. ROSEMAN**
JEFFREY L. KODROFF
JEFFREY J. CORRIGAN**
THEODORE M. LIEVERMAN*
ANDREW D. ABRAMOWITZ***
JOHN A. MACORETTA*
WILLIAM G. CALDES*
DAVID J. COHEN*
DAVID FELDERMAN*
SIMON BAHNE PARIS***
JENNIFER L. ENCK
RACHEL E. KOPP*

*    MEMBER OF PA & NJ BAR
**   MEMBER OF PA & NY BAR
***  MEMBER OF MD BAR
**   MEMBER OF NY & NJ BAR
***  MEMBER OF NJ & FL BAR

February 8, 2005

**Via Fax Transmission**
Robert J. Haurin, Esquire
Saul H. Krenzel & Associates
42 South 15th Street, Suite 800
Philadelphia, PA 19102

    Re:   *El v. SEPTA* **Douglas Carpenter Deposition.**

Dear Mr. Haurin:

On January 28, 2005 (a Friday), I sent you six possible dates for Douglas Carpenter's deposition. That same day, you wrote to say you were not available on three of these dates, leaving February 3rd, February 9th and February 14th as potential dates for Mr. Carpenter's deposition. On January 31, 2005 (the following Monday), I noticed Mr. Carpenter's deposition for February 9, 2005. As you know, I have been trying to take Mr. Carpenter's deposition since November 9, 2004, when Judge Joyner authorized discovery on testimony and documents you introduced in support of SEPTA's revised summary judgement motion. I have spent a significant amount of time and effort scheduling and preparing for this deposition, and I expect it to go ahead as noticed. If it does not, I will file a motion for sanctions against SEPTA and seek an extension of the due date for Plaintiff's summary judgement opposition. Please call me with any questions.

Very truly yours,

David J. Cohen

cc: Wayne Ely, Esquire

# EXHIBIT J

Page 1

1              IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2                          * * *

3
     DOUGLAS EL, Individually and   :   CIVIL ACTION
4    on behalf of all others        :
     similarly situated,            :
5                      Plaintiff,   :
                                    :
6                 vs.               :
                                    :
7    SOUTHEASTERN PENNSYLVANIA       :
     TRANSPORTATION AUTHORITY,      :
8                     Defendant,    :
                                    :
9                 vs.               :
                                    :
10   P&D Jagiela Enterprises, Inc.  :
     t/a Liberty Vans (Improperly   :
11   Pleaded as J&D Jagicla         :
     Enterprises t/a Liberty Vans), :
12   et al.,                        :
          Third-Party Defendants.   :   NO. 02-CV-3591

13                         * * *

14           Wednesday, February 9, 2005

15                         * * *

16
17             STATEMENT OF COUNSEL
18      REGARDING ORAL DEPOSITION OF
19             DOUGLAS CARPENTER
20
                           * * *
21
22         ESQUIRE DEPOSITION SERVICES
        1880 John F. Kennedy Boulevard
23               15th Floor
        Philadelphia, Pennsylvania   19103
24               215.988.9191

Page 2

1              STATEMENT OF COUNSEL, taken at the law

2     offices of SPECTOR, ROSEMAN & KODROFF, P.C.,

3     1818 Market Street, Suite 2500, Philadelphia,

4     Pennsylvania  19103, beginning at 10:36 a.m.,

5     before Cheryl L. Goldfarb, a Registered

6     Professional Reporter and an approved reporter of

7     the United States District Court.

8                        *  *  *

9     A P P E A R A N C E S :

10

11

12

13         DAVID J. COHEN, ESQUIRE
           SPECTOR, ROSEMAN & KODROFF, P.C.
14              1818 Market Street
                Suite 2500
15              Philadelphia, Pennsylvania  19103
                215.496.0300
16         -- Representing the Plaintiff and the Class

17

18                        *  *  *

19

20

21

22

23

24

1        MR. COHEN:  Let's open the record.

2        My name is David Cohen.  I'm the

3   attorney for the plaintiff, Douglas El, E-l,

4   in the matter captioned El versus SEPTA.

5   Today is February 9th, 2005, and it is

6   presently 10:36 a.m.

