IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| DOUGLAS EL | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| v. | : | No. 02CV3591 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | JURY TRIAL DEMAND |
| TRANSPORTATION AUTHORITY | : | |
| | : | |
| Defendant. | : | |

_____

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION**

**TO PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS**

Defendant, Southeastern Pennsylvania Transportation Authority (hereafter "SEPTA") submits the within Memorandum of Law in Opposition to Plaintiff's Emergency Motion for Discovery Sanctions against SEPTA. For the reasons that follow, Plaintiff's motion should be denied.

**I.   INTRODUCTION**

In his latest motion for sanctions against SEPTA, Plaintiff requests that SEPTA be held in contempt because it allegedly failed to produce Douglas Carpenter for a deposition on February 9, 2005. Once again, Plaintiff's moving papers contain more fiction than fact. SEPTA would like to set the record straight. Thus, in his moving papers, Plaintiff neglected to mention the following facts:

1. Mr. Cohen unilaterally scheduled the deposition of Mr. Carpenter without

ascertaining whether Mr. Carpenter was available for a deposition on the date noticed;

    2.    Mr. Cohen was notified five days in advance that Mr. Carpenter was not available for a deposition on the date that he unilaterally selected;

    3.    At the time that Mr. Cohen was notified that Mr. Carpenter was unable to appear on February 9, 2005, SEPTA provided an alternative date for this deposition;

    4.    Mr. Cohen refused to conduct the deposition on the alternative date provided by SEPTA because his co-counsel was taking the deposition of another witness on the same day;

    5.    SEPTA provided additional dates that Mr. Carpenter would be available for a deposition, totaling six dates in all;

    6.    Mr. Cohen twice cancelled the deposition of Mr. Carpenter and never discussed a possible resolution of this minor issue with SEPTA before filing this motion; and

    7.    The parties agreed that the Carpenter deposition would be completed on February 24, 2005.

This motion is moot and Plaintiff's continued maintenance of it is simply further evidence of his dilatory and vexatious conduct in this case.

In actuality, it appears that Plaintiff is seeking yet another extension of time to respond to SEPTA's Amended Motion for Summary Judgment which has now been pending since October 8, 2004. Plaintiff's continuing attempts to prolong this proceeding in this manner must come to an end. He should be directed to respond to SEPTA's pending motion for summary judgment in accordance with this Court's prior rulings and this motion should be denied.

**II.**    **FACTS**

In support of his pending motion for sanctions, Plaintiff advises this Court that the parties

agreed to a specific deposition date for Douglas Carpenter and that SEPTA failed to produce Mr. Carpenter on this date. However, this is not what occurred. To be sure, the documents submitted by Plaintiff in support of his motion confirm that the parties never agreed to proceed with this deposition on February 9, 2005.  See Plaintiff's Motion at Exhibit F.

Exhibit F to the motion states plainly that <u>counsel</u> for SEPTA was available for a deposition on February 9, 2005, not the witness.  At the time this letter was written, Plaintiff postponed the deposition of Mr. Carpenter for the second time.  See Plaintiff's memo at Exhibits B and E.  When SEPTA was advised that Plaintiff would not proceed with the Carpenter deposition on January 31, 2005, Exhibit F was drafted by counsel for SEPTA in an effort to convince Mr. Cohen to complete the deposition on January 31, 2005. Not surprisingly SEPTA's efforts in this regard fell on deaf ears.

Plaintiff then unilaterally decided that he was going to take Mr. Carpenter's deposition on February 9, 2005.  Counsel for SEPTA was not able to discuss the proposed deposition date with Mr. Carpenter until February 4, 2005, at which time Mr. Carpenter advised that he was not available for a deposition on February 9, 2005.  SEPTA immediately notified Plaintiff and suggested an alternative date of February 14, 2005 in the afternoon.  This was the fourth time that SEPTA offered to produce Mr. Carpenter for a deposition in this case.