7        I had noticed the deposition of one of

8   SEPTA's witnesses, a Mr. Douglas Carpenter,

9   for this morning.  Mr. Carpenter has not

10  appeared in my office.  And SEPTA's counsel,

11  Robert Haurin, H-a-u-r-i-n, has also failed to

12  appear.

13       I will create a record with a brief

14  history of the negotiations concerning

15  Mr. Carpenter's deposition and the scheduling

16  issues concerning that deposition for purposes

17  of a Motion to Compel.

18       On November 9th, 2004, Judge Joyner

19  granted plaintiff's request to serve document

20  requests related to Mr. Carpenter's affidavit

21  in support of SEPTA's Motion for Summary

22  Judgment and to depose Mr. Carpenter.

23       On November 10th, 2004, plaintiff served

24  document requests on SEPTA concerning

1    Mr. Carpenter's affidavit.

2         On November 23rd, 2004, plaintiff

3    noticed Mr. Carpenter's deposition for

4    December 1st, 2004, pending receipt of SEPTA's

5    document production.

6         SEPTA did not respond to plaintiff's

7    document requests concerning Mr. Carpenter's

8    affidavit before February 1st, so that

9    deposition was cancelled.

10        On December 20th, 2004, plaintiff

11   received SEPTA's document production

12   concerning Mr. Carpenter's affidavit.

13        On December 23rd, 2004, believing that

14   SEPTA's document production was not

15   sufficient, plaintiff filed a Motion to Compel

16   additional criminal record information

17   relating to SEPTA's operators.

18        On January 7th, 2005, Judge Joyner

19   denied this Motion to Compel and ordered

20   plaintiff to proceed with the deposition of

21   Mr. Carpenter.

22        After several efforts to amicably

23   resolve scheduling problems between counsel,

24   on January 28th, 2005, a Friday, I sent

1    plaintiff's counsel a letter, providing six

2    possible dates for Mr. Carpenter's deposition

3    between February 3rd and February 14th of

4    2005.

5         That same day, Mr. Haurin responded by

6    letter that he was unavailable for three of

7    those dates.

8         On January 31st, 2005, the following

9    Monday, I served SEPTA with a deposition

10   notice requiring Mr. Carpenter to appear

11   today, February 9th, 2005, at 10:00 a.m. in my

12   office, which is located at 1818 Market

13   Street, Suite 2500, in Philadelphia.

14        I will note that Mr. Haurin's office, on

15   South 15th Street, is less than five blocks

16   away.

17        Since February 4th, 2005, I have had

18   some correspondence with Mr. Haurin concerning

19   Mr. Carpenter's appearance today.  After

20   representing that today's date was available

21   for Mr. Carpenter's deposition to take place,

22   Mr. Haurin thereafter represented that he

23   would not produce Mr. Carpenter today, despite

24   my insistence that the deposition go forward

1        as noticed.

2              Mr. Haurin offered the alternative of

3        presenting Mr. Carpenter for deposition on the

4        afternoon of February 14th, 2005.

5              I explained to Mr. Haurin repeatedly

6        that his proposal was unacceptable because

7        plaintiffs in this case have scheduled another

8        deposition for that same day, February 14th,

9        that is of a witness named Vincent Walsh, and

10       is expected to go well into the afternoon,

11       given Mr. Walsh's material connection to the

12       origins of plaintiff's claims and to SEPTA's

13       defenses.

14             Given that I have no way of knowing how

15       long Mr. Walsh's deposition will go, I

16       explained to Mr. Haurin that I was unable to

17       agree that Mr. Carpenter's deposition could

18       take place that same day.

19             And given that Mr. Haurin had

20       represented to me that February 9th was an

21       available day for Mr. Carpenter's deposition,

22       I insisted on going forward today and sent him

23       at least two letters saying exactly that.

24             It is now 10:45 a.m.  Neither Mr. Haurin

1     nor Mr. Carpenter has appeared in my office.

2     And I intend to file a Motion to Compel

3     Mr. Carpenter's appearance at a deposition, as

4     well as a Motion for Sanctions against

5     Mr. Haurin and SEPTA for refusing to produce

6     Mr. Carpenter for this deposition.

7          Thank you.

8                    * * *

9          (Witness excused.)

10                   * * *

11         (Whereupon, the deposition was

12    adjourned at 10:45 a.m.)

13                   * * *

14

15

16

17

18

19

20

21

22

23

24