Plaintiff refused to proceed on February 14, 2005.  This time his purported reason for not proceeding was that the Carpenter deposition might conflict with the deposition of another SEPTA witness, Vincent Walsh, Esquire, that was scheduled for the morning of February 14, 2005.  However, Plaintiff did not see fit to advise this Court that his co-counsel was conducting the deposition of Mr. Walsh.  Moreover, the deposition of Mr. Walsh concluded before 1:00 p.m.

which left Plaintiff more than sufficient time to complete the Carpenter deposition. Indeed, Plaintiff previously represented to SEPTA that the Carpenter deposition would take no more than three hours. Plaintiff's Motion at Exhibit D.

In an effort to resolve this matter, SEPTA offered to produce Mr. Carpenter on February 15, 2005 or February 17, 2005. See Exhibit 1 attached hereto. However, Mr. Cohen stated that he was not available on either day. See Exhibit 2 attached hereto.

Finally, the parties agreed that Mr. Carpenter would be deposed at 1:30 p.m. on February 24, 2005. With this agreement, there is no basis for Plaintiff's continued maintenance of this motion for sanctions against SEPTA.

## II. ARGUMENT

### A. SEPTA HAS NOT ENGAGED IN ANY CONDUCT THAT WOULD WARRANT AN IMPOSITION OF SANCTIONS.

The foregoing discussion makes clear that SEPTA has tried in good faith to comply with this Court's Orders regarding the deposition of Mr. Carpenter. It has provided Plaintiff with no less than 6 dates in the last month to complete this deposition. SEPTA even provided dates after the period for taking this deposition expired in an effort to bring this matter to a conclusion. This conduct hardly warrants the imposition of sanctions. On the other hand, Plaintiff's conduct in filing another motion for sanctions without even attempting to resolve this dispute is sanctionable. Plaintiff's motion should be denied.

### B. PLAINTIFF'S MOTION IS MOOT.

There is an agreement in place between the parties to complete the deposition of Mr. Carpenter today, February 24, 2005. As a result, Plaintiff's motion is moot and its continued

maintenance of it cannot be justified.  The motion should therefore be denied.

    **C.    PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT LACKS A CERTIFICATION FROM COUNSEL AS REQUIRED BY THIS COURT'S LOCAL RULES.**

Rule 26.1(f) of the Local Rules of this Court state that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification from counsel that the parties, after reasonable effort, are unable to resolve the dispute."  No such certification was made by counsel for Plaintiff before filing his pending motion.  More important, the dispute has been resolved, but Plaintiff refuses to withdraw his motion.

In <u>Pioneer Liemel Fabrics v. Paul Rothman Industries</u>, 1988 WL 36343 *1 (E.D. Pa. 1998), the Court observed that a certification under this rule "should contain an affidavit of counsel stating with specificity what actions were taken to resolve the dispute."  The Court also held that an exchange of letters was insufficient to satisfy the rule.  <u>Id</u>.  The failure to attach a certification was grounds for denial of a motion to compel there. Id. at *2.  A similar result was reached more recently in <u>Riggins v. Stokuis Multi-Ton Corporation</u>, 1992 WL 392592 (E.D. Pa. 1992).  These cases compel a denial of Plaintiff's Motion because no effort was made by Plaintiff to resolve this dispute before seeking the Court's intervention and no certification from Mr. Cohen was attached

to the motion.

5

### III.    CONCLUSION

For all of the foregoing reasons, Plaintiff's motion should be denied.

                                        Respectfully submitted,

                                        _____
                                        **ROBERT J. HAURIN, ESQUIRE**
                                        **SAUL H. KRENZEL & ASSOCIATES**
FEBRUARY 24, 2005                      Attorney for Defendant, SEPTA

## CERTIFICATE OF SERVICE

I, ROBERT J. HAURIN, ESQUIRE, hereby certify that the foregoing Defendant's Memorandum of Law in Opposition to Plaintiff's Emergency Motion for Sanction was served via U.S. Mail upon following:

> David J. Cohen, Esquire
> Spector, Roseman & Kodruff, P.C.
> 1818 Market Street
> Suite 2500
> Philadelphia, PA 19103

_____
**ROBERT J. HAURIN, ESQUIRE**
**SAUL H. KRENZEL & ASSOCIATES**
Attorney for Defendant, SEPTA

DATED:  February 24, 2005